# UNITED STATES DISTICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

450 Golden Gate Avenue
San Francisco, California 94102

Michael L. Buesgens
**Mailing Address**
3112 Windsor Rd, Ste A322
Austin, Texas 78703
Phone: 512-339-6005X7958
Email:
mikebuesgens@hotmail.com

E-filing

**FILED**
AUG 2 5 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

WDB

Plaintiff          CV 08      4061

Verified Complaint

**v.**

1. **Douglas G. Houser,**
   **Respondeat Superior**
2. R. Daniel Lindahl,
   Appellate Attorney
3. Maren J. Holmboe,
   Attorney
4. Lisa Lear, Attorney
5. Scott H. Galloway
   United Parcel Service
   A. Delivery Driver
   B. Plaintiff-Appellee
   C. Ninth Circuit
   D. Appeal No. **07-35578**
   **Bullivant, Houser, Bailey**
   Suite 1800
   601 California Street
   **San Francisco, CA 94108**

1

6. **Bullivant, Houser, Bailey, PC**
   Jess Millikan, **Agent**
   For Service of Process
   Ste 1800
   601 California Street
   San Francisco, California
   94108

7. **United Parcel Service**
   Corporation Service Company
   Agent for Service of Process
   Ste 100
   2730 Gateway Oaks Drive
   Sacramento, CA 95833

8. **Garr M. King,** Judge
   United States District
   Court, Portland, OR

9. **Sheryl S. McConnell,**
   Clerk of Court
   United States District
   Court, Portland, OR

10. **Janice M. Stewart,** Judge
    United States District
    Court, Portland, OR

Defendants

# JURISDICTION

28 USC Section 1332(a), Plaintiff Buesgens is a resident of Travis County, Austin, Texas. Bullivant, Houser Bailey, PC is incorporated in California, San Francisco, California.

# DISCLOURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

## Real Estate Developers

1. Arnold Carl Tauch, Property Owner
2. Jack Cregg Moss, General Partner
   Litigation Manager
3. Falcon Ridge Apartments
4. **Falcon Apartments of Austin I, INC, General Partner**
   5225 Katy Freeway, Suite 530
   Houston, Texas 77007
   Phone: 781-861-8850
   Fax: 731-861-0971

## Attorneys and Law Firms

5. **Charles Eads Brown, Eviction Attorney**
   **HUD case No. 06-06-0293-8**
   3624 North Hills Drive, B100
   Austin, Texas 78731

6. **R. Barry Robinson,**
   Assistant U.S. Attorney
   **HUD case No. 06-06-0293-8**
   816 Congress Avenue, Suite 1000
   Austin, Texas 78703

7. **Shelley Bush Marmon, Attorney**
   Crady, Jewett, McCulley, LLP
   **HUD case No. 06-06-0293-8**
   2727 Allen Parkway, Suite 1700
   Austin, Texas 77019

8. **Gregory Scott Cagle, Attorney**
   Armbrust & Brown, LLP
   **HUD case No. 06-06-0293-8**
   100 Congress Avenue, Suite 1300
   Austin, Texas 78701

**Property Managers**

9. **Robert A. Faith, President**
   **Greystar Holdings, Inc**
   Greystar Management Services, LLP
   Incorporated in California
   **HUD case No. 06-06-0293-8**

   **Agent for Service of Process**
   C T Corporation System
   818 West Seventh Street
   Los Angeles, California 90017

## PLAINTIFF BUESGENS ORIGINAL COMPLAINT

Plaintiff Buesgens complaint **arises** from misconduct in San Francisco County at Ninth Circuit Court of Appeals.

## INTRODUCTION

Plaintiff Buesgens complaint of **misconduct** by **Bullivant, Houser, Bailey,** Scott H. Galloway, appellee, and their California litigation financiers Arnold Carl Tauch, Jack Cregg Moss in Houston, Texas is **related** to his complaint of **misconduct** by **judicial officials,** in Portland, Oregon and Ninth Circuit Court of Appeals.

Buesgens complaint **arises** from misconduct in civil action No. 3:07CV00043-GMK and Ninth Circuit Appeal No. 07-35578.

## COMPLAINT

Bullivant, Houser, Bailey **failure** to timely file answering brief due December 17, 2007 in appeal No. **07-35578.**

**Bullivant, Houser, Bailey** false claim they did not receive appellant Buesgens opening brief.

**Bullivant, Houser, Bailey** waited **5 months** after their brief was due to announce to the court their claim of non-receipt of Buesgens opening brief.

Bullivant, Bailey, Houser **opposition** to correct record on appeal for civil action No. **3:07CV00043-GMK**, appeal No. **07-35578.**

**Judge Garr M. King** failure and refusal to docket, and scan plaintiff Buesgens court case filings in civil No. 3:07CV00043.

**Judge Garr M. King** refusal to correct the record on appeal for civil No. 3:07CV00043-GMK, and the Ninth Circuit Court of appeals for the appeal No. 07-35578-MMS.

**Circuit Judge Mary M. Schroeder** refusal to rule on a correct record for civil No. 3:07CV00043-GMK, appeal No. 07-35578-MMS.

**Judge Janice M. Stewart** refusal to scan the documents plaintiff Buesgens filed in his new complaint civil No. **3:08CV00877-ST**, filed 07/23/2008.

The foregoing has **caused** Plaintiff-Appellant Buesgens harm. Buesgens is **unable** to present his complaint at U.S. District Court for the District Of Oregon, and Ninth Circuit Court of Appeals.

## RELATED CASES

1. **Civil No. 1:06CV01964-RBW**
   U.S. District Court for the District of Columbia

   Michael L. Buesgens
           Plaintiff

       **V.**

   Charles Eads Brown, Attorney
   R. Barry Robinson, AUSA, et al

2. **Civil No. 2:07CV01864-RAJ**
   U.S. District Court for the Western District of
   Washington, Seattle Division

   Michael L. Buesgens
           Plaintiff

     **v.**

   Alan Roswell Weiner
   Voir Dire Member
   Microsoft Employee
           Defendant

3. **Ninth Circuit Appeal No. 08-35202**
   A. Civil No. 2:07CV00864-FJM
   B. Michael L. Buesgens V. Alan Roswell Weiner

4. **Civil No. 2:07CV02116-CM-JAR-JPO**
   United States District Court for the District of
   Kansas

   Michael L. Buesgens
           Plaintiff

     **v.**

   Douglas G. Houser
   Scott H. Galloway
           Defendants, et al

5. **HUD case No. 06-06-0293-8**
   A. Michael L. Buesgens
      Housing Discrimination complaint
   B. Filed December 28, 2005
   C. Administrative Closure February 17,2006
   D. Closed based on trial has begun in Falcon
      Ridge Apartments Eviction case No. 041509
   E. Trial January 26, 2006

7

6. **HUD case No. 07-07-0814-8**
   A. Michael L. Buesgens
      Housing Discrimination Complaint
   B. Filed August 2007
   C. Passco Family Property Owners, California
   D. Four Winds Apartments, Overland Park, Kansas

7. **Civil No. 1:07CV00427-SS**
   United States District Court for the Western
   District of Texas, Austin Division
   **42 USC Section 1983 under color of State Law**
   **Judge Sam Sparks**

   Michael L. Buesgens
           Plaintiff

      **v.**

   Earl Leroy Yeakel III, Judge
   U.S. District Court, Austin Division

   Robert L. Pitman, Magistrate Judge
   U.S. District Court, Austin Division

   State of Texas

   Travis County, Texas

   City of Austin, Texas
           Defendants, et al

## CENTRAL ISSUES
## NINTH CIRCUIT
## CALIFORNIA, WASHINGTON, OREGON, AND ARIZONA

**Judge Sam Sparks'** opinion and order, in civil No. **1:07CV00427-SS**, Austin, Texas. See page one, paragraph one, and last paragraph of Judge Sam Sparks opinion and order.

### RELIEF

1. **Docket and Scan** Buesgens court filing at the U.S. District Court for the Northern District of California, San Francisco Division.

2. **Rule on Judge Sam Sparks'** opinion and order in civil No. 1:07CV00427-SS for the following.

A. Does **Judge Sam Sparks** have the **jurisdiction** in California to decide whether plaintiff Buesgens court filings in California are frivolous? **See,** Judge Janice M. Stewart order, in civil action No. **3:08CV00877-ST**.

B. Does **Judge Sam Sparks** have the **jurisdiction** in California to **require** Buesgens to request **leave to file from Judge Sam Sparks**?

C. Does **Judge Sam Sparks** have the **jurisdiction** in California to **require** Buesgens request **leave to file from U.S. District Court for the Northern District of California, San Francisco Division.**

3. Does **Judge Garr M. King** have the **authority** to **refuse to docket and scan** plaintiff Buesgens court filings in civil No. 3:07CV00043-GMK?

4. Does **Garr M. King** have the **authority** to **order** the **clerk of Court Sheryl S. McConnell not to docket** plaintiff Buesgens court filings?

5. Does Judge **Garr M. King** have the **authority** to order Clerk of Court **Sheryl S. McConnell** to **return** Buesgens court case filings to him.

6. Does Judge **Janice M. Stewart** have the authority to order Clerk of Court **Sheryl S. McConnell** not to scan Buesgens court case filings in civil action No. 3:08CV00877-ST, Portland, Oregon?

7. **Make a decision based on the facts,** for the record on appeal at Ninth Circuit Court of Appeals, Appeal No. **07-35578.**

8. Is the record on appeal a **true account** of what **took place,** at U.S. District Court for the District of Oregon, Portland division in civil No. **3:07CV00043-GMK?**

9. **Make a decision based on the facts** for Bullivant, Houser, Bailey, PC.

10. Are Bullivant, Houser, Bailey, PC, **lying** when they declare non-receipt of Appellant Buesgens opening brief?

11. Are Bullivant, Houser, Bailey, PC **concealing** evidence of wrongdoing for their clients?

12. Did defendant-appellee **Scott H. Galloway** answer plaintiff Buesgens complaint in civil action No. **3:07CV00043-GMK**?

13. Why did **Bullivant, Houser, Bailey, PC,** and their clients **withdraw** their billable hour fees of **$19,000.00** in civil no. **3:07CV00043-GMK?**

14. Why did **Bullivant, Houser, Bailey, PC** not request billable hours for Ninth Circuit Appeal No. 07-35578?

15. Did Bullivant, Houser, Bailey, PC **suborn perjury** with their clients in the foregoing cases?

11

16. Where is **R. Daniel Lindahl, Appellate Attorney** for Bullivant, Houser, Bailey, PC, in Ninth Circuit appeal No. **07-35578**?

17. Where was **Lindahl** when appellee Scott H. Galloway-answering brief was due **December 17, 2007,** in appeal No. **07-35578?**

18. Where was R. Daniel Lindahl, from **November 2007** through **August 2008?**

19. **Nobody knows** where Lindahl was or is now.

20. Why are **Douglas G. Houser** and **Bullivant, Houser, Bailey, PC,** and their **Texas clients allowed, to buy their version** of the legal justice system in **California, Oregon, and Washington?**

21. **Who are** Bullivant, Houser, Bailey, PC **clients** in civil No. **3:07CV00043-GMK** and appeal No. **07-35578?**

22. **Who is paying** defendant-appellee Scott H. Galloway attorney fees and legal expenses?

23. Why are Arnold Carl Tauch and Jack Cregg Moss property owners at Falcon Ridge Apartments **paying** Scott H. Galloway litigation expenses?

**See the attached complaint** Plaintiff-Appellant Michael L. Buesgens filed in Portland, Oregon.

Respectfully Submitted,

**Michael L. Buesgens**

August 21, 2008

## STATEMENT OF VERIFICATION

I have read the above complaint and it is correct to the best of my knowledge.

**Jury Demand**

**Michael L. Buesgens**

**Mailing Address**
3112 Windsor Rd, Ste A322
Austin, Texas 78703
Phone: 512-339-6005X7958
Email: mikebuesgens@hotmail.com

August 21, 2008

14

# EXHIBITS

1. California Corporations

   A. **Bullivant, Houser, Bailey, PC**
      Douglas G. Houser, Respondeat Superior
      **San Francisco, California**

   B. Greystar Holdings, Inc
      Robert A. Faith, President
      Multi-Family Apartment Managers Nationwide
      **HUD case No. 06-06-0293-8**
      **Los Angeles, California**

   C. **United Parcel Service**
      **Scott H. Galloway,** Plaintiff-Appellee-Employee
      **HUD case No. 06-06-0293-8**
      **Sacramento, California**

   D. **Passco Real Estate Enterprises, Inc**
      **William O Passo, Property Owner**
      Four Winds Apartments
      HUD case No. 07-07-0814-8
      **Irvine, California**

   E. **On-Site Manager**
      Tenant Credit/Eviction Reporting
      **Thomas E. Harrington/ Michael A. Force, President**
      HUD case No. 07-H-066
      **Mountain View, California**

   F. **National Tenant Network**
      Tenant Credit/Eviction Reporting
      **HUD case No. 06-06-0293-8**
      C T Corporation, Agent for Service of Process
      **Los Angeles, California**

2. Plaintiff Michael L. Buesgens
   **Verified Complaint**
   Portland, Oregon

 **Court Info**

# San Francisco

**Last Updated:** 08/28/1998

**Address:**
450 Golden Gate Ave.
Clerk's office is on the 16th Floor
Jury office is on the 19th floor
San Francisco, CA 94102

**Phone:**
415-522-2000
Jury:415-522-2171

**Hours:**
9:00 AM - 4:00 PM
file viewing room open 9:00 AM -
1:00 PM
(may be earlier for Jury)

**ADR**
**CALENDARS**
**CJA**
**ECF-PACER**
**EMPLOYMENT**
**FAQS**
**FOR ATTORNEYS**
**FORMS**
**JUDGES**
**JURY**
**LINKS**
**PHONE LIST**
**OPINIONS**
**RULES**

Local Rules
General Orders

## Northern District of California
# Civil Docket Clerks

**PG UP    PG DOWN    COLLAPSE    EXPAND    HOME**

| | Phone # |
|---|---|
| Alsup, Judge William | 415-522-2061 |
| Armstrong, Judge Saundra B. | 510-637-3536 |
| Brazil, Magistrate Judge Wayne D. | 510-637-3538 |
| Breyer, Judge Charles R. | 415-522-2069 |
| Chen, Magistrate Judge Edward M. | (415) 522-2099 |
| Chesney, Judge Maxine M. | 415-522-2006 |
| Conti, Judge Samuel | 415-522-2006 |
| Criminal Docket Clerks for San Francisco | see table below |
| Fogel, Jeremy | 408-535-5382 |
| Hamilton, Judge Phyllis J. | 415-522-2074 |
| Henderson, Senior Judge Thelton E. | 415-522-2067 |
| Illston, Judge Susan | 415-522-2068 |
| Infante, Edward A. | 408-535-5381 |
| James, Magistrate Judge Maria-Elena | 415-522-3080 |
| Jensen, Judge D. Lowell | 510-637-3540 |
| Laporte, Magistrate Judge Elizabeth D. | 415-522-2067 |
| Larson, Magistrate Judge James | 415-522-3080 |
| Lloyd, Magistrate Judge Howard | 408-535-5513 |
| Patel, Judge Marilyn Hall | 415-522-2087 |
| Seeborg, Magistrate Richard | 408-535-5513 |
| Spero, Magistrate Judge Joseph C. | 415-522-2087 |
| Trumbull, Chief Magistrate Patricia V. | 408 535-5513 |
| Vadas, Nandor J | 707-445-3612 |
| Walker, Chief Judge Vaughn R. | 415-522-2063 |
| Ware, James | 408-535-5386 |
| White, Judge Jeffrey S. | 415-522-4261 |
| Whyte, Ronald | 408-535-5373 |
| Wilken, Judge Claudia | 510-637-3535 |
| Zimmerman, Magistrate Judge Bernard | 415-522-2067 |

*Found **29** items.*

**PG UP    PG DOWN    COLLAPSE    EXPAND    HOME**

# PLAINTIFF EXHIBIT NO. 1

# California Business Portal

## Secretary of State DEBRA BOWEN

**DISCLAIMER:** The information displayed here is current as of AUG 15, 2008 and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation | | |
|---|---|---|
| BULLIVANT HOUSER BAILEY, A PROFESSIONAL CORPORATION | | |
| **Number:** C1887616 | **Date Filed:** 4/4/1994 | **Status:** active |
| **Jurisdiction:** OREGON | | |
| **Address** | | |
| 888 S W FIFTH AVENUE SUITE 300 | | |
| PORTLAND, OR 97204 | | |
| **Agent for Service of Process** | | |
| JESS MILLIKAN | | |
| 601 CALIFORNIA STREET | | |
| SUITE 1800 | | |
| SAN FRANCISCO, CA 94108 | | |

Blank fields indicate the information is not contained in the computer file.

If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

# California Business Portal

**Secretary of State DEBRA BOWEN**

**DISCLAIMER:** The information displayed here is current as of AUG 15, 2008 and is updated weekly. It is not a complete or certified record of the Corporation.

*MULTI-FAMILY PROPERTY MANAGERS*

| Corporation | | |
|---|---|---|
| GREYSTAR HOLDINGS, INC. | | |
| **Number:** C2044407 | **Date Filed:** 4/28/1999 | **Status:** active |
| **Jurisdiction:** DELAWARE | | |
| **Address** | | |
| 18 BROAD STREET, 3RD FLOOR | | |
| CHARLESTON, SC 29401 | | |
| **Agent for Service of Process** | | |
| C T CORPORATION SYSTEM | | |
| 818 WEST SEVENTH ST | | |
| LOS ANGELES, CA 90017 | | |

Blank fields indicate the information is not contained in the computer file.

*ROBERT A. FAITH, PRESIDENT*

If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

# California Business Portal

## Secretary of State DEBRA BOWEN

**DISCLAIMER:** The information displayed here is current as of AUG 15, 2008 and is updated weekly. It is not a complete or certified record of the Corporation.

*SCOTT H. GALLOWAY-PLAINTIFF*

*UPS* *APPELLEE*

| Corporation | | |
|---|---|---|
| UNITED PARCEL SERVICE CO. WHICH WILL DO BUSINESS IN CALIFORNIA AS UNITED PARCEL SERVICE CO. (AIR) | | |
| **Number:** C1117399 | **Date Filed:** 7/13/1982 | **Status:** active |
| **Jurisdiction:** DELAWARE | | |
| **Address** | | |
| 55 GLENLAKE PKWY, NE | | |
| ATLANTA, GA 30328 | | |
| **Agent for Service of Process** | | |
| CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS CSC - LAWYERS INCORPORATING SERVICE | | |
| 2730 GATEWAY OAKS DR STE 100 | | |
| SACRAMENTO, CA 95833 | | |

Blank fields indicate the information is not contained in the computer file.

If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

# California Business Portal

Secretary of State DEBRA BOWEN

| SECRETARY OF STATE | ELECTIONS & VOTER INFO | POLITICAL REFORM | CA BUSINESS PORTAL | ARCHIVES & MUSEUM | OTHER SERVICES |

**Business Search Corporations**

- New Search
- Search Tips
- Field Definitions
- Status Definitions
- Name Availability
- Corporate Records
- Business Entities Records Order Form
  - Certificates
  - Copies
  - Status Reports
- FAQs
- Corporations Main Page
- Site Search

## Corporations

The information displayed here is current as of "AUG 15, 2008" and is updated weekly. It is not a complete or certified record of the Corporation.

For information about certification of corporate records or for additional corporate information, please refer to **Corporate Records**. If you are unable to locate a record, you may request a more extensive search by ordering a status report. Fees and instructions for ordering a status report are included on the **Business Entities Records Order Form**. Certificates and/or certified copies can also be requested using the order form.

Results of search for **" UNITED PARCEL SERVICE "**

*Click on the name of the corporation for additional information.*

| Corp Number | Date Filed | Status | Corporation Name | Agent for Service of Process |
|---|---|---|---|---|
| C0104777 | 7/11/1923 | merged out | UNITED PARCEL SERVICE | |
| C0162923 | 6/5/1935 | merged out | UNITED PARCEL SERVICE BAY DISTRICT | |
| C1117399 | 7/13/1982 | active | UNITED PARCEL SERVICE CO. WHICH WILL DO BUSINESS IN CALIFORNIA AS UNITED PARCEL SERVICE CO. (AIR) | CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS CSC - LAWYERS INCORPORATING SERVICE |
| C0347420 | 12/6/1957 | active | UNITED PARCEL SERVICE GENERAL SERVICES CO. | CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS CSC - LAWYERS INCORPORATING SERVICE |
| C0267790 | 10/23/1952 | surrender | UNITED PARCEL SERVICE OF AMERICA, INC. | |
| C0407243 | 12/31/1960 | active | UNITED PARCEL SERVICE, INC. | CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS CSC - LAWYERS INCORPORATING SERVICE |
| C1810574 | 11/13/1991 | active | UNITED PARCEL SERVICE, INC., WHICH WILL DO BUSINESS IN CALIFORNIA AS NEW YORK/UNITED PARCEL SERVICE, INC. | CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS CSC - LAWYERS INCORPORATING SERVICE |

# California Business Portal

**Secretary of State DEBRA BOWEN**

**DISCLAIMER:** The information displayed here is current as of AUG 15, 2008 and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation | | |
|---|---|---|
| PASSCO REAL ESTATE ENTERPRISES, INC. | | |
| **Number:** C2038017 | **Date Filed:** 3/16/1998 | **Status:** active |
| **Jurisdiction:** California | | |
| Address | | |
| 96 CORPORATE PARK STE 200 | | |
| IRVINE, CA 92606 | | |
| Agent for Service of Process | | |
| WILLIAM O PASSO | | |
| 96 CORPORATE PARK STE 200 | | |
| IRVINE, CA 92606 | | |

Blank fields indicate the information is not contained in the computer file. *FOUR WINDS APARTMENTS*

If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

*HUD CASE NO. 07-07-0814-8*

# California Business Portal

## Secretary of State DEBRA BOWEN

**DISCLAIMER:** The information displayed here is current as of AUG 15, 2008 and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation | | |
|---|---|---|
| ON-SITE MANAGER, INC. | | |
| **Number:** C2156153 | **Date Filed:** 2/4/1999 | **Status:** active |
| **Jurisdiction:** California | | |
| **Address** | | |
| 2465 LATHAM ST STE 301 | | |
| MOUNTAIN VIEW, CA 94040 | | |
| **Agent for Service of Process** | | |
| THOMAS E HARRINGTON | | |
| 2465 LATHAM ST STE 301 | | |
| MOUNTAIN VIEW, CA 94040 | | |

*[handwritten annotations:]* MICHAEL A. FORCE PRESIDENT SANDPIPER APARTMENTS

Blank fields indicate the information is not contained in the computer file. *[handwritten:]* TENANT CREDIT/EVICTION REPORTING

If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

*[handwritten:]* HUD CASE NO. 07-H-066 SACRAMENTO - CARMICHAEL CALIFORNIA

# California Business Portal

## Secretary of State DEBRA BOWEN

**DISCLAIMER:** The information displayed here is current as of AUG 15, 2008 and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation |
|---|
| NATIONAL TENANT NETWORK, INC |

| **Number:** C1685991 | **Date Filed:** 4/25/1991 | **Status:** forfeited |
|---|---|---|

| **Jurisdiction:** OREGON |
|---|

| Address |
|---|
| P.O. BOX 1664 |
| LAKE GROVE, OR 97035 |

| Agent for Service of Process |
|---|
| C T CORPORATION SYSTEM |
| 818 WEST SEVENTH ST |
| LOS ANGELES, CA 90017 |

Blank fields indicate the information is not contained in the computer file. *TENANT CREDIT/EVICTION REPORTING*

If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

# PLAINTIFF EXHIBIT NO. 2

JS 44 (Rev. 12/07)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS

MICHAEL L. BUESGENS

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
3112 WINDSOR RD, STE A322 AUSTIN, TX 78703
512-339-6005X7958

### DEFENDANTS

GARR M. KING, JUDGE
SHERYL S. MCCONNELL, CLERK

County of Residence of First Listed Defendant MULTANOHA
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
BULLIVANT, HOUSER, BAILEY PC

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☒ 195 Contract Product Liability | ☒ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. SECTION 1332 (a)

Brief description of cause: ARTICLE III SECTION 2 / 28 U.S.C. SECTION 1331

### VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 7,700,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE GARR M. KING

DOCKET NUMBER 3:07CV00043

DATE 07/22/2008

SIGNATURE OF ATTORNEY OF RECORD

2:07CV02116

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON**
**PORTLAND DIVISION**
Mark O. Hatfield U.S. Courthouse
1000 S.W. Third Avenue
Portland, Oregon 97204-2902

**Michael L. Buesgens**
Extended Stay Hotel
8221 North IH 35 Room 459
Austin, Texas 78753
Phone: 512-339-6005X7958

**MAILING ADDRESS:**
3112 Windsor Rd, Ste A322
Austin, Texas 78703
Email:mikebuesgens@hotmail.com

Plaintiff

**VERIFIED COMPLAINT**

**V.**

**Garr M. King, Judge**
U.S. District Court
Mark O. Hatfield U.S. Courthouse
1000 S.W. Third Avenue
Portland, Oregon 97204-2902

Individually and in His
Official Capacity

**Sheryl S. McConnell,**
Clerk of Court
U.S. District Court
Mark O. Hatfield U.S. Courthouse
1000 S.W. Third Avenue
Portland, Oregon 97204-2902

Individually and in Her
Official Capacity

**R. Daniel Lindahl,**
Appellee Attorney
**Bullivant, Houser, Bailey PC**
**Lindahl Law Firm**
121 S.W. Morrison St., Ste 1100
Portland, Oregon 97204
Phone: 503-241-4099
Fax: 503-241-5013
Email: dan.lindagl@lindahllawfirm.com

**Maren J. Holmboe, Attorney**
Bullivant, Houser, Bailey PC
888 SW Fifth Avenue, Ste 300
Portland, Oregon 97204

**Lisa Lear, Attorney**
Bullivant, Houser, Bailey PC
888 SW Fifth Avenue, Ste 300
Portland, Oregon 97204

2

**Scott H. Galloway,**
Delivery Driver
**United Parcel Service**
1875 Deana Drive
West Linn, Oregon 97068
Phone: 503-657-4020


**United Parcel Service, Inc**
Scott H. Galloway, Employee
**Corporation Service Company,**
**Registered Agent**
285 Liberty Street NE
Salem, Oregon 97301

        Defendants

**3**

# TABLE OF CONTENTS

1. Jurisdiction and Venue                                   P.  5

2. Complaint                                                 P.  6

3. Civil Action No. 3:07CV00043-GMK
   U.S. District Court
   For the District of Oregon
   Portland Division                                         P. 15

4. Pro Se Buesgens Complaint Arises
   From Non-Discretionary Acts                               P. 21

5. Fourteenth Amendment                                      P. 25

6. Ninth Circuit Court of Appeals
   July 14, 2008 Order                                       P. 26

7. Ninth Circuit Appeal No. 07-35578                         P. 27

8. Declaration at Ninth Circuit
   A. R. Daniel Lindahl, Appellee Attorney
   B. Bullivant Houser Bailey, PC                            P. 28

9. Damages
   Bifurcated Piece Meal Litigation                          P. 30

10. Relief
    Complex-Multidistrict Litigation                         P. 31

11. Civil No. 2:07CV02116 Arises from
    A. HUD case No. 07-07-0814-8, KS
    B. Related to HUD No. 06-06-02938, TX                    P. 34

12. Verified Complaint                                       P. 36

13. Certificate of Service                                   P. 37

14. Exhibits                                                 P. 39

**4**

## JURISDICTION AND VENUE
## STATUTES

1. **Article III Section 2**

2. **28 U.S.C. Section 1331,** in claims arising from violations of federal constitutional rights guaranteed in the Fourteenth amendment
To the U.S. Constitution and redressable pursuant to Bivens V. Six Unknown Narcotics Agents 40 U.S. 388 (1971)

3. **Fourteenth Amendment**
   Legal Due Process Rights

4. **28 U.S.C. Section 1361** Action to compel an officer of the United States to perform his duty HUD officials

5. **28 U.S.C. Section 1367(a)** Supplemental jurisdiction related claims

6. **28 U.S.C. Section 1332,** Diversity of Citizenship

## CASES

1. **Ashelman V. Pope,** 793 F.2d 1072(1986), the Ninth Circuit

2. **Stump V. Sparkman,** id, 435 U.S. 349
"Any act of judicial nature entitles the judge to absolute judicial immunity" No it does not

3. **Cooper V. O'Conner,** 99 F.2d 133, "ministerial officer, who acts wrongfully, although in good faith, is nevertheless liable in a civil action and cannot claim the immunity of the sovereign"

5

CV '08 - 877 -- ST

## COMPLAINT

**Misconduct by the following:**

1. Judicial Officers
2. Private Attorney's and Clients

**Absolute Immunity does not apply in every action against a judge or court personnel**

Appellant Buesgens files this complaint against Clerk of Court Sheryl S. McConnell and Judge Garr M. King **because of the following:**

1. **Judge Garr M. King** authority and work is in the Chambers. Administrative duties not included

2. **Sheryl S. McConnell,** Clerk of Court authority and work is in the clerk's office. No Judicial Authority

3. Sheryl S. McConnell **does have authority** to take **Pro Se Buesgens** court case filings to Judge Garr M. King chambers **for his decision** as to docket or not to docket and/or return the motions to Plaintiff Buesgens.

6

4. Judge Garr M. King issues orders **from** the chambers, **to** Sheryl S. McConnell, in the clerk's office.

5. What is Judge Garr M. King intent and state of mind? **See** Judge King orders and **see** answers to Buesgens complaint by **Defendant Scott Galloway** and **Attorney Maren J. Holmboe** Bullivant Houser Bailey PC

6. **Scott Galloway** and **Maren Holmboe** intentionally **misrepresented** Buesgens contacts with Galloway. Plaintiff Buesgens had **many** contacts **(2006-2007-2008)** with **Scott Galloway** and **Patricia Goeres Galloway** in **West Linn, Oregon.**

7. **Scott Galloway** and **Maren Holmboe** intentionally misrepresent what took place at Texas Supreme Court.

8. **Scott Galloway** and **Maren Holmboe** intentionally misrepresent Plaintiff Buesgens ability to serve subpoena on **Scott Galloway** and **Patricia Goeres Galloway** in **West Linn, Oregon.**

7

9. Pro Se Buesgens **was not** and **would not** be issued Texas Court **subpoenas** from any Texas Court for service on **Scott Galloway** and **Patricia Goeres Galloway** in **West Linn, Oregon**.

10. **Texas Attorneys** Shelley Bush Marmon, Gregory S. Cagle, and Charles Eads Brown **interfered** in all legal rights Buesgens attempted to assert. These attorneys continually held Buesgens head underwater. Attorneys **used their corrupt Texas legal justice** to deny Pro Se Buesgens any legal rights or remedies.

11. Buesgens files suit in Portland, Oregon against **Scott Galloway**. Texas Attorneys and their Texas clients **buy the corrupt Oregon legal justice system**.

12. Texas Judges performed their legal duties the **same as** the Texas Attorneys. **The following judges:**

A. Judge Sam Sparks
B. Judge Earl Leroy Yeakel III
C. Magistrate Judge Robert L. Pitman
   U.S. District Court
   For the Western District of Texas
   Austin Division
D. Judge J. David Phillips
   Travis County Court at Law No. 1 Austin, Texas
E. Herbert E. Evans, Justice of the Peace, Pct 5
F. Harriet M. Murphy, Acting Justice of the Peace

8

13. **See** Judge Garr M. King decisions **in the clerk of court office** Portland, Oregon.

14. **How many** Pro Se litigants **has** Judge King performed the **same function**?

15. **Why** would Judge King **intentionally deny** Buesgens legal due process rights? We **do not need** thought process. **Look** at what Judge King says in his orders. **Look** at what **Defendant Scott Galloway** and **Attorney Maren J. Holmboe** say in their **motion to dismiss.**

16. **Look at the support** for defendant **Scott Galloway** and attorney **Maren J Holmboe** answer to complaint, motion to dismiss, and motion for **$19,000.00** in attorney fees.

17. **Judge Sam Sparks opinion and order** is the support for **Judge King Decision** and the support for defendant Scott Galloway, and attorney Maren Holmboe **answers and motions.**

9

18. **See** civil action No. **1:07CV00427-SS**

19. **Judge Sam Sparks** opinion and order **June 21, 2007**


**Michael L. Buesgens**

      Plaintiff

**V.**

**Judge Sam Sparks**
State of Texas
Travis County Texas
City of Austin, Texas

      Defendants

**U.S. Department of Housing & Urban Development**

19. Buesgens housing discrimination complaint

**HUD** case No. **06-06-0293-8 related** to his civil

action complaint against **Scott Galloway** and **Patricia**

**Goeres Galloway** in **West Linn, Oregon.**

20. **Buesgens housing discrimination** complaint **closed**

because of **interference** by attorney **Charles Eads**

**Brown Austin, Texas.**

10

21. **HUD administrative closure** based on **trial has begun** in **Falcon Ridge Apartments eviction case**

A. Eviction Suit **Case** No. **041509**

B. Trial **January 26, 2006**

C. **February 10, 2006** Attorney **Charles Eads Brown sends** letter and court case filings from **Falcon Ridge Apartments** eviction trial **to HUD**

C. **HUD** administrative closure **February 17, 2006**

**TRIAL HAS BEGUN**

Falcon Ridge Apartments
**Megan Goeres Galloway**
Charles Eads Brown
Eviction **case** No. **041509**

        Plaintiff

**V.**

**Michael L. Buesgens**

        Defendant

**11**

22. **Judge Garr M. King** Prohibits **(02/22/2007)**
Buesgens from filing any additional motions until he
issues his **dismissal order** for buyout law firm
**Bullivant, Houser, Bailey PC**. Judge King prohibiting
Buesgens court filings is the **same action** Judge
Sparks took in civil No. **1:07CV00427-SS**.

23. Defendant **Scott Galloway** and Attorney **Maren J.
Holmboe** support for their motions **is** Judge Sam
Sparks's opinion and order.

## WHAT DOES JUDGE SAM SPARKS SAY IN HIS OPINION AND ORDER ENTERED JUNE 21, 2007 CIVIL NO. 1:07CV00427-SS

### ANSWER NOBODY KNOWS

24. **Page one first paragraph**

Buesgens **is barred** from filing anything in any
federal court without first seeking leave to file
**from** Judge Sam Sparks **and** the court Buesgens wants
to file in

**12**

25. Judge Sam Sparks is acting outside the scope of his judicial authority. Judge Sparks **does not have** jurisdiction outside the Fifth Circuit. Moreover, Judge Sparks cannot bar Plaintiff-Appellant-Petitioner Buesgens from any federal court.

**For Example:**

A. U.S. Tax Court

See Buesgens Tax Court Petition No. **05378-08**

B. Ninth Circuit Appeal No. **08-72530**

26. Other federal courts

**For Example:**

A. Federal Claims Court
B. Federal Circuit
C. Appeals Courts
D. MSPB
E. Veterans Appeals Board

F. **U.S. District Court Seattle, Washington**
G. **U.S. District Court Portland, Oregon**

**13**

27. McConnell and King **acting entirely without jurisdiction** in civil No. **3:07CV00043-GMK.**

28. McConnell and King **abuse of process outside the scope** of their official duties.

29. McConnell and King **malicious acts**

30. Judge Garr M. King telling **Sheryl M. McConnell,** Clerk of court not to **docket** Plaintiff Buesgens motions in civil No. **3:07CV00043-GMK.**

31. Judge Garr M. King **directing** Sheryl M. McConnell, Clerk of Court **not to docket** Pro Se Buesgens **evidence** submitted to court in civil No. **3:07CV00043GMK**

32. McConnell and King **fail to correct** the record on appeal, at Ninth Circuit Court of Appeals, Appeal No. **07-35578.**

33. McConnell and King **routinely deny docketing** Buesgens motions and **submission of evidence.**

**14**

**SEE JUDGE GARR M. KING**
**DOCKETING OPINIONS AND ORDERS**
**CIVIL ACTION NO: 3:07CV00043-GMK**
**DIVERSITY JURISDICTION**
FILED: **01/10/2007**
DATE TERMINATED: **06/07/2007**
NOTICE OF APPEAL: **07/06/2007**
**U.S. DISTRICT COURT**
FOR THE DISTRICT OF OREGON
**PORTLAND, OREGON**


**Michael L. Buesgens**
**Austin, Texas**
          Plaintiff


**V.**


**Scott Galloway**
Falcon Ridge Apartments
**West Linn, Oregon**
          Defendant

1. Opinion and Order No. **18** entered **02/22/2007**

     Plaintiff Buesgens **prohibited** from filing

anything until Judge Garr M. King issues order

dismissing Buesgens complaint. **Dismissal based** on

Bullivant, Houser, Bailey, PC **motion to dismiss.**


15

2. Order No. **24** entered **03/06/2007**

   **Not allowed,** submissions of evidence to

support Buesgens original pro se complaint

3. Amended Order No. **25** entered **03/06/2007**

   Judge Garr King declares the following: Pro Se

Buesgens allegations in original complaint **are not**

**to be disturbed** by Buesgens **submission of evidence**

**to support** his complaint.

4. Order No. **26** entered **03/12/2007**

   **Judge Garr M. King** and **Sheryl S. McConnell**

Clerk of Court **return Buesgens court filings to him.**

5. Opinion and Order No. **29** entered **06/07/2007**

Bullivant, Houser, Bailey **win another case.**

**Demand Money Now $19,000.00**

6. Judgment No. **30** entered **06/07/2007**

   **Based on the Record,** most of the record

**not docketed** and **returned** to Plaintiff

Buesgens.

**16**

7. Order No. **32** entered **06/20/2007**

   Plaintiff Buesgens motion for **Doug Houser** billable hours payable is **denied.**

8. Order No. **37** entered **06/28/2007**

   Doug Houser and Texas Real Estate Developers Mafia buy your justice in Oregon and the **$19,000.00** billable hours must be **sealed in cement.**

9. Order No. **39** entered **07/02/2007**

   Buesgens request for new trial **not reconsideration.** However, **Buesgens failed** to state a claim against **Defendant Scott Galloway** and case **dismissed.**

   Plaintiff Buesgens **must show newly discovered evidence** or that Judge Garr M. King and Sheryl S. McConnell clerk of court decisions were clearly erroneous or manifestly unjust. **"None of these grounds exist here".**

**To whom** does Buesgens show that? **He shows** it

to **Judge Garr M. King** and **Sheryl S. McConnell** clerk

of Court **Portland, Oregon.**

10. Notice of Appeal **07/06/2007** Appeal No. **07-35578.**


### Civil No. 3:07CV00043-GMK-Orders Appealed


A. Order No. 10
B. Order No. 18
C. Order No. 24
D. Order No. 25
E. Order No. 26
F. Order No. 28
G. Order No. 29

H. Order No. 32
I. Order No. 37
J. Order No. 39



11. Order No. **45** entered **07/10/2007**

Moot **No Court action required** on Buesgens

large documents. **Sheryl S. McConnell and Garr M.**

**King**

Where are Plaintiff Buesgens large documents?

12. Notice **confirming** Docketing Record on Appeal

**07/27/2007, Sheryl S. McConnell,** Clerk of Court

Portland, Oregon

13. Order No. **47** entered **07/30/2007**

Bullivant, Houser, Bailey, **Shelley Bush**

**Marmon, Attorney,** and Texas Real Estate Developers

**Arnold**

**Carl Tauch** and **Jack C. Moss Houston, Texas** withdraw

their **money demand $19,000.00. Why?**

14. **Document No. 49 Entered 10/15/2007**

Appellant-Plaintiff Buesgens Motion to Correct

the Record

15. Document No. **50** entered **10/19/2007**

**R. Daniel Lindahl, Appellate Attorney,**

Attorneys Maren J. Holmboe, and Shelley Bush Marmon

at Bullivant, Houser, and Bailey **oppose** Buesgens

motion **for true and correct record on appeal** or

anywhere else.

**19**

16. Order No. **51** entered **10/25/2007**

Plaintiff Buesgens motion for correct record

on appeal **denied.**

17. Document No. **52** entered **10/31/2007**

Plaintiff Buesgens **Response** to Attorneys

Opposition to Correct Appeal Record

18. Order No. **53** entered **10/31/2007**

**Judge Garr M. King** and **Sheryl S. McConnell**

Clerk of Court **do not docket** and **do not send**

Appellant-Plaintiff Buesgens **response** to Ninth

Circuit Court of Appeals

19. Minute Order No. **51** entered **10/25/2007**

**"Plaintiff's Response does not change the
court's decision regarding his motion for the
reasons stated in Minute Order No. 51".**

20

## BUESGENS COMPLAINT ARISES FROM
## THE FOLLOWING NON-DISCRETIONARY ACTIONS

1. **Sheryl S. McConnell** Clerk of Court **failure** to perform duty owed. McConnell **did not** docket Plaintiff Buesgens court case filings in civil action No. **3:07CV00043.**

2. See the Administrative Office of the United States District Court Clerks procedure manual for docketing court case filings.

3. See U.S. District Court for the District of Oregon Portland Division Local Rule **100.3(2)**

**Official Record**
**Conventional Filings**
Filed after September 1, 2006: Documents authorized to be filed conventionally on or after September 1, 2006, **will be filed** and **docketed by the Clerk** and **will constitute** the **official record** until the clerk elects to scan and upload an electronic version of the conventional filing pursuant to LR 100.(3) (b) (3).

4. Plaintiff Buesgens **were not scanned** and **were sent back** to him **by Sheryl S. McConnell Clerk of Court.**

5. **Docketing** court case filings is **non-discretionary act** thus McConnell **does not have immunity under** Oregon law.

21

7. **See** Code of Judicial Conduct for Judicial

Employees and Statutes

A. Canon 1 Integrity and Independence
B. Canon 2 Avoid Impropriety
C. Canon 3 Adhere to Appropriate Standards
D. Respect and Comply with Canons

8. **18 U.S.C. section 1001**(fraud or false statements in government matter)

9. **18 U.S.C. section 2071**(concealing, removing, or mutilating a public record)

10. **18 U.S.C. Part 1 Chapter 21 Section 401**
    (1) Misbehavior and Obstruct Justice
    (2) Official Transactions Court Officers
    (3) Disobedience to rules

11. **18 U.S.C. Part 1 Chapter 47 Section 1001**
    (1) Falsifies, conceals, or covers up
        Material Facts

12. **18 U.S.C. Part 1 Chapter 101 Section 2076**
    Sheryl S. McConnell, Clerk of Court
    Portland, Oregon

13. **Refusing to docket** Plaintiff Buesgens motions

14. Sheryl S. McConnell **is required** to docket

Buesgens motions and evidence filings.

15. Judge Garr M. King **does not have the authority**

to order Sheryl S. McConnell Clerk of Court **not file**

Buesgens evidence and motions

**22**

16. Sheryl S. McConnell and Garr M. King **interfered** in Pro Se-Plaintiff-Appellant Buesgens **access to** U.S. District Court Portland Division and Ninth Circuit Court of Appeals.

17. Mary Schroeder, Chief Judge Ninth Circuit Court of Appeals has **participated** in denying Pro Se Buesgens access to the courts. **See** Judge Schroeder decisions in Appeal No. 07-35578.

18. The foregoing has **caused serious injury** to Pro Se Buesgens. Buesgens **could not present** his case at district court. The record on appeal **is not true.**

19. Pro Se Buesgens **lost** civil No. **3:07CV00043-GMK.** Because his court case **evidence** and motions were **denied docketing McConnell** and **King.**

20. **Both** the U.S. District Court and Ninth Circuit Court of Appeals have **denied** Pro Se Buesgens **numerous requests to correct the record.**

21. **Attorneys** R. Daniel Lindahl, Maren J. Holmboe, Douglas Houser, Lisa Lear, Shelley Bush Marmon, and **their clients Scott Galloway,** Arnold Carl Tauch,

23

Jack Cregg Moss, Falcon Group and **Falcon Ridge Apartments** have **participated in cover up.**

Attorneys and clients **remain hidden. Houston, Texas** clients paying all legal fees for **Scott Galloway** and the **related:** Ninth Circuit Appeal No. **08-35202,** Michael L. Buesgens V. **Alan Roswell Weiner (Falcon Ridge Apartments Voir Dire Member).**

**Attorney's** Maren J. Holmboe, Lloyd Berstein, Douglas G. Houser, Shelley Bush Marmon and Client's Scott Galloway, Arnold Carl Tauch, Jack Cregg Moss and Falcon Ridge Apartments **answer** to Buesgens in Civil action No. 3:07CV00043-GMK **is more cover up.**

**Attorneys and clients deny** receiving Buesgens' handwritten opening brief in Ninth Circuit Appeal No. 07-35578 **is nothing more than cover up.**

**See the same game** in **related** appeal No. **08-35202.** Appellee-Defendant Alan Roswell Weiner and his Houston, Texas Attorney Shelley Bush Marmon **have not filed** their answering brief **due July 11, 2008.**

24

## Fourteenth Amendment

22. Violations of Plaintiff-Appellant Buesgens legal due process rights

23. Garr M. King, U.S. District Court Judge acted **entirely without jurisdiction** when he told Sheryl S. McConnell not to docket Plaintiff Buesgens court case filings.

24. **See** civil action No. **3:07CV00043**-GMK docket.

25. **See** Plaintiff Buesgens **motion to correct** the record on appeal.

26. **See** Judge Garr M. King orders **denying** docketing of Plaintiff Buesgens court case filings.

27. **See** intentional alteration of court records.

28. **See** defective record on appeal. A record that **does not reflect** what took place at District Court.

29. Evidence omitted

30. Parties omitted

31. Causes of action omitted.

32. **See** Bullivant, Houser, Bailey **opposition** to correct record on appeal.

33. Judge Garr M. King order, **denying** correct record on appeal to the Ninth Circuit

Appeal No. **07-35578**

### SEE NINTH CIRCUIT COURT OF APPEALS ORDER DOCUMENT NO. 30 ENTERED JULY 14, 2008

34. Appellant-Plaintiff Buesgens **motion to refile** the opening brief is **denied**.

35. To the **extent** Appellant-Plaintiff Buesgens seeks to **expand** the record on appeal with the documents attached to his submissions, that request is **denied**.

36. **No** motions for reconsideration, clarification, **or** modification of this order **shall be filed or entertained**.

37. **R. Daniel Lindahl, Appellate Attorney,**

Bullivant, Houser, Bailey PC, Maren J. Holmboe,

Shelley Bush Marmon, Arnold Carl Tauch, Jack Cregg

Moss, U.S. Attorney Office, and Lisa Lear answer to

Appellate Buesgens opening brief is **due August 11,**

**2008.**

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT
## APPEAL NO. 07-35578
D.C. NO: 3:07CV00043-GMK
DISTRICT OF OREGON, PORTLAND


**Michael L. Buesgens**
          Appellant

**V.**

**Scott Galloway**
Falcon Ridge Apartments
          Appellee


1. Docketed: **07/18/2007**
2. Nature of Suit: 4360 Other Personal Injuries
3. **Trial Judge Garr M. King**
4. Date Order Judgment: 06/28/2007
5. **Other Orders Appealed** by Buesgens **Not** on Docket

### BRIEFS DUE AT NINTH CIRCUIT COURT OF APPEALS

6. Appellant Buesgens Opening Brief due **11/30/2007**

27

7. R. Daniel Lindahl, Appellee Attorney
   Brief due **12/31/2007**

8. No answering brief filed by Scott Galloway,

Defendant-Appellee, R. Daniel Lindahl, Appellee

Attorney, Bullivant Houser Bailey, PC

9. **Where was R. Daniel Lindahl?**
   A. From 11/30/2007 through 12/31/2007
   B. **Nobody knows**


## DECLARATION
## R. DANIEL LINDAHL, APPELLEE ATTORNEY
## SCOTT GALLOWAY, DEFENDANT-APPELLEE
## ATTORNEYS
## MAREN J. HOLMBOE AND LISA LEAR


10. **April 28, 2008** Ninth Circuit Court of Appeals

Merits Panel finally issues their order to **R. Daniel**

**Lindahl,** Appellee Attorney and Bullivant, Houser,

Bailey PC **"Please file your answering brief".**

11. January through April 2008 Appellant Buesgens

has requests for **(Scott Galloway, UPS Delivery**

**Driver)** answering brief.

12. **May 9, 2008 declaration,** by Bullivant Houser

Bailey Attorney's **R. Daniel Lindahl,** Lisa Lear, and

**28**

Maren J. Holmboe **"we did not receive Appellant Buesgens opening brief"**.

13. Bullivant Houser Bailey PC **uses** Attorney Lisa Lear **disabled child** as **support** for failing to answer Buesgens opening brief.

14. Bullivant Houser Bailey **demand extension of time** to answer Buesgens Brief.

15. **May 23, 2008** Buesgens files motion for disclosure.

16. **May 27, 2008,** Appellant Buesgens files motion for extension of time and motion, **to refile opening brief.**

17. **June 4, 2008** Bullivant Houser Bailey PC opposes Buesgens motion to refile his brief.

18. **July 14, 2008** Mary Schroeder, Chief Judge Ninth Circuit of Appeals **declares final order.**

19. Bullivant Houser Bailey PC and client Scott Galloway **misconduct approved** at Ninth Circuit and U.S. District Court.

20. **Where** is Pro Se Appellant Buesgens opening brief?

21. **How will Scott Galloway Attorney R. Daniel Lindahl** answer Buesgens opening brief without a copy?

22. Attorney's can **ask Scott Galloway** for his copy, of Buesgens opening brief.

### DAMAGES

1. Medical Expenses

2. Legal Expenses

3. Extended Stay Hotel Expenses-**$38,000.00-Plus** Move in Date **July 17, 2006**

### Plaintiff Buesgens
### Apartment Rental Application Denied
### Reasonable Accommodation Requests
### Denied

4. **Gregory Mayes,** Property Owner
   A. The Heights Apartments
   B. Liberty Management Group
      **Milwaukie, Oregon**

5. **Michael A. Force,** President
   A. Sandpiper Apartments
   B. D/B/A Westcal Management
   C. Pacific Cities Management
      **Sacramento, California**

30

6. **Unlawful** Administrative Closure of **HUD** case
   **No. 06-06-0293-8**
   **Falcon Ridge Apartments**

7. **State Farm Insurance Companies**
   Tenant-Renter Policy No. **83-LV-0578-9**
   A. Falcon Ridge Apartments
   B. State Farm Investigative Record **Concealed**
   C. **Intentional Destruction of Evidence**
   D. **Refusal** to obey service of **Subpoena deuces Tecum** in Civil No. **1:06CV00226-LY-RP**
   E. Judge Earl Leroy Yeakel, III
      **Austin, Texas**

## RELIEF

1. Compensatory Damages
2. Punitive Damages
3. $7,700,000.00

4. Issue injunctive relief commanding defendants,

and their attorney's **(in Oregon and Texas) produce**

**all** those **letters** and **court case filings** that

Plaintiff Buesgens **began sending** in **January 2006** and

continued throughout **2007** and **2008** to the following:

A. Defendant **Scott Galloway**

B. **Patricia Goeres Galloway** spouse

C. **Megan Goeres Galloway** stepdaughter

D. **Ryan Goeres Galloway** stepson

E. **Goeres-Galloway-Falcon Ridge Apartment(Attorneys)**

31

**Appellee Scott Galloway** answer brief is **due August 11, 2008** Ninth Circuit Court of Appeals: Appeal No. **07-35578.**

Plaintiff-Appellant Buesgens made **many** affidavit and testimony requests to the Goeres-Galloway family **beginning in January 2006. No Texas judge** would allow subpoenas for Scott Galloway and spouse Patricia Goeres Galloway **West Linn, Oregon.**

**Falcon Ridge Apartments** eviction Trial **case** No. **041509 (Eviction Attorney Charles Eads Brown)** closed **January 26, 2006.**

**Falcon Ridge Apartments** and Buesgens appeal of eviction case. Travis County Court at Law No. 1, **cause** No: **C-1-CV-06-000678** trial **June 6, 2006.**

5. **Presiding Texas Attorney's**

   A. Shelley Bush Marmon

   B. Gregory S. Cagle

   C. Charles Eads Brown

   D. Chester Earl Beaver Jr

   E. Felix Tarango

32

5. Issue declaratory relief as this court deems appropriate.

6. Issue other relief, as this court deems appropriate and just.

7. Award Plaintiff his costs of litigation.


8. See Bifurcated piece meal litigation

9. Look at complex litigation

10. Become aware of multi district litigation


**See Scott Galloway, Douglas Houser,** HUD officials, and U.S. Attorney **in** civil action No. 2:07CV02116-CM-JAR-JPO Kansas.

33

## CIVIL NO.2:07CV02116-CM-JAR-JPO KANSAS
## ARISES FROM THE FOLLOWING:

1. **Misconduct** in Civil action No. **3:07CV00043**-GMK

Portland, Oregon

2. Plaintiff Buesgens **housing discrimination**

complaint against Four Winds Apartments Overland

Park, Kansas, Passco Real Estate, California, and

Greystar Holdings, Inc Charleston, South Carolina.

3. **See the following**: Scott Galloway, Douglas

Houser, Maren Holmboe, and Bullivant Houser Bailey,

in civil action No. 2:07CV02116, Kansas.

4. **Look** at Plaintiff Buesgens service of summons and

complaint to HUD Officials.

5. **HUD officials** and **U.S. Attorney Office interfered**

in civil No. **2:07CV02116**, but **never** made appearance

on docket.

34

# CIVIL ACTION NO. 2:07CV0211-CM-JAR-JPO KANSAS

Michael L. Buesgens

       Plaintiff

V.

Judge Sam Sparks

Kim Kendrick, Assistant Secretary
U.S. Department of Housing & Urban Development

Four Winds Apartments

William O. Paso, President
Property Owner
California

Passco Real Estate Enterprise
California
      Defendants et al

6. **See** Buesgens housing discrimination in **Overland Park, Kansas**. HUD case No. **07-07-0814-8 related** to HUD case No. **06-06-0293-8 Austin, Texas** and Buesgens housing discrimination complaints in **Milwaukie, Oregon** and **Sacramento, California.**

35

Respectfully Submitted,

*Michael Buesges*

Michael L. Buesgens
July 22, 2008

## STATEMENT OF VERIFICATION

I have read the above complaint and it is
correct to the best of my knowledge.

### JURY DEMAND

**Maren J. Holmboe Quote/3:07CV00043-GMK**

"Michael L. Buesgens is a 56 year old bipolar man
living in Austin, Texas".

**Judge Garr M. King Quote/3:07CV00043-GMK**

"Michael L. Buesgens is 56 year old man living in
Austin, Texas".

*Michael Bueng*

**Michael L. Buesgens**
Former IRS Employee
Residing at Extended Stay Hotel
**July 22, 2008**

**36**

# CERTIFICATE OF SERVICE

I certify that one true copy of this complaint, served by priority mail, delivery confirmation on this 22nd day of July 2008 Addressed to the following:

1. **John W. Meyers, Regional Director**
   U.S. Department of Housing & Urban Development
   Seattle Regional Office
   A. **HUD** case No. **06-06-0293-8**
   B. Civil No. 3:07CV00043-GMK, **Portland, OR**
   C. Appeal No. 07-35578
   D. Civil No. 2:07CV01846-TSZ-RAJ, **Seattle, WA**
   E. Appeal No. 08-35202
   F. Civil No. 2:07CV02116-CM-JAR-JPO, **Kansas**

   909 First Avenue, Suite 200
   **Seattle, Washington 98104-1000**
   Phone: 206-220-5101
   Fax: 206-220-5108
   Email: john_meyers@hud.gov

2. **Karin Immergut**
   U.S. Attorney
   A. **HUD** case No. **06-06-0293-8**
   B. Civil No. 3:07CV00043-GMK, **Portland, OR**
   C. Appeal No. 07-35578
   D. Civil No. 2:07CV01846-TSZ-RAJ, **Seattle, WA**
   E. Appeal No. 08-35202
   F. Civil No. 2:07CV02116-CM-JAR-JPO, **Kansas**

   1000 SW 3rd Avenue, Ste 600
   **Portland, Oregon 97204**

37

**Michael L. Buesgens**
Plaintiff-Appellant
**HUD** case No. **06-06-0293-8**
Civil No. 3:07CV00043-GMK
Ninth Circuit Appeal No. 07-35578
Civil No. 2:07CV01846-TSZ-RAJ
Appeal No. 08-35202
Civil No. 2:07CV02116-CM-JAR-JPO

**Mailing Address:**
3112 Windsor Rd, Ste A322
Austin, Texas 78703
Phone: 512-339-6005X7958
Email: mikebuesgens@hotmail.com

July 22, 2008

38

**PLAINTIFF EXHIBIT NO. 1**

**(e) Pro Se Party Litigants**

On a case-by-case basis, a pro se party may apply to the assigned judge for permission to become a Registered User. Every such application must demonstrate the pro se party's automation, word processing, and Internet access capabilities, and must include an agreement to abide by the requirements of these local rules and the CM/ECF User's Manual. If approved, the clerk will assign the pro se party a CM/ECF login and password, and that individual will become a Registered User in the specific case.

## LR 100.3 Official Record

**(a) Electronic Filing**

In accordance with Fed. R. Civ. P. 58 and 79, the electronic filing of a document (together with the CM/ECF system's transmission of the Notice of Electronic Filing) constitutes filing of that document, the official record for all purposes of the Federal Rules of Civil Procedure and the local rules of this Court, and entry of the document on the docket kept by the Clerk.

## (b) Conventional Filings

**(1)** Filed Before September 1, 2006: Unless otherwise directed by the Court, documents filed conventionally before September 1, 2006 constitute the official record and parties are not required to submit an electronic version of those conventional filings.

3:07CV00043-GMK PORTLAND, OREGON

**(2)** Filed After September 1, 2006: Documents authorized to be filed conventionally on or after September 1, 2006, will be filed and docketed by the Clerk and will constitute the official record until the Clerk elects to scan and upload an electronic version of the conventional filing pursuant to LR 100.(3)(b)(3).

**(3)** Converting a Conventional Filing into a CM/ECF Electronic Replacement: The Clerk may scan and convert a conventional filing in its entirety to an electronic replacement for posting to the CM/ECF system. Should the Clerk do so, the conventional filing may be discarded and not returned to the filing party after providing reasonable notice to all parties.

# LR 100.4 Special CM/ECF Filing Requirements

## (a) Initial Case Papers

Initial case papers must be conventionally filed with the Clerk's Office. Concurrent with the initial case paper fillings, a Registered User must also include a text searchable PDF version of every initial case paper (including scanned versions of related state court papers in removal actions) on a 3.5" diskette or CD-ROM.

| PRACTICE TIP - TEXT SEARCHABLE PDF DOCUMENTS |
| --- |
| 1. Word processing systems (WordPerfect, |

**PLAINTIFF EXHIBIT NO. 2**

## Administrative Office Services

- Research and analyze hundreds of matters each year for consideration by Judicial Conference committees.
- Work with the Judicial Conference and other government agencies to coordinate and implement new legislation and procedures—a significant effort in recent years.
- Support over 2,000 judicial officers, including active and senior appellate and district court judges, bankruptcy judges, and magistrate judges.
- Handle public affairs for the Judiciary, respond to numerous inquiries from Congress, the media, and the public about court operations.
- Develop new ways for handling court business, and provide training and assistance to court employees to help them implement programs and improve operations.
- Communicate the Judiciary's legislative needs to Congress and develop judicial impact statements on proposed legislation.
- Provide program leadership, guidance, and support to circuit executives, clerks of court, probation and pretrial services officers, federal defenders, circuit librarians, senior staff attorneys, preargument/conference attorneys, bankruptcy administrators, and other court employees.
- Issue regulations and guidelines, and prepare manuals and a variety of other publications that include essential information regarding judicial business.
- Provide centralized core administrative functions such as payroll, personnel, and accounting services.
- Administer the Judiciary's unique personnel systems.
- Develop and execute the budget, and provide budget execution guidance to the courts.
- Define resource requirements through forecasts of caseloads, work-measurement analyses, assessments of program changes, and reviews of individual court requirements.
- Provide legal counsel and services to the Judiciary.
- Collect and analyze detailed statistics on the workload of the courts.
- Monitor and review the performance of programs and use of resources.
- Auditing the courts' financial operations.
- Develop and support automated systems and technologies used throughout the courts.
- Provide long-range planning support.
- Manage the Judiciary's space and facilities program, identify courthouse requirements and coordinate construction and management of the facilities with the General Services Administration.
- Monitor the U.S. Marshals Service implementation of the Judicial Facilities Security Program to execute security policy for the Judiciary.

## Court Administration

While judges and their chambers staff are the heart of the Judiciary, the federal courts could not function without other court units and staff who support the process and legal machinery of justice. Court administrators including circuit executives, clerks of court, librarians, interpreters, staff attorneys, bankruptcy administrators, and other court employees perform vital roles in court operations. AO staff members allocate resources and provide guidance, evaluation, and support for these functions and court executives in a wide range of administrative and program areas such as case management, jury administration, records management, facilities, contracting and procurement, financial management, human-resources administration, information technology, property management, and statistical reporting.



## Organization and Goals

The Administrative Office (AO) is organized functionally and by court program areas to carry out its many activities. The major organizational components of the agency are:

- Director
- Deputy Director
- Associate Director and General Counsel
- Judicial Conference Executive Secretariat
- Legislative Affairs
- Public Affairs
- Court Administration
- Defender Services
- Facilities and Security
- Finance and Budget
- Human Resources
- Information Technology
- Internal Services
- Judges Programs
- Probation and Pretrial Services

Because it is a service organization, the agency's resources and functions are often shifted to respond effectively to the changing requirements of the Judiciary.

Each employee of the agency knows that he or she is there to support the judges, the courts, and the Judiciary's mission. To meet the agency's obligations to the courts, the Director established five fundamental goals that embody the values and direction of the AO:

- Good relations
- Openness
- Accountability and achievement
- Leadership
- Service

In addition, the Director establishes specific management priorities each year. Each division and office within the AO develops and implements specific initiatives in support of these goals. Quarterly status reports measure progress against planned milestones, and periodic meetings with senior managers are held to evaluate progress. This system enables the AO to devote its limited resources to achieve the highest priority initiatives.

AO program managers work in conjunction with judges and court managers to address the most pressing needs the courts have for automated systems, space and facilities planning support, administrative improvements, program guidance, long-range planning, court security and emergency preparedness, and other needs.

## Administrative Office Mission



The Administrative Office of the United States Courts (AO) plays a key support role in helping the federal Judiciary conserve and enhance society's trust in the federal courts. This trust depends on these core values of the federal Judiciary:

- the rule of law
- equal justice
- judicial independence
- national courts of limited jurisdiction
- excellence
- accountability

The agency is a unique entity in government. Neither the executive branch nor the legislative branch has any one comparable organization that provides the broad range of services and functions that the Administrative Office does for the judicial branch. The agency's lawyers, public administrators, accountants, systems engineers, analysts, architects, statisticians, and other staff provide a long list of professional services to meet the needs of judges and the more than 32,000 Judiciary employees working in more than 800 locations nationwide.

The Director of the Administrative Office is the chief administrative officer for the federal courts and secretary to the Judicial Conference of the United States.

**PLAINTIFF EXHIBIT NO. 3**

Guide to Judiciary Policies & Procedures

## CHAPTER II. <u>CODES OF CONDUCT FOR JUDICIAL EMPLOYEES</u>

### A. <u>Code of Conduct for Judicial Employees</u>.

## <u>Introduction</u>

This Code of Conduct applies to all employees of the Judicial Branch except Justices; judges; and employees of the United States Supreme Court, the Administrative Office of the United States Courts, the Federal Judicial Center, the Sentencing Commission, and Federal Public Defender offices.[1] As used in this code in canons 3F(2)(b), 3F(5), 4B(2), 4C(1), and 5B, a member of a judge's personal staff means a judge's secretary, a judge's law clerk, and a courtroom deputy clerk or court reporter whose assignment with a particular judge is reasonably perceived as being comparable to a member of the judge's personal staff.[2]

Contractors and other nonemployees who serve the Judiciary are not covered by this code, but appointing authorities may impose these or similar ethical standards on such nonemployees, as appropriate.

The Judicial Conference has authorized its Committee on Codes of Conduct to render advisory opinions concerning the application and interpretation of this code. Employees should consult with their supervisor and/or appointing authority for guidance on questions concerning this code and its applicability before a request for an advisory opinion is made to the Committee on Codes of Conduct. In assessing the propriety of one's proposed conduct, a judicial employee should take care to consider all relevant canons in this code, the Ethics Reform Act, and other applicable statutes and regulations[3] (e.g., receipt of a gift may implicate canon 2 as well as canon 4C(2) and the Ethics Reform Act gift regulations). Should a question remain after this consultation, the affected judicial employee, or the chief judge, supervisor, or appointing authority of such employee, may request an advisory opinion from the Committee. Requests for advisory opinions may be addressed to the Chairman of the Committee on Codes of Conduct in care of the General Counsel, Administrative Office of the United States Courts, One Columbus Circle, N.E., Washington, D.C. 20544.

> Adopted September 19, 1995
> by the Judicial Conference of the United States
> Effective January 1, 1996[4]

---

[1] Justices and employees of the Supreme Court are subject to standards established by the Justices of that Court. Judges are subject to the Code of Conduct for United States Judges. Employees of the AO and the FJC are subject to their respective agency codes. Employees of the Sentencing

Guide to Judiciary Policies & Procedures

Commission are subject to standards established by the Commission. Federal public defender employees are subject to the Code of Conduct for Federal Public Defender Employees. When Actually Employed (WAE) employees are subject to canons 1, 2, and 3 and such other provisions of this code as may be determined by the appointing authority.

[2] Employees who occupy positions with functions and responsibilities similar to those for a particular position identified in this code should be guided by the standards applicable to that position, even if the position title differs. When in doubt, employees may seek an advisory opinion as to the applicability of specific code provisions.

[3] See Guide to Judiciary Policies and Procedures, Volume II, Chapter VI, Statutory and Regulatory Provisions Relating to the Conduct of Judges and Judicial Employees.

[4] Canon 3F(4) was revised at the March 2001 Judicial Conference.

## CANON 1: A JUDICIAL EMPLOYEE SHOULD UPHOLD THE INTEGRITY AND INDEPENDENCE OF THE JUDICIARY AND OF THE JUDICIAL EMPLOYEE'S OFFICE

An independent and honorable Judiciary is indispensable to justice in our society. A judicial employee should personally observe high standards of conduct so that the integrity and independence of the Judiciary are preserved and the judicial employee's office reflects a devotion to serving the public. Judicial employees should require adherence to such standards by personnel subject to their direction and control. The provisions of this code should be construed and applied to further these objectives. The standards of this code shall not affect or preclude other more stringent standards required by law, by court order, or by the appointing authority.

## CANON 2: A JUDICIAL EMPLOYEE SHOULD AVOID IMPROPRIETY AND THE APPEARANCE OF IMPROPRIETY IN ALL ACTIVITIES

A judicial employee should not engage in any activities that would put into question the propriety of the judicial employee's conduct in carrying out the duties of the office. A judicial employee should not allow family, social, or other relationships to influence official conduct or judgment. A judicial employee should not lend the prestige of the office to advance or to appear to advance the private interests of others. A judicial employee should not use public office for private gain.

## CANON 3: A JUDICIAL EMPLOYEE SHOULD ADHERE TO APPROPRIATE STANDARDS IN PERFORMING THE DUTIES OF THE OFFICE

In performing the duties prescribed by law, by resolution of the Judicial Conference of

Guide to Judiciary Policies & Procedures

the United States, by court order, or by the judicial employee's appointing authority, the following standards apply:

A. A judicial employee should respect and comply with the law and these canons. A judicial employee should report to the appropriate supervising authority any attempt to induce the judicial employee to violate these canons.

<u>Note</u>: A number of criminal statutes of general applicability govern federal employees' performance of official duties. These include:

18 U.S.C. § 201 (bribery of public officials and witnesses);

18 U.S.C. § 211 (acceptance or solicitation to obtain appointive public office);

18 U.S.C. § 285 (taking or using papers relating to government claims);

18 U.S.C. § 287 (false, fictitious, or fraudulent claims against the government);

18 U.S.C. § 508 (counterfeiting or forging transportation requests);

18 U.S.C. § 641 (embezzlement or conversion of government money, property, or records);

18 U.S.C. § 643 (failing to account for public money);

18 U.S.C. § 798 and 50 U.S.C. § 783 (disclosure of classified information);

18 U.S.C. § 1001 (fraud or false statements in a government matter);

18 U.S.C. § 1719 (misuse of franking privilege);

18 U.S.C. § 2071 (concealing, removing, or mutilating a public record);

31 U.S.C. § 1344 (misuse of government vehicle);

Guide to Judiciary Policies & Procedures

31 U.S.C. § 3729 (false claims against the government).

In addition, provisions of specific applicability to court officers include:

18 U.S.C. §§ 153, 154 (court officers embezzling or purchasing property from bankruptcy estate);

18 U.S.C. § 645 (embezzlement and theft by court officers);

18 U.S.C. § 646 (court officers failing to deposit registry moneys);

18 U.S.C. § 647 (receiving loans from registry moneys from court officer).

This is not a comprehensive listing but sets forth some of the more significant provisions with which judicial employees should be familiar.

B. A judicial employee should be faithful to professional standards and maintain competence in the judicial employee's profession.

C. A judicial employee should be patient, dignified, respectful, and courteous to all persons with whom the judicial employee deals in an official capacity, including the general public, and should require similar conduct of personnel subject to the judicial employee's direction and control. A judicial employee should diligently discharge the responsibilities of the office in a prompt, efficient, nondiscriminatory, fair and professional manner. A judicial employee should never influence or attempt to influence the assignment of cases, or perform any discretionary or ministerial function of the court in a manner that improperly favors any litigant or attorney, nor should a judicial employee imply that he or she is in a position to do so.

D. A judicial employee should avoid making public comment on the merits of a pending or impending action and should require similar restraint by personnel subject to the judicial employee's direction and control. This proscription does not extend to public statements made in the course of official duties or to the explanation of court procedures. A judicial employee should never disclose any confidential information received in the course of official duties except as required in the performance of such duties, nor should a judicial employee employ such information for personal gain. A former judicial employee should observe the same restrictions on disclosure of confidential information that apply to a current judicial employee, except as modified by the appointing authority.

E. A judicial employee should not engage in nepotism prohibited by law.

*18 USC 401*

*NB: This unofficial compilation of the U.S. Code is current as of Jan. 3, 2007 (see http://www.law.cornell.edu/uscode/uscprint.html).*

## TITLE 18 - CRIMES AND CRIMINAL PROCEDURE
### PART I - CRIMES
#### CHAPTER 21 - CONTEMPTS

### § 401. Power of court

A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as—

    **(1)** Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;

    **(2)** Misbehavior of any of its officers in their official transactions;

    **(3)** Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

(June 25, 1948, ch. 645, 62 Stat. 701; Pub. L. 107–273, div. B, title III, § 3002(a)(1), Nov. 2, 2002, 116 Stat. 1805.)

#### Historical and Revision Notes

Based on section 385 of title 28, U.S.C., 1940 ed., Judicial Code and Judiciary (Mar. 3, 1911, ch. 231, § 268, 36 Stat. 1163).

Said section 385 conferred two powers. The first part authorizing courts of the United States to impose and administer oaths will remain in title 28, U.S.C., 1940 ed., Judicial Code and Judiciary. The second part relating to contempt of court constitutes this section.

Changes in phraseology and arrangement were made.

#### Amendments

2002—Pub. L. 107–273 inserted "or both," after "fine or imprisonment," in introductory provisions.

*18 USC 1001*

NB: This unofficial compilation of the U.S. Code is current as of Jan. 3, 2007 (see http://www.law.cornell.edu/uscode/uscprint.html).

# TITLE 18 - CRIMES AND CRIMINAL PROCEDURE
## PART I - CRIMES
### CHAPTER 47 - FRAUD AND FALSE STATEMENTS

## § 1001. Statements or entries generally

(a)  Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully—

(1)  falsifies, conceals, or covers up by any trick, scheme, or device a material fact;

(2)  makes any materially false, fictitious, or fraudulent statement or representation; or

(3)  makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry;

shall be fined under this title, imprisoned not more than 5 years or, if the offense involves international or domestic terrorism (as defined in section 2331), imprisoned not more than 8 years, or both. If the matter relates to an offense under chapter 109A, 109B, 110, or 117, or section 1591, then the term of imprisonment imposed under this section shall be not more than 8 years.

(b)  Subsection (a) does not apply to a party to a judicial proceeding, or that party's counsel, for statements, representations, writings or documents submitted by such party or counsel to a judge or magistrate in that proceeding.

(c)  With respect to any matter within the jurisdiction of the legislative branch, subsection (a) shall apply only to—

(1)  administrative matters, including a claim for payment, a matter related to the procurement of property or services, personnel or employment practices, or support services, or a document required by law, rule, or regulation to be submitted to the Congress or any office or officer within the legislative branch; or

(2)  any investigation or review, conducted pursuant to the authority of any committee, subcommittee, commission or office of the Congress, consistent with applicable rules of the House or Senate.

(June 25, 1948, ch. 645, 62 Stat. 749; Pub. L. 103–322, title XXXIII, § 330016(1)(L), Sept. 13, 1994, 108 Stat. 2147; Pub. L. 104–292, § 2, Oct. 11, 1996, 110 Stat. 3459; Pub. L. 108–458, title VI, § 6703(a), Dec. 17, 2004, 118 Stat. 3766; Pub. L. 109–248, title I, § 141(c), July 27, 2006, 120 Stat. 603.)

*18 USC 1505*

*NB: This unofficial compilation of the U.S. Code is current as of Jan. 3, 2007 (see http://www.law.cornell.edu/uscode/uscprint.html).*

# TITLE 18 - CRIMES AND CRIMINAL PROCEDURE
## PART I - CRIMES
### CHAPTER 73 - OBSTRUCTION OF JUSTICE

## § 1505. Obstruction of proceedings before departments, agencies, and committees

Whoever, with intent to avoid, evade, prevent, or obstruct compliance, in whole or in part, with any civil investigative demand duly and properly made under the Antitrust Civil Process Act, willfully withholds, misrepresents, removes from any place, conceals, covers up, destroys, mutilates, alters, or by other means falsifies any documentary material, answers to written interrogatories, or oral testimony, which is the subject of such demand; or attempts to do so or solicits another to do so; or

Whoever corruptly, or by threats or force, or by any threatening letter or communication influences, obstructs, or impedes or endeavors to influence, obstruct, or impede the due and proper administration of the law under which any pending proceeding is being had before any department or agency of the United States, or the due and proper exercise of the power of inquiry under which any inquiry or investigation is being had by either House, or any committee of either House or any joint committee of the Congress—

Shall be fined under this title, imprisoned not more than 5 years or, if the offense involves international or domestic terrorism (as defined in section 2331), imprisoned not more than 8 years, or both.

(June 25, 1948, ch. 645, 62 Stat. 770; Pub. L. 87–664, § 6(a), Sept. 19, 1962, 76 Stat. 551; Pub. L. 91–452, title IX, § 903, Oct. 15, 1970, 84 Stat. 947; Pub. L. 94–435, title I, § 105, Sept. 30, 1976, 90 Stat. 1389; Pub. L. 97–291, § 4(d), Oct. 12, 1982, 96 Stat. 1253; Pub. L. 103–322, title XXXIII, § 330016(1)(K), Sept. 13, 1994, 108 Stat. 2147; Pub. L. 108–458, title VI, § 6703(a), Dec. 17, 2004, 118 Stat. 3766.)

**PLAINTIFF EXHIBIT NO. 4**

*R. DANIEL LINDAHL*



# LINDAHL LAW FIRM PC

APPELLATE COUNSEL

| Lindahl Law Firm Home |
| Dan Lindahl |
| Reasons to Hire an Appellate Specialist |
| The Firm |
| Recent Decisions |
| Articles and Presentations |
| Location/ Contact |

**Reasons to Hire an Appellate Specialist**
**Appellate law is a recognized specialty.**
States such as California, Texas, and Florida recognize appellate law as a distinct specialty by certifying appellate specialists, and many national and local bar organizations, including the American Bar Association, have sections and committees devoted exclusively to appellate law.

**Appellate law requires skills different from trial litigation.** Successful trial lawyers excel at gathering evidence and then presenting it in a coherent fashion to a trier of fact while reacting swiftly to unexpected developments in the courtroom. By contrast, the effective appellate lawyer is adept at persuasive writing and the oral presentation of complex legal concepts. The skillful appellate lawyer is a superior writer, legal researcher, logician, and oral advocate.

**Appellate rules of procedure are different from trial-court rules.** Appellate practice is governed by complex procedural rules different from trial-court rules. And like all rules of procedure, the appellate rules have many traps for the unwary. The appellate expert is intimately familiar with the appellate rules, while most trial lawyers are not, putting them at risk of making mistakes that can compromise their client's rights or even cause outright dismissal of the appeal.

**Appellate lawyers view the case from the same perspective as appellate judges.** Because the appellate lawyer often is not involved in the trial phase, the appellate specialist views the case from the same perspective as the appellate judge—through an objective review of the factual record and the legal issues rather than based on information and impressions formed during pretrial discovery

*LINDAHL LAW FIRM BULLIVANT HOUSER BAILEY PORTLAND OREGON*

3:07CV00043-GMK PORTLAND, OREGON

*3:07CV00043-GMK*
*APPEAL 07-35578*

*R. DANIEL LINDAHL*

and trial. This perspective allows the
appellate specialist to offer a dispassionate
evaluation of the appeal because the
appellate lawyer, like the appellate judge,
is unburdened by preconceptions and emotions
formed during the trial phase.

**Appellate lawyers know their audience—the
appellate judges.** Capable trial lawyers gain
an advantage by knowing the nature of the
judges and juries in the jurisdictions where
they practice. Appellate specialists bring
the same advantage to appeals through their
knowledge of the personalities and
inclinations of appellate judges.

**Appellate specialists are skilled oral
advocates.** Most appeals culminate with an
oral argument to a panel of three or more
judges. An appellate oral argument has no
corollary in trial practice, where legal
argument, when it occurs at all, is to a
single trial judge. The effective oral
advocate is not only fully conversant with
the facts and legal issues in the case before
the court, but is also familiar with related
areas of law and can thoughtfully address
judges' concerns about how other areas of law
will be affected by a decision in the pending
case.

Lindahl Law Firm Home | Dan Lindahl | Reasons to Hire an Appellate Specialist
Decisions | Articles and Presentations | Location/Contact

121 S.W. Morrison St. • Suite 1100 • Portland, OR 97204 • TEL 503-241-4099 •
dan.lindahl@lindahllawfirm.com

## *SCOTT GALLOWAY, DEFENDANT*

# 1875 Deana Drive West Linn, Oregon Clackamas County



Business Registry Business Name Search

| New Search | Business Entity Data | 07-20-2008 13:47 |
|---|---|---|

| Registry Nbr | Entity Type | Entity Status | Jurisdiction | Registry Date | Duration Date | Renewal Date |
|---|---|---|---|---|---|---|
| 018984-28 | FBC | ACT | DELAWARE | 06-25-1982 | | |

| Entity Name | UNITED PARCEL SERVICE CO. (AIR) |
|---|---|
| Foreign Name | UNITED PARCEL SERVICE CO. |

**New Search**          Associated Names          *U.P.S. OREGON*

| Type | PPB | PRINCIPAL PLACE OF BUSINESS | | |
|---|---|---|---|---|
| Addr 1 | 55 GLENLAKE PKWY NE | | | |
| Addr 2 | | | | |
| CSZ | ATLANTA | GA | 30328 | Country | UNITED STATES OF AMERICA |

Please click here for general information about registered agents and service of process.

| Type | AGT | REGISTERED AGENT | Start Date | 01-24-2007 | Resign Date |
|---|---|---|---|---|---|
| Of Record | 158720-88 | CORPORATION SERVICE COMPANY | | | |
| Addr 1 | 285 LIBERTY ST NE | | | | |
| Addr 2 | | | | | |
| CSZ | SALEM | OR | 97301 | Country | UNITED STATES OF AMERICA |

| Type | MAL | MAILING ADDRESS | | |
|---|---|---|---|---|
| Addr 1 | 55 GLENLAKE PARKWAY NE | | | |
| Addr 2 | | | | |
| CSZ | ATLANTA | GA | 30328 | Country | UNITED STATES OF AMERICA |

| Type | PRE | PRESIDENT | | Resign Date |
|---|---|---|---|---|
| Name | MICHAEL | L | ESKEW | |
| Addr 1 | 55 GLENLAKE PARKWAY NE | | | |
| Addr 2 | | | | |
| CSZ | ATLANTA | GA | 30328 | Country | UNITED STATES OF AMERICA |

| Type | SEC | SECRETARY | | Resign Date |
|---|---|---|---|---|
| Name | TERI | P | MCCLURE | |
| Addr 1 | 55 GLENLAKE PARKWAY NE | | | |
| Addr 2 | | | | |
| CSZ | ATLANTA | GA | 30328 | Country | UNITED STATES OF AMERICA |

**New Search**          Name History

| Business Entity Name | Name Type | Name Status | Start Date | End Date |
|---|---|---|---|---|
| UNITED PARCEL SERVICE CO. (AIR) | DBA | CUR | 06-25-1982 | |
| UNITED PARCEL SERVICE CO. | FGN | CUR | 06-25-1982 | |

Please read before ordering Copies.

**New Search**          Summary History

| Image | Action | Transaction | Effective | Status | Name/Agent | Dissolved By |
|---|---|---|---|---|---|---|

9TH CIRCUIT APPEAL NO. 07-35578

**PLAINTIFF EXHIBIT NO. 5**

## Case Selection Page

| Case No./Title | Opening Date | Party/Attorney | Last Docket Entry | Originating Case No. |
|---|---|---|---|---|
| 07-35578 Buesgens v. Galloway | 07/18/2007 | Michael L. Buesgens Atty: Michael L. Buesgens | 07/15/2008 16:36:59 | CV-07-00043-GMK |
| 07-74126 Buesgens, et al v. HUD | 10/22/2007 | Michael L. Buesgens Atty: Michael L. Buesgens | 04/10/2008 14:06:03 | |
| 08-16242 Nancy Walraven, et al v. Henry Paulson | 05/21/2008 | Michael L. Buesgens Atty: Michael L. Buesgens | 07/08/2008 11:51:42 | 2:06-CV-00864-FJM |
| 08-16496 Nancy Walraven, et al v. Henry Paulson | 06/30/2008 | Michael L. Buesgens Atty: Michael L. Buesgens | 07/18/2008 13:52:30 | 2:06-cv-00864-FJM |
| 08-35202 Michael Buesgens v. Alan Weiner | 03/17/2008 | Michael L. Buesgens Atty: Michael L. Buesgens | 06/25/2008 15:56:30 | 2:07-cv-01846-RAJ |
| 08-72530 Michael Buesgens v. CIR | 06/16/2008 | Michael L. Buesgens Atty: Michael L. Buesgens | 07/16/2008 15:49:59 | 5378-08 |

**PLAINTIFF EXHIBIT NO. 6**

**3:07-cv-00043-KI** Buesgens v. Galloway
Garr M. King, presiding
**Date filed:** 01/10/2007
**Date terminated:** 06/07/2007 **Date of last filing:** 11/02/2007

## Case Summary

**Office:** Portland                    **Filed:** 01/10/2007
**Jury Demand:** Plaintiff              **Demand:**

**Nature of Suit:** 360                 **Cause:** 42:1981 Housing    **FRAUDULENT CONCEALMENT**
                                        Discrimination
                                                                    **OF EVIDENCE**
**Jurisdiction:** Diversity    **X**   **Disposition:** Judgment - Other
**County:** Outside State              **Terminated:** 06/07/2007
**Origin:** 1                          **Reopened:**
**Lead Case:**                         None
**Related Case:**                      None
                                                            **Other Court Case:** '07-
                                                            35578'['Ninth Circuit']

**Def Custody Status:**
**Flags:** APPEAL, TERMINATED

**Plaintiff:** Michael L.
Buesgens
**Defendant:** Scott         **represented by** Lloyd Bernstein    **Phone:**(503) 499-4586
Galloway                                                           **Fax:**    (503) 295-0915
                                                                   **Email:** lloyd.bernstein@bullivant.com
**Defendant:** Scott         **represented by** Maren J.           **Phone:**(503)228-6351
Galloway                                       Holmboe             **Fax:**    (503) 295-0915
                                                                   **Email:** maren.holmboe@bullivant.com

**3:07-cv-00043-KI** Buesgens v. Galloway
Garr M. King, presiding
**Date filed:** 01/10/2007
**Date terminated:** 06/07/2007 **Date of last filing:** 11/02/2007

## Parties
# Ninth Circuit Appeal No. 07-35578

**Michael L. Buesgens**
3112 Windsor Rd. #A322
Austin, TX 78703
*Added:*
*01/10/2007*
*(Plaintiff)*
PRO SE

**Scott Galloway**
*Added:*
*01/10/2007*
*(Defendant)*

1. **Shelley Bush Marmon**
2. Crady, Jewett, McCulley, LLP
3. **Arnold Carl Tauch**
4. **Jack Cregg Moss**
5. Falcon Group
6. Falcon Ridge Apartments
   A. **Houston, Texas**
   B. Portland, Oregon
   C. West Linn, Oregon
   D. Redmond, Washington
   E. Seattle, Washington
   F. Sacramento, California
   G. San Francisco, California
   H. Austin, Texas

represented by

**Lloyd Bernstein**
Bullivant Houser Bailey, PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, OR 97204
(503) 499-4586
(503) 295-0915 (fax)
lloyd.bernstein@bullivant.com
*Assigned:*
*02/07/2007*
*LEAD*
*ATTORNEY*
*ATTORNEY TO*
*BE NOTICED*

**Maren J. Holmboe**
Bullivant Houser Bailey, PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, OR 97204
(503)228-6351
(503) 295-0915 (fax)
maren.holmboe@bullivant.com
*Assigned:*
*02/07/2007*
*ATTORNEY TO*
*BE NOTICED*

**3:07-cv-00043-KI** Buesgens v. Galloway
Garr M. King, presiding
**Date filed:** 01/10/2007
**Date terminated:** 06/07/2007 **Date of last filing:** 11/02/2007

## Attorneys

**Ninth Circuit Appeal No.** 07-35578

1. R. Daniel Lindahl, Appellate Attorney
2. Lisa Lear
3. Shelley Bush Marmon
4. Arnold C. Tauch
5. Jack C. Moss
6. Falcon Group Houston, Texas

representing **Scott Galloway**
*(Defendant)*

West Linn, Oregon

**Lloyd Bernstein**
Bullivant Houser Bailey, PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, OR 97204
(503) 499-4586
(503) 295-0915 (fax)
lloyd.bernstein@bullivant.com
*Assigned:*
*02/07/2007*
*LEAD*
*ATTORNEY*
*ATTORNEY*
*TO BE*
*NOTICED*

**Maren J. Holmboe**
Bullivant Houser Bailey, PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, OR 97204
(503)228-6351
(503) 295-0915 (fax)
maren.holmboe@bullivant.com
*Assigned:*
*02/07/2007*
*ATTORNEY*
*TO BE*
*NOTICED*

representing **Scott Galloway**
*(Defendant)*

**3:07-cv-00043-KI** Buesgens v. Galloway

Garr M. King, presiding

**Date filed:** 01/10/2007

**Date terminated:** 06/07/2007 **Date of last filing:** 11/02/2007

## Associated Cases

# Ninth Circuit Record on appeal

## Other Court Information

| Court Name | Case Number | Start Date | End Date |
|---|---|---|---|
| 'Ninth Circuit' | '07-35578' | | |

## 9th Circuit Appeal No. 07-35578 APPEAL, TERMINATED

**U.S. District Court**
**District of Oregon (Portland)**
**CIVIL DOCKET FOR CASE #: 3:07-cv-00043-KI**

## Related Appeal No. 08-35202

Buesgens v. Galloway
Assigned to: Judge Garr M. King
Case in other court: Ninth Circuit, 07-35578
Cause: 42:1981 Housing Discrimination

Date Filed: 01/10/2007
Date Terminated: 06/07/2007
Jury Demand: Plaintiff
Nature of Suit: 360 P.I.: Other
Jurisdiction: Diversity

**Plaintiff**

**Michael L. Buesgens**

**Austin, Texas**

represented by **Michael L. Buesgens**
3112 Windsor Rd. #A322
Austin, TX 78703
PRO SE

V.                          **3:07CV00043-GMK DOCKET**

**Defendant**

**Scott Galloway**

**West Linn, Oregon**

represented by **Lloyd Bernstein**
Bullivant Houser Bailey, PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, OR 97204
(503) 499-4586
Fax: (503) 295-0915
Email: lloyd.bernstein@bullivant.com
*LEAD*
*ATTORNEY*
*ATTORNEY*
*TO BE*
*NOTICED*

**Shelley Bush Marmon**

**Crady, Jewett, McCulley, LLP**

**Houston, Texas**

**Maren J. Holmboe**
Bullivant Houser Bailey, PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, OR 97204

## Sheryl McConnell
## Clerk of Court
## Portland, Oregon

(503)228-6351
Fax: (503) 295-0915
Email: maren.holmboe@bullivant.
com
*ATTORNEY*
*TO BE*
*NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/10/2007 | 1 | Complaint. Filing Fee in amount of $350 collected. Receipt No. 13419 issued. Summons issued as to Defendant Scott Galloway. Filed by Michael L. Buesgens against Scott Galloway. (pvh) (Entered: 01/12/2007) |
| 01/10/2007 | 2 | Discovery and Pretrial Scheduling Order and Notice of Case Assignment to the Honorable Garr M. King. Discovery is to be completed by 5/10/2007. Joint Alternate Dispute Resolution Report is due by 6/11/2007. Pretrial Order is due by 6/11/2007. Ordered by Judge Garr M. King. (pvh) (Entered: 01/12/2007) |
| 01/24/2007 | 3 | Summons Returned Executed as to Scott Galloway served on 1/18/2007 in person to John Doe. Filed by Michael L. Buesgens. (pvh) (Entered: 01/25/2007) |
| 01/26/2007 | 4 | Motion for Default Judgment. Filed by Michael L. Buesgens. (pvh) (Entered: 01/26/2007) |
| 01/29/2007 | 5 | Supplemental Affidavit of Service regarding Service of Summons. Filed by Barrister Support Service, Inc. on behalf of Michael L. Buesgens. (Related document(s): Summons Returned Executed 3.) (pvh) (Entered: 01/30/2007) |
| 02/07/2007 | 6 | Motion to Dismiss *and Alternative Motion for More Definite Statement (Rule 12)*. Oral Argumentrequested Filed by Scott Galloway. (Holmboe, Maren) (Entered: 02/07/2007) |

| 02/07/2007 | <u>7</u> | Memorandum in Support *of Defendant's Rule 12 Motions* . Filed by Scott Galloway. (Holmboe, Maren) (Entered: 02/07/2007) |
|---|---|---|
| 02/08/2007 | <u>8</u> | Memorandum in Opposition to Motion for Default Judgment<u>4</u>. Filed by Scott Galloway. (Holmboe, Maren) (Entered: 02/08/2007) |
| 02/08/2007 | <u>9</u> | Declaration of Maren J. Holmboe. Filed by Scott Galloway. (Related document(s): Memorandum in Opposition<u>8</u>.) (Holmboe, Maren) (Entered: 02/08/2007) |
| 02/12/2007 | <u>11</u> | Motion for Appointment of Counsel. Filed by Michael L. Buesgens. (Attachments: # <u>1</u> Document 3 of Case 1:05-cv-00243-SS 5 pages# <u>2</u> Document 7 of 1:05-cv-00243-SS 3 pages# <u>3</u> Document 19 of 1:05-cv-00243-SS 2 pages# <u>4</u> Document 66 of 1:05-cv-00243-SS 1 page# <u>5</u> Document 87 of 1:05-cv-00243-SS 1 page# <u>6</u> Document 67 of 1:06-cv-00226-LY 3 pages# <u>7</u> Document 68 of 1:06-cv-00226-LY 1 page# <u>8</u> Document 105 of 1:06-cv-00226-LY 3 pages# <u>9</u> Document 196 of 1:06-cv-00226-LY 6 pages# <u>10</u> Document 196 of 1:06-cv-00226-LY 2 pages# <u>11</u> Document 205 of 1:06-cv-00226-LY page# <u>12</u> Document 206 of 1:06-cv-00226-LY 1 page# <u>13</u> Document 207 of 1:06-cv-00226-LY 2 pages# <u>14</u> Document 16 of 1:06-cv-00260-LY 1 page# <u>15</u> Document 26 of 1:06-cv-00260-LY 1 page# <u>16</u> Document 5 of 1:05-cv-02334-RCL 2 pages# <u>17</u> Docket sheet for 1:06-cv-00260-LY 5 pages# <u>18</u> Docket Sheet for 1:06-cv-226-LY 10 pages) (pvh) Additional attachment(s) added on 2/13/2007 (pvh) (Entered: 02/13/2007) |
| 02/13/2007 | 10 | **ORDER** - Plaintiff's Motion for Default Judgment <u>4</u> is DENIED. Defendant was served on January 18, 2007, and filed a Motion to Dismiss within the time required by Rule 12. Accordingly, Plaintiff's Motion for Default Judgment is denied. Defendant's request for attorney fees is deferred until the conclusion of the case. Ordered by Judge Garr M. King. (mja) (Entered: 02/13/2007) |
| 02/14/2007 | <u>12</u> | Motion. (Styled as: Moiton for this Court's Order). Filed by Michael L. Buesgens. (pvh) (Entered: 02/16/2007) |
| 02/14/2007 | <u>13</u> | Motion for Verification of pleadings by Scott Galloway. Filed by Michael L. Buesgens. (pvh) (Entered: 02/16/2007) |

| | | |
|---|---|---|
| 02/14/2007 | <u>14</u> | Motion for Discovery and Disclosure. Filed by Michael L. Buesgens. (pvh) (Entered: 02/16/2007) |
| 02/14/2007 | <u>15</u> | Motion for Stay. Filed by Michael L. Buesgens. (pvh) (Entered: 02/16/2007) |
| 02/16/2007 | <u>16</u> | Motion to Exceed page limitations. Filed by Michael L. Buesgens. (pvh) (Entered: 02/20/2007) |
| 02/16/2007 | <u>17</u> | Motion for Default Judgment No. 2 and Motion for Reconsideration of Order (#10) dated 02/13/07. Filed by Michael L. Buesgens. (pvh) (Entered: 02/20/2007) |
| 02/22/2007<br><br>**02/22/2007**<br><br>**<u>Legal Rights</u>**<br><br>**<u>Legal Remedies</u>**<br><br>**<u>Denied</u>** | <u>18</u> | **OPINION AND ORDER.** Plaintiffs Motion to Exceed Page Limitations (#16) is granted. Plaintiffs Motion for Appointment of Counsel (#11), Motion for this Courts Order (#12), Motion for Verification of Pleadings (#13), Motion for Discovery and Disclosure (#14), Motion for Stay (#15), and Motion for Default Judgment No. 2 and Motion for Reconsideration of Court Order No. 10 (#17) are denied. This court further prohibits plaintiff from filing any additional motions until after this court issues an Opinion and Order on defendants Motion to Dismiss unless plaintiff first requests permission from the court to do so. Finally, the parties are prohibited from seeking discovery until after this Court issues an Opinion and Order on defendants Motion to Dismiss. Signed on 02/20/07 by Judge Garr M. King. (pvh) (Entered: 02/22/2007) |
| 02/22/2007 | <u>19</u> | Motion for Judicial Notice. Filed by Michael L. Buesgens. (Attachments: # <u>1</u> Attachment Remaining pages) (pvh) (Entered: 02/28/2007) |
| 02/27/2007 | <u>20</u> | Opposition and Objection to documents <u>6</u>, <u>7</u>, <u>8</u>, <u>9</u>, and <u>18</u>. Filed by Michael L. Buesgens. (pvh) (Entered: 02/28/2007) |
| 02/28/2007 <u>X</u> | <u>21</u> | Opposition to this Court's Order filed 02/22/07 documetn <u>18</u>. Filed by Michael L. Buesgens. (pvh) (Entered: 02/28/2007) |
| 02/28/2007 | <u>22</u> | Notice of Evidence and Facts.Filed by Michael L. Buesgens. (Attachments: # <u>1</u> Remaining pages) (pvh) (Entered: 02/28/2007) |
| 02/28/2007 | <u>23</u> | Notice to the Court of Evidence and Facts. Filed by Michael L. Buesgens. (pvh) (Entered: 02/28/2007) |

| 03/06/2007 | 24 | **ORDER - To the extent relevant, documents #21, 22 and 23 will be construed together as plaintiff's response to defendant's Motion to Dismiss. Plaintiff's Motion for Judicial Notice (#19) is denied at this time since defendant's Motion to Dismiss will be decided based on the allegations in plaintiff's Complaint, and not on any evidence submitted by either party. Plaintiff is further reminded that he is prohibited from filing anything further with the Court unless he obtains permission first. Ordered by Judge Garr M. King. (mja) (Entered: 03/06/2007)** |
| --- | --- | --- |
| **Evidence Not Allowed and Prohibition** | | |
| 03/06/2007 | 25 | AMENDED Order - To the extent relevant, documents #20, 21, 22 and 23 will be construed together as plaintiff's response to defendant's Motion to Dismiss. Plaintiff's Motion for Judicial Notice (#19) is denied at this time since defendant's Motion to Dismiss will be decided based on the allegations in plaintiff's Complaint, and not on any evidence submitted by either party. Plaintiff is further reminded that he is prohibited from filing anything further with the Court unless he obtains permission first. Ordered by Judge Garr M. King. (mja) (Entered: 03/06/2007) |
| **Doug Houser Motion to Dismiss is Central Issue** | | |
| 03/12/2007 | 26 | Order - Pursuant to the Court's Order of March 6, 2007, the Court is returning to the Plaintiff the following documents: Plaintiff's letter dated March 9, 2007; Two copies of Plaintiff's notice to the court regarding MDL 1800; and Plaintiff's Counterclaim. Ordered by Judge Garr M. King. (mja) (Entered: 03/12/2007) |
| **Return Court Filings to Buesgens** | | |
| 03/12/2007 | 27 | Reply *by Galloway in Support of and Alternative Motion for More Definite Statement (Rule 12)*  to Motion to Dismiss 6. Filed by Scott Galloway. (Holmboe, Maren) (Entered: 03/12/2007) |

# 3:07CV00043-GMK

# Appeal No. 07-35578

| 04/12/2007 **Sheryl McConnell** **Will not Docket** **Plaintiff** **Buesgens** **Court Filings** | 28 | Order - Pursuant to the Court's Order of March 6, 2007, and because they are irrelevant, the Court will not file the following documents: 71-page handwritten document (plus additional attachments) entitled "Plaintiff Buesgens Notice and Clarification of Complex Interlocking Machine Fed-Bad Faith Causes of Action" and 27-page handwritten document (plus additional attachments) without a title, but beginning, "What is Service of Summons? It is notification that a complaint has been filed." Ordered by Judge Garr M. King. (mja) (Entered: 04/12/2007) |
|---|---|---|
| 06/07/2007 **Motion to** **Dismiss Granted** | 29 | **OPINION AND ORDER.** For the foregoing reasons, defendant's Motion to Dismiss (#6) is granted, and this complaint is dismissed with prejudice. IT IS SO ORDERED. Signed on 06/07/07 by Judge Garr M. King. (pvh) (Entered: 06/07/2007) |
| 06/07/2007 **Based on Record** | 30 | **JUDGMENT.** Based on the record, IT IS ORDERED AND ADJUDGED that this action is dismissed with prejudice. Signed on 06/07/07 by Judge Garr M. King. (pvh) (Entered: 06/07/2007) |
| 06/15/2007 **Buesgens Motion** | 31 | Motion and Court Order for Bill of Costs and Attorney Fees. Filed by Michael L. Buesgens. (Attachments: # 1 Attachment) (pvh) (Entered: 06/20/2007) |
| 06/20/2007 **$19,000.00** | 32 | **ORDER -** Plaintiff's Motion and Court Order for a Copy of Defendant's Bill of Costs and Attorney Fees and Related Documents 31 is DENIED. If defendant decides to seek costs and attorney fees, he will serve plaintiff when he files the documents with the court. Plaintiff is also given permission to file a Notice of Appeal in this case, if he so desires. Ordered by Judge Garr M. King. (mja) (Entered: 06/20/2007) |
| 06/21/2007 | 33 | Motion for Attorney Fees. Filed by Scott Galloway. (Holmboe, Maren) (Entered: 06/21/2007) |
| 06/21/2007 **$19,000.00** | 34 | Memorandum in Support *of* *Defendant* *Galloway's* *Motion for* *Attorneys Fees* . Filed by Scott Galloway. (Related document(s): Motion for attorney fees33.) (Holmboe, Maren) (Entered: 06/21/2007) |

| 06/21/2007 | 35 | Declaration of Maren J. Holmboe *in Support of Defendant Galloway's Motion for Attorneys Fees*. Filed by Scott Galloway. (Related document(s): Motion for attorney fees 33.) (Holmboe, Maren) (Entered: 06/21/2007) |
| **Declaration** | | |

| 06/22/2007 | 36 | Notice *of Lodging Relevant Order with the Court* **Judge Sparks & Shelley Bush Marmon Order** .Filed by Scott Galloway. (Attachments: # 1 Opinion and Order) (Holmboe, Maren) (Entered: 06/22/2007) |
| **1:07CV00427-SS June 21, 2007** | | |

| 06/25/2007 | 38 | Motion for New Trial. Filed by Michael L. Buesgens. (Attachments: # 1 Attachment Part 1 Exhibit to Motion# 2 Attachment Part 2 Exhibit to Motion# 3 Attachment Part 3 Exhibit to Motion) (pvh) (Entered: 06/29/2007) |

| 06/28/2007 | 37 | Order - Defense counsel may file under seal a declaration in support of the Motion for Attorney Fees, but must furnish a copy to plaintiff. Plaintiff is prohibited from sending copies of the declaration to anyone or from otherwise disclosing the contents of the declaration. Ordered by Judge Garr M. King. (mja) (Entered: 06/28/2007) |
| **SEAL IT UP** | | |

| 07/02/2007 | 39 | Order - The court construes the motion styled "Motion for a New Trial" as a Motion for Reconsideration of the court's Opinion and Order dismissing plaintiff's Complaint. By Opinion and Order dated June 7, 2007, I granted defendant Scott Galloway's Motion to Dismiss, since plaintiff failed to state a claim against him. A Motion for Reconsideration of a courts order must show newly discovered evidence, a change in controlling law, or that the decision was clearly erroneous or manifestly unjust. School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). None of these grounds exist here. Finding no reason to reconsider my Opinion and Order, I deny plaintiff Buesgenss Motion for Reconsideration 38. Ordered by Judge Garr M. King. (mja) (Entered: 07/02/2007) |
| **Plaintiff Buesgens Failed** | | |

| 07/02/2007 | 40 | Response to Motion for Attorney Fees 33. Filed by Michael L. Buesgens. (Attachments: # 1 Attachment Part 2 of Response) (pvh) (Entered: 07/03/2007) |
| **NO OBJECTION** | | |

| | | |
|---|---|---|
| 07/05/2007 | 41 | Motion for Relief from Final Judgment. Filed by Michael L. Buesgens. (Attachments: # 1 Attachment Part 2# 2 Attachment Part 3) (pvh) (Entered: 07/10/2007) |
| 07/05/2007 **JOINDER** | 42 | Notice of Joinder for Just Adjudication of Claims.Filed by Michael L. Buesgens. (Attachments: # 1 Attachment Part 2# 2 Attachment Part 3# 3 Attachment Part 4) (pvh) (Entered: 07/10/2007) |
| 07/05/2007 **NO SEAL** | 43 | Opposition to filing anything under seal and takes exception and objects to this Court's Order document 37 filing 06/28/07. Filed by Michael L. Buesgens. (Attachments: # 1 Attachment Part 2# 2 Attachment Part 3) (pvh) (Entered: 07/10/2007) |
| 07/06/2007 **07/06/2007 NOTICE OF APPEAL** | 44 | Notice of Appeal to the 9th Circuit from Order [10] (entered on 02/13/07), Opinion and Order 18 (entered on 02/22/07), Amended Order, [25] (entered on 03/6/07), Order [26] (entered on 03/12/07), Order [28] (entered on 04/12/07), Opinion and Order 29 (entered on 06/07/07), Order [32] (entered on 06/20/07), Order [37] (entered on 06/28/07), Order [39] (entered on 07/02/07). Filing fee in amount of $455 collected; Receipt No. 16326 issued. Filed by Michael L. Buesgens. (Related Document(s): Order [10], Opinion and Order 18, Amended Order, [25], Order [26], Order [28], Opinion and Order 29, Order [32], Order [37], Order [39]. (Attachments: # 1 Attachment Part 2 of Notice of Appeal) (pvh) (Entered: 07/10/2007) |
| 07/10/2007 **Sheryl McConnell Does Not Docket Large Court Case Filings** | 45 | **ORDER -** Plaintiff has submitted several large documents to be filed with the court. The first is entitled, "Plaintiff Michael L Buesgens is in Opposition to Filing Anything Under Seal and Takes Exception and Objects to this Court's Order" 43. The only document the court has permitted to be filed under seal is a declaration in support of defendant's attorney's fee request. If plaintiff needs to use this document for any reason in the future, he can request permission from this court. The second is entitled, "Motion for Relief from Final Judgment" 41). The court has already ruled on plaintiff's "Motion for a New Trial," which the court construed as a Motion for Reconsideration. Plaintiff raises nothing new in the Motion for Relief from Final Judgment, and accordingly it is denied as moot. The court will not entertain any other motions of this nature. The third is "Plaintiff Michael L Buesgens Notice of Joinder for Just Adjudication of Claims and for the Record on Appeal to the Ninth Circuit and Plaintiff Buesgens Motion for Third Party Discovery and Plaintiff Buesgens |

|  |  |  |
|---|---|---|
|  |  | Notice to this Court and the Ninth Circuit that this Motion is Directly Related to the Following Civil Actions 42. Plaintiff's complaint has been dismissed, so any motion for discovery is moot. The balance of the filing is not a motion, so no court action is required. Ordered by Judge Garr M. King. (mja) (Entered: 07/10/2007) |
| 07/11/2007 |  | Notification of Appeal 44 sent to USCA for the 9th Circuit and to counsel along with a copy of the docket sheet. (Related Document(s): Notice of Appeal,, 44 ) (tomg) (Entered: 07/11/2007) **Attorneys Don't want Money** |
| 07/24/2007 **NO $19,000.00** | 46 | Motion to Withdraw *Defendant*   **X** *Galloway's*         Motion for attorney fees 33. Filed by Scott Galloway. (Holmboe, Maren) (Entered: 07/24/2007) |
| 07/27/2007 **Sheryl McConnell Confirms Record on Appeal** |  | Notice confirming Docketing Record on Appeal re Notice of Appeal 44 **Case Appealed to Ninth Circuit Case Number 07-35578** assigned. (Related Document(s): Notice of Appeal 44) (pvh) (Entered: 07/27/2007) |
| 07/30/2007 | 47 | **ORDER** - Defendant Galloway's Motion to Withdraw Motion for Attorney Fees 46 is GRANTED. Ordered by Judge Garr M. King. (mja) (Entered: 07/30/2007) |
| 09/20/2007 **Sheryl McConnell Certified Record** | 48 | Certificate of Record transmitted to USCA for the 9th Circuit re Notice of Appeal CA 07-35578 44 filed by Michael L. Buesgens on 7/6/07. (Related Document(s): Notice of Appeal,, 44 ) (tomg) (Entered: 09/20/2007) |
| 10/15/2007 **Buesgens Motion** | 49 | Motion for Correction of the Record. Filed by Michael L. Buesgens. (Attachments: # 1 Exhibit 1-11# 2 Exhibit 12-15# 3 Exhibit 16) (pvh) (Entered: 10/17/2007) |
| 10/19/2007 **No Correct Record Allowed** | 50 | Response *Defendant Galloway's Opposition to Plaintiff's Motion to Correct the Record* (Bernstein, Lloyd) (Entered: 10/19/2007) **ATTORNEYS** 1. **R. Daniel Lindahl** 2. **Shelley Bush Marmon** 3. **Maren J. Holmboe** to Motion 49. Filed by Scott Galloway. |

| Date | No. | Description |
|---|---|---|
| 10/25/2007<br>**Sheryl McConnell**<br>**Judge Garr King** | 51 | **ORDER:** Plaintiff's Motion for Correction of the Record 49 is DENIED for the reasons stated in Defendant Galloway's Opposition to Plaintiff's Motion to Correct the Record 50. Ordered by Judge Garr M. King. (mja) (Entered: 10/25/2007) |
| 10/29/2007<br>**Plaintiff Buesgens** | 52 | Response to Opposition to Buesgens' Motion for a true and correct Record for the Ninth Circuit Court of Appeals. Filed by Michael L. Buesgens. (pvh) (Entered: 10/30/2007) |
| 10/31/2007<br>Sheryl McConnell<br>Will Not Docket<br>Buesgens Court<br>Filings | 53 | Order - The court has received plaintiff's "Response to Opposition to Buesgens' Motion for a True and Correct Record for the Ninth Circuit Court of Appeals," 52, and it has been conventionally filed. The clerk is relieved of the duty to scan the document, but it is available for review in the court's file. Plaintiff's Response 52 does not change the court's decision regarding his Motion 49 for the reasons stated in Minute Order [51]. (mja) (Entered: 10/31/2007) |
| 11/02/2007 | 55 | Order from USCA for the 9th Circuit re Notice of Appeal CA 07-35578 44: Revised Time Schedule Order. (Related Document(s): Notice of Appeal,, 44 ) (tomg) (Entered: 01/15/2008) |

**Sheryl McConnell**

**Clerk of Court**

**Portland, Oregon**

**Certified Record on Appeal**

**3:07CV00043-GMK**

9th Circuit Appeal No. 07-35578

*WHERE WAS SCOTT GALLOWAY*

(OneSite) Final account statement : Michael Buesgens

Page 1 of 1

(Falcon Ridge
500 E Stassney Ln
Austin, TX 78745-3243)

*FALCON RIDGE APARTMENTS*

*DOUBLE RENT*

*UNLAWFUL RELETTING CHARGES*

(Buesgens, Michael
500 E Stassney Ln Apt 1023
Austin, TX 78745-3275 US)

## Final account statement

7/12/06

| Ledger Account at move-out | |
|---|---|
| Rent | 3,893.71 |
| Balance at move-out | $3,893.71 |

| Deposit Activities | |
|---|---|
| Total Deposits on hand | $0.00 |

| Additional charges/credits/payments after move-out | |
|---|---|
| Total additional charges / credits / payments | $0.00 |

| Final Account balance | |
|---|---|
| Balance at move-out | 3,893.71 |
| Total Deposits | 0.00 |
| Total additional charges / credits / payments | 0.00 |
| Total account balance due | $3,893.71 |

| FAS Prepared | |
|---|---|
| Date | 07/12/2006 |
| User | Shepherd, Samantha |

| Pay to |
|---|
| Buesgens, Michael |

| Lease Information - Unit 01023 | |
|---|---|
| Move-in | 06/28/2003 |
| Notice given | 07/07/2006 |
| Lease expires | 10/22/2006 |
| Move-out | 07/09/2006 |
| Move-out reason  Evicted | |

3,893.00

Thank you for choosing Falcon Ridge as your home. We hope you enjoyed your residency with us and wish you the best in your new home. It has been a pleasure serving you, and we look forward to serving you in the future. Please remit the balance due within 30 days or contact the office to make payment arrangements to avoid further collection procedure.

*SAMANTHA DAWN SHEPHERD*

Manager

**PLAINTIFF EXHIBIT NO. 7**

*EVIDENCE NOT ALLOWED*

*3:07CV00043-GMK*

| | | |
|---|---|---|
| 03/06/2007 | 24 | **ORDER** - To the extent relevant, documents #21, 22 and 23 will be construed together as plaintiff's response to defendant's Motion to Dismiss. Plaintiff's Motion for Judicial Notice (#19) is denied at this time since defendant's Motion to Dismiss will be decided based on the allegations in plaintiff's Complaint, and not on any evidence submitted by either party. Plaintiff is further reminded that he is prohibited from filing anything further with the Court unless he obtains permission first. Ordered by Judge Garr M. King. (mja) (Entered: 03/06/2007) |
| 03/06/2007 | 25 | AMENDED Order - To the extent relevant, documents #20, 21, 22 and 23 will be construed together as plaintiff's response to defendant's Motion to Dismiss. Plaintiff's Motion for Judicial Notice (#19) is denied at this time since defendant's Motion to Dismiss will be decided based on the allegations in plaintiff's Complaint, and not on any evidence submitted by either party. Plaintiff is further reminded that he is prohibited from filing anything further with the Court unless he obtains permission first. Ordered by Judge Garr M. King. (mja) (Entered: 03/06/2007) |
| 03/12/2007 | 26 | Order - Pursuant to the Court's Order of March 6, 2007, the Court is returning to the Plaintiff the following documents: Plaintiff's letter dated March 9, 2007; Two copies of Plaintiff's notice to the court regarding MDL 1800; and Plaintiff's Counterclaim. Ordered by Judge Garr M. King. (mja) (Entered: 03/12/2007) |

*PORTLAND, OREGON*
*SHERYL S. MCCONNELL, CLERK OF COURT REFUSES TO DOCKET PLAINTIFF BUESGENS OFFICIAL COURTCASE FILINGS AND RETURNS THEM TO PRO SE BUESGENS*

| 04/12/2007 | 28 | Order – Pursuant to the Court's Order of March 6, 2007, and because they are irrelevant, the Court will not file the following documents: 71-page handwritten document (plus additional attachments) entitled "Plaintiff Buesgens Notice and Clarification of Complex Interlocking Machine Fed-Bad Faith Causes of Action" and 27-page handwritten document (plus additional attachments) without a title, but beginning, "What is Service of Summons? It is notification that a complaint has been filed." Ordered by Judge Garr M. King. (mja) (Entered: 04/12/2007) |

JUDGE GARR M. KING

SHERYL S. MCCONNELL
CLERK OF COURT PORTLAND, OR
REFUSES TO DOCKET PRO SE
BUESGENS COURT CASE FILINGS
IN
3:07CV00043-GMK
4/12/2007

| 06/07/2007 | 29 | **OPINION AND ORDER**. For the foregoing reasons, defendant's Motion to Dismiss (#6) is granted, and this complaint is dismissed with prejudice. IT IS SO ORDERED. Signed on 06/07/07 by Judge Garr M. King. (pvh) (Entered: 06/07/2007) |
| 06/07/2007 | 30 | **JUDGMENT**. Based on the record, IT IS ORDERED AND ADJUDGED that this action is dismissed with prejudice. Signed on 06/07/07 by Judge Garr M. King. (pvh) (Entered: 06/07/2007) |

3:07CV00043-GMK

JUDGE GARR M. KING

PORTLAND, OREGON

ACTING OUTSIDE THE SCOPE
OUTSIDE HIS JURISDICTION
INTERFERING
IN
PRO SE BUESGENS CIVIL ACTION
IN
COORDINATED ACTIONS WITH
BULLIVANT HOUSER, BAILEY
U.S. ATTORNEY'S
HUD OFFICIALS

*FILED BY SCOTT GALLOWAY*
*$19,000.00 ATTORNEY FEES*

| | | |
|---|---|---|
| 06/21/2007 | 33 | Motion for Attorney Fees. Filed by Scott Galloway. (Holmboe, Maren) (Entered: 06/21/2007) |
| 06/21/2007 | 34 | Memorandum in Support of Defendant Galloway's Motion for Attorneys Fees Filed by Scott Galloway (Related document(s): Motion for attorney fees33.) (Holmboe, Maren) (Entered: 06/21/2007) |
| 06/21/2007 | 35 | Declaration of Maren J. Holmboe in Support of Defendant Galloway's Motion for Attorneys Fees. Filed by Scott Galloway (Related document(s): Motion for attorney fees33.) (Holmboe, Maren) (Entered: 06/21/2007) |
| 06/22/2007 | 36 | Notice of Lodging Relevant Order with the Court Filed by Scott Galloway. (Attachments: # 1 Opinion and Order) (Holmboe, Maren) (Entered: 06/22/2007) |

MAREN J. HOLMBOE, ATTORNEY
BULLIVANT, HOUSER, BAILEY
PORTLAND, OREGON
HAS RELEVENT ORDER
FROM
JUDGE SAM SPARKS
AUSTIN, TEXAS
ORDER ENTERED JUNE 21, 2007
CIVIL NO. 1:07CV00427-SS

| 06/28/2007 | 37 | Order - Defense counsel may file under seal a declaration in support of the Motion for Attorney Fees, but must furnish a copy to plaintiff. Plaintiff is prohibited from sending copies of the declaration to anyone or from otherwise disclosing the contents of the declaration. Ordered by Judge Garr M. King. (mja) (Entered: 06/28/2007) |

SEAL IT UP ORDER

3:07CV00043-GMK

9TH CIRCUIT APPEAL NO. 07-35578

| 07/02/2007 | 39 Order - The court construes the motion styled "Motion for a New Trial" as a Motion for Reconsideration of the court's Opinion and Order dismissing plaintiff's Complaint. By Opinion and Order dated June 7, 2007, I granted defendant Scott Galloway's Motion to Dismiss, since plaintiff failed to state a claim against him. A Motion for Reconsideration of a courts order must show newly discovered evidence, a change in controlling law, or that the decision was clearly erroneous or manifestly unjust. School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). None of these grounds exist here. Finding no reason to reconsider my Opinion and Order, I deny plaintiff Buesgenss Motion for Reconsideration 38. Ordered by Judge Garr M. King. (mja) (Entered: 07/02/2007) |
|---|---|

*JUDGE GARR M. KING*

*3:07CV00043-GMK*

*07/02/2007*

9TH CIRCUIT APPEAL NO. 07-35578

NOTICE OF APPEAL

| 07/06/2007 | 44 | Notice of Appeal to the 9th Circuit from Order [10] (entered on 02/13/07), Opinion and Order 18 (entered on 02/22/07), Amended Order, [25] (entered on 03/6/07), Order [26] (entered on 03/12/07), Order [28] (entered on 04/12/07), Opinion and Order 29 (entered on 06/07/07), Order [32] (entered on 06/20/07), Order [37] (entered on 06/28/07), Order [39] (entered on 07/02/07). Filing fee in amount of $455 collected; Receipt No. 16326 issued. Filed by Michael L. Buesgens. (Related Document(s): Order [10], Opinion and Order 18, Amended Order, [25], Order [26], Order [28], Opinion and Order 29, Order [32], Order [37], Order [39]. (Attachments: # 1 Attachment Part 2 of Notice of Appeal) (pvh) (Entered: 07/10/2007) |
|---|---|---|

NINTH CIRCUIT

APPEAL NO. 07-35578

3:07CV00043-GMK

| 07/10/2007 | 45 | **ORDER** - Plaintiff has submitted several large documents to be filed with the court. The first is entitled, "Plaintiff Michael L Buesgens is in Opposition to Filing Anything Under Seal and Takes Exception and Objects to this Court's Order" 43. The only document the court has permitted to be filed under seal is a declaration in support of defendant's attorney's fee request. If plaintiff needs to use this document for any reason in the future, he can request permission from this court. The second is entitled, "Motion for Relief from Final Judgment" 41). The court has already ruled on plaintiff's "Motion for a New Trial," which the court construed as a Motion for Reconsideration. Plaintiff raises nothing new in the Motion for Relief from Final Judgment, and accordingly it is denied as moot. The court will not entertain any other motions of this nature. The third is "Plaintiff Michael L Buesgens Notice of Joinder for Just Adjudication of Claims and for the Record on Appeal to the Ninth Circuit and Plaintiff Buesgens Motion for Third Party Discovery and Plaintiff Buesgens Notice to this Court and the Ninth Circuit that this Motion is Directly Related to the Following Civil Actions 42. Plaintiff's complaint has been dismissed, so any motion for discovery is moot. The balance of the filing is not a motion, so no court action is required. Ordered by Judge Garr M. King. (mja) (Entered: 07/10/2007) |
|---|---|---|

DISCOVERY MOOT
FROM BEGINNING TO END
AND
IT IS MOOT AT NINTH CIRCUIT
APPEAL NO. 07-35578

9TH CIRCUIT APPEAL NO. 07-35578

3:07CV00043 GMK

| 07/11/2007 | Notification of Appeal 44 sent to USCA for the 9th Circuit and to counsel along with a copy of the docket sheet. (Related Document(s): Notice of Appeal,, 44 ) (tomg) (Entered: 07/11/2007) |
|---|---|

RELATED DOCUMENTS MISSING IN
ACTION

RETURNED TO PRO SE BUESGENS
    NOT DOCKETED
    NOT SCANNED
    NOT ON RECORD OF APPEAL
             AT
    NINTH CIRCUIT
    APPEAL NO. 07-35578

9TH CIRCUIT APPEAL NO. 07-35578

3:07CV00043-GMK
DEFENDANT SCOTT GALLOWAY OPPOSES
CORRECT RECORD AND VEHEMENTLY
DENIES DISCOVERY

| | | |
|---|---|---|
| 10/15/2007 | 49 | Motion for Correction of the Record. Filed by Michael L. Buesgens. (Attachments: # 1 Exhibit 1-11# 2 Exhibit 12-15# 3 Exhibit 16) (pvh) (Entered: 10/17/2007) |
| 10/19/2007 | 50 | Response Defendant Galloway's Opposition to Plaintiff's Motion to Correct the Record to Motion 49. Filed by Scott Galloway. (Bernstein, Lloyd) (Entered: 10/19/2007) |
| 10/25/2007 | 51 | ORDER: Plaintiff's Motion for Correction of the Record 49 is DENIED for the reasons stated in Defendant Galloway's Opposition to Plaintiff's Motion to Correct the Record 50. Ordered by Judge Garr M. King. (mja) (Entered: 10/25/2007) |
| 10/29/2007 | 52 | Response to Opposition to Buesgens' Motion for a true and correct Record for the Ninth Circuit Court of Appeals. Filed by Michael L. Buesgens. (pvh) (Entered: 10/30/2007) |
| 10/31/2007 | 53 | Order - The court has received plaintiff's "Response to Opposition to Buesgens' Motion for a True and Correct Record for the Ninth Circuit Court of Appeals," 52, and it has been conventionally filed. The clerk is relieved of the duty to scan the document, but it is available for review in the court's file. Plaintiff's Response 52 does not change the court's decision regarding his Motion 49 for the reasons stated in Minute Order [51]. (mja) (Entered: 10/31/2007) |
| 11/02/2007 | 55 | Order from USCA for the 9th Circuit re Notice of Appeal CA 07-35578 44: Revised Time Schedule Order. (Related Document(s): Notice of Appeal,, 44 ) (tomg) (Entered: 01/15/2008) |

JUDGE GARR M. KING RELIEVED CLERK OF
COURT SHERYL S. MCCONNELL OF ALL HER
LEGAL DUTIES THROUGH ENTIRE CASE

9TH CIRCUIT APPEAL NO. 07-35578

# PLAINTIFF EXHIBIT NO. 8

# 3:07CV00043-GMK PORTLAND, OREGON

# APPEAL NO. 07-35578

## 02/20/2007

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| MICHAEL L. BEUSGENS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 07-43-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| SCOTT GALLOWAY, | ) | 3:07CV00043-GMK |
| | ) | |
| Defendant. | ) | |
| | ) | |

Michael L. Buesgens
3112 Windsor Road, #A322
Austin, Texas 78703

    Plaintiff Pro Se

Lloyd Bernstein
Maren J. Holmboe
Bullivant Houser Bailey P.C.
300 Pioneer Tower
888 S.W. Fifth Avenue
Portland, Oregon 97204-2089

    Attorneys for Defendant

Page 1 - OPINION AND ORDER

KING, Judge:

*Pro se* plaintiff Michael Buesgens brings suit against Scott Galloway for what appears to boil down to the defendant's alleged refusal to provide testimony relevant to plaintiff's previous eviction proceedings. Defendant has filed a Motion to Dismiss (#6), to which plaintiff has not yet filed a response. Currently before the court are numerous motions filed by plaintiff: Motion for Appointment of Counsel (#11), Motion for this Court's Order (#12), Motion for Verification of Pleadings (#13), Motion for Discovery and Disclosure (#14), Motion for Stay (#15), Motion for Default Judgment No. 2 and Motion for Reconsideration of Court Order No. 10 (#17), and Motion to Exceed Page Limitations (#16).

## DISCUSSION

### I.    Motion to Exceed Page Limitations

I grant plaintiff's motion to exceed page limitations. However, I note that most of the information plaintiff includes in his motions is repetitive and irrelevant to the motion itself. I recognize, however, that plaintiff handwrites his motions and supporting memoranda. Accordingly, I merely urge plaintiff to carefully consider the content of his submissions to this court and attempt to meet page limitations in the future.

### II.    Motion for Appointment of Counsel

Plaintiff requests that I appoint counsel to represent him in this action because, among other reasons, "giant law firms [have] every resource available and a complete lack of any ethical principles known to man or beast." Pl.'s Mot. at 13.

Generally, there is no constitutional right to counsel in a civil case. United States v. $292,888.04, 54 F.3d 564, 569 (9th Cir. 1995) ("$292,888.04"); United States v. 30.64 Acres of

Page 2 - OPINION AND ORDER

Land, 795 F.2d 796, 801 (9th Cir. 1986). However, pursuant to 28 U.S.C. § 1915(e)(1) (formerly § 1915(d)),[1] this court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances. $292,888.04, 54 F.3d at 569; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). While this court may request volunteer counsel in exceptional circumstances, it has no power to make a mandatory appointment. Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa, 490 U.S. 296, 301-08 (1989). There are no funds available to pay the services of such volunteer counsel.

In order to determine whether exceptional circumstances exist, this court evaluates the plaintiff's likelihood of success on the merits and the ability of the *pro se* plaintiff to articulate his or her claim in light of the complexity of the legal issues involved. $292,888.04, 54 F.3d at 569; Wood, 900 F.2d at 1335-36; Wilborn, 789 F.2d at 1331. However, "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d)." Wilborn, 789 F.2d at 1331; Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).

I do not find that exceptional circumstances exist to warrant an effort by the court to obtain volunteer counsel for plaintiff. The allegations contained in the Complaint do not demonstrate a strong likelihood of success on the merits. Furthermore, plaintiff has sufficiently articulated the basis of his claim, and the legal issues are not so complex that counsel would be necessary. I deny the motion for appointment of counsel.

---

[1] The text of 28 U.S.C. § 1915(e)(1) reads "[t]he court may request an attorney to represent any person unable to afford counsel."

Page 3 - OPINION AND ORDER

Given this ruling, I deny as moot plaintiff's Motion to Stay pending a decision on plaintiff's Motion for Appointment of Counsel.

III.   Motion for Verification of Pleadings

Plaintiff requests that this court order defendant to "verify with his signature every pleading or motion filed by his law firm." Pl.'s Mot. at 2. Plaintiff then itemizes the attempts to serve defendant, and urges that the "John Doe" named by the process server, is, in fact, defendant. However, defendant admits that "service took place on January 18[.]" Def.'s Memo. in Support of Rule 12 Mot. at 2. Furthermore, no federal rule of civil procedure requires a represented party to sign motions and pleadings. Rather, Federal Rule of Civil Procedure 11 requires the *attorney* representing a party to sign pleadings and motions. Plaintiff's motion is denied.

IV.   Motion for Discovery and Disclosure and Motion for Court's Order

Plaintiff demands discovery of "letters and pleadings and motions provided to him by Michael L. Buesgens in 2006 for pending civil action in Austin, Texas and Fifth Circuit Court of Appeals." Pl.'s Mot. for Discovery at 2. First, these are materials that plaintiff should have as he sent them to defendant in the first place. Second, Federal Rule of Civil Procedure 26(d) prohibits a party from seeking discovery "before the parties have conferred as required by Rule 26(f)." Local Rule 26.1 requires the parties to hold the FRCP 26(f) initial conference within thirty days after all defendants have been served. However, I order that the parties need not confer until after the court issues an Opinion and Order on defendant's Motion to Dismiss. Until then, plaintiff is prohibited from seeking discovery. Plaintiff's motion is denied.

In a separate motion entitled, "Motion for Court's Order," plaintiff requests documents from State Farm and Blue Cross Blue Shield. It is unclear to me at this time whether this information is "relevant to the claim or defense of any party," pursuant to Federal Rule of Civil Procedure 26(b)(1). Regardless, because I have ruled that the parties are to delay conferral on discovery issues until after this court issues a decision on defendant's Motion to Dismiss, plaintiff's motion is denied at this time.

V.    Motion for Default Judgment No. 2 and Motion for Reconsideration

By minute order issued February 13, 2007, I denied plaintiff's Motion for Default Judgment, stating "[d]efendant was served on January 18, 2007, and filed a Motion to Dismiss within the time required by Rule 12. Accordingly, Plaintiff's Motion for Default Judgment is denied." Docket Entry No. 10.

Plaintiff insists in this newly filed motion that defendant avoided service, and that plaintiff is entitled to default judgment.

A Motion for Reconsideration of a court's order must show newly discovered evidence, a change in controlling law, or that the decision was clearly erroneous or manifestly unjust. School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). None of these grounds exist here. Plaintiff's motion is denied.

///

///

Page 5 - OPINION AND ORDER

## CONCLUSION

Plaintiff's Motion to Exceed Page Limitations (#16) is granted. Plaintiff's Motion for Appointment of Counsel (#11), Motion for this Court's Order (#12), Motion for Verification of Pleadings (#13), Motion for Discovery and Disclosure (#14), Motion for Stay (#15), and Motion for Default Judgment No. 2 and Motion for Reconsideration of Court Order No. 10 (#17) are denied.

This court further prohibits plaintiff from filing any additional motions until after this court issues an Opinion and Order on defendant's Motion to Dismiss unless plaintiff first requests permission from the court to do so.

Finally, the parties are prohibited from seeking discovery until after this Court issues an Opinion and Order on defendant's Motion to Dismiss.

IT IS SO ORDERED.

Dated this _____20th_____ day of February, 2007.

_____/s/ Garr M. King_____
Garr M. King
United States District Judge

# 3:07CV00043-GMK

06/07/07

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

MICHAEL L. BEUSGENS,                    )
                                        )
                    Plaintiff,          )        Civil Case No. 07-43-KI
                                        )
        vs.                             )        OPINION AND ORDER
                                        )
SCOTT GALLOWAY,                         )
                                        )
                    Defendant.          )


Michael L. Buesgens
3112 Windsor Road, #A322
Austin, Texas  78703

        Plaintiff Pro Se

Lloyd Bernstein
Maren J. Holmboe
Bullivant Houser Bailey P.C.
300 Pioneer Tower
888 S.W. Fifth Avenue
Portland, Oregon  97204-2089

        Attorneys for Defendant


Page 1 - OPINION AND ORDER

KING, Judge:

 *Pro se* plaintiff Michael Buesgens brings suit against defendant Scott Galloway for what appears to boil down to the defendant's alleged refusal to provide testimony relevant to plaintiff's previous eviction proceedings. Currently before the court is defendant's Motion to Dismiss (#6).

## BACKGROUND

 Plaintiff makes the following allegations in his complaint:

 Plaintiff, a 56-year old man, lived in an apartment at the Falcon Ridge Apartments in Austin, Texas in 2005. Defendant, an Oregon resident, is the step-father of plaintiff's former neighbor, Megan M. Goeres.

 According to the allegations in his complaint, plaintiff complained to Goeres, Animal Control, the Austin City Police, and the owners of Falcon Ridge Apartments about Goeres' 80-pound weimaraner dog who was left inside while Goeres was at work. The "high energy weimaraner dog constantly ran back and forth on the ceiling of plaintiff Michael L. Buesgens apartment, aggravating his disability–bipolar." Complaint at ¶ 12.

 In late 2005, defendant visited Goeres at her apartment in Austin, and spoke briefly with plaintiff when plaintiff complained to defendant about noise.

 Plaintiff made a reasonable accommodation request with Falcon Ridge Apartments on December 22, 2005 and filed a HUD complaint on December 28, 2005.

 A complaint to evict plaintiff was filed on December 30, 2005. Plaintiff's eviction trial was held on January 26, 2006, and the appeal was resolved on June 16, 2006.

Page 2 - OPINION AND ORDER

Meanwhile, plaintiff filed a housing discrimination lawsuit on January 23, 2006 which, it appears from my independent review of the docket, was removed to federal court on March 29, 2006. Buesgens v. Falcon Ridge Apartments, Civil No. A:06-CA-226 LY (W.D. Tex. 2006). *07/06/06* In July 2006, plaintiff's belongings were removed from his apartment, and he was admitted to Seton Shoal Creek Hospital in Austin, Texas for "treatment of his bipolar disability that decompensated by the foregoing adverse actions." Complaint at ¶ 30.

In August 2006 plaintiff began mailing to defendant's home in Oregon copies of papers plaintiff had filed in various lawsuits, some of which named Goeres as a defendant, "requesting his testimony." Complaint at 13.[1] *IN MARCH 2006*

On January 7, 2007, defendant received a phone call from plaintiff asking if defendant would testify in one of plaintiff's lawsuits. Defendant told plaintiff to stop bothering him and hung up the phone.

## LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) will only be granted if plaintiff alleges the "grounds" of his "entitlement to relief." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (May 21, 2007) (quotation omitted).[2] Such a requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." Id. Furthermore, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the

---

[1] All citations to the Complaint are to page numbers as opposed to paragraph numbers since plaintiff starts his numbering over again in each section of his Complaint.

[2] Abrogating Conley v. Gibson, 355 U.S. 41, 45-46 (1957) and its test that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim."

assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. (internal citations and quotations omitted).

In Parrino v. FHP, Inc., the court held "a district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies." 146 F.3d 699, 706 (9th Cir. 1998), abrogated on other grounds by Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676 (9th Cir. 2006). In addition, the court may take judicial notice of documents that are "a matter of general public record," including orders and decisions made by other courts, without converting the motion to dismiss into a motion for summary judgment. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1198 (9th Cir. 1988).

Before dismissing a *pro se* complaint, the court should instruct the *pro se* litigant as to the deficiencies in the complaint and grant leave to amend. Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987). However, the court may dismiss a *pro se* complaint outright when it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (per curiam).

## DISCUSSION

Plaintiff appears to bring claims based on 42 U.S.C. §§ 1983, 1985, 1986, the Fair Housing Act, Rehabilitation Act, Americans with Disabilities Act, negligent and fraudulent concealment of evidence, interference with contract, and the Uniform Residential Landlord Tenant Act. He seeks compensatory damages, punitive damages, equitable relief, legal expenses, attorney fees, $1,245,000, and liquidated damages.

Page 4 - OPINION AND ORDER

Plaintiff does not allege facts specific to each legal theory but, rather, merely recites the statutes set forth above. Nevertheless, I am mindful of my obligation to construe a *pro se* plaintiff's pleadings liberally and in reviewing plaintiff's complaint I have afforded him the benefit of any doubt. Morrison v. Hall, 261 F.3d 896, 899 n.2 (9th Cir. 2001).

I.    Section 1983

Beginning with any claim plaintiff may have under 42 U.S.C. § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff does not allege the conduct that purportedly violated his constitutional rights was an action taken under color of state law within the meaning of Section 1983. Private parties do not generally act under color of state law. Price v. State of Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991). Indeed, plaintiff does not allege any conduct on defendant's part which even suggests that defendant's actions were state actions. Indeed, plaintiff recognizes in his response to defendant's motion to dismiss that defendant is a delivery driver for United Parcel Service here in Oregon. Pl. Buesgens Notice of Evidence and Facts (Docket #22) at 20. As a result, plaintiff fails to state a claim under Section 1983 and, since defendant is not a state official or employee, nor can he be said to be acting under color of state law, plaintiff cannot amend his complaint to bring defendant within the purview of Section 1983.

II.    Sections 1985 and 1986

Section 1985 prohibits conspiracies that interfere with certain civil rights. To state a cause of action under Section 1985, a plaintiff must allege and prove at least three elements: (1)

Page 5 - OPINION AND ORDER

a conspiracy; (2) an act in furtherance of this conspiracy; (3) whereby a person is either injured in

his person or property or deprived of any right or privilege of a citizen of the United States.

United Brotherhood of Carpenters and Joiners of America v. Scott, 463 U.S. 825, 828-29 (1983)

(discussing elements of 42 U.S.C. § 1985(3), which the court concluded includes the requirement

that defendant be motived by "some racial, or perhaps otherwise class-based, invidiously

discriminatory animus").

Here, plaintiff does not allege with whom defendant conspired, but contends only that

defendant "collusively withheld evidence and testimony" and that defendant "participated in a

civil conspiracy that deprived plaintiff . . . of his civil rights in all forums." Complaint at 9.

However, "[a] mere allegation of conspiracy without factual specificity is insufficient" to state a

claim for violation of Section 1985. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621,

626 (9th Cir. 1988).

In addition, plaintiff's own allegations and the public record do not support a claim that

defendant withheld evidence or testimony. The allegations place the majority of plaintiff's

lawsuits in early 2006 before plaintiff alleges having sent defendant any materials related to

plaintiff's lawsuits and before plaintiff alleges having called defendant. See Complaint at 3

(HUD complaint filed December 28, 2005); Complaint at 4-5, 16-17 (eviction proceedings,

which concluded July 6, 2006, including attempted removal to federal court in Civil Action

06CA260 LY); cf. Complaint at 13-14 (plaintiff sent defendant materials "requesting his

testimony" in August 2006, and called him January 7, 2007). Moreover, plaintiff does not allege

that defendant failed to respond to a subpoena pursuant to Federal Rule of Civil Procedure 45, or

that defendant was otherwise required to testify.

Page 6 - OPINION AND ORDER

It appears that the only civil action pending during the time plaintiff sent copies of materials to defendant was plaintiff's housing discrimination complaint, which he filed January 23, 2006. However, that complaint was dismissed with prejudice on December 6, 2006 when the court found plaintiff failed to comply with his discovery obligations and failed to respond to orders of the court. Buesgens v. Falcon Ridge Apartments, Civil No. A:06-CA-226 LY (W.D. Tex. Dec. 6, 2006) (Order (Docket #196)). It appears from that court's docket that plaintiff requested subpoenas and testimony from third parties on three occasions, but not one of them listed defendant as a person from whom plaintiff wanted information. See id. (Motion for Issuance of Subpoena (Docket #120); Motion to Order Testimony or In the Alternative an Affidavit (Docket # 185); Notice of Filing Subpoenas (Docket # 189)).[3]

WHAT DID HAPPEN TO BUESGENS SUBPOENAS?

Although plaintiff alleges he appealed the eviction decision to the Court of Appeals of Texas, and appealed his federal housing discrimination lawsuit to the Ninth Circuit, the appellate courts limit their review to the evidence submitted to the trial court. See Tex. R. App. 34.1, 34.5, 34.6, and Fed. R. App. P. 10. Accordingly, any demand for testimony or evidence that plaintiff may have made would be irrelevant to any ongoing litigation. In sum, plaintiff fails to state a claim for violation of Section 1985, and would be unable to amend his complaint to do so.

Plaintiff cannot bring a Section 1986 cause of action unless he has properly alleged facts supporting a Section 1985 claim. Karim-Panahi, 839 F.2d at 626. Accordingly, plaintiff fails to state a claim for a Section 1986 violation.

---

[3]In addition to the allegations in his Complaint, plaintiff reiterates many of these facts in his Motion for Judicial Notice (#19). I denied the motion at the time, but I have since considered the motions and court orders filed in Buesgens v. Falcon Ridge Apartments, Civil No. A:06-CA-226 LY (W.D. Tex. 2006).

Page 7 - OPINION AND ORDER

III.   Fair Housing Act, Rehabilitation Act, Americans with Disabilities Act

Plaintiff's claim under the Fair Housing Act must also fail because there is no indication in plaintiff's Complaint that plaintiff and defendant had a landlord/tenant relationship, or that defendant offered housing for sale or provided brokerage services to plaintiff. Indeed, as I indicate above, plaintiff recognizes that defendant is a delivery driver for United Parcel Service here in Oregon. Similarly, plaintiff fails to state a claim under the Rehabilitation Act because defendant is not a "program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a); Becker v. State of Oregon, 170 F. Supp. 2d 1061, 1067 (D. Or. 2001) ("overwhelming majority of reported cases . . . have held . . . there is no individual liability under the RA").

As for plaintiff's ADA claim, plaintiff does not allege the section upon which he bases his claim. Title I prohibits disability discrimination in employment, Title II prohibits disability discrimination in public services, by a public entity, and Title III prohibits disability discrimination in the provision of public accommodations. The latter is the only potential section of the ADA that could afford plaintiff relief. However, plaintiff does not allege that defendant is a "person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Moreover, plaintiff could not amend his complaint to make such an allegation because plaintiff recognizes that defendant is a delivery driver for United Parcel Service here in Oregon.

IV.   Interference with Contract and Uniform Residential Landlord Tenant Act

Plaintiff claims interference with his residential apartment lease contract. The elements of the tort of intentional interference with economic relations are: (1) the existence of a professional or business relationship, which could be a contract or a prospective economic

Page 8 - OPINION AND ORDER

advantage; (2) intentional interference with the relationship; (3) by a third party; (4) accomplished through improper means or for an improper purpose; (5) a causal effect between the interference and damage to the economic relationship; and (6) damages. McGanty v. Staudenraus, 321 Or. 532, 535, 901 P.2d 841 (1995). Plaintiff fails to allege any facts even remotely suggesting that defendant intentionally interfered with plaintiff's lease. Plaintiff fails to state a claim against defendant on this basis.

With regard to plaintiff's claim under the Uniform Residential Landlord Tenant Act, that Act has not been adopted in Texas. Unif. Residential Landlord & Tenant Act Refs & Annos, Table of Jurisdictions Wherein Act has Been Adopted (1972). Accordingly, because plaintiff rented his apartment in Austin, Texas, and because that Act is inapplicable there, plaintiff fails to state a claim for any violation of the Uniform Residential Landlord Tenant Act.

*SEE HEIGHTS APTS MILWAUKIE OREGON*

## V.    Fraudulent and Negligent Concealment of Evidence

Plaintiff alleges "fraudulent concealment of evidence" for "affirmatively preventing discovery in pending civil actions that he was aware of." Complaint at 6. Plaintiff alleges defendant had information "necessary to establish the crucial elements of plaintiff Michael L. Buesgens claims" in several listed lawsuits. Complaint at 7. These are the sole allegations against defendant for this purported activity. Accordingly, plaintiff fails to state his claim with the specificity required by Federal Rule of Civil Procedure 9(b). Pursuant to that standard, the allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud . . . so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). Plaintiff does not allege what defendant knew or how it would have helped plaintiff.

*YES HE DOES*

Page 9 - OPINION AND ORDER

In addition, as I note above, plaintiff makes no allegation that defendant was served with a subpoena pursuant to Federal Rule of Civil Procedure 45, or that defendant was otherwise required to testify. Indeed, plaintiff's own allegations and the public record reflect that plaintiff's eviction proceeding had come to a close by the time plaintiff allegedly contacted defendant.

*SUBPOENA NOT ALLOWED IN TEXAS*

Furthermore, plaintiff's housing discrimination lawsuit had been dismissed for failure to comply with discovery requirements or orders of the court before plaintiff purportedly called defendant, and none of the subpoena requests filed by plaintiff were directed at this defendant. As a result, plaintiff's claim against defendant for fraudulent concealment of evidence must be dismissed.

*12/06/06 DISMISSED*

*TIME IS BEFORE EVICTION APPEAL TRIAL 08/16/06*

Finally, plaintiff's allegation that defendant negligently withheld evidence must also fail. Plaintiff does not allege that defendant owed plaintiff a duty or that defendant breached that duty.

Plaintiff makes no allegation that defendant was served with a subpoena pursuant to Federal Rule of Civil Procedure 45, or that defendant was otherwise required to testify. I also reiterate that plaintiff's allegations and the public record do not reflect that plaintiff sought testimony from defendant related to any ongoing litigation.

VI.    Conclusion

*NOT TRUE*

Because plaintiff filed his complaint pro se, I must permit him to amend his complaint unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Karim-Panahi, 839 F.2d 621 at 623 (citation omitted). Here, plaintiff would be unable to remedy the deficiencies in his pleading and his complaint must be dismissed with prejudice.

*JUDGE GARR KING REFUSED TO DOCKET BUESGENS EVIDENCE AND SHERYL S. MC DONNELL SENT THE EVIDENCE BACK TO PLAINTIFF BUESGENS*

Page 10 - OPINION AND ORDER

*BUESGENS RECORDS WERE STOLEN ON 07/06/06 AND NOT RETURNED TO HIM*

**3:07CV00043-GMK**

## CONCLUSION

For the foregoing reasons, defendant's Motion to Dismiss (#6) is granted, and this complaint is dismissed with prejudice.

IT IS SO ORDERED.

Dated this ____7th____ day of June, 2007.    06/07/07


____/s/ Garr M. King_____
Garr M. King
United States District Judge


**Ninth Circuit Appeal No. 07-35578**

# 3:07CV00043-GMK

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

MICHAEL L. BEUSGENS,     )
     )
         Plaintiff,     )     Civil Case No. 07-43-KI
     )
   vs.     )     JUDGMENT
     )
SCOTT GALLOWAY,     )
     )
        Defendant.     )

Michael L. Buesgens
3112 Windsor Road, #A322
Austin, Texas 78703

     Plaintiff Pro Se

Lloyd Bernstein
Maren J. Holmboe
Bullivant Houser Bailey P.C.
300 Pioneer Tower
888 S.W. Fifth Avenue
Portland, Oregon 97204-2089

     Attorneys for Defendant

Page 1 - JUDGMENT

KING, Judge:

Based on the record,

IT IS ORDERED AND ADJUDGED that this action is dismissed with prejudice.

Dated this _____7th_____ day of June, 2007.

_/s/ Garr M. King_
Garr M. King
United States District Judge

**Lloyd Bernstein**, OSB #00203
E-mail: lloyd.bernstein@bullivant.com
**Maren J Holmboe**, OSB #06366
E-mail: maren.holmboe@bullivant.com
**BULLIVANT HOUSER BAILEY PC**
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915
Attorneys for DEFENDANT

3:07-CV00043-GMK

07/24/2007

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| MICHAEL L. BUESGENS,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT GALLOWAY,<br><br>Defendant. | Civil No.: CV07-0043 KI<br><br>MOTION TO WITHDRAW<br>DEFENDANT GALLOWAY'S<br>MOTION FOR ATTORNEY FEES<br><br>*$19,000.00* |

On or about June 21, 2007, defendant Scott Galloway filed a motion titled

"Defendant Galloway's Motion for Attorney Fees." Defendant Galloway hereby

respectfully withdraws its motion. As required by L.R. 7.1, counsel for Galloway has

made a good faith effort to confer with plaintiff Michael L. Buesgens, but was unable

to reach Mr. Buesgens.

*SCOTT GALLOWAY AND WHERE THE OTHERS*

**MOTION TO WITHDRAW DEFENDANT GALLOWAY'S MOTION
FOR ATTORNEY FEES
Page 1**

DATED:  July 24, 2007

BULLIVANT HOUSER BAILEY PC

BY /s/ Maren J. Holmboe

**Lloyd Bernstein**, OSB #00203
E-mail: lloyd.bernstein@bullivant.com
**Maren J. Holmboe**, OSB #06366
E-mail: maren.holmboe@bullivant.com

**$19,000.00**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915

**ATTORNEYS FOR DEFENDANT**

# SHERYL S. MCCONNELL
# CLERK OF COURT

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF OREGON

## 09/20/2007

MICHAEL L. BUESGENS )
)
Plaintiff/Appellant )
)
v. )
)
SCOTT GALLOWAY )
)
Defendant/Appellee )

C.A. No. 07-35578
U.S.D.C. No. CV 07-43-KI
Date Appeal Filed: 7/6/07

**CERTIFICATE OF RECORD**

This certificate is submitted in conformance with U.S. Court of appeals for the Ninth Circuit Rule 11-2. The record on appeal, consisting of the reporter's transcripts (if any) and the U.S. District Court Clerk's record is ready for the purpose of the appeal. This record is available for use by the parties in the office of the U.S. District Court Clerk.

The documents comprising the District Court Clerk's Record have been numbered in conformance with Rule 11(b) of the Federal Rules of Appellate Procedure. These document numbers are reflected on the district court docket sheet and should be used for reference purposes in the briefs.

Appeals in habeas corpus and 28 USC § 2255 Motion to Vacate Sentence Cases are treated as civil appeals in the Court of Appeals. Criminal appeals briefing schedules have been set by Time Schedule Order.

Dated this 20th day of September, 2007.

SHERYL S. McCONNELL, CLERK

By ___/s/ Thomas L. Gerhards_____
Thomas L. Gerhards, Deputy Clerk

Hearing Dates Designated For this Appeal: None Ordered

Date On Which Last Transcript Was Filed: N/A

**Lloyd Bernstein**, OSB #0▲▲30
E-mail: lloyd.bernstein@bullivant.com
**Maren J. Holmboe**, OSB #063665
E-mail: maren.holmboe@bullivant.com
BULLIVANT HOUSER BAILEY PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915
Attorneys for Defendant Scott Galloway

**SHERYL S. MCCONNELL**

**CLERK OF COURT**

**10/19/2007**

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| MICHAEL L. BUESGENS,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT GALLOWAY,<br><br>Defendant. | Civil No.: CV07-0043 KI<br><br>**DEFENDANT GALLOWAY'S OPPOSITION TO PLAINTIFF'S MOTION TO CORRECT THE RECORD** |

Plaintiff Michael Buesgens has moved to correct the record. That motion should be denied.

Motions to correct the district court record are authorized by Fed. R. App. P. 10(e). Rule 10(e)(2) permits a motion to correct or modify the record "If anything material to either party is omitted from or misstated in the record by error or accident[.]" As explained in Rule 10(e)(1), the purpose of this rule is to ensure that the "record truly discloses what occurred in the district court[.]" Thus, the purpose of the rule is not to supplement the


**DEFENDANT GALLOWAY'S OPPOSITION TO PLAINTIFF'S MOTION TO CORRECT THE RECORD**
**Page 1**

district court record with new evidence or to ask the district court to change its factual findings.

Here, plaintiff seeks to supplement the district court record rather than to correct or modify it. Accordingly, plaintiff's motion is improper under Fed. R. App. P. 10(e) and should be denied.

DATED October 19, 2007.

BULLIVANT HOUSER BAILEY PC

By */s/ Lloyd Bernstein*
**Lloyd Bernstein**, OSB #002030
E-mail: lloyd.bernstein@bullivant.com
**Maren J. Holmboe**, OSB #063665
E-mail: maren.holmboe@bullivant.com

300 Pioneer Tower
888 SW Fifth Avenue
Portland, OR  07204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915

Attorneys for Defendant Scott Galloway

# BRIEFS DUE AT NINTH CIRCUIT

# APPEAL NO. 07-35578

# R. DANIEL LINDAHL, APPELLATE ATTORNEY

# 07-35578

## 07-35578 Buesgens v. Galloway
### Case Query Page
## 3:07CV00043-GMK

### Associated Cases

| Case Number | Short Title | Type | Start | End | Status |
|---|---|---|---|---|---|
| 07-74126 | Buesgens, et al v. HUD | Related | 10/22/2007 | | closed |
| 08-16242 | Nancy Walraven, et al v. Henry Paulson | Related | 05/21/2008 | | open |

### Originating Cases    **SEE RELATED APPEAL NO. 08-35202**

| Originating Case | Lead Case | Filed | Execution Date | Judgment | NOA | Originating Judge | Court Reporter |
|---|---|---|---|---|---|---|---|
| CV-07-00043-GMK | | 01/10/2007 | | 06/28/2007 | 07/06/2007 | King, Garr M. | |

### Parties

| Party | Party Type | Terminated from Case | Attorney |
|---|---|---|---|
| Buesgens, Michael L. | Plaintiff-Appellant | | |
| Galloway, Scott  West Linn, Oregon | Defendant-Appellee | | Bernstein,Lloyd Holmboe,Maren J. Lindahl,R. Daniel Lear,Lisa E. |

### Attorneys

| Attorney | Party Type(s) Represented | Representation End |
|---|---|---|
| Lindahl, R. Daniel | Defendant-Appellee | 05/09/2008 |
| Lear, Lisa E. | Defendant-Appellee | **HUD ATTORNEYS** |
| Bernstein, Lloyd | Defendant-Appellee | HUD Case No. 06-06-0293-8 |
| Holmboe, Maren J. | Defendant-Appellee | **U.S. ATTORNEY OFFICE** |

**SCOTT GALLOWAY**

**DEFENDANT-APPELLEE**

**1875 DEANA DRIVE**

**WEST LINN, OREGON 97068**

PHONE: 503-657-7760

# PLAINTIFF EXHIBIT NO. 9

**R. DANIEL LINDAHL, APPELLATE ATTORNEY**

**BULLIVANT, HOUSER, BAILEY PC**

**APPELLEE'S BRIEF DUE NOVEMBER 21, 2007**

**General Docket**

**United States Court of Appeals for the Ninth Circuit**    07/18/07

**Court of Appeals Docket #:** 07-35578                                    **Docketed:** 07/18/2007
**Nature of Suit:** 4360 Other Personal Injury                              07-35578
Buesgens v. Galloway
**Appeal From:** US District Court for Oregon, Portland              3:07CV00043-GMK

**Case Type Information:**                    **Doug Houser's Attorneys** Declare
    1) civil
    2) private                                they **Did Not receive** Buesgens
    3) null
                                              Opening Brief due **10/22/2007**

**Originating Court Information:**
    **District:** 0979-3 : CV-07-00043-GMK        See Document 20
    **Trial Judge:** Garr M. King, U.S. District Judge
    **Date Filed:** 01/10/2007                     Filed: 05/09/2008
    **Date Order/Judgment:**                       **Date NOA Filed:**
    06/28/2007                                     07/06/2007

**Prior Cases:**
    None

**Current Cases:**

|  | Lead | Member | Start | End |
|---|---|---|---|---|
| Companion | | | | |
| | 08-16242 | 08-16496 | 06/30/2008 | |
| Related | | | | |
| | 07-35578 | 07-74126 | 10/22/2007 | |
| | 07-35578 | 08-16242 | 05/21/2008 | |
| | 08-35202 | 08-16242 | 05/21/2008 | |
| | 08-35202 | 08-72530 | 06/16/2008 | |

**Attorney Shelley Bush Marmon Houston, Texas**

is playing the **Same Game** in Ninth Cicuit

**Appeal No. 08-35202**

**No** answering filed by **Marmon Client**

**Alan Roswell Weiner**

**Redmond, Washington**

MICHAEL L. BUESGENS
      Plaintiff - Appellant

Michael L. Buesgens
Direct: 512-339-6005
[NTC Pro Se]
#A322
3112 Windsor Raod
Austin, TX 78703-0000

v.

*R. DANIEL LINDAHL*

SCOTT GALLOWAY
      Defendant - Appellee

**and**

**Megan Goeres Galloway**

**Andiruh Dev Sarwal**

**Melanie P. Sarwal**

Lloyd Bernstein, Esq., Attorney
Direct: 503/228-6351
Fax: 503/295-0915
[COR LD NTC Retained]
BULLIVANT HOUSER BAILEY, PC
Pioneer Tower
Suite 300
888 S.W. Fifth Ave.
Portland, OR 97204-2089

Maren J. Holmboe, Esq., Attorney
Direct: 503/228-6351
Fax: 503/295-0915
[COR LD]
BULLIVANT HOUSER BAILEY, PC
Pioneer Tower
888 S.W. Fifth Ave.
Portland, OR 97204-2089

**R. Daniel Lindahl,**

**Appellate Attorney**

**Where is Mr Lindahl?**

**Nobody knows where he**

**is or who he is.**

Lisa E. Lear, Esq., Attorney
Direct: 503/499-4623
Email: lisa.lear@bullivant.com
Fax: 503/295-0915
[COR NTC Retained]
BULLIVANT HOUSER BAILEY, PC
Pioneer Tower
Suite 300
888 S.W. Fifth Ave.
Portland, OR 97204-2089

## 07-35578

## 3:07CV00043-GMK

07/18/2007   1    DOCKETED CAUSE AND ENTERED APPEARANCES OF Aplt in pro per & csl of aple CADS SENT (Y/N): NO. setting schedule as follows: appellant's designation of RT is due 7/16/07; appellee's designation of RT is due 7/26/07; appellant shall order transcript by 8/6/07; court reporter shall file transcript in DC by 9/5/07; certificate of record shall be filed by 9/12/07 ; appellant's opening brief is due 10/22/07; appellees' brief is due 11/21/07; appellants' reply brief is due 12/5/07; [07-35578]

**X**

07/18/2007   2    Filed Appellant Michael L. Buesgens's "Petition for Review"; served on 7/5/07 (MOATT) [07-35578] [6235238] [07-35578]

07/18/2007   3    Filed attorney for Appellant Civil Appeals Docketing Statement served on 7/5/07 (PRO SE aplt) (CASEFILE) [07-35578] [07-35578]

08/02/2007   5    Received Appellant Michael L. Buesgens' motion ("motions and notices"; with exhibits; served on 7/31/07 (rec'd only; exceeds page limitation at 41 pages; motion may not be in compliance with FRAP rules) (to MOATT) [07-35578] [07-35578]

08/27/2007   6    Filed Aples' representation statement of R. Daniel Lindahl for aple dated 8/24/07 (CASEFILE) [07-35578]

09/24/2007   7    Filed certificate of record on appeal RT filed in DC 7/6/07 (CASEFILE) [07-35578]

10/31/2007   9    Filed order (Appellate Commissioner) Appellant's July 18, 2007 and August 2, 2007 submissions are referred to the panel that is assigned to decide this appeal on the merits for whatever consideration the panel deems appropriate. Appellant is referred to Federal Rule of Appellate Procedure 27 and Ninth Circuit Rule 27-1 for the form and content of motions. The Clerk shall serve on appellant an informal brief form. The court sua sponte extends the time to file the opening brief. The opening brief is now due November 16, 2007; the answering brief is due December 17, 2007; and the optional reply brief is due within 14 days after service of the answering brief. ( MOATT) [07-35578]

**MERITS**

**WITHOUT**

**RECORD**

**11/01/07**

11/01/2007   11   Filed Appellant Michael L. Buesgens's "motion for correction of the record"; served on 10/31/07 (to PROMO) [07-35578] [07-35578]

## NO ACTION TAKEN BY NINTH CIRCUIT TO CORRECT

## THE RECORD IN CIVIL NO. 3:07CV00043-GMK

11/06/2007   13   Filed order PROMO: (Deputy Clerk: gss) The aplt's mtn to correct the record, and any response thereto, is referred to the merits panel for resolution. The current br sch remains in effect. [07-35578]

**NO MERIT**

11/09/2007   14   14 day oral extension by phone of time to file Appellant in 07-35578 brief. [07-35578] appellants' brief due 11/30/07; appellees' brief due 12/31/07; Appellant's optional reply brief is due within 14 days of service of Appellee's brief.

**11/30/07**

11/29/2007   15   Filed original and 4 copies pro se Appellant Michael L. Buesgens' opening brief ( Informal: Yes) 42 pages with exhibits attached; served on 11/27/07 [07-35578]   **BUESGENS BRIEF FILED: 11/29/2007**

01/23/2008   16   Rec'd copies of documents addressed to Michael L. Buesgens from the U.S. Department of Housing & Urban Development re: Freedom of Informnation Act Request.(casefile) [07-35578]

04/28/2008   17   Filed clerk order (Deputy Clerk:GSs): The appellant's motion to consolidate Nos. 07-35578 and 08-35202 is denied. However, these cases shall be calendared before the same panel. The appellant's request for an order establishing jurisdiction is denied without prejudice to appellant raising it in his opening brief. The answering brief in No. 07-35578 was due December 31, 2007. As of April 25, 2008, the answering brief in No. 07-35578 has not been filed and no request for appropriate relief has been made. Within 21 days after the date of this order, the appellee shall file the answering brief in No. 07-35578 or request for appropriate relief. The briefing schedule in No. 08-35202 is amended as follows: the opening brief is due May 12, 2008; the answering brief is due June 11, 2008; and the optional reply brief is due 14 days after service of the answering brief.

**DENIED**

**07-35578**

**08-35202**

05/07/2008   18   Received Appellant Michael L. Buesgens notice re: Miscellaneous documents with unidentified exhibits.

05/08/2008   19   Filed Appellant Michael L. Buesgens motion for joinder of persons needed for just adjudication, with attached exhibits. no svc

05/09/2008   20   Filed Appellee Scott Galloway's motion to extend time to file appellee brief until 06/18/2008. Served on 05/08/2008.

**05/09/08**

05/09/2008   21   Filed appearance notice of Attorney(s) Lisa E. Lear for party(s) Appellee Scott Galloway, in case 07-35578. Withdrew Attorney R. Daniel Lindahl for Appellee Scott Galloway in 07-35578. Served on 05/08/2008.

05/23/2008   22   Filed Appellant Michael L. Buesgens' motion for disclosure. Served on5/19/08.

05/27/2008   23   Filed Appellant Michael L. Buesgens' motion to extend time to refile opening brief. Served on 05/23/2008.

# WHO IS SCOTT GALLOWAY? NOBODY KNOWS

06/04/2008   24   Filed Appellee Scott Galloway's response opposing aplt's motion for disclosure.

**X**   Served on 06/03/2008.   **BUESGENS CANNOT DO THAT**

06/04/2008   25   Filed Appellee Scott Galloway's response opposing aplt's motion to extend time to re-file opening brief. Served on 06/03/2008.

06/11/2008   26   Filed Appellant Michael L. Buesgens motion for disclosure and discovery. Served on 06/09/2008.

06/11/2008   27   Filed Appellant Michael L. Buesgens objection to Appellee's Arnold Carl Tauch and Jack Cregg Moss Attorney's And Law Firm's Motion For Extension Of Time And Falcon Group Attorneys Prejured Denial For Receipt Of Appellant

**REAL**   Buesgens Opening Brief in 2007. Served on 06/08/2008.

06/23/2008   28   Filed Appellant Michael L. Buesgens' motion for appearance of real parties in interest for his appeals before the Ninth Circuit and aplt Buesgens' notification

**PARTIES**   of recalcitrant witness. Served on 06/20/2008.

06/30/2008   29   Filed Appellant Michael L. Buesgens motion for judicial notice of related adjudicative facts. Served on 06/27/2008.

07/14/2008   30   Filed order (MARY M. SCHROEDER and SANDRA S. IKUTA) Appellant's motion

**THIS**   to refile the opening brief is denied. Appellant's other submissions and appellee's responses thereto, are referred to the panel that is assigned to

**ORDER**   consider the merits of this appeal for whatever consideration the panel deems appropriate. To the extent appellant seeks to expand the record on appeal

**FINISHES**   with the documents attached to his submissions, that request is denied. No motions for reconsideration, clarification, or modification of this order shall be

**APPEAL**   filed or entertained. Appellee's motion for an extension of time to file the answering brief is granted. The answering brief is due August 11, 2008. The optional reply brief is due 14 days after service of the answering brief.

07/15/2008   31   Filed Appellant Michael L. Buesgens motion to bring in additional parties in interest. Served on 07/12/2008.

## 07-35578

# ATTORNEYS IN HIDDEN

# HUD Attorneys

# U.S. Attorney Office

**PLAINTIFF EXHIBIT NO. 10**

# BRIEFS ARE DUE

## UNITED STATES COURT OF APPEALS

### FOR THE NINTH CIRCUIT

**FILED**

**OCT 3 1 2007**

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

MICHAEL L. BUESGENS,

    Plaintiff - Appellant,

v.

SCOTT GALLOWAY,

    Defendant - Appellee.

No. 07-35578

D.C. No. CV-07-00043-GMK
District of Oregon,
Portland

ORDER

Before: Peter L. Shaw, Appellate Commissioner.

Appellant's July 18, 2007 and August 2, 2007 submissions are referred to the panel that is assigned to decide this appeal on the merits for whatever consideration the panel deems appropriate.

Appellant is referred to Federal Rule of Appellate Procedure 27 and Ninth Circuit Rule 27-1 for the form and content of motions.

The Clerk shall serve on appellant an informal brief form.

The court sua sponte extends the time to file the opening brief. The opening brief is now due November 16, 2007, the answering brief is due December 17, 2007, and the optional reply brief is due within 14 days after service of the answering brief.

*Peter L. Shaw*

General Order 6.3(e)

# PLAINTIFF EXHIBIT NO. 11

FILED

UNITED STATES COURT OF APPEALS

APR 28 2008

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL L. BUESGENS,

      Plaintiff - Appellant,

   v.

SCOTT GALLOWAY,

      Defendant - Appellee.

No. 07-35578

D.C. No. CV-07-00043-GMK
District of Oregon,
Portland

ORDER

MICHAEL L. BUESGENS,

      Plaintiff - Appellant,

   v.

ALAN ROSWELL WEINER,

      Defendant - Appellee.

No. 08-35202

D.C. No. 2:07-cv-01846-RAJ
Western District of Washington,
Seattle

ORDER

The appellant's motion to consolidate Nos. 07-35578 and 08-35202 is
denied. However, these cases shall be calendared before the same panel.

The appellant's request for an order establishing jurisdiction is denied
without prejudice to appellant raising it in his opening brief.

The answering brief in No. 07-35578 was due December 31, 2007. As of
April 25, 2008, the answering brief in No. 07-35578 has not been filed and no
request for appropriate relief has been made. Within 21 days after the date of this

Nos. 07-35578 & 08-35202

order, the appellee shall file the answering brief in No. 07-35578 or request for

appropriate relief.  Failure to comply with this order may subject the appellee to

the consequences of Federal Rule of Appellate Procedure 31(c).

The briefing schedule in No. 08-35202 is amended as follows: the opening

brief is due May 12, 2008; the answering brief is due June 11, 2008, and the  *JULY 11, 2008*

optional reply brief is due 14 days after service of the answering brief.

For the Court:

MOLLY C. DWYER
Clerk of Court

Grace S. Santos
Deputy Clerk
Ninth Circuit Rule 27-7/Advisory Note to Rule 27
and Ninth Circuit 27-10

**PLAINTIFF EXHIBIT NO. 12**

# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

**FILED**

JUL 14 2008

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL L. BUESGENS,

      Plaintiff - Appellant,

v.

SCOTT GALLOWAY,

      Defendant - Appellee.

No. 07-35578

D.C. No. CV-07-00043-GMK
District of Oregon,
Portland

ORDER

Before: SCHROEDER and IKUTA, Circuit Judges.

Appellant's motion to refile the opening brief is denied. **X**

Appellant's other submissions and appellee's responses thereto, are referred to the panel that is assigned to consider the merits of this appeal for whatever consideration the panel deems appropriate. To the extent appellant seeks to expand **X** the record on appeal with the documents attached to his submissions, that request is denied. *See* Fed. R. App. P. 10(a) (composition of record on appeal). **X**

No motions for reconsideration, clarification, or modification of this order shall be filed or entertained.

Appellee's motion for an extension of time to file the answering brief is granted. The answering brief is due August 11, 2008. The optional reply brief is due 14 days after service of the answering brief. **08/11/2008**

SNR/MOATT

**PLAINTIFF EXHIBIT NO. 13**



## 08-35202

# Alan Weiner Brief ~~Due~~ July 11, 2008

# <u>Who</u> is Weiner Attorney? <u>Nobody Knows</u>

**General Docket**

**United States Court of Appeals for the Ninth Circuit**

---

**Court of Appeals Docket #:** 08-35202                                    **Docketed:** 03/17/2008
**Nature of Suit:** 4360 Other Personal Injury
Michael Buesgens v. Alan Weiner
**Appeal From:** US District Court for Western Washington, Seattle

---

**Case Type Information:**
  **1)** civil
  **2)** private         *ALAN ROSWELL WEINER-VOIR DIRE MEMBER*
  **3)** null

---

**Originating Court Information:**
  **District:** 0981-2  2:07-cv-01846-RAJ
  **Trial Judge:** Richard A. Jones, U.S. District Judge
  **Date Filed:** 11/14/2007

| Date Order/ Judgment: | Date Order/ Judgment EOD: | Date NOA Filed: | Date Rec'd COA: |
|---|---|---|---|
| 03/04/2008 | 03/04/2008 | 03/14/2008 | 03/17/2008 |

---

**Prior Cases:**
  None

---

**Current Cases:**

|  | Lead | Member | Start | End |
|---|---|---|---|---|
| Companion | 08-16242 | 08-16496 | 06/30/2008 | |
| Related | 07-35578 | 07-74126 | 10/22/2007 | |
|  | 07-35578 | 08-16242 | 05/21/2008 | |
|  | 08-35202 | 08-16242 | 05/21/2008 | |
|  | 08-35202 | 08-72530 | 06/16/2008 | |

| MICHAEL L. BUESGENS | Michael L. Buesgens |
|---|---|
| **Plaintiff - Appellant** | Direct: 512-339-6005 |
| | [NTC] |
| | #A322 |
| | 3112 Windsor Raod |
| | Austin, TX 78703-0000 |

v. **Voir Dire Member**

ALAN ROSWELL WEINER

**Defendant - Appellee**

**Redmond, Washington**

Alan Roswell Weiner
[NTC]
8675 233rd Pl NE
Redmond, WA 98053

---

MICHAEL L. BUESGENS,

**Plaintiff - Appellant**

v.

ALAN ROSWELL WEINER,

**Defendant - Appellee**

**Shelley Bush Marmon, Attorney**

Bullivant, Houser, Bailey PC

**Portland, Sacramento, Seattle**

---

| 03/17/2008 | 1 | DOCKETED CAUSE AND ENTERED APPEARANCES OF APLT AND APLE BOTH PRO PER. SEND CADS: No. The schedule is set as follows: Appellant opening brief due 04/28/2008. Appellee answering brief due 05/28/2008. Apellant's optional reply brief is due 14 days after service of the answering brief. |
|---|---|---|
| 03/17/2008 | 2 | Filed certificate of record on appeal. RT filed in DC None |
| 03/27/2008 | 3 | Filed Appellant Michael L. Buesgens Civil Appeals Docketing Statement. Served on 03/26/2008. |
| 03/31/2008 | 6 | Received copy of a motion filed in district court re: motion to correct records. |
| 04/02/2008 | 4 | Case rejected from Circuit Mediation Program. **A REJECT** |
| 04/09/2008 | 5 | Filed Appellant Michael L. Buesgens motion for consolidation of the same appeals & same civil actions. Served on 04/06/2008. |
| 04/22/2008 | 7 | Filed clerk order (Deputy Clerk:CB): Appellant's motion to correct the record and any response thereto shall be referred to the merits panel for resolution. |

**ANOTHER RECORD CORRECTION REQUEST**

04/28/2008  8    Filed clerk order (Deputy Clerk:GSs): The appellant's motion to consolidate Nos. 07-35578 and 08-35202 is denied However, these cases shall be calendared before the same panel. The appellant's request for an order establishing jurisdiction is denied without prejudice to appellant raising it in his opening brief. The answering brief in No. 07-35578 was due December 31, 2007. As of April 25, 2008, the answering brief in No. 07-35578 has not been filed and no request for appropriate relief has been made. Within 21 days after the date of this order, the appellee shall file the answering brief in No. 07-35578 or request for appropriate relief. The briefing schedule in No. 08-35202 is amended as follows: the opening brief is due May 12, 2008; the answering brief is due June 11, 2008; and the optional reply brief is due 14 days after service of the answering brief.

**DENIED**

**08-35202**

**07-35578**

*YES IT HAS*

04/30/2008  13   Received Appellant Michael L. Buesgens notice regarding tenant history credit records.

05/01/2008  9    Filed Appellant Michael L. Buesgens motion to extend time for 30 days to file appellant opening brief. Served on 04/25/2008.

05/01/2008  10   Received copy of a motion filed in district court re: response to show cause order. Served on 4/6/08.

05/07/2008  11   Filed clerk order (Deputy Clerk:cag): Appellant's motion for an extension of time in which to file the opening brief is granted. The opening brief is due June 11, 2008; the answering brief is due July 11, 2008; and the optional reply brief is due 14 days after service of the answering brief.

05/07/2008  12   Filed Appellant Michael L. Buesgens notice of new evidence directly related to appeals no. 8-35202 & 7-35578. Served on 05/06/2008.

05/16/2008  14   Received Appellant Michael L. Buesgens notice regarding notice of his service of summons & complaint with exhibits.   **SHELLEY BUSH MARMON**

05/16/2008  16   Received copy of a motion addressed to district court re: summons in a civil case.

05/20/2008  15   Filed clerk order (Deputy Clerk:CAG): The appellant's filings received May 7, 2008 and May 16, 2008 are construed as requests for judicial notice. So construed, the requests for judicial notice, any responses thereto, and any future such requests shall be referred to the merits panel for such treatment the panel deems appropriate.

05/30/2008  17   Filed Appellant Michael L. Buesgens motion for oral argument. (Merits Panel) Served on 05/26/2008.

06/02/2008  18   Received appellant's document entitled new evidence (Merits Panel).

06/12/2008  19   Filed original and 7 copies of Appellant Michael L. Buesgens (Informal: No) opening brief of 17 pages. Served on 06/10/2008.

**OPENING BRIEF FILED 06/12/2008**

**U.S. District Court**

## United States District Court for the Western District of Washington (Seattle)
### CIVIL DOCKET FOR CASE # 2:07-cv-01846-RAJ
## 9TH CIRCUIT APPEAL NO. 08-35202

Buesgens v. Weiner
Assigned to: Judge Richard A Jones
Cause: 28:1332 Diversity-Personal Injury

Date Filed: 11/14/2007
Date Terminated: 03/04/2008
Jury Demand: Plaintiff
Nature of Suit: 360 P.I.: Other
Jurisdiction: Diversity

**Plaintiff**

**Michael L Buesgens**

represented by **Michael L Buesgens**
3112 WINDSOR RD A322
AUSTIN, TX 78703
512-339-6005
PRO SE

V.

**Defendant**  **Voir Dire Member Austin, Texas**

**Alan Roswell Weiner**

**Shelley Bush Marmon**

**Bullivant, Houser, Bailey**

represented by **Alan Roswell Weiner**
8675 233RD PL NE
REDMOND, WA 98053
PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 11/14/2007 | 1 | COMPLAINT with JURY DEMAND against defendant Alan Roswell Weiner (NO Summons(es) issued)(Receipt # SEA 13482), filed by Michael L Buesgens. (Attachments: # 1 Civil Cover Sheet # 2 Summons)(PM, ) Modified on 12/11/2007 (CL, ). (Sms issued in blank and mailed to pltf on 12/11/07). (Entered: 11/19/2007) |

| 11/21/2007 | 2 | MINUTE ORDER by Thomas S. Zilly, United States District Judge. The Honorable Thomas S. Zilly recuses himself and the case is reassigned in rotation to the Honorable Richard A. Jones. All future pleadings shall bear the cause numberC07-1846RAJ.(CL, ) (Entered: 11/21/2007) |
| --- | --- | --- |
| 11/29/2007 | 3 | NOTICE AND DECLARATION filed by Plaintiff Michael L Buesgens. (CL, ) (Entered: 11/30/2007) |
| 12/14/2007 **WAIVER SERVED** | 4 | WAIVER OF SERVICE of summons upon defendant Alan Roswell Weiner mailed on 11/23/2007 (CL, ) (Entered: 12/17/2007) |
| 01/04/2008 | | (1) sms in blank mailed to plaintiff. (CL, ) (Entered: 01/04/2008) |
| 02/19/2008 **NO ANSWER** | 6 | ANSWER to Complaint by Alan Roswell Weiner. (Attachments: # 1 Exhibits)(CL, ) (Entered: 02/20/2008) |
| 02/20/2008 | 5 | ORDER REGARDING INITIAL DISCLOSURES, JOINT STATUS REPORT AND EARLY SETTLEMENT. FRCP 26f Conference Deadline is 3/21/2008, Initial Disclosure Deadline is 3/28/2008, Joint Status Report Deadline is 4/4/2008, by Judge Richard A. Jones. (VE) (Entered: 02/20/2008) |
| 02/20/2008 | | NOTICE -- Paper copies of ORDER REGARDING INITIAL DISCLOSURES, JOINT STATUS REPORT AND EARLY SETTLEMENT sent to Plaintiff Michael Buesgens and Defendant Alan Roswell Weiner on 2/20/2008. (VE) (Entered: 02/20/2008) |
| 02/27/2008 **REFUSAL TO ANSWER** | 7 | MOTION for this Court's Orders on Alan Roswell Weiner's refusal to answer this complaint by plaintiff Michael L Buesgens. (Attachments: # 1 Exhibits 1-6# , (2) Exhibits 7-8). Noting Date 3/14/2008.(CL, ) Modified on 2/29/2008 (CL, ). Modified on 2/29/2008 (CL, ). (Entered: 02/28/2008) |
| 03/04/2008 **DISMISSED** | 8 | ORDER by Judge Richard A Jones. The Court DISMISSES this case without prejudice, subject to refiling upon a showing of Plaintiff's compliance with Judge Sparks' order.(CL, ) (Entered: 03/04/2008) |
| 03/05/2008 **SUMMONS** | 9 | SERVICE OF SUMMONS and Complaint returned executed upon defendant Alan Roswell Weiner on 3/1/2008 (CL, ) (Entered: 03/06/2008) **SERVED 03/01/2008** |
| 03/14/2008 **APPEAL** | 10 | NOTICE OF APPEAL (08-35202) as to 8 Order, Terminated Case by Plaintiff Michael L Buesgens. (LMK, ) Modified on 4/4/2008; added CCA case number (LMK, ). (Entered: 03/17/2008) |

**SERVED SUMMONS ON SHELLEY BUSH MARMON**

| 03/14/2008 | | Appeal Fees received: fee in the amount of $ 455 (receipt # SEA16214) re 10 Notice of Appeal filed by Michael L Buesgens (LMK, ) (Entered: 03/17/2008) |
| 03/17/2008 | 11 | CERTIFICATE OF RECORD Transmitted to USCA re 10 Notice of Appeal (LMK, ) (Entered: 03/17/2008) |
| 03/17/2008 | 12 | APPEAL NOTIFICATION packet sent to US Court of Appeals re 10 Notice of Appeal (Attachments: # 1 Docket)(LMK, ) (Entered: 03/17/2008) |
| 03/28/2008 | 13 | NOTICE re 10 Notice of Appeal ; filed by Plaintiff Michael L Buesgens. Documents forwarded to 9th Circuit. (LMK, ) (Entered: 03/28/2008) |
| 04/04/2008 | 14 | TIME SCHEDULE ORDER (08-35202) as to 10 Notice of Appeal filed by Michael L Buesgens : Appellants opening brief due by 04/28/08; Appellees response brief due by 05/28/08; Appellants optional reply brief due within 14 days of service of the response brief. (LMK, ) (Entered: 04/04/2008) |
| 04/30/2008 X | | Appeal Remark re 10 Notice of Appeal : Document TENANT HISTORY CREDIT RECORDS, ET AL. FORWARDED DIRECTLY TO THE NINTH CIRCUIT COURT OF APPEALS. (SA, ) (Entered: 05/01/2008) |
| 05/20/2008 X | | Appeal Remark re 10 Notice of Appeal : Documents (summons, letter MDL1800, letter 06CV002226LY) FORWARDED DIRECTLY TO NINTH CIRCUIT COURT OF APPEALS.(SA, ) (Entered: 05/20/2008) |
| 06/04/2008 X | | Appeal Remark re 10 Notice of Appeal : DOCUMENTS DATED 6/2/08, TENANT HISTORY RECORD FORWARDED DIRECTLY TO NINTH CIRCUIT COURT OF APPEALS.(SA) (Entered: 06/04/2008) |

ALAN ROSWELL WEINER

SHELLEY BUSH MARMON

ARNOLD CARL TAUCH

JACK CREGG MOSS

**PLAINTIFF EXHIBIT NO. 14**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 22 2008

**MOLLY C. DWYER, CLERK**
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL L. BUESGENS, | No. 08-35202 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-01846-RAJ |
| | Western District of Washington, |
| v. | Seattle |
| ALAN ROSWELL WEINER, | |
| Defendant - Appellee. | ORDER |

Appellant's motion to correct the record and any response thereto shall be referred to the merits panel for resolution.

For the Court:

MOLLY C. DWYER
Clerk of the Court

Cole Benson
Supervising Deputy Clerk
Ninth Circuit Rule 27-7/Advisory Note to
Rule 27 and Ninth Circuit Rule 27-10

**FILED**

UNITED STATES COURT OF APPEALS

MAY 07 2008

FOR THE NINTH CIRCUIT

**MOLLY C. DWYER, CLERK**
**U.S. COURT OF APPEALS**

| | |
|---|---|
| MICHAEL L. BUESGENS, | No. 08-35202 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-01846-RAJ |
| v. | Western District of Washington, Seattle |
| ALAN ROSWELL WEINER, | |
| Defendant - Appellee. | ORDER |

Appellant's motion for an extension of time in which to file the opening brief is granted. The opening brief is due June 11, 2008; the answering brief is due July 11, 2008; and the optional reply brief is due 14 days after service of the answering brief.

For the Court:

MOLLY C. DWYER
Clerk of the Court:

Cathie A. Gottlieb
Deputy Clerk
Ninth Cir. R. 27-7/Advisory Note to Rule 27
and Ninth Circuit 27-10

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



MAY 20 2008

**MOLLY C. DWYER, CLERK**
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL L. BUESGENS, | No. 08-35202 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-01846-RAJ |
| v. | Western District of Washington, Seattle |
| ALAN ROSWELL WEINER, | |
| Defendant - Appellee. | ORDER |

The appellant's filings received May 7, 2008 and May 16, 2008 are construed as requests for judicial notice. So construed, the requests for judicial notice, any responses thereto, and any future such requests shall be referred to the merits panel for such treatment the panel deems appropriate.

For the Court:

MOLLY C. DWYER
Clerk of the Court:

Cathie A. Gottlieb
Deputy Clerk
Ninth Cir. R. 27-7/Advisory Note to Rule 27
    and Ninth Circuit 27-10

**PLAINTIFF EXHIBIT NO. 15**

# 2:07CV02116-CM-JAR-JPO KANSAS

CLOSED, STAY

**U.S. District Court**
**District of Kansas (Kansas City)**
**CIVIL DOCKET FOR CASE #: 2:07-cv-02116-CM-JPO**

Buesgens v. Houser et al
Assigned to: District Judge Carlos Murguia
Referred to: Magistrate Judge James P. O'Hara
Demand: $1,245,000
Case in other court: 10CCA, 07-03236
Cause: 28:1332 Diversity-Other Contract

Date Filed: 03/16/2007
Date Terminated: 04/28/2008
Jury Demand: Plaintiff
Nature of Suit: 446 Civil Rights:
Americans with Disabilities - Other
Jurisdiction: Federal Question

**Plaintiff**

**Michael L. Buesgens**

represented by **Michael L. Buesgens**
3112 Windsor Road
#A322
Austin, TX 78703
512-339-6005 Ext. 7958
PRO SE

V.

**Defendant**

**Douglas G. Houser**

represented by **Lloyd Bernstein**
Bullivant Houser Bailey PC
300 Pioneer Tower
888 SW Fifth Ave
Portland, OR 97204
503-228-6351
Fax: 503-295-0915
Email: lloyd.
bernstein@bullivant.com
*LEAD*
*ATTORNEY*
*PRO*
*HAC*
*VICE*
*ATTORNEY*
*TO BE*

## BULLIVANT HOUSER BAILEY

## See Civil No. 3:07CV00043-GMK

*NOTICED*

**Maren J. Holmboe**
Bullivant Houser Bailey PC
300 Pioneer Tower
888 SW Fifth Ave
Portland, OR 97204
503-228-6351
Fax: 503-295-0915
Email: maren.
holmboe@bullivant.com
*LEAD*
*ATTORNEY*
*PRO*
*HAC*
*VICE*
*ATTORNEY*
*TO BE*
*NOTICED*

**Michael J. Abrams**
Lathrop & Gage, LC - KC
2345 Grand Boulevard,
Suite 2800
Kansas City, MO 64108
816-292-2000
Fax: 816-292-2001
Email:
mabrams@lathropgage.
com
*LEAD*
*ATTORNEY*
*ATTORNEY*
*TO BE*
*NOTICED*

**Rebecca J. King**
Lathrop & Gage, LC - OP
Corporate Woods, Building
82
10851 Mastin, Suite 1000
Overland Park, KS 66210-
1669
913-451-5141

com
*LEAD*
*ATTORNEY*
*ATTORNEY*
*TO BE*
*NOTICED*

# SCOTT GOERES GALLOWAY

**Defendant**
**Scott Goeres Galloway**

represented by **Lloyd Bernstein**
(See above for address)
*LEAD*
*ATTORNEY*
*PRO*
*HAC*
*VICE*
*ATTORNEY*
*TO BE*
*NOTICED*

Maren J. Holmboe

Douglas G. Houser

Lloyd Berstein

**Bullivant, Houser, Bailey**

Oregon, Washington, California

Now Kansas

2:07CV02116
RELATED TO
3:07CV00043-GMK
APPEAL NO. 07-35578

**Maren J. Holmboe**
(See above for address)
*LEAD*
*ATTORNEY*
*PRO*
*HAC*
*VICE*
*ATTORNEY*
*TO BE*
*NOTICED*

**Michael J. Abrams**
(See above for address)
*LEAD*
*ATTORNEY*
*ATTORNEY*
*TO BE*
*NOTICED*

**Rebecca J. King**
(See above for address)
*LEAD*
*ATTORNEY*
*ATTORNEY*
*TO BE*
*NOTICED*

**Defendant**

**Arnold Carl Tauch**
*Owner,*
*Falcon Group*

**Defendant**

**Jack C Moss**
*Registered*
*Agent,*
*Falcon Group*

**Defendant**

**Kyle D Tauch**
*Partner,*
*Falcon Group*

**Defendant**

**Falcon Group**

**Defendant**

**Debra Wehmeier**
*Vice*
*President,*
*Riverstone*
*Residential*
*SC, LLC*

**Defendant**

**Gary Ken Oldham**
*Partner,*
*Riverstone*
*Residential*
*SC, LLC*

**Defendant**

**Robert A Faith**
*President,*
*Riverstone*
*Residential*

2:07CV02116 Kansas

Real Estate Developers

Property Owners

Falcon Ridge Apartments

<u>Arnold Carl Tauch</u>

<u>Jack Cregg Moss</u>

<u>Houston, Texas</u>

Greystar Holdings, Inc

Not Riverstone

**Christine C Freeland**
*Director,*
*Riverstone*
*Residential*
*SC, LLC*

**2:07CV02116 Kansas**

**Defendant**

**Riverstone Residential SC, LLC**

**Defendant**

**Charles Eads Brown**
*Armbrust &*
*Brown LLP*

**Charles Eads Brown Attorney**

**Major Player**

**Defendant**

**David B Armbrust**
*Respondeat*
*Superior,*
*Armbrust &*
*Brown LLP*

**Defendant**

**Gregory S Cagle**
*Armbrust &*
*Brown LLP*

**Gregory S. Cagle Attorney**

**Major Player**

**Defendant**

**Armbrust & Brown LLP**

**Defendant**

**Dunham Jewett**
*Respondeat*
*Superior,*
*Crady,*
*Jewett &*
*McCulley LLP*

**Defendant**

**Shelley Bush Marmon**
*Crady,*
*Jewett &*
*McCulley LLP*

**Shelley Bush Marmon Attorney**

**Major Player**

**Oregon, Washington, California, Texas**

**Defendant**

District of Kansas

**Crady, Jewett & McCulley LLP**

**Defendant**
**Joseph Rosser**

**Defendant**
**Edward Curry**

**Defendant**
**Bruce Elfant**

**Defendant**
**Felix Tarango**

**Defendant**
**Chester E Beaver**

**Defendant**
**R Barry Robinson**
*AUSA*

**Defendant**
**Tony Brown**
*AUSA*

**Defendant**
**Marc Eric Malinger**
*Attorney*

**Defendant**
**William Kennedy Crone**
*Agent*

**Defendant**
**Denise Louise Black**
*Agent*

**Defendant**
**Leaf Walker**
*Claims*

**Defendant**

```
2:07CV02116-CM-JAR-JPO
Kansas City, Kansas

        Joseph W. Rosser
        Deputy Constable
   Travis County Austin, Texas
  See Rosser at Execution of Writ
Falcon Ridge Apartments July 6, 2006 10:00am


R. Barry Robinson, AUSA
     Major Player
   Austin, Texas
```

STATE FARM
POLICY NO. 83-LV-0578-9
HUD CASE NO. 06-06-0293-8

**Defendant**

**Kenneth Wayne Goheed**

**Defendant**

**Catherine Spencer Brown**

**Defendant**

**Gary Paul Davis**

**Defendant**

**Madleon Unlauf**

**Defendant**

**Rachel Ann Attebury**

**Defendant**

**Alan Roswell Weiner**    Voir Dire Member, Redmond, WA

**Defendant**                      9th Circuit Appeal No. 08-35202

**Hilary Lynn Reyes**

**Defendant**                      Other Voir Dire Members Austin, Texas

**Mariane Johnston**             See Falcon Ridge Apartments

**Defendant**                           Eviction Trial

**Betty Crawford**           January 26, 2006 at 9:00am

**Defendant**                      Case No. 041509

**Brent Carlyle Pohl**

**Defendant**          Austin, Texas

**Jolyn Janell Perez**

**Defendant**

**Travis County, Austin Texas**

**Defendant**

**City of Austin, Austin Texas**

**Defendant**

**State of Texas**

**Defendant**    Melanie Sarwal-Megan Goeres-Andiruh Dev Sarwal

District of Kansas

**Defendant**

**Sam Sparks**
*US District
Judge*

Judge Sam Sparks Austin, Texas

**Defendant**

**Robert L Pitman**
*Magistrate
Judge*

**Defendant**

**Stacy Hunt**

**Defendant**

**Teri Rands**

**Defendant**

**Addington/Passco Four Winds Appartments**    **X**

**Defendant**    **CALIFORNIA CORPORATION**

**Rhonda Addington**    HUD  CASE  NO.  07-07-0814-8

**Defendant**    **RELATED**

**Stephen T. Winn**    HUD  CASE  NO.  06-06-0293-8

**Defendant**

**Darlene Jones**

**Defendant**

**Lauren A. Davis**

**Defendant**

**Angel Guillermo**

**Defendant**

**Scott Browning Coombes**

**Defendant**

**James Patrick O'Grady**

**Defendant**

**Defendant**

**Garry Sweeny** **X**
*Region IV*
*Director- HUD-*
*FHEO-FHAP,*
*Ft Worth TX*

**Defendant**

**Joseph F Castillo**
*Director -*
*Field Office,*
*San Antonio*
*TX*

**Defendant**

**Herbert Evans**
*Judge, Travis*
*County*

**Defendant**

**Melissa Y Goodwin**

**Defendant** **X**

**Harriet M Murphy**

**Defendant**

**J David Phillips**

**Defendant**

**Robert Pemberton**

**Defendant**

**Maureen Ray**
*Attorney*

**Defendant**

**John M Richards**
*Investigator*

**Defendant**

**Earl Leroy Yeakel, III**
*US District*
*Judge*

HUD  CASE  NO.  06-06-0293
FALCON  RIDGE  APARTMENTS
AUSTIN,  TEXAS

**Harriet M. Murphy**
Acting Justice of the Peace
Austin, Texas
Presiding in Falcon Ridge Apartments
Eviction Trial January 26, 2006

2:07CV02116  Kansas  City,  KS

NOTICED

X   **Rebecca J. King**
(See above for address)
*LEAD*
*ATTORNEY*
*ATTORNEY*
*TO BE*
*NOTICED*

**Defendant**

Samantha Sheppard
*Greystar-G*
*Rep*

**Defendant**

**Jack Fritts**
*Family Manager*

**Defendant**

**Mandy Rogers**
*Family Manager*

**Defendant**

**Amanda Wilson-Torres**
*Family Manager*

**Defendant**

**LeAnn Behl**
*Family Manager*

**Defendant**

**Charles H Gorham**
*Administrator,*
*Fair Housing*
*Office, City*
*of Austin TX*

**Defendant**

**Ann Morgan**
*Assistant*
*Attorney,*
*City of*
*Austin, TX*

**FOUR WINDS APARTMENTS**

**OVERLAND PARK, KANSAS**

**2:07CV02116-CM-JAR-JPO**

**MANDY MARIE ROGERS**

**FALCON RIDGE APARTMENTS**

**APARTMENT MANAGER**

District of Kansas

**Leroy Hancuff**
*Manager,*
*Human*
*Relations,*
*UPS,*
*Portland OR*

## SCOTT GALLOWAY MANAGER

**Defendant**

**Andiruh Sarwal**
*Grantor,*
*Grande*
*Communications*

```
ANDIRUH DEV SARWAL, APARTMENT 1033
JUNE 2005 THROUGH DECEMBER 2005
     WEIMARANER DOG OWNER
   FALCON RIDGE APARTMENTS
```

**Defendant**

**Ryan Goeres**         X

**Defendant**

**Patricia Goeres Galloway**

represented by **Lloyd Bernstein**
(See above for address)
*LEAD*
*ATTORNEY*
*PRO*
*HAC*
*VICE*
*ATTORNEY*
*TO BE*
*NOTICED*

*2:07CV02116*
*KANSAS*
*RELATED*

X

*3:07CV00043-GMK*
*OREGON)*

**Maren J. Holmboe**
(See above for address)
*LEAD*
*ATTORNEY*
*PRO*
*HAC*
*VICE*
*ATTORNEY*
*TO BE*
*NOTICED*

**Michael J. Abrams**
(See above for address)
*LEAD*

District of Kansas

**Grande Communications**

<u>**Defendant**</u>

**Kim Kendrick**
*Assisstant
Secretary,
HUD-FHEO-FHAP*

HUD  CASE  NO.  06-06-0293-8

<u>**Defendant**</u>

**Milton Turner**
*Director*

HUD  WASHINGTON,  D.C.

<u>**Defendant**</u>

**Mininka Culpepper**
*Attorney*

HUD  BOSTON,  MA

<u>**Defendant**</u>

**Linda G Katz**
*Attorney*

HUD  BOSTON,  MA

<u>**Defendant**</u>

**John A Benavides**
*Investigator*

HUD  AUSTIN,  TEXAS

<u>**Defendant**</u>

**Allen Hill**
*Director of
Human
Relation,
UPS, Atlanta
GA*

ALLEN  HILL  AND  SCOTT  GALLOWAY

**UNITED  PARCEL  SERVICE**

<u>**Defendant**</u>

**Keri McTigue**
*General
Counsel,
UPS, Atlanta
GA*

UPS

<u>**Defendant**</u>

District of Kansas

**Jay Lawrence Vath**
*Investigator*

Jay Vath No answer Subpoena anywhere

**Defendant**

**State Farm Insurance**

**Defendant**

**State Farm Lloyds**

State Farm

Plaintiff Buesgens

**Defendant**

**Tenant-Renters Policy 83-LV-05-78-9**

**Defendant**

**John Neal**
*Director,*
*Chief*
*Disciplinary*
*Counsel,*
*State Bar of*
*Texas*

**Tenant-Renter Insurance**

**Policy No. 83-LV-0578-9**

**Defendant**

**James Mansour**
*Chairman*

**Defendant**

**Megan M Goeres**
*Human*
*Relations*
*Manager-EEO*

MEGAN MONIQUE GOERES SARWAL GALLOWAY

Weimaraner Dog Apartment 1033

**Volunteer Paid for Witness**

Falcon Ridge Apartments

**See Megan Appearance at Trials**

January 26, 2006

June 16, 2006

**Defendant**

**Andrew Kever**
*Attorney*

**Defendant**

**Tracy Cape**
*Director*

**Megan and Andiruh Sarwal were in violation**
**of Falcon Ridge Apartments lease contract**

No Pet Addendum

**Defendant**

**Kay Stroman**
*Vice President*

Noise and Nuisance

**Defendant**

MAREN J. HOLMBOE-LLOYD BERSTEIN-KANSAS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

*10/8/2007*

MICHAEL L. BUESGENS,

Plaintiff,

v.

DOUGLAS G. HOUSER, ET AL.,

Defendants.

Civil Case No.: 07-2116-CM-JPO

2:07CV02116

**Oral Argument Requested**

BULLIVANT, HOUSER, BAILEY

**MEMORANDUM IN SUPPORT OF MOTION BY DEFENDANTS HOUSER AND THE *IN*
GALLOWAYS TO DISMISS PLAINTIFF'S CLAIMS FOR LACK OF PERSONAL
JURISDICTION AND IMPROPER VENUE AND ALTERNATIVE MOTION FOR
MORE DEFINITE STATEMENT**

*KANSAS*

Defendants Scott Galloway, Pattie Galloway and Douglas Houser, hereinafter

collectively "Oregon defendants"), pursuant to D. Kan. Rule 7.1(a), offer the following

Memorandum in support of their contemporaneously-filed Motion to Dismiss Plaintiff's Claims

for Lack of Personal Jurisdiction and Improper Venue and Alternative Motion for More Definite

Statement.  3:07CV00043-GMK-APPEAL 07-35578

NINTH **I. INTRODUCTION** CIRCUIT

The Oregon defendants' Motion to Dismiss addresses two issues: (1) Whether this Court

has personal jurisdiction over the Oregon defendants, and (2) whether venue is proper in Kansas.

Because these defendants do not have sufficient contacts with Kansas to permit the exercise of

"general" or "specific" jurisdiction over them, and because the facts depriving the Court of

personal jurisdiction also make venue improper here, the Court should enter an Order dismissing

Plaintiff Michael L. Buesgens' Complaint against defendants Scott Galloway, Pattie Galloway,

and Douglas Houser.    VENUE

JURISDICTION

TAUCH-MOSS-GALLOWAY-GOERES-SARWAL

FALCON GROUP-AUSTIN, TEXAS-HOUSTON, TEXAS

PORTLAND-SEATLLE-KANSAS CITY-NINTH CIRCUIT

CWDOCS 551284v1

## II. STATEMENT OF FACTS

For the purposes of this Motion, the following facts are relevant:

**A.    Michael Buesgens**

*HOLMBOE CHANGE*

Buesgens is a 56-year old man who lives in Austin, Texas. In 2005, Buesgens lived in an

apartment at the Falcon Ridge Apartments in Austin, Texas in an apartment directly beneath

Megan Goeres, Scott Galloway's step-daughter[1].    FALCON RIDGE APARTMENTS

HUD CASE 06-06-0293-8

Buesgens has filed multiple lawsuits based on the same facts in several other state and

federal courts, including claims against Scott Galloway in the District of Oregon, which were

dismissed.[2]  Judge Sam Sparks, in the U.S. District Court for the Western District of Texas

summarized Buesgens' multiple lawsuits in his Opinion and Order for *Buesgens v. Travis*

*County, Texas, et al.*, in which Judge Sparks ordered that Buesgens "is barred from filing any

future civil action in any federal court in the United States without first seeking leave of the

Court in which he wishes to file the action."[3]  Judge Sparks' order also states,

> Despite repeated judgments denying him relief, Buesgens
> continues to file and pursue legal action related to his housing and
> employment.  Further, it is clear in each successive case, Buesgens
> adds new claims seeking relief against persons and entities he        BELIEFS
> believes were responsible for his failure to achieve relief in the
> prior case.  Notably, Buesgens adds claims against the lawyers        ONLY ACT
> whose only act was to represent clients sued by Buesgens and
> claims against the judges who have ruled against him.[4]

**B.    Scott and Pattie Galloway**    JUDGE SAM SPARKS, AUSTIN, TX

Defendants Scott and Pattie Galloway live in West Linn, Oregon.  Pattie Galloway is the

mother of Buesgens' former neighbor, Megan M. Goeres.  Scott Galloway is Megan's stepfather.

—————————————————    SHELLEY BUSH MARMON

[1] Declaration of Maren J. Holmboe in Support of Motion to Dismiss by Defendants Houser and the Galloways
("Holmboe Dec."), ¶ 2, p. 2, attached hereto as Exhibit A.

[2] Holmboe Dec., ¶ 2.                    CIVIL NO. 1:07CV00427-SS

[3] Holmboe Dec., ¶ 4, p. 10.            JUNE 21, 2007-ORDER

[4] Holmboe Dec, ¶ 4, p. 8.            FALSE STATEMENTS BY

ATTORNEYS-LAW FIRMS

CWDOCS 551284v1

In late 2005 Scott and Pattie Galloway visited Ms. Goeres at her apartment in Austin, Texas. While the Galloways were packing up their belongings, Buesgens knocked on Ms. Goeres' door. Scott Galloway answered the door, and spoke briefly with Buesgens, who complained to defendant about noise the Galloways were making.[5]   **SCOTT GALLOWAY KNOWS**

In 2006, Buesgens began mailing to Scott Galloway, at his home in Oregon, unsolicited copies of papers that Buesgens had filed in his numerous lawsuits in Texas, some of which named the Galloways' daughter Megan Goeres, as a defendant[6] Scott Galloway did not receive, and Buesgens did not serve Scott Galloway with a subpoena to testify or produce evidence in these suits[7]. Scott Galloway received a phone call from Buesgens on January 7, 2007, in which plaintiff requested Scott Galloway's testimony in his suits. Scott Galloway told plaintiff to stop bothering him, and hung up the phone[8]. **ARNOLD CARL TAUCH**

**MORE SAYS NOTHING**

Buesgens filed suit against Scott Galloway in United States District Court for the District of Oregon in January 2007 in *Buesgens v. Galloway*, civil case No. CV07-0043. In that suit, Buesgens made almost identical allegations to the present action in Kansas. Indeed, in the present action, Buesgens continually refers to and incorporates his other lawsuits, including the Oregon case. **LAWSUITS PAID FOR AND CLOSED**

**PAYS FOR THIS**

The Oregon suit was dismissed with prejudice on June 7, 2007.[9] After addressing the merits of each of Buesgens' claims, Judge Garr M. King dismissed Buesgens' case in its entirety because "plaintiff would be unable to remedy the deficiencies in his pleading."[10] Buesgens filed a notice of appeal with the Ninth Circuit.

---

[5] Holmboe Dec., ¶ 2, p.2.

[6] Holmboe Dec., ¶ 2, p. 3.

[7] Holmboe Dec., ¶ 2, p. 10.

[8] Homboe Dec., ¶ 2, p. 3.

[9] Holmboe Dec., ¶ 2.

[10] Holmboe Dec., ¶ 2, p. 10.

CWDOCS 551284v1

**NOT LITIGATED**
**DISCOVERY AND DISCLOSURE**
**DENIED**
**OR**
**FALSE DOCUMENTS PROVIDED**
**BY**
**ATTORNEYS-LAW FIRMS**
**ALL PAID FOR BY**
**FALCON GROUP**

Buesgens' connection with Pattie Galloway is nonexistent, other than the fact that she is the mother of Megan Goeres, whom Buesgens has sued multiple times in different states and that she is married to Scott Galloway.

Finally, the Galloways have no connections at all to Kansas. They are Oregon residents domiciled in Oregon. They have never been to Kansas; they do not transact business in Kansas; they do not own any real or personal property in Kansas; and do not engage in activities in Kansas sufficient to grant personal jurisdiction over him in Kansas court.[11]

**C.    Douglas G. Houser**    HUD CASE 07-07-0814-8-KANSAS

Douglas Houser lives in Lake Oswego, Oregon. He is a shareholder at Bullivant Houser Bailey, PC, a law firm in Portland, Oregon. This firm represented Scott Galloway in Buesgens' Oregon suit, but Mr. Houser was not involved in any way with that lawsuit. 07-35578

Other than this single, remote incidental connection, Mr. Houser is utterly unconnected with Buesgens. He has never met or communicated with Buesgens in any way, and has not worked on any case in which Buesgens was, or is, a party. DOUGLAS HOUSER RESPONDEAT SUPERIOR

In his motions for the Oregon case against Scott Galloway, Buesgens suddenly began referring to Mr. Houser, even though Mr. Houser was not representing Scott Galloway. Buesgens began referring to Mr. Houser as "Big Game Hunter Douglas W. Houser," and continued to make disparaging personal remarks and blatantly untrue statements about Mr. Houser throughout the rest of the Oregon lawsuit.[12] For example, Buesgens made repeated assertions that Mr. Houser was being untruthful in his representation of Scott Galloway in the Oregon case.[13] These statements could not possibly be true, since Mr. Houser was not representing Scott Galloway, and made no representations to the court regarding the case.

Mr. Houser also has no connections with Kansas that relate to Buesgens' allegations. He

---

[11] Holmboe Dec. at ¶ 7, 8.

[12] Holmboe Dec., ¶ 3.

[13] Holmboe Dec., ¶ 3, p. 2-4.

DOUGLAS HOUSER SETS THE POLICY AND CODE OF CONDUCT FOR HIS SERVANT ATTORNEYS RESPONDEAT SUPERIOR

is an Oregon resident, domiciled in Oregon. He does not own property in Kansas; is not

registered or licensed to practice law in Kansas; and does not engage in activities in Kansas

sufficient to grant personal jurisdiction over him in Kansas court.[14]  To the extent that Buesgens'

claims against Mr. Houser can be determined, they appear to relate solely to his law firm's

representation of Scott Galloway in Buesgens' Oregon case  *RELATED TO DOUG'S*

## III. APPLICABLE STANDARDS

**A.    Motion to Dismiss**  *ATTORNEYS FALSE STATEMENTS ABOUT*

The plaintiff bears the burden of establishing personal jurisdiction over a non-resident  *GOERES*

defendant. *Ammon v. Kaplow*, 468 F. Supp. 1304, 1309 (D. Kan. 1979). In a diversity action,

the question of personal jurisdiction is based on the law of the forum state—here, Kan. Stat. Ann.

§ 60-308. *Id.* at 1308. Because the Kansas long-arm statute, Kan. Stat. Ann. § 60-308, allows

the court to exercise personal jurisdiction consistent with the maximum extent permitted by  *GALLOWAY*

federal due process, the Court's analysis begins with the constitutional due process standards.

*TH Agriculture & Nutrition v. Ace European Group Ltd.*, 488 F.3d 1282, 1287 (10th Cir. 2007).

Due process requires a court to ask "whether the nonresident defendant has 'minimum

contacts' with the forum state such 'that he should reasonably anticipate being haled into court

there.'" *Id.* (quoting *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th

Cir. 1998); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980)) "The

sufficiency of a defendant's contacts must be evaluated by examining the defendant's conduct

and connections with the forum state to assess whether the defendant has 'purposefully avail[ed]

itself of the privilege of conducting activities within the forum State.'" *Rambo v. American*

*Southern Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988) (quoting *Hanson v. Denckla*, 357 U.S.

235, 253, (1958)).

*APPELLANT BUESGENS MOTIONS DENIED DOCKETING BY JUDGE GARR M KING 3:07CV00043-GMK-PORTLAND, OREGON 9TH CIRCUIT NO. 07-35578*

*JUDGE GARR M. KING*

---

[14] Holmboe Dec., ¶ 5, 6.

**B.    Alternate Motion for More Definite Statement**

A party may move for a more definite statement "if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." FRCP 12(e). JURISDICTION 9TH CIRCUIT

## IV. LEGAL ARGUMENT

**A.    The court does not have personal jurisdiction over the Oregon defendants.**

Buesgens' claims against the Oregon defendants should be dismissed because Buesgens cannot possibly show that this Court has personal jurisdiction over the Oregon defendants. Buesgens' claims are not connected with Kansas, and the Oregon defendants do not have sufficient connections to Kansas. NO DOCKETING 3:07CV00043-GMK

**1.    The court does not have "specific" jurisdiction over the Oregon defendants.**

Kansas courts may not exercise specific jurisdiction over the Oregon defendants because the allegations in the Complaint do not arise out of actions that took place in or are related in any way to Kansas, and because the Oregon defendants do not have the "minimum contacts" required. ARISE FROM NO DOCKETING 3:07CV00043-GMK

"Jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum state is 'specific jurisdiction.'" *Rambo*, 839 F.2d at 1418. To establish specific jurisdiction, "there must be such a relationship among the defendant, the forum and the litigation" that the controversy "is related to or 'arises out of' the defendant's contacts with the forum." *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414 (1984).

Where, as here, a defendant does not have <u>any</u> contacts with the forum state, a court in that state cannot exercise personal jurisdiction over the defendant, because "the Due Process Clause 'does not contemplate that a state may make binding a judgment in personam against an individual or corporate defendant with which the state has no contacts, ties, or relations.'" *World-Wide Volkswagen Corp. v. Woodson*, 444. U.S. 286, 294 (1980) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)). Buesgens' Complaint contains no CONTACTS SEE HUD CASE NO. 07-07-0814-8

CWDOCS 551284v1 LATHROP & GAGE, LP-OP-BECKY KING

*MARED SEE HUD CASE 07-07-0814-8 KANSAS*

*HOLMES*

allegations that the Oregon defendants have any connection at all to Kansas. Buesgens' claims did not arise out of actions that took place in Kansas, or in fact have any relation to Kansas at all. The Oregon defendants are domiciled in Oregon and have no connections with Kansas relating to Buesgens' claims Buesgens himself is a resident of Texas. FOUR WINDS APT

OVERLAND PARK, KS

Finally, "the unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State." *Hanson v. Denckla*, 357 U.S. 235, 253 (U.S. 1958). Here, Buesgens is not even a resident of Kansas, so his "unilateral claim" is wholly ineffective. HUD 07-07-0814-8-KANSAS

Because Buesgens, his claims, and the Oregon defendants are each completely unrelated to the forum state, it is not possible for Buesgens to make a prima facie showing that a Kansas Court has specific personal jurisdiction over the Oregon defendants. GREYSTAR HOLDINGS

2.    **The court also lacks "general" jurisdiction over the Oregon defendants.**

Where, as here, the cause of action does not arise out of a defendant's actions in the forum state, a court may exercise general jurisdiction only if the plaintiff can show that the defendants have "substantial, continuous and systematic contact with this state" sufficient to "support jurisdiction consistent with the constitutions of the United States and of this state." Kan. Stat. Ann. § 60-308(2). The Plaintiff must overcome a high burden in order to establish general jurisdiction. *Helicopteros Nacionales*, 466 U.S. 408.

In *Helicopteros Nacionales*. In *Helicopteros Nacionales*, the U.S. Supreme Court's decision illustrates this high burden. In *Helicopteros Nacionales* a Columbian company provided helicopter transport service in Peru, but negotiated the contract for services in Texas. In addition, it purchased helicopters, spare parts, and accessories from a Texas company; sent pilots to Texas for training and other purposes; and sent employees to Texas for "technical consultation." Under the contract, it even received payment from a Texas bank. 466 U.S. at 411.

The Supreme Court held that Texas courts did not have specific jurisdiction over the company for claims not arising from or related to the company's in-forum activities. *Id*. at 416-17. Despite the company's significant contacts with Texas, the Court also ruled that the company's Texas contacts were insufficient to support "general" jurisdiction because they were not of a "continuous and systematic" nature. *Id*. ⟨HOLMBOE IN TEXAS⟩

The holding of *Helicopteros Nacionales* makes it clear that a defendant must make the forum state a "home away from home" in order to be subject to general jurisdiction. Here, Buesgens has not alleged that the Oregon defendants have any contact with Kansas, let alone that they have "substantial, continuous and systematic" contacts sufficient to invoke general jurisdiction. The Oregon defendants have no contacts with Kansas. Under these circumstances, Buesgens cannot possibly establish general jurisdiction over the Oregon defendants.

Buesgens cannot make a case for general jurisdiction over the Oregon defendants because he cannot show that the Oregon defendants have any contacts with Kansas.

**B.    Buesgens claims against the Oregon defendants should be dismissed because venue is improper in Kansas.** ⟨VENUE IMPROPER IN OREGON ALSO⟩

Because all of the defendants do not reside in the same state, venue is only proper this case in districts in which a substantial part of the events giving rise to the plaintiff's claim occurred, or where any defendant is subject to personal jurisdiction. 28 U.S.C. § 1391(a). As noted, none of Buesgens' claims against the Oregon defendants took place in Kansas. In addition, the Oregon defendants are not subject to personal jurisdiction in Kansas.

Accordingly, Buesgens Complaint should be dismissed on the additional ground that venue is not proper in this district. 28 U.S.C. § 1406. ⟨SAYS BULLIVANT, HOUSER BAILEY⟩

**C.    Alternative motion for more definite statement**

If Buesgens' claims against the Oregon defendants are not dismissed in their entirety, the Oregon defendants move, in the alternative, for a more definite statement under FRCP 12(e) because Buesgens' Complaint is vague and ambiguous. The Oregon defendants cannot, from the

CWDOCS 551284v1

allegations in the various documents that make up the Complaint[15], sufficiently determine the claims alleged against the Oregon defendants in order to form a responsive pleading. Most of the documents filed by Buesgens do not mention the Oregon defendants at all.

Buesgens' first filed document, titled "Complaint," mentions Scott Galloway and Douglas Houser extensively. The Complaint cites to several civil rights statutes and other federal statutes by their popular names, but does not state any claims or allege facts sufficient to support any causes of action based on those statutes. In the other documents making up the entire Complaint, Buesgens also seems to allege facts that do not concern the Oregon defendants in any way, and to state causes of action that Buesgens has already litigated in Texas, Oregon, and other states against many of he same parties. The Oregon defendants are unable to discern any specific causes of action to which they can respond. POPULAR NAMES

In the event that the court does not dismiss Buesgens' claims for lack of personal jurisdiction and improper venue, the Oregon defendants request that this Court order Buesgens to file a more definite statement of his allegations against the Oregon defendants.

9TH CIRCUIT           **CONCLUSION**    07-35578

WHEREFORE Defendants Douglas G. Houser, Scott Galloway and Pattie Galloway respectfully request that the Court enter its Order dismissing Plaintiff's claims against them, in their entirety, and for such other and further relief as the Court deems just and equitable. Alternatively, Defendants request the Court for a more definite statement of the claims against them.

DOUGLAS G. HOUSER, OWNER

RESPONDEAT SUPERIOR

BULLIVANT, HOUSER, BAILEY

SAN FRANCISCO-SEATTLE-PORTLAND

SACRAMENTO

---

[15] For the purposes of this Motion, the Oregon defendants have treated Buesgens' Complaint as encompassing the following docketed documents: 1 ("Complaint"); 6 ("Supplement to Complaint"); 9 ("Notice of Joinder of Claims and Remedies"); 33 ("Amended Complaint against all Defendants"); 34 ("Notice of Amendments"); and 38 ("Notice of Relevant Evidence by Michael L. Buesgens").

CWDOCS 551284v1

Respectfully Submitted,

LATHROP & GAGE, L.C.

By  Rebecca J. King

Michael J. Abrams  KS #15407
Rebecca J. King  KS #21180
Lathrop & Gage LC
10851 Mastin Boulevard
Building 82, Suite 1000
Overland Park, Kansas 66210
Phone: (913) 451-5100
Fax: (913) 451-0875
E-mail: mabrams@lathropgage.com
          rking@lathropgage.com

Lloyd Bernstein, Pro Hac Vice Pending
Maren J. Holmboe, Pro Hac Vice Pending
Bullivant Houser Bailey PC
888 SW Fifth Ave., Ste 300
Portland, OR  97204
Phone: (503) 228-6351
Fax: (503) 295-0915
E-mail:  lloyd.bernstein@bullivant.com
          maren.holmboe@bullivant.com

Attorneys for Defendants Scott Galloway,
Pattie Galloway, and Douglas Houser

WHO DOES REBECCA J.
KING REPRESENT?
FOUR WINDS APT
GREYSTAR HOLDINGS
ROBERT A. FAITH
PRESIDENT

ATTORNEYS:
MAREN J. HOLMBOE
R. DANIEL LINDAHL
LLOYD BERNSTEIN
SHELLEY BUSH MARMON
CHARLES EADS BROWN
GREGORY S. CAGLE
JENNIFER LEIGH OWEN

ARNOLD CARL TAUCH
JACK CREGG MOSS
REAL ESTATE DEVELOPERS
BUILDERS-FALCON GROUP
HOUSTON, TEXAS

CWDOCS 551284v1

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of October, 2007 I electronically filed the foregoing with the clerk of the court by using the CM/ECF system and served a copy of the foregoing upon the following by United States Mail, postage prepaid:

Michael L. Buesgens
3112 Windsor Road #A322
Austin, TX 78703
Plaintiff Pro Se

LATHROP & GAGE, LP-OP

/s/Rebecca J. King

An Attorney For Defendants Houser and the
Galloways

2:07CV02116-CM-JAR-JPO

KANSAS CITY, KANSAS

RELATED

NINTH CIRCUIT APPEALS

07-35578

08-35202

OCTOBER 8, 2007

CWDOCS 551284v1

**PLAINTIFF EXHIBIT NO. 16**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
### 500 STATE AVENUE
### KANSAS CITY, KANSAS 66101

FILED

MAY 1 2 2008

Clerk, U.S. District Court

By:_____ Deputy Clerk

Michael L. Buesgens

      Plaintiff

V.

                                  Civil No

                                    2:07CV02116-CM

**Kim Kendrick**, Assistant
Secretary
**Fair Housing & Equal
Opportunity**   *HUD*
U.S. Department of Housing
& Urban Development
Washington, D.C.

**Miniard Culpepper**, General
Counsel
New England Tort Claims Center
U.S. Department of Housing   *HUD*
& Urban Development
Boston, Massachusetts

**Milton Turner**, Director
Compliance & Enforcement   *HUD*
U.S. Department of Housing
& Urban Development
Washington, D.C.

          Defendants

**Plaintiff Buesgens Motion for Judicial Notice of Adjudicative Facts**

**Fed Rules of Evidence Rule 201**

**Facts capable of easy and accurate determination**

**Court Records**
1. U.S. District Court for the District of Kansas

**Administrative Records**
2. U.S. Department of Housing & Urban Development
   HUD case No. 06-06-0293-8
   HUD case No. 07-07-0814-8
   HUD case No. 07-H-066
   A. Kansas City, Kansas
   B. Boston, Massachusetts
   C. Washington, D.C.
   D. San Francisco, California

**U.S. Attorney Office**
**Court Records** and **Administrative Records**
A. Kansas City, Kansas
B. Denver, Colorado
C. Washington, D.C.
D. Boston, Massachusetts
E. Austin, Texas

**For the Following:** HUD

1. HUD Officials was served Summons and Complaint

2. U.S. Attorneys was served Summons and Complaint

3. HUD Officials and U.S. Attorneys did not make an Appearance

4. HUD Officials and U.S. Attorneys did not answer Complaint

5. <u>HUD</u> Officials and <u>U.S. Attorneys</u> (DENIED)
   Plaintiff Buesgens <u>numerous</u> (FOIA) requests

6. <u>FOIA</u> requests that began in <u>2006</u>
   <u>See the attached exhibits</u>

7. Plaintiff Buesgens <u>CENTRAL</u> <u>FOIA</u> <u>ISSUE</u> is <u>HUD</u>
   <u>Administrative Record</u>
   A. <u>Dual Filed</u> HUD case No. (<u>06-06-0293-8</u>)
   B. Dual filed with <u>HUD</u> and City of Austin, Texas
   C. Filed: <u>12/28/2005</u>
   D. Administrative Closure: <u>02/17/2006</u>

8. <u>HUD case No. 06-06-0293-8</u>
   A. Administrative Closure based on <u>TRIAL HAS</u>
      <u>BEGUN</u>
   B. In Retaliatory Eviction Suit <u>CASE</u> No. (<u>041509</u>)
   C. Trial: <u>January 26, 2006</u> at <u>9:00am</u>
   D. Justice of the Peace, Precinct <u>5</u>, Austin, TX
   E. <u>Herbert E. Evans</u>, Justice of the Peace
   F. (<u>Harriet M. Murphy</u>) Acting
      Justice of the Peace, <u>Presiding</u>

9. <u>Forcible Detainer-Unlawful Detainer-Eviction</u>
   <u>CASE</u> No. 041509, Filed against Buesgens
   <u>By the Following</u>:
   A. <u>Arnold Carl Tauch</u>, Landlord
   B. Jack C. Moss, General Partner
      Property Owners
   C. <u>Robert A. Faith</u>, President
   D. Joel Kinzie Oldham, Partner
      <u>Property Managers</u>
   E. <u>Falcon Ridge Apt-Jefferson at Falcon Apt</u>
   F. Falcon Apartments of Austin I, Inc
   G. <u>Greystar Holdings, Inc</u>
   H. Greystar Management Services, LP
   I. Grep General Partner, LLC
   J. Greystar Real Estate Partners

3

10. **Charles Eads Brown,** Eviction Attorney
   A. Real Estate Broker
   B. Real Estate Investor
   C. HUD Mortgage Broker
   D. Fair Housing Act-FHA Expert
   E. Representing Property Owner & Manager
   F. Dual Filed HUD case No. 06-06-0293-8
   G. Eviction Suit Case No. 041509
   H. Trial: 01/26/2006 at 9:00am
   I. Voir Dire seating manager
   J. Jury Selection manager
   K. Appeal of Eviction Suit CASE No. 041509
      CAUSE No. C-1-CV-06-000678
      Appeal Trial: 06/16/2006
      Writ of Possession on 07/06/06-10:00 am

11. Plaintiff Buesgens Renewal Apartment Lease
    Contract
    A. National Apartment Association sponsored
       Apartment lease contract at Falcon Ridge Apt
    B. Signed on December 5, 2005
    C. For the period: 12/26/2005-10/22/2006
    D. Mandy Marie Rogers, Apartment Manager
    E. Samantha Shepherd, Assistant Manager
    F. Debra G. Wehmeier, Vice President
    G. Amanda N. Wilson-Torres, Leasing Agent
    H. Leann Behl, Assistant Manager

12. Double Rent Charges-Unlawful Reletting Charges
    Charged to former tenant Michael Buesgens on
    A. July 9, 2006
    B. $3,893.00

13. Jennifer Leigh Owen, Attorney
    Jefferson at Falcon Ridge-Falcon Ridge Apt
    JPI Partners, et al
14. Steven Winn, CEO
    Real Page-One Site-Tenant Credit Agency
    Carrollton, Texas

4

## RELIEF

### Take judicial notice of this court records

### For the Following:

1. HUD Officials and U.S. Attorney served
   Summons and Complaint—2:07CV02116
   Certified mail-Return receipt requested

   Delivered to the following on 09/13/2007
   A. Kim Kendrick
   B. Miniard Culpepper
   C. Milton Turner
   D. Alberto Gonzales
   E. Eric F. Melgren

2. Neither HUD Officials Nor U.S. Attorney
   Filed answer to Plaintiff Buesgens complaint
   Civil No. 2:07CV02116

3. Plaintiff Buesgens FOIA Administrative Records
   Requests DENIED
   HUD case No. 06-06-0293-8
   See Attached Exhibits-Letters from HUD

4. HUD case No. 07-07-0814-8
   HUD Kansas City, Kansas
   A. Administrative Record NEVER presented to this
      Court for Review

5. Plaintiff Buesgens Housing Discrimination
   Complaint against the following:
   A. Four Winds Apartments
      Misty Holladay, Manager
   B. Robert A. Faith, President
      Greystar Holdings, Inc
      Overland Park, Kansas

5

6. Civil No. 2:07CV02116-CM-JAR-JPO
   Kansas City, Kansas
   A. Is Complex Litigation
   B. Is Multidistrict Litigation

7. Civil No. 2:07CV02116-CM-JAR-JPO
   U.S. District Court
   District of Kansas

   Docketed and set civil No. 2:07CV02116
   Standard Litigation

Respectfully Submitted,

Michael L. Buesgens
May 8, 2008

MAY 8, 2008
2:07CV02116
KANSAS
RELATED   3:07CV00043-GMK
          PORTLAND OREGON

6

# CERTIFICATE OF SERVICE

I certify that one true copy of the foregoing was served by priority mail, delivery confirmation this 9th day of May, 2008, Addressed to the following:

*2:07CV02116-KAUSAS*

1. **Alberto Gonzales**
   **U.S. Attorney**
   **Eric F. Melgren**, U.S. Attorney
   **Jeffrey A. Taylor**, U.S. Attorney

   A. **Pat S. Genis**, **AUSA**, **TAX DIVISION**
   B. R. Barry Robinson, AUSA
   C. Michael C. Johnson, AUSA
   D. **Alphonso Jackson**, **HUD** Secretary
   D. Kim Kendrick, **HUD** Assistant Secretary
   E. Miniard Culpepper, **HUD** General Counsel
   F. Milton Turner, **HUD** Director, Compliance
      **HUD** case No. 06-06-0293-8, **Austin, Texas**
      **HUD** case No. 07-07-0814-8, **Kansas City, KS**
      **HUD** case No. 07-H-066, **Sacramento, CA**
      P.O. Box 227
      **Washington, D.C. 20044**

2. **R. Faye Austin**, **HUD**-Region **IX** General Counsel
   A. Cynthia L. Abbott, Director **HUD** Field Office
   B. Dana Erica Wallack, Staff Attorney
   C. **Richard K. Uno**, Court Staff Attorney
   D. Michael A. Force, President
   E. **Brenda A. Morgan**, Property Manager
   F. Mary Banks, Manager

   **Pacific Cities Management**
   **Westcal Management**
   **Sandpiper Apartments**
   **U.S. Department of Housing & Urban Development**
   600 Harrison Street
   **San Francisco, California 94107**

7

3. Jennifer Lee Owen, Attorney
   A. Higier Allen & Lautin
   B. JPI Partners
   C. Real Page-One Site-Tenant Credit Agency
   D. Falcon Ridge Apt-Jefferson at Falcon Ridge

   5057 Keller Springs Road, Suite 600
   Addison, Texas 75001

4. Judith Keeler, Director, HUD-FHEO, Region X
   A. Carl Brown, HUD Compliance Manager
   B. Glenn Youngblood, HUD Intake Specialist
   C. Bullivant, Houser, Bailey, PC
   D. Gregory Mayes
   E. William Mayes
   F. Shirley L. Mayes
   G. Liberty Management Group, Milwaukie, OR
   H. The Heights Apartments

   U.S. Department of Housing & Urban Development
   909 First Avenue, Suite 200
   Seattle, Washington 98104-1000
   Phone: 206-220-5304
   Fax: 206-220-5447

5. Rebecca J. King, Attorney
   A. Four Winds Apartments
   B. Greystar Holdings, Inc
   C. Lathrop & Gage, LP-OP

   10851 Mastin Boulevard
   Building 82, Suite 1000
   Overland Park, Kansas 66210-1669

8

6. Shelley Bush Marmon, Attorney

A. Charles Eads Brown, Eviction Attorney
B. Maren J. Holmboe, Attorney
C. Douglas G. Houser, Attorney
D. Arnold Carl Tauch, Landlord
E. Jack Cregg Moss, General Partner
F. Megan Monique Goeres Galloway-Paid Witness
G. Melanie P. Sarwal, Attorney, Apartment 1033
H. Andiruh Dev Sarwal, Weimaraner Dog Attorney
I. Scott H. Galloway, Falcon Ridge Apartments
J. Patricia Goeres Galloway, Apartment 1033
K. Alan Roswell Weiner, Voir Dire Member
L. Gregory S. Cagle, Attorney

M. R. Barry Robinson, AUSA
   HUD case No. 06-06-0293-8
   HUD case No. 07-07-0814-8
   HUD case No. 07-H-066

Crady, Jewett & McCulley, LLP
Armbrust & Brown, LLP
Lathrop & Gage, LP-OP
Higier Allen & Lautin
Bullivant, Houser, Bailey, PC

2727 Allen Parkway, Suite 1700
Houston, Texas 77019

2:07CV02116-KANSAS

9

**Michael L. Buesgens**
Former Tenant Falcon Ridge-Jefferson at Falcon
Ridge-Apartment 1023

**Ninth Circuit Appeals**
08-35202
07-35578

**Mailing Address:**

3112 Windsor Rd, Suite A322
Austin, Texas 78703
Phone: 512-339-6005X7958
Email: mikebuesgens@hotmail.com
May 8, 2008

2:07CV02116-KANSAS

10

# EXHIBITS

2:07CV02116-KANSAS

1. Delivery Confirmations-09/13/2007
   Certified mail-Return Receipt Requested
   Service of Summons & Complaint
   HUD Officials and U.S. Attorneys

   Civil No. 2:07CV02116-CM-JAR-JPO
   U.S. District Court
   For The District of Kansas
   Kansas City, Kansas

2. FOIA DENIED Letters from HUD
   2006-2007-2008

   SUBJECT
   Dual Filed Housing Discrimination Complaint
   Administrative Record
   HUD case No. 06-06-0293-8

3. Attorneys-Law Firms
   Defendants-Appellees

4. Shelley Bush Marmon, Attorney
   A. Crady, Jewett, McCulley, LLP
   B. Megan Goeres Galloway-Paid Volunteer Witness
   C. Bullivant, Houser, Bailey, PC

   Shelley Bush Marmon, Attorney
   SPEAKS

   MDL 1800, et al, AND

11

**PLAINTIFF EXHIBIT NO. 17**

# MICHAEL L. BUESGENS
## Reasonable Accommodation Requests
## Falcon Ridge Apartments
November 19, 2005
December 22, 2005

## HUD CASE NO: 06-06-0293-8
Filed: 12/28/2005

## EVICTION CASE NO: 041509
## Charles Eads Brown, Attorney
Filed: 12/30/2005

## EVICTION TRIAL
## FALCON RIDGE APARTMENTS
January 26, 2006

## EVICTION APPEAL
January 29, 2006

## APPEAL BOND
$10,000.00 Cash

## EVICTION APPEAL CAUSE
CAUSE NO. C-1-CV-06-000678

## APPEAL TRIAL
## FALCON RIDGE APARTMENTS
June 16, 2006

## WRIT OF POSSESSION EXECUTED
## FALCON RIDGE APARTMENTS, APT NO: 1023
July 6, 2006 10:00 am

1

# PLAINTIFF BUESGENS CIVIL ACTION
# HOUSING DISCRIMINATION COMPLAINT
# 200th JUDICIAL DISTRICT AUSTIN, TEXAS
Judge Scott Jenkins
## CIVL CAUSE NO: D-1-GN-06-000262
Filed: <u>01/23/2006</u>

## HEARING
Judge Scott Jenkins
Charles Eads Brown, Attorney
Falcon Ridge Apartments, Defendant
Michael L. Buesgens, Plaintiff
<u>February 21, 2006</u>

## THE SET-UP
## MEDITATION
<u>March 27, 2006</u>

## CIVIL CAUSE D-1-GN-06-000262
## UNLAWFUL REMOVAL
TO
## JUDGE EARL LEROY YEAKEL III
## U.S. DISTRICT COURT AUSTIN, TEXAS

## CIVIL ACTION NO: 1:06CV00226-LY-RP
<u>March 29, 2006</u>

## <u>ATTORNEY'S</u>
**Shelley Bush Marmon**
Crady, Jewett, McCulley, LLP
**Gregory Scott Cagle**
Armbrust & Brown, LLP
**Charles Eads Brown**

1

REPORTER'S RECORD
VOLUME 1 OF 1 VOLUME
TRIAL COURT CAUSE NO. D-1-GN-06-000262

MICHAEL L. BUESGENS                    )  IN THE DISTRICT COURT
                                       )
VS.                                    )
                                       )      2/21/2006
                                       )      AUSTIN, TX
FALCON RIDGE APARTMENTS,               )
FALCON APARTMENTS OF                   )  TRAVIS COUNTY, TEXAS
AUSTIN, LTD., FALCON                   )
APARTMENTS OF AUSTIN I,                )
INC., GREYSTAR PROPERTY                )
MANAGEMENT, DEBI                       )
WEHMEIER, MANDY ROGERS,                )
AND AMANDA WILSON                      )
                                       )
       Defendants                      )  200TH JUDICIAL DISTRICT

*1.* WHO OWNS FALCON RIDGE APARTMENTS?

*2.* MEDIATION

PRETRIAL CONFERENCE

JUDGE SCOTT JENKINS

ORIGINAL

       On the 21st day of February, 2006, the following

proceedings came on to be heard in the above-entitled

and numbered cause before the Honorable Scott H.

Jenkins, Judge presiding, held in Austin, Travis County,

Texas;

       Proceedings reported by machine shorthand.

*3.* INTERNAL REVENUE SERVICE EMPLOYEES
LIVING AT FALCON RIDGE APARTMENTS

2

1       **A P P E A R A N C E S**

2

PRO SE PLAINTIFF:

3

4       MICHAEL L. BUESGENS
        3112 Windsor Road, #A322
        Austin, Texas  78703

5       (512) 339-6005 Ext. 7391

6

7    FOR THE DEFENDANTS:

8       CHARLES E. BROWN
        SBOT NO. 03101650

9       LAW OFFICES OF CHARLES E. BROWN, P.C.
        3624 North Hills Drive, Suite B-100

10      Austin, Texas  78731
        (512) 346-6000

11

12

13

14

15

16

17

18

19

20

21

22

23

3

## I N D E X

|  | Page | Vol. |
|---|---|---|
| Announcements............................ | 4 | 1 |
| Argument by Mr. Buesgens.............. | 5 | 1 |
| Argument by Mr. Brown..... ........... | 29 | 1 |
| Court Orders Mediation................. | 50 | 1 |
| Adjournment............................ | 61 | 1 |
| Court Reporter's Certificate........... | 62 | 1 |

**PROCEEDINGS**    2/21/2006

1

2    THE COURT:  We're on the record in Cause

3    No. D -- well, let me give me you the short -- you don't

4    need the whole thing, do you?  GN-06-000262, Michael

5    Buesgens, B-u-e-s-g-e-n-s, vs. -- on this style, on the

6    plaintiff's first amendment to original complaint, it's

7    styled Michael L. Buesgens vs. Falcon Ridge Apartments,

8    et al.  Would you each make your announcement for the

9    record, beginning with plaintiff?

10    MR. BUESGENS:  I'm Mike Buesgens, pro se,

11    for plaintiff.

12    THE COURT:  Okay.

13    MR. BROWN:  Charles Brown.  I represent

14    Falcon Ridge Apartments.

15    THE COURT:  And this came to me off the

16    central docket this morning, actually from the

17    unassigned docket.  Judge Covington sent you up.  And

18    it's set -- we just had a discussion off the record.

19    Although the docket sheet said it was set by the

20    defendant, you both agree this setting was obtained by

21    the plaintiff, and it was set for a pretrial conference.

22    Is that correct, Mr. Buesgens?

23    MR. BUESGENS:  That's correct, Your Honor.

24    THE COURT:  All right.  And let me let you

25    explain first what it is you believe needs to be

5

considered at this pretrial conference by the Court, and

then I'll hear from Mr. Brown, and we'll take it from

there.

        MR. BUESGENS:  I'm requesting the correct

assumed name for Falcon Ridge Apartments and their

address, their limited liability company and their

general partnership company.  I'm also requesting the

true name of those individuals that own Falcon Ridge

Apartments.  I'm also requesting the name -- the true

and correct name -- or the assumed name of the general

partnership for Greystar Property Management and their

limited liability company.

        THE COURT:  I'm sorry.  The true name for

Greystar?

        MR. BUESGENS:  No.  The assumed name and

the true name also for Greystar Property Management and

their partnership and the names and addresses of the

individuals that I've named as defendants in this.  I

haven't been able to serve Falcon Ridge Apartments any

papers because of the confusion over what the name is of

the defendant.

        THE COURT:  Well, you had a lease with

them; is that right?  I gather from reading the

pleadings that you had a lease with them, and you've

already had some litigation in justice of the peace

6

1    court about that lease.  Is that right?  *2/21/2006*

2                MR. BUESGENS:  Yes, we did.  And discovery

3    was abused in there and --

4                THE COURT:  Well, let's don't digress into

5    that.  If you could answer this --

6                MR. BUESGENS:  All right.  I didn't get

7    the names of these people that I need, and I've been

8    trying to get it since December 15th.

9                THE COURT:  Okay.  Of '05?

10               MR. BUESGENS:  That's correct.

11               THE COURT:  Okay.  When was the case in JP

12   court filed?

13               MR. BUESGENS:  We had a trial

14   January 26th.

15               THE COURT:  Of this year?

16               MR. BUESGENS:  Yes.

17               THE COURT:  Okay.  Do you remember when it

18   was filed, when it started, when that case started?

19               MR. BUESGENS:  I think the suit was filed

20   December 30th of 2005.

21               THE COURT:  Okay.  So all this has been

22   pretty recent, then.

23               MR. BUESGENS:  Yes.  And we're also in

24   county court now on appeal of that justice court.

25               THE COURT:  Of that very case that was

1  tried in January?

2            MR. BUESGENS:  That's correct.

3            THE COURT:  Okay.

4            MR. BUESGENS:  And the issues are similar.

5            THE COURT:  Okay.  And I gathered that

6  from the defendant, too.  And I gather you're not living

7  there now.  Or you are?

8            MR. BUESGENS:  Yes, I live there.

9            THE COURT:  You still live there?

10           MR. BUESGENS:  Yes, I do.

11           THE COURT:  Okay.  Because you posted a

12  bond which allows you to continue to live there?  Is

13  that the way -- I don't know that much about eviction

14  suits, to be honest, because they're in JP court, and I

15  just didn't really handle them in my career.

16           MR. BUESGENS:  Yes, Your Honor.  I posted

17  bond, and that's why I'm still there, and now we're

18  going to appeals court in county court.

19           THE COURT:  Okay.  I get that.  And you're

20  saying there was some confusion about the correct -- you

21  want to make sure you've got the correct parties in the

22  case; is that right?

23           MR. BUESGENS:  The correct names and

24  addresses.  And I also want the true names.  And I've

25  looked at some of these filings that I just got here,

1  and the defendants' attorney believes that these

2  individuals are not liable.

3              THE COURT:  In their individual capacity?

4              MR. BUESGENS:  In their individual

5  capacity.  And I disagree with that.

6              THE COURT:  Well, and that's not something

7  that I'll be deciding today.  That's something --

8              MR. BUESGENS:  But I can't even get the

9  names and addresses to serve anyone.  The Texas Rules of

10 Civil Procedure allow me to request the true name of the

11 individuals that own this limited liability.  And I

12 tried to do that in JP Court, and I'm trying here, and I

13 can't get it.

14             THE COURT:  Okay.  So your concern is,

15 okay, if these individuals aren't liable in their

16 individual capacity, tell me the entity that I'm

17 supposed to have in this case that is responsible for

18 the lease and for whom they worked when they did all of

19 the actions about which you complain; you want to know

20 who's responsible for those actions.  Is that

21 essentially what you're after?

22             MR. BUESGENS:  No, Your Honor.

23             THE COURT:  Okay.

24             MR. BUESGENS:  I know who's responsible.

25             THE COURT:  Okay.

1    MR. BUESGENS:  But it's both the limited

2 liability company and the individuals in their own

3 capacity as working -- as their performance and their

4 duties.

5    THE COURT:  Okay.

6    MR. BUESGENS:  Because I'm in here on a

7 discrimination complaint.

8    THE COURT:  And I read that.  That's why I

9 pulled up your complaint, so I could read what it is the

10 case is about.  That's really my map, so to speak, to

11 see what's the case -- what is the case about.

12    MR. BUESGENS:  But I do request all the

13 names and addresses of these defendants --

14    THE COURT:  Okay.  All right.

15    MR. BUESGENS:  -- and the true names also

16 for the liability companies.  And I want to know the

17 general partnership and the limited.  Now, I see

18 defendant has mentioned in here that I'm supposed to go

19 to some public place and look this up.  Now, I am not a

20 real estate attorney, and I don't understand why I can't

21 request this from the opposing party to get the correct

22 person to serve here so I know who everybody is.

23 I mean, they've got my name, address, social security

24 number --

25    THE COURT:  Well, one way to do --

1    MR. BUESGENS:  -- credit history and

2  everything, and I'm not allowed to know anything about

3  them.

4    THE COURT:  One way to do that is if you

5  contend that the correct parties have not been sued,

6  state with precision who the correct parties are in the

7  case.  And I know Mr. Brown would respond to that and

8  would state who he contends, based on his reading of

9  your pleadings, to be the correct parties, because I

10  gather they're contending that the correct parties are

11  not these individuals because they weren't acting in an

12  individual capacity; they were acting on behalf of an

13  entity when they did what they did that you're

14  complaining about.  And that seems to be what he's

15  saying.  And you say I think, if I'm understanding you I

16  think legitimately, I simply want to know who you

17  contend are the correct parties, and that makes sense to

18  me.

19    MR. BUESGENS:  Also, I've got --

20    THE COURT:  But this may not be the

21  vehicle to do it, but maybe we can do it informally and

22  move you on down the road in your lawsuit.

23    MR. BUESGENS:  Excuse me, Your Honor.

24  I've also named Greystar Property Management as a

25  defendant, and I don't believe that's the correct name.

1   I think it's Greystar Management Services.

2            THE COURT:  So you want to make sure

3   you've got the right parties?

4            MR. BUESGENS:  Yes, because -- yes, Your

5   Honor, because I can't proceed here.  Otherwise, I can't

6   go anywhere with this thing.  I can't even serve the

7   citation.

8            THE COURT:  So if they read your

9   complaints about discrimination and all of that, you

10   want to know from them, even if -- if all or any of this

11   were true, who would be the correct party to sue.  Is

12   that right?

13            MR. BUESGENS:  I'm not asking them who the

14   correct -- you mean asking the defendant who the correct

15   party is?

16            THE COURT:  Yes.

17            MR. BUESGENS:  No, I'm not asking them who

18   the correct party is.

19            THE COURT:  Ah, okay.  Well, that may be a

20   harder problem.

21            MR. BUESGENS:  I don't care who they think

22   the correct party is.

23            THE COURT:  I see.

24            MR. BUESGENS:  I believe the correct party

25   is the limited liability company, general partnership,

1  and I want their true names, and I want their assumed

2  names and addresses, and I also want the name and

3  address of -- the resident address of these defendants

4  that I've listed as individuals.

5         THE COURT:  Well, the people you listed --

6  and I'm just reading your petition here.  Let's see.

7  Plaintiff -- well, other than the style of your first

8  amended original complaint, the style simply says Falcon

9  Ridge Apartments, et al and Greystar Property Management

10  and Debi Wehmeier, if I'm pronouncing that right,

11  W-e-h-m-e-i-e-r, regional vice president of Greystar

12  Property Management and Mandy Rogers, manager, Falcon

13  Ridge Apartments, and Amanda Wilson, leasing consultant,

14  Falcon Ridge Apartments.  Those are all the defendants

15  you've named in this amended complaint; is that right?

16         MR. BUESGENS:  That's correct.  But I

17  don't have their resident addresses.

18         THE COURT:  Apparently you've --

19         MR. BUESGENS:  Not their business address

20  or whatever.

21         THE COURT:  Ah.  Well, you've sued all

22  three of the individuals, right?  And they filed an

23  answer, the way I read it.

24         MR. BUESGENS:  Well, I got their answer

25  here this morning a few minutes ago.

1        THE COURT:  Okay.  So you're not concerned

2   about them anymore because they're already -- you got

3   them and they're in the case.

4        MR. BUESGENS:  No.  I'm requesting their

5   resident address.

6        THE COURT:  Why?

7        MR. BUESGENS:  I believe it's important to

8   properly pursue this case.

9        THE COURT:  Why?

10       MR. BUESGENS:  Because it's my

11  understanding that the rule allows that the resident

12  addresses are provided so I can properly serve these

13  defendants.

14       THE COURT:  You've already successfully

15  gotten them in the case.  They've already answered.  You

16  don't need to serve them again.  I don't know of any

17  other reason why you'd need their residence.

18       MR. BUESGENS:  Okay.  Well, I got it just

19  this morning.

20       THE COURT:  And that's great.  And I

21  understand that.  You didn't know you were going to get

22  it.  Now you've got the answer.  They're in the case.

23  The other two defendants are Falcon Ridge Apartments and

24  Greystar Property Management.

25       A quick question for Mr. Brown.  Have

14

*0-1-GN-06-000262*

1  answers been filed for either one of those defendants?

2         MR. BROWN:  We filed an answer for

3  Greystar Property Management this morning, along with

4  Mandy Rogers and Amanda Wilson.  Falcon Ridge Apartments

5  has not been served yet, so we have not filed an answer

6  on their behalf.  *NOT LEGAL ENTITIES*

7         THE COURT:  And there's no answer yet for

8  Debi Wehmeier?

9         MR. BROWN:  I'm sorry.  Debi Wehmeier also

10  we filed -- the answer today was for Greystar Property

11  Management, Debi Wehmeier  Mandy Rogers and Amanda

12  Wilson.

13         THE COURT:  Okay.  Greystar Property

14  Management, is that the full name or is it an Inc.?

15         MR. BROWN:  That's an assumed named for --

16  I believe it's Greystar Property Management Services,

17  Inc.  *NO IT'S NOT ASSUMED NAME*

18         THE COURT:  And you say that in your

19  answers -- in your answer?

20         MR. BROWN:  Our answer was just defendant

21  Greystar Property Management.  But I'll be happy to

22  provide him with an assumed named certificate if that's

23  the case or give him the name of the corporation.

24         THE COURT:  So what you're saying is he

25  sued you in your assumed name --

*BROWN LIES*

1    MR. BROWN:  Correct.

2    THE COURT:  -- which is Greystar Property

3  Management.

4    MR. BROWN:  Yes.

5    THE COURT:  And the only entity that

6  operates in that assumed name is Greystar Property

7  Management Services, Inc.  You're stating that on the

8  record now.  And you will give him the assumed name

9  certificate which would list the address for Greystar

10 Property Management Services, Inc. and indicate the

11 assumed name?

12    MR. BROWN:  I'll be happy to do that or I

13 will -- if they don't have an assumed name certificate,

14 I'll give him -- I'll amend my answer to be in the name

15 of the corporation.

16    THE COURT:  Okay.

17    MR. BROWN:  I'm not trying -- we're not

18 trying to --

19    THE COURT:  Play hide the ball.

20    MR. BROWN:  Right.

21    THE COURT:  I get it.

22    MR. BROWN:  It's all --

23    THE COURT:  That makes sense.  Now, Falcon

24 Ridge Apartments, is there an answer filed for Falcon

25 Ridge Apartments today?

1          MR. BROWN:  No, Your Honor.  They haven't
2 been served yet.
3          THE COURT:  Okay.  Do you have -- do
4 either one of you have the previous pleading filed by --
5 I gather there were two pleadings.  There was an
6 original complaint and a supplemental complaint.  I just
7 blew right past those.  When I saw that you had an
8 amended complaint, I went straight to that because that
9 wipes out everything before.  However, I gather the
10 service of process was the original petition.  And so do
11 either one of you have a copy of that?  I can call it up
12 if you don't.
13          MR. BUESGENS:  Your Honor, I want to speak
14 about that amendment.  I amended that in particulars.
15 And you said that wipes out the entire thing, even
16 though I amended particulars in it?
17          THE COURT:  The rules provide that when
18 you file an amended petition, what that means is that
19 wipes the plate clean of what you filed before and
20 everyone can just read this amended petition.  The way
21 lawyers do it -- and frankly, this is the way lawyers do
22 it, too -- rather than do supplemental petitions, which
23 are hard to follow, is that you just restate everything
24 you had before and add whatever you want to add or
25 subtract whatever you want to subtract.  But in any

1    event, that stands as your new pleading.  *2/21/06*

2              Now, you already served them with the

3    original pleading.  And apparently they've already

4    answered based on the original pleading because that's

5    what they were served with, so the answer they filed was

6    to your original pleading.  But now you've amended, and

7    those people who have appeared will now be aware of this

8    amendment and will have to deal with whatever new

9    complaints are in the amendment that weren't in your

10   original pleading.  Does that make sense?

11             MR. BUESGENS:  Yes, it does, but it's my

12   understanding that there's some dispute as to whether an

13   amendment completely changes something or whether it

14   doesn't.

15             THE COURT:  There's no dispute.  That's

16   the law.  If you file an amended complaint, that is your

17   live pleading.  By calling this amended -- plaintiff's

18   first amendment to original complaint, I would construe

19   that to be a first amended original complaint, and I

20   think any judge would.

21             So what I would do -- and again, I can't

22   be in a position of giving you advice, but this is what

23   most lawyers do.  They amend their pleadings and put

24   everything in the amendment they want.  Instead of

25   having various supplemental petitions floating around,

1   which gets confusing for everybody, including them, they

2   simply file amended pleadings.  And that's what every

3   lawyer I know does unless there's some little bitty

4   addition you want to make.  But even then, there's

5   seldom a reason to do it in a supplemental.

6           So what you did was file an amendment,

7   which is the way 99.999 percent of the time lawyers do

8   it, so you did right.  And that amends your previous

9   pleadings, and that becomes what we call the live

10  pleading.  This is what's before the Court.  This is the

11  complaint you have against these people.  And that's why

12  I've pulled it up, because I knew that that was the live

13  pleading.  Okay?

14          MR. BUESGENS:  I understand.

15          THE COURT:  All right.  Now, what

16  Mr. Brown said is that Falcon Ridge Apartments has not

17  been served yet.  Is that what you said, Mr. Brown?

18          MR. BROWN:  That's correct.

19          THE COURT:  All right.  So no answer has

20  been filed for Falcon Ridge Apartments.  But apparently

21  today you got an answer for Greystar Property

22  Management, and Mr. Brown has said on the record he will

23  either get you a copy of the assumed name certificate,

24  and he will send that to you by mail.  Failing his

25  ability to get an assumed name certificate, he said on

1  the record he would amend his pleadings and state that

2  his answer is on behalf of Greystar Property Management

3  Services, Inc., who is the entity that is operating

4  under this assumed name that you've sued, to make it

5  clear for you and clear for the record that that's the

6  party in the case and that's who you do have in the

7  case.  Okay?  That answers that question.

8           With respect to Falcon Ridge, they're not

9  in the case yet, so there's really nothing I can do with

10  Falcon Ridge Apartments.  Presumably they will have the

11  same lawyer.  And I suspect Mr. Brown will go off the

12  record and tell you who Falcon Ridge is and, you know,

13  if there is an entity and give you --

14           MR. BROWN:  We've already produced that

15  information to him who the owner of Falcon Ridge

16  Apartments is.  It's a limited partnership.  We gave him

17  the name of the partnership and the address of the

18  partnership.  MR BROWN LIES   ITS THE GENERAL PARTNER

19           THE COURT:  And you did that in the --

20           MR. BROWN:  We did that in the -- in the

21  JP case --

22           THE COURT:  Right.

23           MR. BROWN:  -- the eviction case.

24           THE COURT:  I started to say eminent

25  domain, the forcible entry and detainer case.  Okay.

1  All right.

2          MR. BUESGENS:  Excuse me, Your Honor.  I

3  put in my pleadings that I requested the true name of

4  Falcon Ridge --

5          THE COURT:  Well, in --

6          MR. BUESGENS:  -- in my original pleading.

7          THE COURT:  In this case?

8          MR. BUESGENS:  Pardon?

9          THE COURT:  In this case here?

10          MR. BUESGENS:  Yes.

11          THE COURT:  Okay.

12          MR. BUESGENS:  And I have not gotten a

13  response to that, what the true name is.

14          THE COURT:  Well, you haven't served

15  Falcon Ridge for one thing, and so there's no answer for

16  Falcon Ridge yet because they have not yet been served.

17  The parties who have been served have answered, and

18  they're going to give you supplemental information as to

19  Greystar to make it clear who Greystar is.  That's all

20  they're obligated to do at this point.

21          MR. BUESGENS:  Your Honor, I requested

22  this in JP court and never got it.

23          THE COURT:  Well, that's a matter that's

24  not before me now.  However, I did read -- and let me

25  make a suggestion.  I'll go outside the box here for a

1  minute. Mr. Brown filed something asking for relief
2  from all the discovery you're filing in this case. I
3  understand that you want certain information. There's
4  certain information everyone is entitled to in the case.
5  It may be that some of the things you're asking for
6  you're entitled to. It may be that some of the things
7  you're not entitled to. I did read with interest that
8  he said that much of this discovery was done in the JP
9  case.

10        So I would suggest that you both think
11  about this. You both think about agreeing that whatever
12  discovery was done in the JP case can be used in this
13  case as though it was done in this case and it will be
14  incorporated by reference. That way, you don't have to
15  do it again. It will save you -- because you're
16  handwriting this. I've done that a lot, too, because
17  I'm not the best word processor. And that will save you
18  time and effort. It will save them time and effort.
19  And it will mean that all of the information you have in
20  the JP case is as though it were done in this case.
21  Just a suggestion --
22              MR. BUESGENS:  Excuse me.
23              THE COURT:  -- that jumped out at me, and
24  it might work for you.
25              MR. BUESGENS:  The discovery in JP was

1 horrible. It didn't follow any rules of procedure. And

2 it didn't have some of the issues that I've got before

3 in this court in my interrogatories.

4          THE COURT:  Okay.  Well, then I'll just

5 have to --

6          MR. BUESGENS:  So it's worthless to me,

7 more or less.  And it was just a completely -- I didn't

8 even get the thing until the day of the trial.

9          THE COURT:  Okay.  Well, so far everything

10 that's on file, I've done everything I can do.  I have

11 required them -- or I didn't require them.  Mr. Brown

12 agreed graciously that he would provide you with the

13 assumed name certificate.  And failing that, he would

14 amend his pleadings to make clear who the entity is

15 behind the assumed name of Greystar Property Management

16 who you sued.  The individuals have already answered, so

17 we've all agreed that's all they're required to do at

18 this point.

19          MR. BUESGENS:  Excuse me --

20          THE COURT:  And I need to know what else

21 from you is before me today that you can ask me to do.

22          MR. BUESGENS:  I want to serve Falcon

23 Ridge Apartments.  I want to serve a citation on them.

24          THE COURT:  Well, that's something you'll

25 have to do.

1    MR. BUESGENS:  But I'm still confused as

2    to where to send it, where to serve it.

3    THE COURT:  Then you may need to send a

4    question to Greystar or the individuals, please tell me

5    what the entity Falcon Ridge -- you know, who owns

6    Falcon Ridge Apartments, who the owner is and operator

7    of Falcon Ridge Apartments for me to properly serve them

8    in my claims against them concerning my residence at

9    Falcon Ridge Apartments.

10    MR. BUESGENS:  Your Honor --

11    THE COURT:  That's kind of a homely

12    statement, but I don't know how else you can do it.

13    MR. BUESGENS:  Your Honor, excuse me.

14    I've done that.  They know all about it.  They're

15    playing games with me here.  That's why I called the

16    pretrial conference.

17    THE COURT:  When did you file the -- when

18    did you send them the question to tell you?

19    MR. BUESGENS:  In JP court.  And I also

20    sent it in this court.

21    THE COURT:  Okay.  What is it you want to

22    know?

23    MR. BUESGENS:  I want the name of the

24    general partner for Falcon Ridge and the address for the

25    general partner.  I want the name and address of the

1   limited partner --

2           THE COURT:  And how do you know that there

3   is a partnership operating it?

4           MR. BUESGENS:  Pardon?

5           THE COURT:  How do you know that this is a

6   partnership operating Falcon Ridge Apartments?  If you

7   knew that, you would have sued the partnership, right?

8   You sued Falcon Ridge Apartments.  What did you sue when

9   you filed -- by the way, would someone hand me the

10  original complaint?  Do you have it, Mr. Brown?

11          MR. BUESGENS:  Okay.

12          THE COURT:  Hang on just one second.  Let

13  me read the original complaint because that's who you've

14  sued.  May I borrow your file for a moment?

15          MR. BROWN:  Sure.

16          THE COURT:  It'll save me some time rather

17  than calling it up.

18          All right.  I'm looking at your original

19  complaint, and it's Michael Buesgens vs. Falcon Ridge

20  Apartments, 500 East Stassney, Falcon Ridge Apartments

21  of Austin, Ltd., 2525 South Shore Boulevard, League

22  City, Texas, Falcon Ridge Apartments of Austin,

23  Incorporated, 5225 Katy Freeway, Houston, Texas, and

24  then you go on to Greystar Property Management, which

25  we've already discussed.  *NOT LEGAL ENTITY*

1          You must know an awful lot about Falcon

2    Ridge Apartments because you sued an LTD and a

3    corporation, right?  So you know that there's a

4    corporation that runs these apartments as well as an

5    LTD?

6          MR. BUESGENS:  Excuse me.  It's my

7    understanding that they're a partnership that you call

8    them a corporation.  You can call a partnership a

9    corporation.  These names I've got here, it's confusing

10   for me to know who -- I want to know who the general

11   partner is for Falcon Ridge and who this limited partner

12   is and what their addresses are.  And I also want to

13   know their true names.

14          THE COURT:  Okay.

15          MR. BUESGENS:  You know, their true names

16   with surnames.  Now, I gave you a tax statement there to

17   look at from Falcon Ridge.  It's got directors Arnold

18   Tulmich (phonetic), I believe his name is.  And I'm not

19   sure if that person is just a director or also an owner

20   and is a registered agent there by the name of Moss.

21          THE COURT:  Okay.  Anything else you want

22   in the pretrial conference?

23          MR. BUESGENS:  That's it.  I want

24   compliance with discovery which I didn't get in JP

25   court.  And now it looks like I'm running into it with

1   these motions that he's filed saying that my discovery

2   doesn't apply or my requests are too extensive or --

3           THE COURT:  Well, these are just motions

4   that were filed -- *D-1-GN-06-000262*

5           MR. BUESGENS:  Uh-huh.

6           THE COURT:  -- hang on just one second --

7   on February 21st.  And what Mr. Brown said is that

8   they're not set today because they were just filed

9   today, this being February 21st.  So no, you don't have

10  to stand up and respond to those off the cuff.  They're

11  not -- they can't do that to you, and he's not asking me

12  to do that to you.  He's just filed those today.  And

13  you can anticipate, I guess, coming back here and

14  dealing with that.  And that's why I said maybe there's

15  a way to do this efficiently where you can use the

16  discovery that you got there.  And to the extent you say

17  you didn't get an answer there in JP court, ask

18  Mr. Brown to give you the answer now.  Because the

19  Court -- if the Court finds -- it may be me or it may be

20  another judge -- that you've already gotten the

21  information in JP court and he's willing to use that

22  information as though it were answered here and then you

23  come back saying I want him to do it -- I'm saying they

24  didn't give it to me and we can read that they did, a

25  court's going to be upset about that.  On the other

1    hand, if they didn't give it to you in JP court and

2    you're asking for it now and it's a legitimate question,

3    then the court will compel them to do it.  But that's --

4    I'm anticipating what a court may do, but that's not

5    before me today.

6                MR. BUESGENS:  But excuse me, Your Honor,

7    the record in JP court is defective, and I've been

8    trying for about a month to get that corrected, and both

9    JPs from Precinct 5 and 3 won't take any responsibility

10   to get a correct record.

11               THE COURT:  Well, that's not before me

12   now.  That's not my court.

13               MR. BUESGENS:  Okay.  I understand.

14   That's just an explanation.  I cannot rely on Mr. Brown

15   for anything.  We are at war.  We do not communicate.

16   Mr. Brown is a real estate attorney.  He runs all over

17   me because I'm a pro se.  He wants to beat me down with

18   anything he can legally and illegally.  He'll tell me

19   anything on discovery.  He'll give me legal advice.  I

20   don't need it.  I don't even want to communicate with

21   him.  The only way I can communicate with him is in

22   front of a judge.

23               THE COURT:  Okay.  Well, that's your

24   option.  You can communicate in writing or in front of a

25   judge.

1          MR. BUESGENS:  I can't communicate with

2    him at all.

3          THE COURT:  Well, he's the lawyer for

4    them.

5          MR. BUESGENS:  I understand that.

6          THE COURT:  And that's the person with

7    whom you have to communicate about this case.  If you

8    choose not to speak to him over the phone, that is

9    certainly your choice.  But communication will have to

10   occur under the Rules of Civil Procedure, and it will be

11   with Mr. Brown who's their lawyer.  But you've told

12   me --

13          MR. BUESGENS:  I would like --

14          THE COURT:  Excuse me.  You've told me

15   what it is you have before me today, and I've heard

16   that.  And I've worked I think very patiently to get

17   that information and to be clear about what you're

18   doing.  I take very seriously my obligations to make

19   sure that pro se litigants have a fair day in court.

20   And you're going to have that here, I assure you.  So I

21   think I've done that.

22          I've asked you to tell me what it is you

23   want in this motion, and you've told me.  You want

24   information regarding Falcon Ridge.  That's what you're

25   asking for, and I understand that.  So I'm going to

1 allow Mr. Brown to respond to that. And I gather that

2 is the information you want in this pretrial conference.

3          MR. BUESGENS:  That's correct.  You

4 understand that I want the limited partner, the general

5 partner and the true names?

6          THE COURT:  I heard you say that.

7          MR. BUESGENS:  Okay.

8          THE COURT:  And I'm going to hear

9 Mr. Brown's response to that.

10          MR. BUESGENS:  Okay.  And Mr. Brown is

11 going to provide some type of information at some time

12 later after this hearing?

13          THE COURT:  I haven't even let Mr. Brown

14 speak yet really other than to answer my questions.

15 He's going to respond to what you're asking the Court to

16 do at what you call the pretrial conference.

17          MR. BUESGENS:  Okay, fine.

18          THE COURT:  And I'm going to let him

19 speak.  Mr. Brown?

20          MR. BROWN:  Thank you, Your Honor  With

21 respect to Falcon Ridge Apartments, on January 23rd we

22 sent Mr. Buesgens a letter by certified mail that

23 says -- that gives him the name of the holder of record

24 title of Falcon Ridge Apartments, and that's Falcon

25 Ridge Apartments of Austin.

*THATS NOT CORRECT NAME*

1      THE COURT:  I'm sorry.  You gave this to

2  him --

3          MR. BROWN:  January 23rd.

4      THE COURT:  In this case?

5          MR. BROWN:  In the JP case.

6      THE COURT:  All right.

7          MR. BROWN:  And actually, that's not

8  necessarily even with that case.  Under the Texas

9  Property Code Section 92.203, he has a right as a

10  resident of Falcon Ridge Apartments to ask for the name

11  and address of the true owner.  And so just pursuant to

12  his request, he wanted that name and we gave that to

13  him.  We gave him a copy of the assumed name certificate

14  that is on file that shows Falcon Ridge -- Falcon

15  Apartments of Austin, Ltd. is doing business as an

16  assumed name, and it gives the address in League City,

17  Texas of the limited partnership.

18      THE COURT:  And that's the entity that

19  apparently he sued, though you say he has not yet served

20  in League City; is that right?

21          MR. BROWN:  Correct.

22      THE COURT:  All right.

23          MR. BROWN:  And it also is signed by the

24  Falcon Apartments of Austin I, Inc., general partner.

25      THE COURT:  What is signed by the --

1    MR. BROWN:  The assumed name certificate.

2    THE COURT:  Okay.  Do you have a copy of

3    the assumed name certificate or could we make a copy

4    here?

5    MR. BROWN:  Yes.  I've given it to him.

6    I've got a copy here and a copy of my letter.

7    THE COURT:  Okay.  Mr. Buesgens, did you

8    get this letter?

9    MR. BUESGENS:  I gave a copy to you.  I

10   don't know what he's talking about.  I gave him a copy

11   of a December 15th letter and a January 23rd.

12   MR. BROWN:  Correct.  On December 16th we

13   sent him -- gave him notice that the owner was Falcon

14   Group, LP and a Houston, Texas address.  We were wrong

15   about that.  We discovered that we were wrong about

16   that.  So on the 23rd we sent him another letter that

17   said that upon further investigation, we've determined

18   the name and address is Falcon Apartments of Austin,

19   Ltd.

20   MR. BUESGENS:  Excuse me, Your Honor.  He

21   didn't discover anything.  I had to do something about

22   it.

23   THE COURT:  Excuse me, Mr. Buesgens --

24   MR. BUESGENS:  I had to bring that up in

25   JP court.

1       THE COURT:  Mr. Buesgens, you're going to

2  need to retain your composure, all right?  Mr. Brown's

3  turn is now.  I asked one question, and this is not a

4  time to interrupt.  Okay?  If I ask you -- it's his turn

5  to speak now, just as I gave you a complete opportunity

6  to speak.  If I have a question of you, I will ask it,

7  just as I did Mr. Brown.  Otherwise, it's his turn.  So

8  you may be seated and wait until it's your turn.

9       All right.  So Mr. Brown, you -- the

10  current information -- is this the owner now or the

11  owner at the time -- during the time about which he

12  complains or both?

13       MR. BROWN:  It's both.

14       THE COURT:  All right.

15       MR. BROWN:  There hasn't been a change in

16  ownership.  We just gave -- I don't know how we got the

17  wrong name -- on our December 16th letter, we gave him

18  the wrong name.  When we discovered that we had given

19  him the wrong name, on January 23rd we gave him another

20  letter and said we were wrong before; upon further

21  investigation, we found, here is the name and address of

22  the record title owner of the apartments.

23       THE COURT:  All right.  Now, Mr. Buesgens,

24  I do have a question for you.  You handed me before I

25  got on the bench -- or you handed to the bailiff this

1  letter about which Mr. Brown just spoke dated

2  January 23rd.  And it has a Plaintiff's Exhibit 11 on

3  it.  What does that mean?  Why is it marked Plaintiff's

4  Exhibit 11?

5              MR. BUESGENS:  That's from the JP court.

6              THE COURT:  That means you already used it

7  there?

8              MR. BUESGENS:  Well, the plaintiff did.

9  Mr. Brown was the plaintiff in that.

10              THE COURT:  Ah, Mr. Brown was the

11  plaintiff in JP court, so -- but this is your copy with

12  the original exhibit marker on it?

13              MR. BUESGENS:  That's correct.

14              THE COURT:  And you believe it was

15  introduced as an exhibit in the JP court?

16              MR. BUESGENS:  Yes, it was.

17              THE COURT:  Okay.  Thank you,

18  Mr. Buesgens.  Do you concur on that?

19              MR. BROWN:  I believe that's correct.  I

20  don't know whether I -- I can't recall if I introduced

21  it into evidence, but I gave him copies of all my --

22              THE COURT:  All right.

23              MR. BROWN:  -- all my documents that were

24  used in that case.

25              THE COURT:  All right.  Now, here's where

1  we are, Mr. Brown.  And I'll let you -- I'm still with

2  you.  Or do you think you've given me the full response

3  you want to give me in response to his requests today in

4  what he's characterized a pretrial conference?

5              MR. BROWN:  Well, with regard to the

6  discovery, our answer date was today, so we filed our

7  answer today on the defendants that have been served.

8  He's filed three sets of interrogatories on us over the

9  last few weeks prior to our having even filed an answer

10  in this case.  So our response to the discovery is not

11  due for some time now.

12              THE COURT:  So the response to the

13  discovery, why was that done today?  If it wasn't served

14  with the original petition, was any of that due today?

15              MR. BROWN:  No, no discovery is due today.

16  And that's my point, is that he's asking -- whatever

17  he's -- he's upset because we're not giving him any

18  information pursuant to discovery requests, but our

19  discovery answers aren't due until some time because

20  they were served on us before we even filed an answer in

21  this case.

22              THE COURT:  Okay.  And I'm just trying to

23  kind of patch you through, and maybe if you can get the

24  information he seems to be concerned about, maybe that

25  will solve a lot of problems.  Maybe it won't.  He's

1  asked today, though I agree with you, it's not the --

2  this is not the proper way to get the information.  He

3  has said I simply want to know who the owners are of

4  this entity.  That seems -- that's what I'm inferring.

5  That seems to be what he's saying.  Is that what you

6  understand, too?    *2/21/06*

7                MR. BROWN:  If he's talking about the

8  individuals.  I don't know whether he's talking about

9  the individuals or --

10              THE COURT:  This is what I heard him say.

11              MR. BROWN:  Okay.

12              THE COURT:  It's clear to me, Mr. Brown,

13  that you're saying that the owner during the entire time

14  of the period that he -- about which he complains in his

15  lawsuit and today, that the owner for that entire time

16  is Falcon Apartments of Austin, Ltd., with an address on

17  South Shore Boulevard in League City, Texas, correct?

18              MR. BROWN:  That's correct.

19              THE COURT:  He seems to be today asking

20  who was the owner of Falcon Apartments of Austin, Ltd.

21  He wants the general partner, the limited partners.

22  That seems to be what he's asking.

23             Now, this is not the proper way to get it,

24  but what is your response to that, just so we can

25  anticipate that and maybe cut through it?

1    MR. BROWN:  Well --

2         THE COURT:  Not that you have to respond

3    today.  You can tell me you don't.

4         MR. BROWN:  I don't think that it's

5    relevant who the -- unless he has some -- he hasn't made

6    any allegation that anybody has acted outside of the

7    scope of their duties with this -- in this case.  He's

8    named Mandy -- these ladies that manage the apartments.

9         THE COURT:  Did they all work for Falcon

10   Apartments of Austin, Ltd.?

11        MR. BROWN:  Mandy Rogers and Amanda Wilson

12   and Debi Wehmeier all work for Greystar.  Greystar is a

13   property management company that manages Falcon Ridge

14   Apartments for the owners.

15        THE COURT:  So the only thing Falcon

16   Apartments of Austin, Ltd. owns is the apartments

17   themselves and the land.  They contract with Greystar,

18   who has been properly sued and has answered in this

19   case.  That's the correct entity; is that right?

20        MR. BROWN:  That's correct.

21        THE COURT:  And that is the entity that

22   manages the apartments.  And they would be responsible

23   for the management decisions that have occurred there.

24   And these three individuals at all relevant times were

25   in the course and scope of their employment for the

1  Greystar entity that the plaintiff has sued.

2              MR. BROWN:  That's correct.

3              THE COURT:  It sounds like you've got the

4  right people, so you did good.  Okay.  And I understand

5  your point that the owners of Falcon Apartments of

6  Austin, Ltd. at this point, based on the pleadings now,

7  certainly -- there's no pertinence whatsoever, there's

8  no relevance whatsoever --

9              MR. BROWN:  Right.

10             THE COURT:  -- to this case.  And in fact,

11 they weren't even managing their own apartments.  They

12 entrusted that by contract to Greystar.

13             MR. BROWN:  That's correct.

14             THE COURT:  All rightee.  I understand.

15 Anything else you think the Court needs to do today in

16 this pretrial conference set by the plaintiff?

17             MR. BROWN:  Well, because it is a pretrial

18 conference -- and I guess part of the subject matter

19 here is how do we go forward in managing this case, and

20 you've given us one suggestion, and that would be to

21 possibly use the discovery in another case here.

22 Mr. Buesgens has filed a fair housing complaint, a

23 complaint that my clients violated the Fair Housing Act

24 with the local EEOC department which investigates fair

25 housing -- they're charged with the duty of

1 investigating fair housing complaints.  We filed a

2 response to that complaint.  We had a pre -- we had an

3 eviction case in JP court.  And I can't remember whether

4 his fair housing complaint came before or after we filed

5 the eviction case, but right around there.  We had a

6 trial already in that case.  We did discovery.  In fact,

7 the trial was postponed so we could produce responses to

8 his discovery in that case.  So I do think incorporated

9 in that -- in both of those responses would be our

10 response to the fair housing complaint and our response

11 to discovery in the JP case.  I mean, we've given,

12 basically, here's our file.

13          THE COURT:  What you're saying is you

14 would be willing for the plaintiff to be able to rely on

15 your discovery responses.  Now, he seems to have some

16 complaints about them.  But to the extent they're any

17 good at all from his standpoint, you're willing to say

18 that they're incorporated by reference and that all of

19 the discovery done in the JP case can be referenced in

20 this case as though it had occurred in this case?

21          MR. BROWN:  That's correct.

22          THE COURT:  Well, that would save

23 everybody some time to the extent there's any --

24 you know, there's any responses upon which he wants to

25 rely.  All right.  That sounds very reasonable.  What

O-1-GN-06-000262

1  else?

2          MR. BROWN:  Well, I don't know whether --

3  if the Court -- I'm kind of -- I don't really know.  We

4  have this case.  We have the case that's now going to be

5  in county court, which I assume we'll have another trial

6  on.

7          THE COURT:  Now, that's an appeal of the

8  JP case?

9          MR. BROWN:  That's an appeal of the JP

10 case.                 C-1-CV-06-000678

11         THE COURT:  And that's a de novo?

12         MR. BROWN:  That's a de novo.

13         THE COURT:  De novo means you try the case

14 over again.

15         MR. BUESGENS:  Yes, Your Honor.

16         MR. BROWN:  We have -- Mr. Buesgens has

17 filed a grievance against me with the State Bar, with

18 the Ethics Commission.  We've had --

19         THE COURT:  With what Ethics Commission?

20 I understand the State Bar.

21         MR. BROWN:  With the State Bar.  I don't

22 know.  I guess it has to do with voting.  He had my

23 voting records for some reason.  And that's not really

24 important other than the point of -- because they didn't

25 find that I had done anything wrong, but the point is

1   that this has escalated from a -- was an eviction case

2   of we're not getting along, please leave, to, you know,

3   litigation on all fronts, which is his right to do, I

4   understand, but we have -- you know, he's filed some 19

5   motions in the other case, in the JP case, more -- and

6   that's an approximate amount, but it's numerous.  And he

7   spent quite a bit of resources and effort on that,

8   obviously.  You know --

9              THE COURT:  What are you asking me to do

10  today?

11             MR. BROWN:  Well --

12             THE COURT:  I see that it's --

13             MR. BROWN:  I don't know whether

14  mediation -- I filed the motion for mediation  We're

15  not able to sit down and talk as in most cases.

16             THE COURT:  But you think if you had a

17  third-party mediator --

18             MR. BROWN:  If we had a third party, it

19  may help.

20             THE COURT:  -- you could talk through

21  them.  And you would hope to maybe even resolve the

22  case.

23             MR. BROWN:  I'd love to resolve the case.

24             THE COURT:  Okay.

25             MR. BROWN:  But we need some direction

1  from the Court of how we might -- because we've got all

2  this stuff going on, and it seems to me that it's kind

3  of inefficient to have all these --

4          THE COURT:  I understand.

5          MR. BROWN:  -- little skirmishes here and

6  there, and we could --

7          THE COURT:  You're preaching to the choir

8  now.

9          MR. BROWN:  -- put it all in one room.

10          THE COURT:  I'm a big believer in

11  mediation, having been a mediator myself.  And that's

12  the one thing about private practice I do miss.  I love

13  trying to get people together and making peace.  There's

14  nothing more gratifying in the world I've found than

15  that.

16          So Mr. Buesgens, would you be amenable to

17  going to -- you understand mediation is not arbitration.

18  A mediator doesn't make any decisions for you.  It's

19  like, you know, President Carter shuttling diplomacy in

20  the Middle East or Henry Kissinger, if you're old enough

21  like me to remember that, shuttling back and forth

22  between the parties to see if they can make peace and

23  see if there can be some resolution that everyone can

24  live with.  Is that something you might be interested in

25  doing now?

1          MR. BUESGENS:  Your Honor, I gave

2  defendants a statement regarding a settlement that I

3  proposed, and I never got a response from them on that.

4          THE COURT:  To whom did you give that

5  statement?

6          MR. BUESGENS:  To the defendants in this

7  case.

8          THE COURT:  To whom specifically?  Did you

9  write a letter to someone?  Did you make an oral

10 statement to them?  What did you do?

11         MR. BUESGENS:  I provided it in one of

12 my -- in the motion or else in the amendment or

13 something.  I'm not sure.  It's in there.  But I offered

14 a settlement to Greystar Property Management and the

15 individuals and no one responded to me.

16         THE COURT:  Okay.  What was your

17 settlement offer?  Do you -- well, no, don't tell me

18 that.  Don't tell me that.  I shouldn't ask that.

19         Well, here's the thing.  Mediation --

20 that's exactly what mediation is for, for them to hear

21 you, through the mediator -- person to person if that

22 works; if that doesn't work, through the mediator.  I

23 used to do shuttle diplomacy a lot.  I would put one

24 party in one room and the other party in the other room,

25 and I'd go back and forth as the mediator, and that's

1  what a lot of mediators do.  $\Delta$-1-GN-06-000262

2          Sometimes they'll have the parties meet

3  together at the beginning.  Sometimes they won't.  It

4  just depends on the case and what's best for that case.

5  That would allow you through the mediator to convey any

6  offers you want to make to settle and for them through

7  the mediator to convey any offers and for the mediator

8  to talk to both of you to see if it might be possible to

9  settle their case.

10          They're expressing interest in trying to

11  sit down with you through a mediator and settle the

12  whole case, and that makes a lot of sense to me.  And I

13  just wanted your response.  Is there any reason you'd

14  have to not sit down with them with a mediator that I

15  can help you pick and send you to a mediator now?

16          MR. BUESGENS:  Yes, Your Honor.  I have a

17  dispute on that.  I've tried mediation before.  We could

18  have settled this all a long time ago back in December.

19          THE COURT:  You tried this with a mediator

20  before?

21          MR. BUESGENS:  No.  I mean, not with a

22  mediator, but I tried to get mediators to help me and I

23  couldn't get anybody.  I tried to get housing

24  discrimination people to help me.  I tried to --

25          THE COURT:  That's okay.  If we could get

1  somebody now who would be --

2           MR. BUESGENS:  No, I don't want anybody

3  now because of the issues on this discovery.  This issue

4  has become more now on the discovery, particularly with

5  these questions I have regarding Internal Revenue

6  Service employees.

7           THE COURT:  I'm sorry.  What on earth is

8  that about?

9           *IRS*     MR. BUESGENS:  I used to work for the

10  Internal Revenue Service, and I retired from there on

11  disability.  One of them lived at Falcon Ridge

12  Apartments, and it's my opinion that they spoke with the

13  managers there and told them that I had some kind of

14  disability, some type of problem, and that they moved

15  out of that apartment complex because of that, and

16  that's why management has treated me the way they have

17  for the past year or so, or two, or whatever it's been,

18  and how we ended up in this situation to begin with.

19           THE COURT:  I see.  And so --

20           MR. BUESGENS:  And now they don't want to

21  answer these questions, so I guess I'll do depositions.

22           THE COURT:  What are the questions?

23           MR. BUESGENS:  Well, he's --

24           THE COURT:  What are the questions to

25  which you must have an answer before you can even

*DORIENNE BONILLA IRS EMPLOYEE*
*FALCON RIDGE APARTMENTS TENANT*

1    discuss settling your case?

2              MR. BUESGENS:  The Internal Revenue

3    Service issues.

4              THE COURT:  I don't understand the

5    question.  What is the question?

6              MR. BUESGENS:  Huh?

7              THE COURT:  What is the question?

8              MR. BUESGENS:  Well, it's not just one

9    question.  It's --

10             THE COURT:  Well, give me an example of a

11   question.

12             MR. BUESGENS:  I want to know how many

13   people lived at the -- from the IRS from January of 2003

14   to January 1 of 2006 that were IRS employees.  I want to

15   know --

16             THE COURT:  Wouldn't it be easier to

17   simply ask  did anybody complain about me as the source

18   of the reason why you wanted me evicted?  Did you

19   receive complaints about me?

20             MR. BUESGENS:  Your Honor  -

21             THE COURT:  That seems to be the question.

22             MR. BUESGENS:  Your Honor, these people

23   are lying to me.  We're in a lie here.

24             THE COURT:  Okay.

25             MR. BUESGENS:  I can't go to anybody and

1    say that.  I've got to --

2             THE COURT:  So the answer --

3             MR. BUESGENS:  I've got to do a deposition

4    or something on them.  I've got to do investigative

5    work.  I've got to do all this.

6             THE COURT:  The answer to my question is

7    you don't want to go to a mediator?

8             MR. BUESGENS:  No.

9             THE COURT:  All right.  That answers that

10   question.  *WHY DOES BROWN WANT MEDIATION?*

11            Okay.  Anything else, Mr. Brown, that you

12   want the Court to consider at this stage, at this early

13   stage, at what has been called a pretrial conference?

14            It's my feeling when you have that sort of

15   hostility to mediation that it's unproductive.  Having

16   said that, as a mediator, I frequently had people

17   ordered by judges to mediation whose cases I settled as

18   a mediator who -- sometimes both of whom told me there's

19   no way you're going to be able to settle this case, we

20   don't think we can settle this case, and it settled.

21            But my sense is, given his reaction to

22   this, that the only way to handle this is, I guess, with

23   motion practice in order to deal with what's before the

24   Court, what's not before the Court.  You know, I don't

25   know what else to say.  I don't know to whom I would

*MEDIATION MARCH 27, 2006    CASE REMOVED MARCH 29, 2006*

1  send it, but I'm willing to listen to you if you -- it's

2  your suggestion that at this pretrial conference the

3  Court -- which the Court can do; the Court has the power

4  to do that -- order mediation.

5          Having heard Mr. Buesgens' response, do

6  you concur in what I'm saying or do you have different

7  feelings about that?

8          MR. BROWN:  Well, I never have thought

9  that mediation was a waste of time in any case because

10 there are cases that we're not hopeful that people can

11 get together and actually agree on something and they

12 do, so -- but, you know, if Mr. Buesgens picks -- if he

13 wants to pick a mediator -- I don't know that he would

14 pick a mediator.  He's not going to be comfortable with

15 whoever I pick, I don't think.

16         THE COURT:  No, no, no.  That's clear.

17 He's telling me he doesn't even want to go to a mediator

18 who I pick.  So I'm hearing from him he's not going to

19 pick a mediator.  But let me ask him a quick question.

20         If I order you to go to mediation, will

21 you pick a mediator?  If I say I want you to go to

22 mediation and I'm going to order mediation because I

23 want you to make your best effort to settle the case

24 before we spend however much court time we're going to

25 have to spend on this case --

1          MR. BUESGENS:  I don't think it would be

2   appropriate for me to pick a mediator, no.

3          THE COURT:  Do you even have anyone in

4   mind?  Have you done any research --

5          MR. BUESGENS:  No.

6          THE COURT:  Because you indicated to me

7   you were trying to get a mediator.  Do you have anyone

8   in mind?

9          MR. BUESGENS:  Well, I had some people

10  that I thought could help me, like the tenants council

11  and all those other people, but I couldn't get any help.

12  So no, I haven't looked into the mediation aspect of it

13  other than that.

14          THE COURT:  Okay.  So you wouldn't know

15  who to pick anyway, is what you're telling me?

16          MR. BUESGENS:  No.  But I don't think it's

17  appropriate for the plaintiff or the defendant to decide

18  who the mediator is going to be.

19          THE COURT:  Well, sometimes that's the way

20  it happens because the other side is willing -- because

21  if the mediators are good mediators, it doesn't matter

22  who picked them.  It's just like -- I mean, their role

23  is to be an independent third party to try to get you to

24  settle.  But I understand.  You don't -- your answer is,

25  no, you don't know of anybody and, no, you can't pick

*MEDIATOR*

1    anybody.  So you've answered my question.  Thank you.

2                MR. BUESGENS:  Can I say one other thing,

3    Your Honor?

4                THE COURT:  If it's about that question,

5    yes.

6                MR. BUESGENS:  For one thing, I would need

7    someone that's well versed in the Property Code to be a

8    mediator because there's been all kinds of violations

9    here by the defendant on that issue.

10               THE COURT:  I understand.

11               MR. BUESGENS:  And nobody understands that

12   except him, the defendants' attorney.

13               THE COURT:  I understand.  Well, you'd

14   need a smart mediator who could read the Property Code

15   and figure out what it says.

16               MR. BUESGENS:  Well, I need someone that

17   can deal with the Property Code and the real estate

18   issues, yes --

19               THE COURT:  Yeah.  I understand.

20               MR. BUESGENS:  -- and the discrimination

21   on top of it.

22               THE COURT:  Okay.

23               MR. BROWN:  And Judge, I think that if --

24   maybe the Court will give him three names that the Court

25   thinks would be an appropriate mediator for our case and

1  let him pick one, I'd be fine with that.  I mean, I --

2          THE COURT:  Is defendant willing to pay

3  for the mediation as long as it's -- and I always tax

4  mediations -- I say I always do -- I tend to tax

5  mediation as court costs.  So at the end of the case,

6  whoever loses the case, that's a cost of the case, and

7  that's what I tend to do.  Having said that, are you

8  willing to pay the up-front cost of the mediation, but

9  in the order it will be a taxable court cost?

10          MR. BROWN:  I would.

11          THE COURT:  All right.

12          MR. BROWN:  I would -- well, I mean, I

13  can't -- my client's not here to answer that question,

14  but I feel -- I would suggest that to them, and I don't

15  think that they would disagree.

16          THE COURT:  You can always ask the Court

17  to reconsider.  *WHO IS MR BROWN CLIENT?*

18          MR. BROWN:  Right.

19          THE COURT:  All right.  I think you need

20  to sit down with a mediator.  The mediator who comes to

21  my mind -- and I will tell you, I can tell you're very

22  angry, Mr. Buesgens, and you feel -- and you're very

23  distrustful.  I understand that.  You're not the first

24  person who's walked in this courtroom who feels that

25  way.  Generally I get at least one person who feels that

2/21/2006

1  way every week, if not every day.  That's what I do.

2                MR. BUESGENS:  I can understand that.

3                THE COURT:  So the person who jumps out in

4  my mind, although there are many wonderful mediators,

5  but I'm thinking of this person because he's a very

6  gentle soul, extremely sincere, earnest person, and just

7  a hard person not to like, is my impression, is Tom

8  Collins.  He's also done a lot of business litigation.

9  He's done a lot of mediation involving collections

10 disputes.  He used to do a lot of that in bankruptcy.

11 This is not a bankruptcy case.  But I believe he will be

12 conversant in these issues because his entire practice

13 has been in the area of business practice.  And by

14 virtue of his bankruptcy work, you know, he's had to

15 encounter a lot of real estate cases.

16                Now, no one's coming to mind immediately

17 who's a real estate expert who has gone into mediation.

18 If you can think of any names, that's fine.  Another

19 person who's maybe not as gentle, but a very good

20 mediator, very firm mediator, and maybe you want that,

21 is Mike Schless.  But I think that he might not be the

22 right personality for this, though I have high regard

23 for him.  I have high regard for him.

24                I think it needs to be somebody who's just

25 really patient with a good personality.  And, you know,

*MEDIATOR*

1  you might ask Mr. Collins for two other names.  And

2  I'm -- again, each case is so different, and this one

3  strikes me as a good one for Mr. Collins.  I'll tell

4  you -- I'll give an example of a case that I had that I

5  thought there was no way it could settle.  It was after

6  a jury trial, and no one trusted each other.  There were

7  allegations of fraud in that case in the trial.  They

8  couldn't even speak to each other.  And I thought

9  there's no way this case is going to settle, and it

10 settled with Mr. Collins after the trial before it was

11 going up on appeal, an extraordinarily difficult case

12 with extraordinarily, you know, high emotions and

13 distrust, much, much worse than what I've heard so far

14 in this case.  So that's why he jumps out at me as

15 somebody who's just good at listening and making sure

16 he's understanding everybody and getting them to listen

17 hopefully at some point, because if you're not willing

18 to listen, you know, you're not ever going to settle

19 anything.  In fact, you can't even go through life if

20 you're not willing to at least listen to people and try

21 to work with them to see if you can get a resolution.

22           So that's what I think.  If -- so I'm

23 inclined to order you to mediation.  And since you

24 haven't picked a mediator, I'll pick Mr. Collins.  But

25 if you want to do some research in the meantime -- and I

1  mean a certified mediator, not just anybody who wants to

2  call themselves a mediator, but somebody's who's done

3  the training and is a certified mediator, recognized as

4  such, I'm certainly willing to change the order to a

5  different name. *MEDIATOR TOM COLLINS*

6           So if you want to ask some folks who might

7  be a good mediator for this kind of dispute, if you want

8  to call Mr. Collins and say, "If we don't agree on you,

9  who would be two other mediators like you?" you know, he

10 might be willing to say -- because frequently if he's

11 busy and he can't schedule it, I'm sure he gives out

12 names.  And if you want, I'll call.  If you want to ask

13 me to do that, I will call him this morning and I'll get

14 two other names and I'll put that in the order, if you

15 want me to do that.  Would you like me to do that?  Now,

16 they're saying they'll pay for it.  They're saying

17 they're going to pay for Mr. Collins.  And he's not

18 inexpensive, but --

19           MR. BROWN:  I probably should ask how

20 much.  *$3,000.00*

21           THE COURT:  Well, he's a standard amount

22 for a good mediator in this town.  It may be a couple

23 thousand dollars for a day's mediation.

24           MR. BROWN:  And just so Mr. Buesgens will

25 know, I've probably participated in 80 mediations, so

1   almost any mediator probably that you pick, I will have

2   participated in a mediation at one point or another with

3   him.

4                THE COURT:  Have you had any mediations

5   with Mr. Collins?

6                MR. BROWN:  It was over ten years ago.  He

7   mediated a case during --

8                THE COURT:  Settlement week?

9                MR. BROWN:  -- settlement week, and I

10  thought he did a good job.

11               THE COURT:  All right.

12               MR. BROWN:  And I have certainly no

13  objection to him.  But I wanted Mr. Buesgens to know

14  that I've been in mediation with him before.

15               THE COURT:  About ten years ago.

16               MR. BROWN:  It doesn't have anything to do

17  with it.

18               THE COURT:  All right.  Well, that's --

19  this is the person I came up with based upon what you've

20  told me so far about your case and the -- what I can

21  tell about the case.

22               So I'm going to order the defendant will

23  pay the cost of mediation.  It will be a one-day

24  mediation.  It will be Mr. Collins or one of two other

25  mediators whose names I will get from him this morning.

TOM COLLINS     MARCH 27, 2006
$3,000.00

1  If you will get me a proposed order, I will fill in the

2  blanks with those three mediators.  You will jointly

3  pick one of those mediators to whom you will go.  You're

4  not going to get to interview these people because

5  that's not -- you know, they get paid if they do a

6  mediation.  But you can do some checking around about

7  them if you want.  And again, Mr. Collins came to mind,

8  but other mediators may come to my mind, but I think it

9  takes a -- it's going to take a good personality for

10  this case, and he --

11           MR. BUESGENS:  Excuse me, Your Honor.

12  What's his name?  Tom Collins?

13           THE COURT:  Tom Collins.  C-o-l-l-i-n-s is

14  I believe the way he spells it.

15           All right.  So Mr. Brown, since this is

16  your motion, will you get me that order?

17           MR. BROWN:  Yes, sir.

18           THE COURT:  Send a copy of that order --

19           MR. BROWN:  Actually, I think I have a

20  draft that can be modified.

21           THE COURT:  Why don't you give me a draft

22  of that order.  Give me a draft of that order.  I'm

23  going to hand you your pleadings.

24           Will you parcel these things out to whose

25  they are, Mr. Andrews?

*2/21/06*

1        MR. BUESGENS:  Excuse me, Your Honor.

2        THE COURT:  Some of them are Mr. Brown's.

3  Some of them are Mr. Buesgens'.  And I'm going to go in

4  my chambers now and I'm going to call Mr. Collins and

5  see if I can't get him now.

6        MR. BUESGENS:  Excuse me, Your Honor.

7        THE COURT:  Yes, sir.

8        MR. BUESGENS:  May I object to something

9  about --

10        THE COURT:  Sure.

11        MR. BUESGENS:  It's not about the

12  mediator.  *CASE D-1-GN-06-000262*

13        THE COURT:  All rightee.

14        MR. BUESGENS:  I still haven't gotten the

15  answer to my original issue I came in here for, the name

16  and address of the limited partner for Falcon Ridge, the

17  general partner and also the surnames and true names of

18  the individuals that own this outfit.

19        THE COURT:  The owner is this Falcon

20  Apartments of Austin, Ltd.  That is the owner.  They've

21  gone on record as an officer of the court saying that is

22  the owner.  And there is no basis now to have any other

23  information.  One, it's not properly before me because

24  there is no discovery request for that.  Two, if you

25  made such a discovery request, based on what you've told

1  me so far, I would not order them to produce that

2  information, because there is no basis for you to know

3  who owns Falcon Apartments of Austin, Ltd., based on

4  what you've told me so far.

5            They own the apartments.  They have a

6  contract with this management entity.  You feel like

7  you've been discriminated against by the manager and/or

8  the owner.  That's it.  And so that's all I can tell you

9  about that.  But I don't believe that's properly before

10  me today.  And I'm not going to order them to produce

11  that information today.  If the case changes and there's

12  a different basis and there's a different motion before

13  me, that'll be a different matter.  The answer to that

14  today is, no, this is not the proper time.  And indeed,

15  I don't even see when the proper time would be to get

16  that information.  *PIECE MEAL LITIGATION*

17            Now, I'm going to go back and call

18  Mr. Collins.  I believe I've disposed of each request

19  that each one of you made, and I need that order,

20  Mr. Brown.  I'll be surprised if I get him, but I'll do

21  my best.  *A-1-GN-06-000262*

22            (Recess taken.)

23            THE COURT:  Mr. Buesgens and Mr. Brown, we

24  just had a discussion off the record, and you both

25  agreed that -- I was not able to get ahold of

1  Mr. Collins, although I left a message, but you both

2  agreed, just to short circuit this, that you are both

3  willing for me to simply order that Tom Collins be your

4  mediator.  Obviously, if you come up with an alternative

5  mediator, you may do that.  But this order will reflect

6  that Tom Collins is appointed as mediator in absence of

7  some agreement to the contrary.  The order also reflects

8  that his fee will be paid by the defendants, but that

9  that fee will be a taxable court cost, so that at the

10  end of the case, the loser of the case -- you know,

11  taxable court costs are one of the obligations the loser

12  has at the end of the case.

13          I think the order otherwise that was

14  tendered by Mr. Brown is just fine.  I'm going to go

15  back and get that telephone number for Mr. Collins and

16  then fill that in.  And then we both agree -- we all

17  three agree that Mr. Brown would call Mr. Collins in

18  your presence today, Mr. Buesgens -- I just got his

19  voice mail, so I suspect you will, too -- and leave a

20  message about this order.  In fact, I'm going to go

21  ahead and call him and leave a message about the order,

22  too, and let him know that you're going to be following

23  up to find a day between now and before March 2nd when

24  he can mediate it.

25          If he can't do it between now and March

*MEDIATION*

1   2nd, when is the next available date for you, Mr. Brown?

2           MR. BROWN:  After the end of March, after

3   about the 26th, or about the 27th or 28th.

4           THE COURT:  All right.  I wrote down the

5   28th.

6           MR. BROWN:  Well, the Monday is the 27th.

7   I think I'll be available from then on.

8           THE COURT:  So the 24th really, Friday,

9   the 24th?  You're available any time after Friday, the

10  24th?  *WHY WAS BROWN UNAVAILABLE*

11          MR. BROWN:  Correct.

12          THE COURT:  All right.  So you're not

13  available on March 2nd?

14          MR. BROWN:  I'm not available on the 2nd.

15          THE COURT:  And you're not available

16  between March 2nd and March 24th?

17          MR. BROWN:  Between the 2nd and the 24th,

18  correct.  *0-1-GU-06-000262 REMOVED 03/29/06*

19          THE COURT:  Unless something happens with

20  that case that suddenly makes you available, in which

21  case you will immediately convey that to Mr. Buesgens

22  and Mr. Collins.

23          MR. BROWN:  That's correct.

24          THE COURT:  All right.  Is there anything

25  else you need on the record for me to complete this

1  order, either one of you?

2          MR. BUESGENS:  No, I don't, Your Honor.

3          THE COURT:  Okay.  Thank you.  Anything

4  else?

5          MR. BROWN:  No, sir.

6          THE COURT:  I wish you both good luck.  If

7  you will work hard at trying to resolve your case and go

8  into it, you know, with an open mind trying to resolve

9  your case, I know no one will work harder to get your

10  case resolved than Mr. Collins.  And again, if you come

11  up with another mediator, let me know about that.  I'm

12  willing to order you to anybody you come up with.  I

13  just picked this person in lieu of your ability to agree

14  today, and I think you'll like him.

15          MR. BROWN:  You're going to go call him

16  now?

17          THE COURT:  Will you let me know -- since

18  this isn't my case, it's not assigned to me, will

19  somebody let me know what happened with the mediation,

20  please?

21          MR. BUESGENS:  Yes.

22          THE COURT:  All right.  I always like to

23  know.  I'm going to call him now.  I'm going to fill in

24  his number.  And I'm going to tell him that you are

25  going to be calling him to schedule this mediation.  I'm

# REPORTER'S CERTIFICATE

D-1-6N-06-000262

2/21/2006

1

2

3  THE STATE OF TEXAS    )

4  COUNTY OF TRAVIS      )  .

5          I, Chavela V. Prince, Official Court

6  Reporter in and for the 53rd District Court of Travis

7  County, State of Texas, do hereby certify that the above

8  and foregoing contains a true and correct transcription

9  of all portions of evidence and other proceedings

10  requested in writing by counsel for the parties to be

11  included in this volume of the Reporter's Record, in the

12  above-styled and numbered cause, all of which occurred

13  in open court or in chambers and were reported by me.

14      I further certify that this Reporter's Record of

15  the proceedings truly and correctly reflects the

16  exhibits, if any, offered in evidence by the respective

17  parties.

18      WITNESS MY OFFICIAL HAND this the 24th day of

19  August, 2006.    JUDGE SCOTT JENKINS

20

21          _Chavela V. Prince_
            Chavela V. Prince

22          Texas CSR 3064, RMR, CRR
            Expiration Date:  12/31/2007

23          Official Court Reporter
            53rd District Court

24          Travis County, Texas
            P.O. Box 1748

25          Austin, Texas 78767
            (512) 854-9322

            AUSTIN, TEXAS

2/21/06   61

1 | going to tell him about your availability, Mr. Brown,

2 | and that it would be most helpful if he could manage to

3 | give us a day between now and the 2nd to mediate this

4 | case and that when you call him, that way he'll be

5 | ready.  He will have already looked at his calendar.

6 | He'll be ready to tell you what that day is.  And I know

7 | you both will make yourself available on that day.

8 |          All right.  I wish you good luck.

9 |          MR. BROWN:  Thank you.

10 |          (END OF PROCEEDINGS)

11 | D-1-GN-06-000262  FILED: 1/23/06

12 | HEARING FEBRUARY 21, 2006

13 |

14 | REMOVAL  MARCH 29, 2006

15 | SEE WHAT ATTORNEYS SAY ABOUT

16 | REMOVAL AND BUESGENS SERVICE

17 | OF SUMMONS AND COMPLAINT

18 |

19 |          CASE BECAME

20 |          1:06 CV 00 226-LY-RP

21 | JUDGE EARL LEROY YEAKEL III

22 | U.S. DISTRICT COURT AUSTIN, TX

**PLAINTIFF EXHIBIT NO. 18**

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

### MINUTES OF CIVIL PROCEEDINGS

MICHAEL L. BUESGENS

vs.

FALCON RIDGE APARTMENTS

§
§
§
§
§
§

CIVIL NO:
AU:06-CV-00226-SS

JUDGE:           SAM SPARKS
DEPUTY CLERK:    Margaret Sims
COURT REPORTER:  Lily Reznik
LAW CLERK:       Matt Powers

DATE:  June 16, 2006
TIME:  8:39-9:23 a.m.

ATTORNEY(S) FOR PLAINTIFF(S):
Michael Buesgens, pro se

ATTORNEY(S) FOR DEFENDANT(S):
Shelley Marmon
Bill Warren, Austin Apt. Assoc.

PROCEEDINGS:

Hearing held on Motion to Disqualify Judge [#25]. Statements from pro se Plaintiff heard. Court apprises plaintiff of pertinent Local Rules and Federal Rules of Civil Procedure. Court denies Plaintiff's Pro Se Motion to Disqualify Judge Yeakel [#25]. Written Order forthcoming. Hearing concluded.

1:06CV00226-LY AUSTIN, TEXAS
HEARING JUNE 16, 2006 8:39AM
JUDGE SAM SPARKS PRESIDING
SHELLEY BUSH MARMON, ATTORNEY
RECUSAL HEARING OF
JUDGE EARL LEROY YEAKEL, III
AUSTIN, TEXAS

# Lily I. Reznik, RPR, CRR

Official Court Reporter
United States District Court
Austin Division
200 West Eighth Street, 2nd Floor
Austin, Texas 78701
(512)916-5564

Date:        September 5, 2006
Invoice No.:  06-585

To:    Michael L. Buesgens
       3112 Windsor Road, #A-322
       Austin, Texas 78703

Docket No. A 06-CA-226 LY, Michael L. Buesgens vs. Falcon Ridge Apartments, et al, United States District Court, Western District of Texas, before the Honorable Sam Sparks.

Transcription of Motion on Hearing on Independent Determination, June 16, 2006.
(32 pages @ $3.30 per page.)

Total due:            $ 105.60

Paid in full.  Thank you.

*[Handwritten:]* 1: 06 CV 00226-LY
HOUSING DISCRIMINATION
MICHAEL BUESGENS
V.
FALCON RIDGE APARTMENTS
AUSTIN, TEXAS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

MICHAEL L. BUESGENS

Docket No. A 06-CA-226 LY

vs.

) Austin, Texas

FALCON RIDGE APARTMENTS,
ET AL

June 16, 2006

TRANSCRIPT OF MOTION ON HEARING ON INDEPENDENT DETERMINATION
BEFORE THE HONORABLE SAM SPARKS

APPEARANCES:

For the Plaintiff:          Mr. Michael L. Buesgens
                            Pro Se
                            3112 Windsor Road, #A-322
                            Austin, Texas 78703

For the Defendant:          Ms. Shelley B. Marmon
                            Crady, Jewett & McCulley
                            2727 Allen Parkway, Suite 1700
                            Houston, Texas 77019

                            Mr. William S. Warren
                            Warren Law Firm
                            1011 Westlake Drive
                            Austin, Texas 78746

Court Reporter:             Ms. Lily Iva Reznik, RPR, CRR
                            200 W. 8th Street
                            Austin, Texas 78701
                            (512)916-5564

JUDGE SAM SPARKS PRESIDING

1     THE COURT:  06-CA-226, <u>Michael Buesgens vs. Falcon</u>

2  <u>Ridge Apartments, et al</u>.

3     MR. BUESGENS:  I'm here, your Honor.  My name is Mike

4  Buesgens.

5     THE COURT:  Mr. Buesgens.  Anybody else here from any

6  of the other parties wish to make an announcement?

7     MS. MARMON:  Good morning, your Honor.  Shelley Marmon,

8  M-A-R-M-O-N, on behalf of the individual defendants, the Falcon

9  Defendants and the Greystar Defendants.

10     THE COURT:  All right.

11     MR. WARREN:  And, Judge, good morning.  I'm Bill

12  Warren.  I'm here on behalf of the Austin Apartment Association,

13  which is a defendant, as well.

14     THE COURT:  We have a seat actually of -- I don't know

15  that you have any part in this particular hearing, but you're

16  welcome to be here.

17     Mr. Buesgens, this hearing is an opportunity for you to

18  make any statement or provide any evidence with regard to your

19  motion to disqualify Judge Yeakel.  I notice other motions have

20  been filed, but that's not my responsibility at this time until I

21  make a determination whether or not Judge Yeakel should be

22  disqualified based on your motion.  So if you have any evidence

23  that you wish to produce, I'll be glad to receive it.  If you

24  just simply want to make argument, I'll be glad to hear it.

25     And I've read all of the pleadings that you filed with

3

| | |
|---|---|
| 08:38:08 | 1 |
| 08:38:12 | 2 |
| 08:38:20 | 3 |
| 08:38:30 | 4 |
| 08:38:36 | 5 |
| 08:38:42 | 6 |
| 08:38:42 | 7 |
| 08:38:46 | 8 |
| 08:38:46 | 9 |
| 08:38:48 | 10 |
| 08:38:54 | 11 |
| 08:39:00 | 12 |
| :39:08 | 13 |
| 08:39:16 | 14 |
| 08:39:22 | 15 |
| 08:39:26 | 16 |
| 08:39:30 | 17 |
| 08:39:34 | 18 |
| 08:39:36 | 19 |
| 08:39:38 | 20 |
| 08:39:46 | 21 |
| 08:39:50 | 22 |
| 08:39:50 | 23 |
| 08:39:52 | 24 |
| :39:54 | 25 |

1   the exception that -- of the ones that have been given to me
2   today, which is a remand -- motion to remand.  But I did get
3   through the response to the June 5, 2000 order here.  So that's
4   where I am.  I have not read the entire file but only Judge
5   Yeakel's order. and your response to it, and your motion to
6   disqualify.

7           So you have the lectern to make what presentation you'd
8   like.

9           MR. BUESGENS:  Your Honor, my presentation deals with
10  the case handling of 226 and 260, and the procedures that were
11  followed by Judge Yeakel and the staff here in your court.  And
12  on March 29th, Case No. 00-262, I believe it was, in state court
13  was removed to this court, and Judge Yeakel issued an order on
14  April 3rd on that case.  On April 14th, I moved to remove the
15  state case from county court to this court, and I didn't get an
16  order, or anything, until, I believe it was, May 11th, after I
17  had made a request to Judge Yeakel.

18          THE COURT:  A request for what?

19          MR. BUESGENS:  For a similar order that was issued on
20  the other case to -- to produce the record, the complete record.

21          THE COURT:  Okay.  Let me get -- the 226 case I'm
22  familiar with.  I have it right here.

23          MR. BUESGENS:  Uh-huh.

24          THE COURT:  The other case was what?

25          MR. BUESGENS:  260.

4

| | | |
|---|---|---|
| 08:39:56 | 1 | THE COURT:  Well, I understand the number.  But what |
| 08:39:58 | 2 | was it about? |
| 08:39:58 | 3 | MR. BUESGENS:  Oh, 260 is retaliatory eviction and |
| 08:40:04 | 4 | housing discrimination, also. |
| 08:40:06 | 5 | THE COURT:  So it was a removed -- originally it was |
| 08:40:10 | 6 | removed as -- was it an FED case? |
| 08:40:16 | 7 | MR. BUESGENS:  It has an FED issue in it, and I removed |
| 08:40:20 | 8 | it because they removed the other case and they're companion |
| 08:40:26 | 9 | cases. |
| 08:40:26 | 10 | THE COURT:  Okay.  Let's back up just a minute.  Who is |
| 08:40:30 | 11 | the plaintiff in the case that you removed? |
| 08:40:34 | 12 | MR. BUESGENS:  Falcon Ridge Apartments. |
| :40:36 | 13 | THE COURT:  Okay.  So that was the eviction case. |
| 08:40:38 | 14 | MR. BUESGENS:  That's correct. |
| 08:40:38 | 15 | THE COURT:  And that case was in the state court JP |
| 08:40:42 | 16 | county system, so, of course, we have no jurisdiction over that |
| 08:40:46 | 17 | case.  You could remove it, but we have to send it back.  There's |
| 08:40:50 | 18 | no jurisdiction in that case in federal court.  There's just |
| 08:40:56 | 19 | simply no jurisdiction.  So has Judge Yeakel sent it back? |
| 08:41:04 | 20 | MR. BUESGENS:  Yes. |
| 08:41:06 | 21 | THE COURT:  Okay. |
| 08:41:06 | 22 | MR. BUESGENS:  Why do you say there's no jurisdiction? |
| 08:41:08 | 23 | THE COURT:  Well, there's no jurisdiction here for the |
| 08:41:10 | 24 | removal of an FED case, or there's no jurisdiction for removal of |
| :41:14 | 25 | a misdemeanor criminal case or a felony case.  The Congress has |

5

08:41:20    1    not granted us removal jurisdiction over cases of that nature.

08:41:26    2            MR. BUESGENS:  It's a federal issue.

08:41:28    3            THE COURT:  What federal issue?

08:41:30    4            MR. BUESGENS:  The retaliatory eviction, the housing

08:41:32    5    discrimination.  It permeates the entire case.

08:41:36    6            THE COURT:  No.  This a state -- the appellate courts

08:41:38    7    have clearly held it is a state substantive Texas law case on

08:41:44    8    occupancy.  And the fact that you may have created a -- the fact

08:41:54    9    that you're in housing that was built with public money or the

08:42:02   10    fact that you felt like a constitutional right was involved, that

08:42:08   11    could be a separate lawsuit, but it can't be in the FED lawsuit.

08:42:14   12    So that lawsuit has to go back.

:42:16   13            Of course, you have the right to appeal that order of

08:42:20   14    remand to the Fifth Circuit, but I'm virtually certain that's

08:42:26   15    what the law is because I do the same thing all the time.

08:42:28   16            MR. BUESGENS:  When you say FED, what does that mean?

08:42:30   17            THE COURT:  That's Forcible Entry and Detainer.  I'm

08:42:34   18    sorry.  That's the eviction lawsuit.

08:42:34   19            MR. BUESGENS:  Okay.  But Charles E. Brown defined this

08:42:38   20    as an eviction.  He's the attorney.

08:42:42   21            THE COURT:  Right.

08:42:44   22            MR. BUESGENS:  Okay.  Well, he has no value as far as

08:42:46   23    defining anything.  It was housing discrimination, and you have

08:42:50   24    to look at the time line and the documents filed in this case.

:42:54   25            THE COURT:  Well, I'm just telling you in that case

*LILY I. REZNIK, OFFICIAL COURT REPORTER*
*U.S. DISTRICT COURT, WESTERN DISTRICT OF TEXAS (AUSTIN)*

6

| | | |
|---|---|---|
| 08:42:58 | 1 | that was filed by the owner or manager of the property, the |
| 08:43:06 | 2 | eviction lawsuit, it cannot come over to federal court.  Now, you |
| 08:43:12 | 3 | may have another lawsuit that comes over with another issue, but |
| 08:43:18 | 4 | that case has to be determined in the state court. |
| 08:43:20 | 5 | MR. BUESGENS:  But, your Honor, that bifurcates the |
| 08:43:22 | 6 | whole issue. |
| 08:43:24 | 7 | THE COURT:  I don't make the law.  I just try to follow |
| 08:43:26 | 8 | it. |
| 08:43:28 | 9 | MR. BUESGENS:  But Judge Yeakel didn't say that in his |
| 08:43:28 | 10 | order. |
| 08:43:30 | 11 | THE COURT:  Well, I don't know anything about it.  I |
| 08:43:32 | 12 | don't know about the case.  I didn't know it was here.  I didn't |
| :43:34 | 13 | know it was gone.  I don't know anything about it.  I don't read |
| 08:43:36 | 14 | all of the cases.  Judge Yeakel and I handle over 500 cases a |
| 08:43:44 | 15 | year. |
| 08:43:46 | 16 | MR. BUESGENS:  Well, your Honor, if we're going to |
| 08:43:46 | 17 | decide his recusal, we need to look at that issue because -- |
| 08:43:50 | 18 | THE COURT:  No, no.  This is wrong.  You have the full |
| 08:43:54 | 19 | right of appealing any decision that Judge Yeakel makes to the |
| 08:44:00 | 20 | Court of Appeals.  You can only disqualify a federal judge if |
| 08:44:04 | 21 | there's financial interest or you can show actual bias.  If you |
| 08:44:08 | 22 | can't show actual bias outside of the courtroom and outside of |
| 08:44:12 | 23 | the pleadings and outside of the order, you can't disqualify a |
| 08:44:16 | 24 | judge. |
| 6:44:18 | 25 | MR. BUESGENS:  Your Honor, do you have a document filed |

| | | |
|---|---|---|
| 08:44:20 | 1 | May 30th in this case, 226?  Motion and notice to disqualify |
| 08:44:26 | 2 | judge? |
| 08:44:26 | 3 | THE COURT:  Yes. |
| 08:44:26 | 4 | MR. BUESGENS:  Could you look at page 5 on affidavit, |
| 08:44:30 | 5 | please?  It's about the middle of that. |
| 08:44:56 | 6 | THE COURT:  Yes, sir. |
| 08:44:56 | 7 | MR. BUESGENS:  Judge Yeakel sent me an order talking |
| 08:45:00 | 8 | about financial interest.  And I'm not bringing anything on Judge |
| 08:45:04 | 9 | Yeakel regarding any financial interest. |
| 08:45:06 | 10 | THE COURT:  No.  You filed a response.  It told me |
| 08:45:08 | 11 | that.  But what I'm telling you is on disqualification of a |
| 08:45:14 | 12 | judge, there are only two grounds.  First is financial interest, |
| :45:18 | 13 | which you've indicated you're not bringing.  On the other is to |
| 08:45:22 | 14 | show that there is bias or the appearance of bias on events that |
| 08:45:28 | 15 | did not occur in the courtroom or a pleading.  As long as there's |
| 08:45:32 | 16 | an order or a judgment, your recourse is to appeal it to another |
| 08:45:38 | 17 | court. |
| 08:45:40 | 18 | MR. BUESGENS:  Your Honor, what about the extra -- or |
| 08:45:42 | 19 | the provision bias exception that I've got listed here?  The |
| 08:45:44 | 20 | extrajudicial source doctrine.  And I've listed two cases to |
| 08:45:48 | 21 | citation on page 5 of the affidavit. |
| 08:45:56 | 22 | THE COURT:  I'm looking at the motion and notice to |
| 08:45:58 | 23 | disqualify.  On page -- my page 5 you've got listed -- |
| 08:46:04 | 24 | MR. BUESGENS:  Page 5 of the affidavit. |
| 08:46:06 | 25 | THE COURT:  Oh, okay. |

8

| | | |
|---|---|---|
| 08:46:06 | 1 | MR. BUESGENS:  It's about in the middle.  First, I've |
| 08:46:12 | 2 | got the motion and notice, and then, after that is the affidavit. |
| 08:46:24 | 3 | THE COURT:  Talking about paragraph 10? |
| 08:46:26 | 4 | MR. BUESGENS:  Yes. |
| 08:46:28 | 5 | THE COURT:  Plaintiff pro se request for recusal is |
| 08:46:30 | 6 | based on pervasive bias exception to the established |
| 08:46:34 | 7 | extrajudicial source doctrine.  What evidence do you have of |
| 08:46:44 | 8 | that? |
| 08:46:44 | 9 | MR. BUESGENS:  Case No. 226 is the evidence of that, |
| 08:46:48 | 10 | the way that was handled, it was an unlawful removal.  Everything |
| 08:46:54 | 11 | in the case that shouldn't even be here, it's beyond the 30-day |
| 08:46:58 | 12 | limitation. |
| :47:00 | 13 | THE COURT:  Well, then, you have a full right of appeal |
| 08:47:02 | 14 | if he's wrong. |
| 08:47:04 | 15 | MR. BUESGENS:  It's not a matter of being wrong, your |
| 08:47:06 | 16 | Honor.  My case was treated differently than the other people's |
| 08:47:10 | 17 | cases.  It's a bias.  I wasn't treated impartially. |
| 08:47:14 | 18 | THE COURT:  Who was the plaintiff in 226? |
| 08:47:18 | 19 | MR. BUESGENS:  I am. |
| 08:47:18 | 20 | THE COURT:  Correct.  Who was the plaintiff in the |
| 08:47:22 | 21 | earlier case? |
| 08:47:24 | 22 | MR. BUESGENS:  Falcon Ridge. |
| 08:47:26 | 23 | THE COURT:  That owned and managed the property.  One |
| 08:47:28 | 24 | is a state court action for possession of property.  Your case |
| 08:47:32 | 25 | involves constitutional rights and federal issues.  One of them |

*JUDGE SAM SPARKS*
*1:06 CV 00226 LY-RP*

9

```
08:47:36   1   has federal court jurisdiction and one of them does not.  It's

08:47:40   2   very simple.

08:47:42   3              MR. BUESGENS:  Okay.  Well, Falcon Ridge Apartments is

08:47:44   4   not even the legal name of the entity.

08:47:46   5              THE COURT:  Well, I don't -- I don't know that one way

08:47:48   6   or the other.  I don't know anything about it.  That's an issue

08:47:52   7   that would have to be determined in the eviction lawsuit.  If

08:47:58   8   they're not the legal entity, then they can't win the eviction

08:48:02   9   lawsuit.

08:48:02  10              MR. BUESGENS:  Okay.  But these two cases were treated

08:48:04  11   different by Judge Yeakel not based on the fact that one issue

08:48:06  12   was a possession of property and the other one is discrimination.

1:48:10   13   It was based on procedural issues in the courtroom.  And his im

08:48:16  14   -- his partiality to the -- their case versus mine.  If you look

08:48:20  15   at his order, he doesn't even talk about that.  And if you look

08:48:22  16   at the transcript of our hearing on May 26th, he says nothing

08:48:26  17   about the issues you're presenting here regarding forcible

08:48:30  18   detainer.

08:48:34  19              THE COURT:  Well, I don't know anything about the other

08:48:38  20   case.  The only thing I could tell you is you told me it started

08:48:44  21   out as an eviction case, and the apartment manager-owner was the

08:48:50  22   plaintiff.  I'm just guessing that that was what we call an FED

08:48:54  23   or an eviction to get possession of the property case.  I don't

08:48:58  24   know what it was.  I've not reviewed it.  I do not know.  Now,

:8:49:02  25   let's get back to why we're here today.
```

08:49:06  1        Any order by Judge Yeakel in any case cannot, cannot

08:49:14  2   legally be the basis for a disqualification.

08:49:18  3        MR. BUESGENS:  Your Honor, I'm not saying the order's

08:49:22  4   the basis.  It's his im -- he's not impartial in the cases  And

08:49:26  5   not only that, you have to look at both cases to know what's

08:49:30  6   going on in this issue.

08:49:30  7        THE COURT:  Well, why don't you give me your best

08:49:34  8   argument, sir, as to how you could look at both of these cases

08:49:40  9   and perceive that a United States District Judge is biased

08:49:44  10  against you.  Have you ever had any problems with Judge Yeakel

08:49:48  11  before these cases came up?

08:49:50  12        MR. BUESGENS:  No.  I don't know Judge Yeakel.  I've

08:49:52  13  never seen him before, didn't know him until May 26th.

08:49:56  14        THE COURT:  All right.  So just tell me why you believe

08:49:58  15  he's disqualified.

08:50:00  16        MR. BUESGENS:  Well, he's -- because he's against pro

08:50:02  17  ses, for one thing.  And if he gets an attorney to say something,

08:50:06  18  he'll go along with them.  I don't even think he knows what's in

08:50:08  19  my case, either one of them.  And if he looked at their removal,

08:50:14  20  he would see that their removal should be remanded just based on

08:50:18  21  his own motion because his -- their removal is unlawful.  It

08:50:22  22  shouldn't even be -- their removal shouldn't even be in this

08:50:26  23  court either, the 226.

08:50:30  24        THE COURT:  Well, that's going to be for -- I don't --

:50:34  25  has he entered an order on 226?

|          |    |                                                                        |
|----------|----|------------------------------------------------------------------------|
| 08:50:36 | 1  | MR. BUESGENS: Yes. I mean, it's in here. Okay.                          |
| 08:50:42 | 2  | THE COURT: Well, whoever presides over that case will                  |
| 08:50:44 | 3  | have to be responsible for that order, but if he didn't -- did         |
| 08:50:50 | 4  | you file a motion to remove?                                           |
| 08:50:54 | 5  | MR. BUESGENS: No.                                                       |
| 08:50:54 | 6  | THE COURT: Or to remand?                                                |
| 08:50:56 | 7  | MR. BUESGENS: No, your Honor, I didn't.                                 |
| 08:50:56 | 8  | THE COURT: Well, you filed it today.                                    |
| 08:50:58 | 9  | MR. BUESGENS: Yes.                                                      |
| 08:50:58 | 10 | THE COURT: And, of course, it's later than 30 days so                  |
| 08:51:00 | 11 | there's going to be either jurisdictional problems -- you know,        |
| 08:51:08 | 12 | it's not my job right now, Mr. Buesgens, to make a substantive         |
| :51:12   | 13 | order in 226. It's only my job to figure out if Judge Yeakel is        |
| 08:51:16 | 14 | legally disqualified, and so far, you've not presented any issue       |
| 08:51:22 | 15 | that would support that.                                               |
| 08:51:24 | 16 | MR. BUESGENS: I've got all kinds of issues that would                  |
| 08:51:26 | 17 | support it. But if you're -- you have to look at both cases and        |
| 08:51:30 | 18 | see how they were handled. One was handled different than the         |
| 08:51:34 | 19 | other, not based on forcible detainer but on some other issue         |
| 08:51:38 | 20 | here in the court.                                                     |
| 08:51:40 | 21 | THE COURT: Well, then, if you think he's wrong, you                    |
| 08:51:42 | 22 | have the right to take it to the appellate court and find out if      |
| 06:51:46 | 23 | he's wrong or not in both cases.                                       |
| 06:51:48 | 24 | MR. BUESGENS: Your Honor, it's not a matter -- well,                   |
| :51:50   | 25 | one of the issues is whether he's wrong or not, but that's not        |

12

| | | |
|---|---|---|
| 08:51:52 | 1 | the issue I'm presenting today.  It's his recusal based on his -- |
| 08:51:58 | 2 | not being impartial in the cases, the way he handled them.  He |
| 08:52:02 | 3 | handled them completely differently. |
| 08:52:02 | 4 | THE COURT:  How could he be -- how could two orders |
| 08:52:08 | 5 | establish impartiality? |
| 08:52:10 | 6 | MR. BUESGENS:  Your Honor, it's not just the orders, |
| 08:52:12 | 7 | it's the content of the cases in the way they were removed to |
| 08:52:16 | 8 | this court. |
| 08:52:16 | 9 | THE COURT:  All right. |
| 08:52:18 | 10 | MR. BUESGENS:  It's the whole method and operation here |
| 08:52:22 | 11 | how this thing was handled. |
| 08:52:24 | 12 | THE COURT:  All right, sir. |
| :52:26 | 13 | MR. BUESGENS:  It's not impartial. |
| 08:52:26 | 14 | THE COURT:  All right.  Other than the 226 and the 206 |
| 08:52:32 | 15 | is that the other number? |
| 08:52:34 | 16 | MR. BUESGENS:  260. |
| 08:52:34 | 17 | THE COURT:  And the 260, and your argument that he |
| 08:52:40 | 18 | handled those cases different, do you have anything else on the |
| 08:52:42 | 19 | disqualification? |
| 08:52:44 | 20 | MR. BUESGENS:  Well, another part of the |
| 08:52:48 | 21 | disqualification is he saw the affidavit here that I submitted on |
| 08:52:54 | 22 | May 30th, and his response to it was he has no financial |
| 08:53:00 | 23 | interest. |
| 08:53:00 | 24 | THE COURT:  He's required to make that response. |
| :53:04 | 25 | MR. BUESGENS:  But my issue doesn't even deal with |

*(Handwritten annotation: 1:06CV00226  1:06CV00260)*

08:53:06  1   financial interest.  So it leads me back to the previous cases

08:53:08  2   where he doesn't even understand what the issues are if he's

08:53:12  3   going to present that issue.  He doesn't even talk about my issue

08:53:14  4   in the affidavit.

08:53:16  5        THE COURT:  He's not supposed to.  I, unfortunately, am

08:53:20  6   supposed to.

08:53:22  7        MR. BUESGENS:  But in his order he ought to say, well,

08:53:24  8   there's no pervasive bias exception here instead of saying

08:53:28  9   there's no financial interest.

08:53:32  10        THE COURT:  Well, he can't make that determination.  It

08:53:34  11   automatically must be transferred to another judge.  The only

08:53:38  12   thing that he has got to disclose pursuant to statute is whether

:53:44  13   or not he has any financial interest, and that's any time you

08:53:48  14   move to disqualify a judge, that's the first thing they have to

08:53:52  15   do is to state in the pleadings that they do or do not have any

08:53:58  16   financial interest.  But he cannot make the determination that

08:54:02  17   there's no bias.

08:54:06  18        MR. BUESGENS:  Your Honor, he doesn't have to make the

08:54:08  19   determination, but he should make a reference to it because it

08:54:10  20   confuses the issue when he's got an order saying that and then, I

08:54:14  21   get this over here.  And then, you know, the issues aren't

08:54:18  22   together because --

08:54:20  23        THE COURT:  All right.

08:54:20  24        MR. BUESGENS:  -- he's saying one thing, I'm saying

08:54:22  25   another, and then, we don't even know where we're at when

14

08:54:24  1   somebody looks at this.  I've got no issue with financial -- I've

08:54:28  2   never -- I don't have anything in here on finances for him.

08:54:30  3            THE COURT:  I understand that.  You filed a pleading

08:54:34  4   and that removed that issue.  That's generally not an issue under

08:54:40  5   a disqualification.

08:54:40  6            MR. BUESGENS:  But I think we should speak to the issue

08:54:42  7   of this pervasive bias that I'm talking about.

08:54:44  8            THE COURT:  Then speak to it.

08:54:46  9            MR. BUESGENS:  I have been.

08:54:48  10           THE COURT:  All right.  Do you wish to add anything

08:54:50  11  else in the record?

08:54:52  12           MR. BUESGENS:  Well, are you familiar with these cases

:54:54    13  that I've cited here?

08:54:56  14           THE COURT:  I am not going to disqualify a federal

08:54:58  15  judge on the basis of orders in a file when you have the right to

08:55:04  16  appeal.  I do not have the authority, and if I had the authority,

08:55:08  17  I wouldn't do it because then, people can object to any order in

08:55:14  18  any case and ask for another judge.  And we don't operate that

08:55:16  19  way and we will not operate that way, and that is it.

08:55:20  20           MR. BUESGENS:  Your Honor, this isn't based on his

08:55:24  21  orders, it's the whole method and procedure from beginning to end

08:55:26  22  from March 28th, when they removed their case to when I removed

08:55:30  23  mine, and how it progressed, and how it went through the system,

08:55:34  24  and how they were handled differently.  That's the thing.

:55:38    25           THE COURT:  You have still not shown any bias or

| 08:55:42 | 1 | prejudice of Judge Yeakel. |
| 08:55:46 | 2 | MR. BUESGENS:  Well, Judge Yeakel supervises that, |
| 08:55:48 | 3 | doesn't he? |
| 08:55:50 | 4 | THE COURT:  He's responsible for the orders and the |
| 08:55:52 | 5 | judgments in both of those files. |
| 08:55:56 | 6 | MR. BUESGENS:  Well, what about the procedural issues |
| 08:55:58 | 7 | that through the cases, how they were handled?  He had to know |
| 08:56:04 | 8 | that this other case was in there with the other one. |
| 08:56:06 | 9 | THE COURT:  Well, he may or may not.  I didn't know |
| 08:56:08 | 10 | that you had cases on my docket until this case came up, and I |
| 08:56:12 | 11 | ran a computer search and you've got cases pending in my docket. |
| 08:56:18 | 12 | But I had no idea.  Didn't know who you were. |
| 1:56:24 | 13 | MR. BUESGENS:  Well, how can I come in here and talk |
| 08:56:26 | 14 | about something if you haven't read to understand the sequence of |
| 08:56:30 | 15 | events?  It's almost meaningless for me to do that.  I don't have |
| 08:56:34 | 16 | those verbal skills to talk in and out of things like that.  You |
| 08:56:40 | 17 | have to look -- |
| 08:56:40 | 18 | THE COURT:  You can tell me how things were different |
| 08:56:42 | 19 | and why he appeared to you to be biased.  You could -- there's |
| 08:56:48 | 20 | not anything in the record about that.  You haven't told me one |
| 08:56:52 | 21 | word or one sentence about that.  There's not anything in front |
| 08:56:58 | 22 | of me that shows that Judge Yeakel is biased towards you or |
| 08:57:04 | 23 | biased towards pro se.  A third of the people we see in this |
| 08:57:06 | 24 | courtroom are pro se. |
| 08:57:10 | 25 | MR. BUESGENS:  So the methods and how this case was |

08:57:14  1   handled doesn't show any bias?

08:57:16  2         THE COURT:  Every case is only handled by the entering

08:57:20  3   of orders and judgments.  That's the way every courthouse is in

08:57:26  4   every lawsuit in the United States.  And every order, every

08:57:32  5   judgment can be appealed to an appellate body if the person

08:57:36  6   thinks the Judge is wrong.

08:57:40  7         MR. BUESGENS:  Your Honor, I know I can do that on

08:57:44  8   whether he's wrong or not, but that's not our issue here today.

08:57:46  9   It's the procedural, how these cases were handled.  It went days

08:57:50  10  and days like that with mine just sitting there, nothing.  What I

08:57:54  11  think is this -- my case came in there and someone here, a clerk,

08:57:58  12  or whatever, or a law clerk, looks at it and thinks, well, this

1:58:02   13  thing isn't going to fly, or whatever, and then, it goes over to

08:58:04  14  one side.  And then, they get another case, and they say, well,

08:58:10  15  yeah, we'll put this one a little farther ahead of the other one.

08:58:12  16         THE COURT:  It doesn't work that way.  What happens is

08:58:14  17  a lawsuit comes in and the (computer assigns it) to one of the two

08:58:20  18  of us, and it goes in a file.  And because Rule 26 gives a

08:58:30  19  procedure that's supposed to be followed.  Generally in a pro se

08:58:34  20  case, after answer or motions come in where both parties -- we

08:56:40  21  know who represents both parties, either a lawyer or pro se, then

08:58:44  22  you generally will get an order.  But the judges don't do

08:58:48  23  anything until a motion comes in.  When a motion comes in, if no

08:58:54  24  motions are filed, then a scheduling order will be entered, and

0:58:58   25  you proceed on that scheduling order.  But the Judge must react

08:59:02    1    any time a motion is filed.

08:59:04    2         So I might have file A, lawsuit come in, and it goes

08:59:12    3    into the filing cabinet.  Service goes out, somebody answers,

08:59:18    4    they have 60 days to get a scheduling order.  Nobody looks at

08:59:22    5    that file.  I could have case B come in and get a motion to

08:59:28    6    dismiss, or a motion to remand, or a motion for clarification, a

08:59:34    7    motion for more definite statement, any kind of motion, and on

08:59:38    8    the third day, I've got that case, I've got to pull it, review

08:59:44    9    the motion and make an order.  So B, file B gets immediate

08:59:50    10   attention while file A may not get any attention for months.  We

08:59:54    11   react to the motions that come in.  So the timing and the

09:00:00    12   handling of each case is never the same.  It's a reaction of the

09:00:06    13   parties' pleadings by the Court.

09:00:08    14        We each have 400 cases pending.  We have no idea, Mr.

09:00:14    15   Buesgens, of all of these cases that --

09:00:18    16        MR. BUESGENS:  Your Honor, that's exactly my point.

09:00:22    17   It's the court personnel in here are making decisions, and Judge

09:00:26    18   Yeakel is a supervisor of them.  The court personnel are deciding

09:00:28    19   how to get these cases lined up in there.  My case came in on

09:00:32    20   April 14th, and I had to call in here to get the same order that

09:00:36    21   these other attorneys got in three days it took mine a month to

09:00:40    22   get.

09:00:40    23        THE COURT:  Well, that doesn't show any bias, Mr.

09:00:44    24   Buesgens.

09:00:44    25        MR. BUESGENS:  What does it show then?

| 09:00:44 | 1 | THE COURT:  Well, I don't have any idea what it shows. |
| 09:00:48 | 2 | In my book, nothing.  It's certainly no evidence of bias.  And we |
| 09:00:58 | 3 | deal with pro ses -- many pro ses don't want lawyers.  Some pro |
| 09:01:04 | 4 | ses want lawyers and request lawyers.  Some pro ses file a |
| 09:01:12 | 5 | lawsuit, and we never see them again and four or five months |
| 09:01:14 | 6 | later, the case is dismissed because they don't react to any of |
| 09:01:20 | 7 | the rules.  There are all sorts of different things that occur. |
| 09:01:30 | 8 | But when you ask for a disqualification of a federal |
| 09:01:34 | 9 | judge, you've got to show outside of the pleadings and the |
| 09:01:40 | 10 | judgment and the orders in a particular file that the Judge has a |
| 09:01:50 | 11 | bias against you. |
| 09:01:50 | 12 | MR. BUESGENS:  Your Honor, haven't I shown that by the |
| 1:01:52 | 13 | method and operation of -- I'm not talking about his orders per |
| 09:01:58 | 14 | se.  It's the time frame and everything and how things came in |
| 09:02:00 | 15 | here.  And what I'm talking about, extrajudicial source doctrine |
| 09:02:06 | 16 | here, the exception, and no one's addressed that issue. |
| 09:02:08 | 17 | THE COURT:  Extrajudicial, yes.  Where outside of this |
| 09:02:12 | 18 | courthouse have you had any problems with Judge Yeakel? |
| 09:02:16 | 19 | MR. BUESGENS:  No.  I'm talking about the exception to |
| 09:02:18 | 20 | it.  That's my case here on this removal. |
| 09:02:20 | 21 | THE COURT:  All right. |
| 09:02:22 | 22 | MR. BUESGENS:  That's my citation. |
| 09:02:22 | 23 | THE COURT:  All right.  I'll enter an order Monday not |
| 09:02:24 | 24 | disqualifying Judge Yeakel, and you can take it up and appeal |
| 09:02:28 | 25 | that order and do whatever you wish.  I have no basis whatsoever |

19

| | | |
|---|---|---|
| 09:02:32 | 1 | to disqualify Judge Yeakel.  I'm in recess. |
| 09:02:34 | 2 | MR. BUESGENS:  Your Honor, can I ask one question, |
| 09:02:36 | 3 | please? |
| 09:02:36 | 4 | THE COURT:  Certainly you may. |
| 09:02:38 | 5 | MR. BUESGENS:  Discovery.  I'm having a lot of problems |
| 09:02:40 | 6 | with attorneys.  Can I just say this? |
| 09:02:44 | 7 | THE COURT:  Yes.  You may. |
| 09:02:44 | 8 | MR. BUESGENS:  The attorneys in the case that I have |
| 09:02:46 | 9 | with you and Judge Yeakel, I'm having problems with discovery, |
| 09:02:50 | 10 | and I want it on file, my discovery request on file because |
| 09:02:56 | 11 | they're playing all kinds of games with me and I can't get |
| 09:03:00 | 12 | discovery.  And if it's not on file, that issue's going to stay |
| 09:03:04 | 13 | hidden, and they're going to keep on manipulating the situation |
| 09:03:08 | 14 | that way. |
| 09:03:08 | 15 | THE COURT:  Well, what are you talking about? |
| 09:03:10 | 16 | MR. BUESGENS:  I've made -- |
| 09:03:12 | 17 | THE COURT:  You can't file your discovery.  So you're |
| 09:03:16 | 18 | sending out interrogatories or motion to -- for production of |
| 09:03:22 | 19 | documents or something? |
| 09:03:24 | 20 | MR. BUESGENS:  More or less, yes, that's -- |
| 09:03:24 | 21 | THE COURT:  And then, they have to respond to it.  And |
| 09:03:26 | 22 | if you're not satisfied with that, then you file a motion to |
| 09:03:32 | 23 | compel and you can attach to those pleadings -- you can attach |
| 09:03:38 | 24 | the responses to the discovery.  And if you don't think that |
| 09:03:42 | 25 | they're satisfactory, or you think they're playing games with |

20

09:03:46  1  you, then you have a motion to compel, and they have to come in

09:03:50  2  and answer that, and then, the Judge will make a ruling.

09:03:54  3       MR. BUESGENS:  Your Honor, but the Judge will never

09:03:56  4  compare that their answers to what I asked.  And not only that,

09:04:00  5  this has been going on since December.  And I have put in motions

09:04:04  6  to compel, and I still get the same abuse from these attorneys.

09:04:08  7  I can't do anything about it.  I can't get discovery -- not only

09:04:12  8  that, they've never even asked me for any discovery.

09:04:14  9       THE COURT:  On your motion to compel, do you attach

09:04:18  10  your discovery and theirs?

09:04:20  11       MR. BUESGENS:  I don't believe I did.  No.

09:04:22  12       THE COURT:  Well, then, how in the world can the Judge

09:04:26  13  or the magistrate judge, if the magistrate judge is going to

09:04:28  14  handle the discovery -- I handle my own, but Judge Yeakel has

09:04:32  15  magistrates handle his discovery because of time.  How can they

09:04:38  16  -- all they have to do is look at your discovery and look at the

09:04:42  17  responses, and they can determine if there's something wrong.

09:04:46  18  And if there's something wrong, they order a hearing and they

09:04:50  19  work it out.

09:04:50  20       MR. BUESGENS:  Your Honor.

09:04:52  21       THE COURT:  Let me tell you something else.  I've

09:04:54  22  entered a couple of orders that you've already gotten, or will

09:04:58  23  get, because you filed these big, thick pleadings.

09:05:04  24       MR. BUESGENS:  Exactly.

09:05:04  25       THE COURT:  Well, the Rules of Procedure don't allow

| | | |
|---|---|---|
| 09:05:08 | 1 | that.  The Rules of Procedure in Rule 8 say it must be a short, |
| 09:05:12 | 2 | simple, concise statement if you're requesting relief.  And, |
| 09:05:18 | 3 | frankly, Mr. Buesgens, you know, you had a motion in my case that |
| 09:05:26 | 4 | I worked on over the weekend, a motion for an order, and you |
| 09:05:28 | 5 | listed case after case after case after case and wanted an |
| 09:05:32 | 6 | administrative review.  None of it has anything to do with the |
| 09:05:36 | 7 | issues in your case, but I don't know what your contentions are. |
| 09:05:44 | 8 | MR. BUESGENS:  That's the problem.  This thing is all |
| 09:05:44 | 9 | over the place, and I can't get one judge or one forum to handle |
| 09:05:50 | 10 | this thing.  And the thing is all over the place.  So one person |
| 09:05:52 | 11 | looks at one issue, one looks at another issue, and they're all |
| 09:05:54 | 12 | combined is the problem.  I can't get any action from anybody, |
| 1:05:56 | 13 | and the Texas Supreme Court won't do anything either. |
| 09:06:00 | 14 | THE COURT:  Well, maybe it's because you're not doing |
| 09:06:02 | 15 | it right.  The case I have where you're suing the Secretary of |
| 09:06:08 | 16 | Treasury certainly has nothing to do with this case. |
| 09:06:12 | 17 | MR. BUESGENS:  Well, it's got plenty to do because |
| 09:06:14 | 18 | these plaintiffs are not -- or defendants aren't even listed |
| 09:06:18 | 19 | under their correct legal name because I've had to fight with |
| 09:06:22 | 20 | them for six months to get their legal name.  I still don't have |
| 09:06:24 | 21 | their legal entity name.  I'm in the courtroom on that one in |
| 09:06:28 | 22 | county court today on that one.  I mean, this thing is a mess. |
| 09:06:34 | 23 | It's a nightmare.  These attorneys have abused me all over the |
| 09:06:36 | 24 | place.  Their misconduct, they're officers of the Court, and they |
| 9:06:40 | 25 | get away with this.  It's terrible. |

| | | |
|---|---|---|
| 09:06:42 | 1 | THE COURT: Well, what possible connection is this case |
| 09:06:52 | 2 | we're talking about where you're seeking to disqualify Judge |
| 09:06:54 | 3 | Yeakel and the lawsuit you filed against the Secretary of |
| 09:06:58 | 4 | Treasury? |
| 09:07:02 | 5 | MR. BUESGENS: I don't know that I said that. You mean |
| 09:07:04 | 6 | the disqualification itself or the -- |
| 09:07:06 | 7 | THE COURT: No, no. You said all of these issues are |
| 09:07:08 | 8 | all in all of these cases. They're separate issues. |
| 09:07:12 | 9 | MR. BUESGENS: No. There's IRS employees, your Honor, |
| 09:07:14 | 10 | involved in this, and it's all congelled (phonetic) in there. |
| 09:07:18 | 11 | THE COURT: There's IRS employees or allegations of IRS |
| 09:07:22 | 12 | because of the employment issue in the Secretary of Treasury |
| 09:07:26 | 13 | case. But those issues aren't in this eviction case. |
| 09:07:32 | 14 | MR. BUESGENS: Your Honor, they're in the eviction case |
| 09:07:34 | 15 | because they lived at the apartment complex I live at, and they |
| 09:07:36 | 16 | were part of my interrogatories that I've been trying to get |
| 09:07:38 | 17 | answers to for five months, and they won't answer those. |
| 09:07:42 | 18 | THE COURT: Well -- |
| 09:07:42 | 19 | MR. BUESGENS: I'm trying to get the names and |
| 09:07:44 | 20 | addresses of the IRS employees that live there, because they |
| 09:07:48 | 21 | polluted the well at the housing and caused this housing |
| 09:07:50 | 22 | discrimination issue, because those people over there treated me |
| 09:07:54 | 23 | different after they told them some -- these IRS employees told |
| 09:07:58 | 24 | them certain things. And that's how I ended up in this thing, |
| 1:08:02 | 25 | and that's how the eviction thing got all going, too. |

*SEE HUD ADMINISTRATIVE CLOSURE 2/17/06*

| | | |
|---|---|---|
| 09:08:04 | 1 | THE COURT:  Well *BASED ON EVICTION TRIAL* |
| 09:08:04 | 2 | MR. BUESGENS:  And I filed the housing discrimination |
| 09:08:06 | 3 | complaint on December 28th with the city of Austin and HUD |
| 09:08:10 | 4 | certified office, and on December 30th, I got an eviction notice. |
| 09:08:16 | 5 | So I mean, federal's all over this thing.  IRS employees are in |
| 09:08:20 | 6 | there, too. |
| 09:08:20 | 7 | THE COURT:  Well, the fact that IRS employees are in |
| 09:08:22 | 8 | here, we're courts of limited jurisdiction.  The only thing I can |
| 09:08:28 | 9 | tell you, though, is the possession of property is a state law |
| 09:08:32 | 10 | issue, it's not a federal issue.  The other things that you've |
| 09:08:36 | 11 | raised in separate lawsuits -- how many lawsuits do you have? |
| 09:08:40 | 12 | MR. BUESGENS:  That's another issue.  These things all |
| 1:08:42 | 13 | came up at the same time and involved the same conflicts. |
| 09:08:46 | 14 | THE COURT:  Well, how many lawsuits have you filed? |
| 09:08:48 | 15 | MR. BUESGENS:  I don't even -- I think there's four or |
| 09:08:50 | 16 | something.  It's a nightmare.  And I can't get them put together, |
| 09:08:56 | 17 | and they're all supposed to be together. |
| 09:08:58 | 18 | THE COURT:  Well, listen to me, Mr. Buesgens.  With |
| 09:09:02 | 19 | regard to the discovery, you're, obviously, an intelligent |
| 09:09:10 | 20 | person.  You can get in the form books if you want the forms, but |
| 09:09:14 | 21 | put out your interrogatories or your request for production.  If |
| 09:09:16 | 22 | you're not happy with the responses, attach both of those, file a |
| 09:09:26 | 23 | motion to compel and state succinctly why you think they did not |
| 09:09:30 | 24 | comply with discovery.  If they didn't tell us the legal name, |
| 3:09:36 | 25 | whatever it is, give them a reason. |

|       |    |                                                                                    |
|-------|----|------------------------------------------------------------------------------------|
| 09:09:38 | 1  | MR. BUESGENS:  Your Honor, I've been to several forms |
| 09:09:42 | 2  | and done that.  I'm wore out.  All this paperwork I've got to |
| 09:09:46 | 3  | file is killing me, too.  They keep abusing the system.  They |
| 09:09:48 | 4  | keep abusing me, especially when they know I'm a pro se.  They |
| 09:09:52 | 5  | manipulate this thing all the more. |
| 09:09:56 | 6  | THE COURT:  The Judge can't rule without having the |
| 09:10:00 | 7  | actual discovery.  You can write 5,000 pages, but if he doesn't |
| 09:10:06 | 8  | have attached the discovery where he can see what you ask and |
| 09:10:10 | 9  | what they responded, he cannot rule. |
| 09:10:14 | 10 | MR. BUESGENS:  Your Honor, on February 23rd, I was in |
| 09:10:16 | 11 | the state district court on a hearing, and I presented the Judge |
| 09:10:18 | 12 | with issues in discovery.  It was meaningless. |
| 09:10:22 | 13 | THE COURT:  Well, I can't speak for the state. |
| 09:10:24 | 14 | MR. BUESGENS:  For one thing, he thought I actually had |
| 09:10:26 | 15 | all the defendants listed.  He thought I had them because Charles |
| 09:10:30 | 16 | E. Brown, attorney, told them that I had them. |
| 09:10:34 | 17 | THE COURT:  Well, I just -- I can't even really comment |
| 09:10:44 | 18 | on that because I'm not there.  I don't know what issues are in |
| 09:10:48 | 19 | state court.  I don't know what lawsuits are in the state court. |
| 09:10:52 | 20 | MR. BUESGENS:  Your Honor, excuse me.  That whole thing |
| 09:10:54 | 21 | has been shoved over to this court.  The filings in 226 are from |
| 09:10:58 | 22 | the state court.  They're in your court now.  They're in here. |
| 09:11:06 | 23 | Are those going to apply to this case at all, the filings from |
| 09:11:08 | 24 | the state court that were over here, because now I'm getting |
| 09:11:12 | 25 | issues from these attorneys saying I'm not requesting any relief |

25

| | | |
|---|---|---|
| 09:11:14 | 1 | in my discovery here?  How many times do I have to request |
| 09:11:20 | 2 | relief? |
| 09:11:20 | 3 | THE COURT:  I don't know what you're talking about. |
| 09:11:24 | 4 | MR. BUESGENS:  Well, they're sending me responses to my |
| 09:11:26 | 5 | discovery saying something about no relief -- you didn't cite |
| 09:11:32 | 6 | what relief he wants.  And are these filings from the state court |
| 09:11:36 | 7 | that are in your court now going to apply in this courtroom?  Or |
| 09:11:40 | 8 | do I start all over again doing everything again? |
| 09:11:46 | 9 | THE COURT:  As a general rule, when a case is removed |
| 09:11:52 | 10 | and there's discovery in the state court, the Court allows that |
| 09:11:58 | 11 | to be the same.  Does not require duplication unless there is a |
| 09:12:04 | 12 | problem, and then, you have to solve the problem, if that's what |
| :12:08 | 13 | you're talking about.  If you had discovery in the state court |
| 09:12:10 | 14 | and then, that case comes over here, I'm not so sure I understand |
| 09:12:16 | 15 | what case -- the eviction case where they are -- have they |
| 09:12:24 | 16 | evicted you? |
| 09:12:26 | 17 | MR. BUESGENS:  The hanging is today at 9:00 a.m. |
| 09:12:30 | 18 | THE COURT:  Well, then, I'd better -- that case is in |
| 09:12:38 | 19 | the state court.  It's not going to come over here. |
| 09:12:42 | 20 | MR. BUESGENS:  Okay.  But, your Honor, I'm not talking |
| 09:12:44 | 21 | about that one right now.  226 is from the district court, the |
| 09:12:48 | 22 | state court. |
| 09:12:48 | 23 | THE COURT:  That case is over here. |
| 09:12:50 | 24 | MR. BUESGENS:  That's right.  All those documents are |
| :12:52 | 25 | in here, and they're playing games with me on discovery on that. |

09:12:56   1   I don't know what to do here now with all these documents.  I'm

09:12:58   2   tired of filling them out myself.  I can't --

09:13:00   3            THE COURT:  Here's what you do.  You file a motion and

09:13:06   4   you succinctly -- you don't have to do it in one sentence or one

09:13:10   5   paragraph.  You could do it in a couple of pages, but pare it

09:13:18   6   down to where anybody that reads it knows what your complaint is

09:13:20   7   and illustrate it by an attachment.

09:13:26   8            MR. BUESGENS:  Your Honor, wouldn't it be simpler if

09:13:26   9   these attorneys just complied with the law?  Wouldn't that --

09:13:30  10            THE COURT:  Mr. Buesgens, I spend half my time with

09:13:36  11   lawyers disagreeing with each other over everything, over the

09:13:44  12   definition of a word like "and."

09:13:48  13            MR. BUESGENS:  Why is the system like that?

09:13:50  14            THE COURT:  I don't know.

09:13:52  15            MR. BUESGENS:  It's pathetic.  I can't deal with these

09:13:54  16   people.  It's nuts.  It's crazy.  I don't know what to do about

09:13:58  17   this discovery.  I don't know what to say because anything I say

09:14:02  18   is -- they say something else.  They know I want to go to the

09:14:04  19   merits.  They are never going to ask me for any discovery because

09:14:10  20   when they do, a scud missile with a merit attached to it is going

09:14:14  21   right over to them.  So we're never going to get there because

09:14:18  22   we're going to play procedural games.

09:14:20  23            THE COURT:  Well, at the end of every case within a

09:14:26  24   year, you get a trial.  The discovery's all over, and you'll be

09:14:34  25   able to present whatever you think is necessary if you go to

| | | |
|---|---|---|
| 09:14:40 | 1 | trial.  But the discovery is important and it's important to |
| 09:14:42 | 2 | comply because if you don't comply, then there are sanctions, and |
| 09:14:48 | 3 | one of the sanctions is dismissal.  But no judge without knowing |
| 09:14:56 | 4 | -- and we don't bring in all 400 cases every week to say, are you |
| 09:15:02 | 5 | having any problems?  We couldn't try the cases.  Generally we're |
| 09:15:10 | 6 | in trial. |
| 09:15:10 | 7 | MR. BUESGENS:  Your Honor, that's exactly my point. |
| 09:15:12 | 8 | These attorneys manipulate that to the maximum, and they really |
| 09:15:16 | 9 | do it with me.  They overreach and step all over me, and I can't |
| 09:15:18 | 10 | do anything with them.  And the state bar won't do anything -- |
| 09:15:22 | 11 | THE COURT:  Mr. Buesgens, I could tell you right now, |
| 09:15:24 | 12 | you're driving them nuts.  I've been out here for almost an hour |
| 09:15:30 | 13 | with you and I've got nothing except what you want to say.  I've |
| 09:15:36 | 14 | got no evidence, I've got no presentation of any disqualifying |
| 09:15:40 | 15 | factor.  I've tried to explain to you, several times, that |
| 09:15:44 | 16 | sometimes we have jurisdiction over a case or not.  You know, you |
| 09:15:48 | 17 | could think I'm a kook and that's just fine.  You've got the |
| 09:15:50 | 18 | right to think I'm a kook.  But every time I write an order, you |
| 09:15:54 | 19 | can test that order with somebody else.  And you keep saying the |
| 09:15:58 | 20 | same thing over and over again. |
| 09:16:00 | 21 | I would be willing to bet that those lawyers, whoever |
| 09:16:04 | 22 | those lawyers are, would take your files and trade them for |
| 09:16:10 | 23 | anybody else's files because they're not getting any information |
| 09:16:16 | 24 | that they need.  They don't know why -- I don't know what the |
| 09:16:18 | 25 | basis of the eviction is, but until that eviction lawsuit is |

09:16:22  1  settled, I don't know that any of these cases are even going to

09:16:26  2  be able to go to trial, settled or disposed of, one way or the

09:16:30  3  other.

09:16:30  4       MR. BUESGENS:  Your Honor, they've done no discovery

09:16:32  5  with me.  None.  Nobody has.  In your case with 243, no one's

09:16:36  6  done any discovery with me.

09:16:38  7       THE COURT:  Well, you have the right to do discovery.

09:16:42  8       MR. BUESGENS:  Okay.  I know I have the right, but I

09:16:42  9  don't get it.  It's not discovery.  I don't know what you'd call

09:16:46  10  -- it's non-discovery.  It's like there's no merit, there's no

09:16:50  11  case out there.  So when I get in the courtroom the Judge says,

09:16:52  12  well, there's no merit, summary judgment, well, there's no

09:16:56  13  discovery.

09:16:56  14       And I have another question.  When I attach exhibits to

09:17:00  15  my submissions, what is -- is that considered any evidence or is

09:17:04  16  it -- what is it considered?  Anything?

09:17:08  17       THE COURT:  It's not evidence in admissible form, and

09:17:10  18  it's just like air.  Now, discovery, you don't have to do it

09:17:16  19  under oath, and it doesn't have to be in admissible form.  It

09:17:18  20  just says, I asked these questions, and they responded with these

09:17:22  21  answers and these answers aren't -- they're not full answers, or

09:17:26  22  they're not complete answers, and they give me no information, or

09:17:28  23  whatnot.  And the Judge looks at it because you're entitled to

09:17:32  24  what we call discovery, information that you seek that has

09:17:34  25  relevance to any issue you're going to try.

| 09:17:40 | 1 | But then, on summary judgment it's got to be admissible |
| 09:17:50 | 2 | evidence.  And you can't -- for example, you can't go over and |
| 09:17:52 | 3 | take something that says the city of Austin and just attach it. |
| 09:18:06 | 4 | You've got to comply with the statute and have a certified copy |
| 09:18:08 | 5 | of the pleading or a certified copy to make it in admissible |
| 09:18:12 | 6 | form.  Or in -- or you have to have an affidavit that shows you |
| 09:18:18 | 7 | have personal knowledge of it.  Summary judgments usually are |
| 09:18:24 | 8 | defeated by affidavits of people that's testimony under oath. |
| 09:18:30 | 9 | But just because you attach it to a pleading, all it does is take |
| 09:18:34 | 10 | up space generally, and it's really inconsequential. |
| 09:18:38 | 11 | MR. BUESGENS:  Your Honor, what should I do with the |
| 09:18:40 | 12 | exhibits?  How do I get them admitted as evidence? |
| 09:18:42 | 13 | THE COURT:  Well, it depends on what you're doing.  If |
| 09:18:44 | 14 | it's a summary judgment on the exhibits, you need to make them |
| 09:18:46 | 15 | admissible by an affidavit, or by certification.  If it is an |
| 09:18:52 | 16 | exhibit on a motion that you want to bring to the Court's |
| 09:18:56 | 17 | attention, all you have to do is attach it. |
| 09:19:00 | 18 | MR. BUESGENS:  Well, I guess I've done that.  But I'm |
| 09:19:02 | 19 | not sure what's going to happen.  Like, for example, I've -- in |
| 09:19:08 | 20 | my other case, I have employees talking back and forth on |
| 09:19:10 | 21 | e-mails.  And, you know, the thing is there's direct evidence |
| 09:19:18 | 22 | there.  I should get a summary judgment just based on that, in my |
| 09:19:20 | 23 | opinion, but is that ever going -- what do I do to get that in as |
| 09:19:26 | 24 | evidence?  I've got the documents. |
| 09:19:28 | 25 | THE COURT:  Well, an e-mail -- I can't be giving you a |

| | |
|---|---|
| 09:19:30 | 1 |
| 09:19:34 | 2 |
| 09:19:38 | 3 |
| 09:19:42 | 4 |
| 09:19:46 | 5 |
| 09:19:48 | 6 |
| 09:19:50 | 7 |
| 09:19:52 | 8 |
| 09:19:52 | 9 |
| 09:19:56 | 10 |
| 09:19:58 | 11 |
| 09:20:02 | 12 |
| 1:20:06 | 13 |
| 09:20:08 | 14 |
| 09:20:10 | 15 |
| 09:20:12 | 16 |
| 09:20:16 | 17 |
| 09:20:20 | 18 |
| 09:20:26 | 19 |
| 09:20:26 | 20 |
| 09:20:28 | 21 |
| 09:20:30 | 22 |
| 09:20:32 | 23 |
| 09:20:34 | 24 |
| 2:20:38 | 25 |

1  whole bunch of legal advice.  But an e-mail can be used for
2  cross-examination, but you need an affidavit from the person to
3  make it testimony.  An e-mail is just a statement out-of-court
4  hearsay; it's not admissible generally for any purpose.
5          MR. BUESGENS:  The documentation of the e-mail itself?
6          THE COURT:  It's not a statement made under oath in
7  court.
8          MR. BUESGENS:  But I'll never get a statement from them
9  on that e-mail because they'd be finished if they did.
10          THE COURT:  Well, if they testify and you've got those
11  e-mails, you can ask them if those e-mails are yours.  You
12  cross-examine them, or you can put them on the stand and ask
13  them.  You have that right.
14          MR. BUESGENS:  Okay.
15          THE COURT:  But an e-mail is just a piece of paper.
16  Any -- generally any statement made outside of a courtroom not
17  under oath is not admissible.  That doesn't mean you can't use it
18  in a trial, but you just have to figure out how to do it.
19          MR. BUESGENS:  Okay.
20          THE COURT:  All right.
21          MR. BUESGENS:  What is going to happen on this -- the
22  recusal you have denied?
23          THE COURT:  I will deny it.  I'll give you a full order
24  on it.  And then, I'll return this case to Judge Yeakel.  And you
25  file whatever you think is necessary.

31

09:20:40    1          MR. BUESGENS:  The remand that I filed this morning

09:20:42    2    will go to Judge Yeakel?

09:20:44    3          THE COURT:  Yes, sir, and any pending motion.

09:20:46    4          MR. BUESGENS:  Thank you.

09:20:48    5          THE COURT:  All right.  Thank you, sir.

            6          (End of proceedings.)

            7

            8

            9

            10

            11

            12

            13

            14

            15

            16

            17

            18

            19

            20

```
1                    *  *  *  *  *  *

2

3

4   UNITED STATES DISTRICT COURT )

5   WESTERN DISTRICT OF TEXAS    )

6

7      I, LILY I. REZNIK, Official Court Reporter, United States

8   District Court, Western District of Texas, do certify that the

9   foregoing is a correct transcript from the record of proceedings

10  in the above-entitled matter.

11     I certify that the transcript fees and format comply with

12  those prescribed by the Court and Judicial Conference of the

13  United States.

14     WITNESS MY OFFICIAL HAND this the 5th day of September, 2006.

15

16

17

18                         LILY I. REZNIK, RPR, CRR
                           Official Court Reporter
19                         United States District Court
                           Austin Division
20                         200 W. 8th Street, 2nd Floor
                           Austin, Texas 78701
21                         (512)916-5564
                           Certification No. 4481
22                         Expires: 12-31-06

23

24

25
```

LILY I. REZNIK, OFFICIAL COURT REPORTER
U.S. DISTRICT COURT, WESTERN DISTRICT OF TEXAS (AUSTIN)

**PLAINTIFF EXHIBIT NO. 19**

# BOSS LAW

## U.S. District Court [LIVE]
## Western District of Texas (Austin)
## CIVIL DOCKET FOR CASE #: 1:07-cv-00427-SS

CLUSED

Buesgens v. Travis County, Texas et al
Assigned to: Judge Sam Sparks
Cause: 42:1983 Civil Rights Act

Date Filed: 05/14/2007
Date Terminated: 06/21/2007
Jury Demand: Plaintiff
Nature of Suit: 360 P.I.: Other
Jurisdiction: U.S. Government
Defendant

**Plaintiff**

**Michael L. Buesgens**

represented by **Michael L. Buesgens**
3112 Windsor Rd., #A322
Austin, TX 78703
(512) 339-6005 ext. 7958
Fax: (512) 339-6099
PRO SE

V.

**Defendant**

**Travis County, Texas**

**Defendant**

**City of Austin, Texas**

**Defendant**

**State of Texas**

**Defendant**

**Investigator John A. Benavides**
*Individually
and in his
Official
Capacity*

1:07CV00427-SS

Austin, Texas

*HUD CASE NO. 06-06-0293-8*

**Defendant**

**Administrator Charles H. Gorham**
*Individually*
*and in his*
*Official*
*Capacity*

**Defendant**

**Earl Leroy Yeakel, III**    **X**
*Individually*
*and in his*
*Official*
*Capacity*

**Defendant**

**Robert L. Pitman**    **X**
*Individually*
*and in his*
*Official*
*Capacity*

**Defendant**

**Asst Travis Co Atty Felix Tarango**
*Individually*
*and in his*
*Official*
*Capacity*

**Defendant**

**J. David Phillips**
*Individually*
*and in his*
*Official*
*Capacity*

**Judge J. David Phillips**

**Eviction Appeal**

**Cause No.** **C-1-CV-06-000678**

**Defendant**

**Constable Bruce Elfant**
*Individually*
*and in his*
*Official*
*Capacity*

**Trial** **June 16, 2006 Austin, Texas**

**Volunteer Paid For Witness**

Megan Goeres Sarwal Galloway

## Joseph W. Rosser, Deputy

**Defendant**

**Deputy Joseph Rosser**
*Individually
and in his
Official
Capacity*

Writ of Execution July 6, 2006 10:00am

**Falcon Ridge Apartments**

Michael L. Buesgens

**Apartment 1023**

500 East Stassney Lane

Austin, Texas 78745

**HUD case No. 06-06-0293-8**

State Farm Tenant Renter Policy

**No. 83-LV-0578-9**

**Under Color of State Law**

**Defendant**

**Edward Curry**
*Individually
and in his
Official
Capacity*

**Defendant**

**Chester E. Beaver**
*Individually
and in his
Official
Capacity*

**Defendant**

**Ann Morgan**
*Individually
and in
her
Official
Capacity*

**Defendant**

**Judge Robert Pemberton**
*Individually
and in his
Official
Capacity*

**Charles Eads Brown**    X
*Individually*
*and in his*
*Official*
*Capacity*

**Defendant**

**David B. Armbrust**
*Individually*
*and in his*
*Official*
*Capacity*

**Defendant**

**Gregory S. Cagle**    X
*Individually*
*and in his*
*Official*
*Capacity*

**Defendant**

**Armbrust & Brown**

**Defendant**

**Dunham Jewett**
*Individually*
*and in his*
*Official*
*Capacity*

**Defendant**

**Shelly Bush Marmon**    X
*Individually*
*and in*
*her*
*Official*
*Capacity*

**Defendant**

**Megan Monique Goeres  X**

**Defendant**

**Andiruh Sarwal    X**

**Defendant**

**Ryan Goeres    X**

**Defendant**

**Debra Weitmeier**
*Individually*
*and in*
*her*
*Official*
*Capacity*

Debra G. Wehmeier, Vice President Greystar.
Debbie no show on Buesgens Service of Subpoena
Eviction Appeal Cause No. C-1-06-000678
Trial June 16, 2006

**Defendant**

**Samantha Sheppard**
*Individually*
*and in*
*her*
*Official*
*Capacity*

Double Rent-Unlawful Reletting Charges
Samantha Dawn Shepherd
Falcon Ridge Apartments

$3,893.00

**Defendant**

**Gary Kin Oldham**
*Individually*
*and in his*
*Official*
*Capacity*

**Defendant**

**Arnold Carl Tauch**
*Individually*
*and in his*
*Official*
*Capacity*

Property Owner, General Partner
Falcon Ridge Apartments

**Defendant**

**Falcon Interests Realty Corp.**

**Falcon Interests Construction Company**

**Defendant**

**Kyle D. Tauch**
*Individually and in his Official Capacity*

**Defendant**

**Jack C. Moss**
*Individually and in his Official Capacity*

`General Partner-Litigation Manager`

`Falcon Ridge Apartments`

**Defendant**

**Trinity Management Group**

**Defendant**

**Jack E. Fritts**
*Individually and in his Official Capacity*

**Defendant**

**Fifth Circuit Court of Appeals**

**Defendant**

**Karen Whittington**
*Individually and in her Official Capacity*

**Defendant**

**Peggy Keller**
*Individually and in her Official Capacity*

**Defendant**

**Mary Frances Noveh**
*Individually and in her Official Capacity*

**Defendant**

**Mary Stewart**
*Individually and in her Official Capacity*

**Defendant**

**Madeline Chigoy**
*Individually and in her Official Capacity*

**Defendant**

**Gina Martin**
*Individually and in her Official Capacity*

**Defendant**

# FIFTH CIRCUIT CLERKS

**Peter Connors**

*Individually
and in his
Official
Capacity*

**Defendant**

**Harriet M. Murphy**
*Individually
and in
her
Official
Capacity*

**Acting Justice of the Peace
Trial January 26, 2006
Case No. 041509**

**Defendant**

**Herbert Evans**
*Individually
and in his
Official
Capacity*

**Defendant**

**Melissa Young Goodwin**
*Individually
and in
her
Official
Capacity*

**Defendant**

**U.S. Department of Housing and
Urban Development**

**Defendant**

**Alphonso Jackson**
*Individually
and in his
Official
Capacity*

**HUD Case No. 06-06-0293-8**

**Defendant**

**Kim Kendrick**
*Individually
and in
her
Official
Capacity*

## HUD ASSISTANT SECRETARY

**Defendant**

**Milton Turner**
*Individually
and in his
Official
Capacity*

**Defendant**

**Garry Sweeney**
*Individually
and in his
Official
Capacity*

**Defendant**

**Kenneth Burchfield**
*Individually
and in his
Official
Capacity*

**Defendant**

**Joseph F. Castillo**
*Individually
and in his
Official
Capacity*

**Defendant**

**Miniard Culpepper** HUD FEDERAL TORT CLAIMS ACT
*Individually
and in his
Official*

| 06/21/2007 | 5 | JUDGMENT. Signed by Judge Sam Sparks. (dm, ) (Entered: 06/21/2007) |
| 07/05/2007 | 6 | RESPONSE to 4 Order by Michael L. Buesgens. (Attachments: # 1 # 2 # 3 # 4)(td, ) (Entered: 07/06/2007) |
| 07/10/2007 | 7 | ORDER...**Clerk shall not file further pleadings of Michael J. Buesgens in this case other than a notice of appeal**.... Signed by Judge Sam Sparks. (jg3, ) (Entered: 07/10/2007) |

**1:07CV00427-SS**

**AUSTIN, TEXAS**

**Defendant**

**Linda G. Katz**
*Individually
and in
her
Official
Capacity*

**Defendant**

**U.S. Department of Justice**

**Defendant**

**R. Barry Robinson**       `AUSA Robinson,` `U.S. Attorney Office`
*Individually
and in his*       `Austin, Texas`
*Official*       `Barry has all Buesgens Medical`
*Capacity*       `Records and Federal Court Evidence`

**Defendant**       `From` `Eviction theft` `on July 6, 2006`

**United States Of America**       `Falcon Ridge Apartments`

| Date Filed | # | Docket Text |
|---|---|---|
| 05/14/2007 | 1 | COMPLAINT (Filing fee $ 350 receipt number 409183), filed by Michael L. Buesgens. (Attachments: # 1 Attachment 1 - Part 1# 2 Attachment 1 - Part 2)(sm3, ) (Entered: 05/16/2007) |
| 05/15/2007 | 2 | Filing fee received in the amount of $350, receipt number 409183 (sm3, ) (Entered: 05/16/2007) |
| 05/21/2007 | 3 | ORDER re 1 Complaint filed by Michael L. Buesgens. ORDER that the case be and is hereby Transferred to the United States District Court for the Western District of Texas, Austin Division. Signed by Judge Walter S. Smith. (sm3, ) (Entered: 05/22/2007) |
| 06/01/2007 | | Case transferred in from Waco Division on 06/01/2007 Case Number 6:7-cv-150. Case assigned to Judge Sam Sparks., filed by Michael L. Buesgens.(tdk, ) (Entered: 06/05/2007) |
| 06/21/2007 | 4 | OPINION AND ORDER. Signed by Judge Sam Sparks. (dm, ) (Entered: 06/21/2007) |

06/22/2007

Lloyd Bernstein, OSB #00203
E-mail: lloyd.bernstein@bullivant.com
Maren J Holmboe, OSB #06366
E-mail: maren.holmboe@bullivant.com
**BULLIVANT HOUSER BAILEY PC**
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915
Attorneys for DEFENDANT

**Defendant Scott Galloway**

and

**Maren J. Holmboe, Attorney**

Bullivant Houser Bailey

have

**Judge Sam Sparks Austin, Texas**

Opinion and Order

**Civil No. 1:07CV00427-SS**

for

**Judge Garr M. King Portland, OR**

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

3:07CV00043-GMK

MICHAEL L. BUESGENS,

Plaintiff,

v.

SCOTT GALLOWAY,

Defendant.

Civil No. CV07-0043 KI

**RELEVANT**

NOTICE OF LODGING RELEVANT
ORDER WITH THE COURT
**Judge Sam Sparks**

Order

1:07CV00427-SS

Defendant Scott Galloway hereby lodges with this Court a true and correct

copy of the Opinion and Order filed June 21, 2007 in the United States District Court

for the Western District of Texas in the case *Buesgens v. Travis County Texas, et al.,*

Case No. 1:07-cv-00427-SS.

Bullivant|Houser|Bailey PC

888 S W Fifth Avenue, Suite 300
Portland, Oregon 97204-2089
Telephone: 503.228.6351

NOTICE OF LODGING RELEVANT ORDER WITH THE COURT
Page 1



DATED: June 22, 2007

BULLIVANT HOUSER BAILEY PC

# **R. Daniel Lindahl**

BY: */s/ Maren J. Holmboe*
   **Lloyd Bernstein**, OSB #00203
   E-mail: lloyd.bernstein@bullivant.com
   **Maren J Holmboe**, OSB #06366
   E-mail: maren.holmboe@bullivant.com

   300 Pioneer Tower
   888 SW Fifth Avenue
   Portland, Oregon  97204-2089
   Telephone: 503.228.6351
   Facsimile: 503.295.0915

ATTORNEYS FOR DEFENDANT 'S

1. Scott Galloway

2. Arnold Carl Tauch

3. Jack Cregg Moss

4. Megan M. Goeres

5. Andiruh Dev Sarwal

6. Shelley Bush Marmon

7. Charles Eads Brown

8. Gregory S. Cagle

9. Judge Sam Sparks

   June 22, 2007

   3:07CV00043-GMK



**BULLIVANT HOUSER BAILEY**

Shelley Bush Marmon

R. Daniel Lindahl

Maren J. Holmboe

Lisa Lear

Douglas Houser

# STATEMENT OF PROFESSIONALISM

The following Statement of Professionalism[1] has been adopted by the United States District Court for the District of Oregon and applies to all attorneys admitted to practice before the bar of this Court.

## INTRODUCTION

As members of the bar of the U.S. District Court for the District of Oregon, we belong to a profession devoted to serving both the interests of our clients and the public good. In our roles as officers of the court, as counselors, and as advocates, we aspire to a professional standard of conduct. With adherence to a professional standard of conduct, we earn a reputation for honor, respect, and trustworthiness among our clients, in the legal community, and with the public.

## PROFESSIONALISM

Professionalism includes integrity, courtesy, honesty, and willing compliance with the highest ethical standards. Professionalism goes beyond observing the legal profession's ethical rules by sensitively and fairly serving the best interest of clients and the public. Professionalism fosters respect and trust among lawyers and between lawyers and the public, promotes the efficient resolution of disputes, simplifies transactions, and makes the practice of law more enjoyable and satisfying.

To further our commitment to conduct ourselves as professionals, we adopt the following general guidelines for our practice.

## GENERAL GUIDELINES

1.1     As officers of the court, we will promote the integrity, dignity, independent judgment, effectiveness, and efficiency of the legal system

1.2     We will work professionally with all parties whose activities relate to our client's work.

1.3     We will conduct our practice in a courteous, fair, and respectful manner.

1.4     We will conduct our practice in a timely manner.

1.5     We will commit ourselves to developing and preserving the ideals of integrity, honesty, competence, fairness, and devotion to the public interest.

1.6     We will represent our clients zealously within the bounds of the law and the ethical standards approved by law of the US District Court - District of Oregon, vigorously protecting the interest of our clients in a responsible manner.

---

[1]This Statement of Professionalism has been abridged from the Statement of Professionalism adopted by the Oregon
State Bar and approved by the Supreme Court of Oregon.

1.7    In appropriate cases, we will advise our clients of the availability of mediation, arbitration, and other alternative methods of resolving disputes.

1.8    We will avoid all forms of discrimination. We will actively support all efforts to assure that all members of our society are afforded the protections and rights provided by law.

1.9    We will not knowingly misstate facts or law. We will not knowing cause a person to form a mistaken conclusion of facts or law.

1.10   We will learn and follow practices and civilities that encourage respect, diligence, candor, punctuality, and trust.

1.11   We will avoid unjust and improper criticism and personal attacks on opponents, judges, and others and will refrain from asserting untenable positions.

1.12   We will not use delaying tactics.

1.13   We believe lawyers should solve problems, not crate or exacerbate them.

1.14   We will be knowledgeable in the areas in which we practice, and when necessary will associate with or refer clients to counsel knowledgeable in other fields of practice.

## 3:07CV00043-GMK

## Appeal No. 07-35578

## 2:07CV02116-CM-JAR-JPO

## 2:07CV01846-TSZ-RAJ

## Appeal No. 08-35202

## HUD case No. 06-06-0293-8

## HUD case No. 07-07-0814-8

## HUD case No. 07-H-066

## U.S. Attorney Offices Everywhere

LINDAHL, HOLMBOE, AND GALLOWAY RELEVANT ORDER FOR CIVIL NO. 3:07CV00043-GMK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

MICHAEL BUESGENS,
    Plaintiff

-vs-

TRAVIS COUNTY, TEXAS, et al.,
    Defendants

FILED

2007 JUN 21 AM 10: 29

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY _____
    DEPUTY

Case No. A-07-CA-427-SS

1:07CV00427-SS

JUNE 21, 2007

**WHO ARE THE PARTIES IN CIVIL NO. 1:07CV00427-SS? - NOBODY KNOWS**

**OPINION AND ORDER**

Before the Court is Plaintiff's pro se complaint. For the reasons set forth below, the Court concludes Plaintiff's complaint is properly dismissed as an abuse of the litigation process and Plaintiff is henceforth barred from filing any future actions in any federal court without first obtaining leave of this Court.

I.

Plaintiff Michael Buesgens ("Buesgens") originally filed this action in the Waco Division of the United States District Court for the Western District of Texas. By order dated May 21, 2007, this action was transferred to the docket of this Court.

By way of his complaint, Plaintiff names approximately sixty separate defendants.[1] The defendants include state and federal employees and judges, as well as private individuals, attorneys and business entities, plus the Fifth Circuit Court of Appeals, the Departments of Justice and Housing and Urban Development ("HUD"), and the United States. (Plf. Verif. Compl. ¶¶ 2-65). In his complaint Buesgens alleges generally the Defendants have violated various civil rights statutes, the Federal Tort Claims Act ("FTCA"), the Fair Housing Act ("FHA"), the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, the Texas Fair Housing Act, the Texas Property Code, and City of Austin municipal ordinances. In sum, Plaintiff complains the Defendants were

---

[1] Some of the defendants are listed more than once.

a moving force behind: (1) his eviction from Falcon Ridge Apartments, the wrongful termination of his lease and the imposition of unlawful reletting charges; (2) "polluting the well" at voir dire in the eviction trial, failing to report this improper behavior and refusing his requests for the related testimony; (3) causing the dismissal of his housing discrimination complaint; and (4) covering up evidence and facts which would have "won" his prior legal actions. (*Id.* at 17-35). He complains all of the civil actions and appeals relating to these matters "stink like a garbage pit with defendant - lawyer - judicial officer misconduct and blatant violations of laws and regulations and rules." (*Id.* at 36).

II.

This is not the first time Plaintiff has sought relief from this Court related to his difficulties with his former apartment complex and neighbors. Plaintiff first sought relief in an action originally filed in the 200th Judicial District Court of Travis County, Texas on January 23, 2006. The matter was removed by the defendants to this Court on March 29, 2006 as *Buesgens v. Falcon Ridge Apartments, et al.*, A-06-CA-226 LY ("*Buesgens I*"). In *Buesgens I*, Plaintiff alleged the defendants violated his rights under the FHA and the ADA. Succinctly put, Plaintiff complained the defendants improperly evicted him from his apartment because of his disability, and in retaliation for his having filed a housing discrimination complaint and for reporting violations of lease conditions, city ordinances and animal cruelty statutes. The undersigned notes this action was eventually dismissed based on Plaintiff's failure to comply with his obligation to engage in the discovery process and to comply with Court orders compelling his participation.

On April 10, 2006 Plaintiff removed a related state court action to this Court, styled *Falcon Ridge Apartments, Ltd. v. Buesgens*, A-06-CA-260 LY ("*Buesgens II*"). *Buesgens II* was an appeal originally filed by Buesgens in state court, following a judgment of eviction entered on behalf of his former apartment complex. On motion of the plaintiff, the matter was remanded to state court.

On September 1, 2006 Buesgens filed another civil action in the United States District Court

2

for the District of Columbia which was transferred to this Court by order signed on November 13,

2006 and styled *Buesgens v. United States*, A-06-CA-967 LY ("*Buesgens III*"). In his complaint in

*Buesgens III* Plaintiff named over fifty defendants.    In sum, Buesgens alleged: (1) he was

constructively discharged from his employment with the Internal Revenue Service ("IRS"); (2)

government employees distributed his medical records in violation of the Privacy Act; (3) his

Freedom of Information Act requests were refused; (4) agencies and government employees

violated various regulations; (5) he was subjected to retaliation; (6) the administrative process for

evaluating his employment claims was flawed; (7) various federal agencies failed to investigate his

complaints; (8) a deal was cut with a criminal defendant in exchange for the defendant not testifying

in a civil whistleblower action in the same court; (9) other civil cases involving the Plaintiff were

mishandled and flawed; (10) other IRS employees disclosed private information to the management

of Plaintiff's apartment complex; (11) HUD dismissed his housing discrimination complaint, causing

him to be subjected to a retaliatory eviction; (12) various attorneys and law firm colluded against

him in matters relating to his apartment lease, resulting in an unlawful writ of possession and the

theft of all of his personal property; (13) government officials colluded together to commit fraud and

refuse to acknowledge receipt of his FTCA claim; (14) the Texas Attorney General failed to enforce

Texas statutes concerning business corporations and partnerships; (15) various attorneys, the

Texas Secretary of State and the Texas Comptroller failed to comply with or report violations of

Texas tax laws; (16) the Austin Apartment Association failed to maintain a registered agent, did not

properly process his complaint, refused to rent him an apartment, abused process, unlawfully

acquired a tax exempt status, refused to provide him a copy of their annual report, and propounds

contracts which include unlawful reletting fees; (17) the National Tenants Network blacklisted him

in violation of the Fair Credit Reporting Act; and (18) State Farm Insurance and its agents

wrongfully denied his property claim, refused to accept his personal injury claim and failed to

investigate his claims resulting from his housing discrimination complaint, retaliatory eviction suit,

3

constructive eviction and execution of the unlawful writ of possession.

On January 10, 2007 Buesgens filed another related civil action in the United States District Court for the District of Oregon, styled *Buesgens v. Galloway*, 3-07-CV-043 KI ("*Buesgens IV*"). In *Buesgens IV* Plaintiff sought relief for violations of federal civil rights statutes, the FHA, the Rehabilitation Act, the ADA, the Uniform Residential Landlord Tenant Act, as well as for concealment of evidence and interference with contract. The sole defendant named by Buesgens was Scott Galloway ("Galloway"), the stepfather of Buesgens' former neighbor, based on Galloway's alleged involvement in a conspiracy to interfere with Buesgens' housing and eviction. According to Buesgens, Galloway had spoken to him about the noise of his neighbor's dog on one occasion and subsequently refused to testify in the eviction proceeding. *Buesgens IV* was dismissed with prejudice for failure to state a claim by order dated June 7, 2007.[2]

Buesgens also filed an appeal of two bankruptcy orders issued by the United States Bankruptcy Court, Western District of Texas, Austin Division on February 23, 2007, styled *Buesgens v. Tawney*, A-07-CA-127 LY ("*Tawney I*"). In his notice of appeal Buesgens contended the personal bankruptcy action of a former supervisor at the IRS was related to his employment claims raised in *Snow* and the issues raised in *Buesgens III*. The appeal was dismissed as untimely on March 19, 2007.

Buesgens filed yet another appeal involving the personal bankruptcy action of his former supervisor on March 19, 2007, styled *Buesgens v. Tawney*, A-07-CA-209 LY ("*Tawney III*"). The appeal was dismissed as improperly filed on May 1, 2007 because Buesgens filed his appeal on a motion before the bankruptcy court rendered an order or judgment.

Buesgens filed yet another action against numerous employees of HUD in the United States

---

[2] The undersigned notes on March 16, 2007 Buesgens filed what appears to be a related complaint, this time in the United States District Court for the District of Kansas, styled *Buesgens v. Galloway, et al.*, 2:07-CV-2116 JAR. The two named defendants are Galloway and Douglas G. Houser ("Houser"). Houser is a partner in the law firm which represented Galloway in *Buesgens IV*.

4

District Court for the District of Massachusetts on March 21, 2007, styled *Buesgens v. Culpepper, et al.*, 1-07-CV-10538 WGY ("*Buesgens V*"). The matter was summarily dismissed for lack of venue the following day.

Finally, just one week after he filed this action, Buesgens filed yet another civil action, this time in the United States District Court for the District of Maryland, styled *Buesgens v. Freeland, et al.*, DKC-07-1363 ("*Buesgens VI*"). In *Buesgens VI* Plaintiff names approximately forty one defendants. The named defendants once again are many of the same defendants named in his prior actions, including counsel for his former apartment complex, the complex, several apartment associations, plus various city, state and federal agencies and employees. In sum, Plaintiff alleges: (1) he was denied housing accommodation and was wrongly evicted; and (2) his complaints regarding the improper eviction, made to HUD, were wrongly denied. Noting virtually all of the defendants, as well as Plaintiff, were located in Texas and the events in question occurred in Texas, on June 5, 2007 District Judge Deborah K. Chasanow entered an order transferring *Buesgens VI* to this Court.

Buesgens also has a history of repeatedly filing frivolous motions in his cases. For example, in *Buesgens I* Plaintiff filed: (1) a motion for "directed verdict" a scant six weeks after the case was filed, before the Court had even scheduled the initial pretrial conference in the case; (2) motions seeking to compel discovery and to subpoena witnesses which did not identify the discovery sought or the witnesses; (3) three separate motions for "judicial notice" which did not identify the facts at issue and which sought unspecified substantive relief; (4) a "Motion for Court Order and Motion for Intervention by Private Attorney General Buesgens" in which he requested the appearance of "Private Attorney General Buesgens" because "[t]he disease has mestasized. It is virulent and rampant insidiously infecting one and all in collusion;" (5) a motion seeking sanctions asserting defendants' counsel had made "false representations" to the Court without specifically identifying the representations at issue; (6) a second motion seeking sanctions based

5

on various acts of misconduct allegedly perpetrated by defendants' counsel without pointing to any facts evidencing the involvement of counsel; and (7) at least two additional motions seeking judicial notice which were not supported by competent evidence and which sought "notice" of legal matters in dispute in the case.

Similarly, in *Buesgens II*, after the Court granted the motion to remand, based in part on Buesgens' failure to respond to the motion, Buesgens filed: (1) a motion to reconsider the remand, arguing the presiding judge discriminated against him; (2) a motion for judicial notice setting forth numerous questions concerning the legal status of various persons and entities purportedly related to the litigation and further seeking substantive relief; and (3) a second motion for judicial notice posing a variety of questions, including whether "anyone know[s] how the word discovery relates to nuances, seances, voodoo and madness of crowds?" and "why would anyone stand up when its more comfortable to lay down?"

To date, in *Buesgens III*, Buesgens has filed: (1) a motion seeking to unseal the presentence investigation report in a criminal case in which his former supervisor at the IRS was a defendant;[3] (2) a motion seeking "Removal of [Attorney] Shelley Bush Marmon From any U.S. District Court on Planet Earth;" (3) a motion seeking to reopen *Buesgens II* and one other action because the Fifth Circuit case managers failed to comply with the Federal Rules of Appellate Procedure; (4) a motion for return of the property and possessions allegedly stolen from him in the course of his eviction; and (5) a motion seeking to reopen a long list of federal civil actions, state court cases and administrative proceedings because they are directly related to *Buesgens III* and were not properly adjudicated.

Continuing his pattern of prolix filings, during the pendency of *Buesgens IV*, Buesgens filed:

---

[3] The undersigned notes the factual basis filed in that action reflects no involvement of Buesgens, but rather indicates the acts involved the unauthorized use of IRS computers to aid in the filing of tax returns for female topless dancers.

(1) a motion for default judgment only eight days after summons was executed on the defendant;

(2) a motion for unspecified Court order and motion for verification of pleadings filed by the defendant; (3) a second motion for default judgment three days after entry of an order denying his first motion for default judgment;[4] (4) a motion for unspecified judicial notice; and (5) "opposition" to the Court's order denying several of his motions.

In addition, Plaintiff has a history of filing frivolous interlocutory appeals during the pendency of his lawsuits.  For example, in April 2005 Buesgens filed suit against the Secretary of the Treasury alleging discrimination in his former employment with the Internal Revenue Service in cause number A-05-CA-243 SS, *Buesgens v. Snow* ("*Snow*").  A final judgment was entered against Plaintiff on December 6, 2006.  As noted on the docket of the case, Buesgens filed: (1) on May 16, 2005 an appeal of the Court's order denying him leave to proceed in forma pauperis and of the Court's order denying his motion for appointment of counsel; (2) on July 31, 2005 a notice of transfer based on his motion to the Judicial Panel on Multidistrict Litigation requesting consolidation of his then pending federal actions; and (3) on July 25, 2006 an appeal of the Court's denying his second motion for appointment of counsel and motion for continuance.

Buesgens followed this same pattern in *Buesgens I*.  Although judgment was not entered until December 2006, the docket of the case reflects Buesgens filed: (1) on April 18, 2006 a notice of transfer based on his motion to the Judicial Panel on Multidistrict Litigation requesting consolidation of his then pending federal actions; (2) on July 25, 2006 an appeal of the Court's "final" orders; and (3) on November 1, 2006 an "amended" appeal of his earlier appeal.

Buesgens has continued his practice of filing interlocutory appeals in his second appeal of bankruptcy orders issued by the United States Bankruptcy Court, Western District of Texas, Austin

---

[4] The undersigned notes, in denying Buesgens' motions for court order, verification of pleadings and second default judgment, the Oregon judge prohibited Buesgens from filing any additional motions without first obtaining permission until the Court entered an order addressing Defendant's pending motion to dismiss.

Division. In this action, styled *Buesgens v. Tawney*, A-07-CA-156 LY ("*Tawney II*"), on May 22, 2007 Buesgens filed an appeal of the order of Chief District Judge Walter Smith denying Buesgens' motion to recuse presiding Judge Yeakel.[5] In his final interlocutory appeal to date, on June 11, 2007 Buesgens filed an appeal of the order of transfer in *Buesgens IV*.

### III.

Despite repeated judgments denying him relief, Buesgens continues to file and pursue legal action related to his housing and employment. Further, it is clear in each successive case, Buesgens adds new claims seeking relief against persons and entities he believes were responsible for his failure to achieve relief in the prior case. Notably, Buesgens adds claims against the lawyers whose only act was to represent clients sued by Buesgens and claims against the judges who have ruled against him. Further, as set forth above, in litigating these actions Buesgens has made a practice of filing both frivolous motions and improper appeals. Moreover, although Buesgens files numerous and voluminous pleadings, he evinces scant respect for the actual litigation process, both because virtually all of his pleadings fail to comply with the applicable legal or procedural authorities, and because he fails to comply with the obligations imposed in the litigation process involving discovery and other matters and fails to comply with Court orders. Clearly, his conduct constitutes a misuse and abuse of the legal system.

Pro se litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). The Court possesses the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in such inherent power is "the power to levy sanctions in response to abusive litigation practices." *Id.*

---

[5] The undersigned notes, one week later, an undeterred Buesgens filed another motion to recuse Judge Yeakel.

8

Sanctions may be appropriate when a pro se litigant has a history of submitting multiple frivolous claims. FED. R. CIV. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). *See also Perry v. Pogemiller*, 16 F.3d 138, 140 (7th Cir. 1993) (courts may impose regulatory injunctions designed to prohibit the filing of duplicative and frivolous actions); *Tripati v. Beaman*, 878 F.2d 351, 352-53 (10th Cir. 1989) (litigants have no constitutional right of access to the courts to prosecute action that is frivolous or malicious and district court has power to enjoin litigants who abuse court system); *Urban v. United Nations*, 768 F.2d 1497, 1500 (D.C. Cir. 1985) (noting it is well settled that court may employ injunctive remedies to protect integrity of courts and orderly and expeditious administration of justice); *In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d. Cir. 1984) (affirming district court's order granting injunction against vexatious pro se litigant).

Despite repeated admonitions concerning his obligations as a litigant, Plaintiff has continued his vexatious practices by filing this frivolous lawsuit seeking relief on issues already litigated in numerous prior actions. Based on Buesgens' continued contumacious conduct, the Court concludes the imposition of sanctions is proper in this case to preserve the integrity of this Court's prior orders and the finality of final judgments and to protect the other litigants named in these actions. The undersigned recognizes an "injunction against future filings must be tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants." *Farguson*, 808 F.2d at 360. However, the Fifth Circuit has also made clear a "broad[] injunction, prohibiting any filings in any federal court without leave of that court" may be "appropriate if a litigant is engaging in a widespread practice of harassment against different people." *Id.* As set forth above, Plaintiff continues to litigate matters already subject to final judgment, but also in each successive action, adds new claims and parties he holds responsible for the continued rejection of his claims. Thus, a broad injunction, barring him from filing any future actions without leave of court, is appropriate. *See Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987) (order requiring leave of court before plaintiffs file any further complaints is proper method for handling complaints of prolific litigators);

9

*Green v. Warden*, 699 F.2d 364, 370 (7th Cir. 1983) (court has authority to issue injunction requiring petitioner's future claims to be "original"); *In re Green*, 669 F.2d 779, 787 (D.C. Cir. 1981) (ordering district court to enjoin pro se litigant from filing suit without leave of court, and requiring litigant to certify, on penalty of contempt, his claim had not previously been litigated in federal court).

In accordance with the foregoing:

IT IS ORDERED that all claims asserted by Plaintiff in his complaint are hereby DISMISSED WITH PREJUDICE; and

IT IS FURTHER ORDERED that Plaintiff is barred from filing any future civil actions in any federal court in the United States without first seeking leave of the Court in which he wishes to file the action.

SIGNED this the __20th__ day of June 2007.                    06/20/2007

*Sam Sparks*

SAM SPARKS
UNITED STATES DISTRICT JUDGE

1:07CV00427-SS

AUSTIN, TEXAS

**PLAINTIFF EXHIBIT NO. 20**

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT
P.O. Box 193939
San Francisco, California 94119-3939

**Michael L. Buesgens**

Plaintiff
Appellant

Appeal No.
**07-35578**
Dist. Ct No.
3:07CV00043-GMK

**v.**

**Scott Galloway**

Defendant
Appellee

## APPELLANT BUESGENS MOTION FOR
## INVOLUNTARY DISMISSAL OF HIS APPEAL

Appellant Buesgens respectfully requests dismissal of appeal No. 07-35578 for the following reasons:

1. See this court order entered July 14, 2008.

2. Buesgens has no interest in Bullivant, Houser, Bailey P.C. answer to his brief due on August 11, 2008.

Michael L. Buesgens
Appellant-Plaintiff

July 22, 2008

# CERTIFICATE OF SERVICE

I certify one true of this involuntary dismissal motion, served by first class mail, on this 22nd day of May 2008, addressed to the following:

1. Shelley Bush Marmon, Attorney
2. Gregory Scott Cagle, Attorney
3. Megan Goeres Sarwal Galloway
4. Charles Eads Brown, Attorney
5. Ryan Goeres Galloway
6. Arnold Carl Tauch, Property Owner
7. Jack Cregg Moss, General Partner
8. Andiruh Dev Sarwal, Attorney
9. Joseph W. Rosser, Deputy Constable
10. R. Barry Robinson, AUSA
11. Judge Sam Sparks
12. Judge Earl Leroy Yeakel III

**Crady, Jewett, McCulley, LLP**
2727 Allen Parkway, Suite 1700
Houston, Texas 77019

13. **R. Daniel Lindahl,** Appellate Attorney
    Lindahl Law Firm
    121 S.W. Morrison St., Ste 1100
    Portland, Oregon 97204

14. **Lisa Lear**
    Bullivant, Houser, Bailey PC
    888 S.W. Fifth Avenue, Ste 300
    Portland, Oregon 97204

15. **Judge Garr M. King**
16. **Sheryl S. McConnell, Clerk of Court**
    U.S. District Court
    For the District of Oregon
    Portland Division
    1000 S.W. Third Avenue
    Portland, Oregon 97204-2902

17. **Scott Galloway**
    Defendant-Appellee
18. **United Parcel Service**
    1875 Deana Drive
    West Linn, Oregon 97068

**Michael L. Buesgens**
Plaintiff-Appellant
3112 Windsor Rd, Ste A322
Austin, Texas 78703
Phone: 512-339-6005X7958
Email: mikebuesgens@hotmail.com

*July 22, 2008*



**United States Treasury**    L 010,130,605

07 16 08   5    BIRMINGHAM, AL

4500 99538742 24000002 C9

Check No.

4500 99538742

CSA8247658 0

Pay to the order of

MICHAEL L BUESGENS    42    OPM
APT A322
3112 WINDSOR RD
AUSTIN TX  78703

$***1216*48

VOID AFTER ONE YEAR

REGIONAL DISBURSING OFFICER

REPLACES CK 4500 05565720 DATED 07/01/08

⑈4500 1⑈   ⑈000000 518⑈ 9953874 26⑈ 140708

DEPARTMENT OF THE TREASURY
FINANCIAL MANAGEMENT SERVICE
P.O. BOX 1686
BIRMINGHAM, ALABAMA 35201-1686

## THIS IS NOT A BILL - PLEASE RETAIN FOR YOUR RECORDS

Dear MICHAEL V BUESGENS:    *FEDERAL TAX DEBT*

As authorized by Federal law, we applied all or part of your Federal payment to a debt you owe. The government agency (or agencies) collecting your debt is listed below.

Internal Revenue Service
Federal Payment Levy Program
Stop 5050, Annex 5
PO Box 219236
Kansas City, MO 64121-9236
**800-829-7650**
PURPOSE: Tax Levy    *IRS*

TIN Num: 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
TOP Trace Num: S49482211
Acct Num: 047160712230200512
Amount This Creditor:    $41.86
Creditor: 51    Site: MC

*DISABILITY
RETIREMENT
LEVY
OFFICE OF PERSONNEL MANAGEMENT*

*COMMISSIONER
INTERNAL REVENUE SERVICE
2005-2006-2007-2008*

The Agency has previously sent notice to you at the last address known to the Agency. That notice explained the amount and type of debt you owe, the rights available to you, and that the Agency intended to collect the debt by intercepting any Federal payments made to you, including tax refunds. **If you believe your payment was reduced in error or if you have questions about this debt, you must contact the Agency at the address and telephone number shown above.** The U. S. Department of the Treasury's Financial Management Service cannot resolve issues regarding debts with other agencies.

We will forward the money taken from your Federal payment to the Agency to be applied to your debt balance; however, the Agency may not receive the funds for several weeks after the payment date. If you intend to contact the Agency, please have this notice available.

The attached check replaces your check dated 07/01/08.
U. S. Department of the Treasury
Financial Management Service

EH 038207923 US

**EXPRESS MAIL**
UNITED STATES POSTAL SERVICE®

**Customer Copy**
Label 11-B, March 2004

**Post Office To Addressee**

**DELIVERY (POSTAL USE ONLY)**

| Delivery Attempt | Time | AM / PM | Employee Signature |
| Mo.    Day | | | |
| Delivery Attempt | Time | AM / PM | Employee Signature |
| Mo.    Day | | | |
| Delivery Date | Time | AM / PM | Employee Signature |
| Mo.    Day | | | |

**CUSTOMER USE ONLY**

PAYMENT BY ACCOUNT
Express Mail Corporate Acct. No.

Federal Agency Acct. No. or
Postal Service Acct. No.

☐ WAIVER OF SIGNATURE (Domestic Mail Only)
Additional merchandise insurance is void if customer requests waiver of signature.
I wish delivery to be made without obtaining signature of addressee or addressee's agent (if delivery employee judges that article can be left in secure location) and I authorize that delivery employee's signature constitutes valid proof of delivery.

NO DELIVERY
☐ Weekend  ☐ Holiday    Mailer Signature

**ORIGIN (POSTAL SERVICE USE ONLY)**

PO ZIP Code
78710

Day of Delivery
☐ Next  ☐ 2nd  ☐ 2nd Del. Day

Postage
$

Date Accepted
7 22 03

Scheduled Date of Delivery
Month       Day   7 3

Return Receipt Fee
$

Time Accepted
5 4 ☐ AM ☐ PM

Scheduled Time of Delivery
☐ Noon  ☐ 3 PM

COD Fee
$

Insurance Fee

Military
☐ 2nd Day  ☐ 3rd Day

Total Postage & Fees
$

Flat Rate ☐ or Weight
____ lbs. ____ ozs.  B

Int'l Alpha Country Code

Acceptance Emp. Initials

FROM: (PLEASE PRINT)   PHONE (   )

TO: (PLEASE PRINT)   PHONE (   )
U S DISTRICT COURT

ZIP + 4 (U.S. ADDRESSES ONLY. DO NOT USE FOR FOREIGN POSTAL CODES.)

FOR INTERNATIONAL DESTINATIONS, WRITE COUNTRY NAME BELOW.

**FOR PICKUP OR TRACKING**
Visit **www.usps.com**
Call 1-800-222-1811

EMS

---

EH 038207937 US

**EXPRESS MAIL**
UNITED STATES POSTAL SERVICE®

**Customer Copy**
Label 11-B, March 2004

**Post Office To Addressee**

**DELIVERY (POSTAL USE ONLY)**

| Delivery Attempt | Time | AM / PM | Employee Signature |
| Mo.    Day | | | |
| Delivery Attempt | Time | AM / PM | Employee Signature |
| Mo.    Day | | | |
| Delivery Date | Time | AM / PM | Employee Signature |
| Mo.    Day | | | |

**CUSTOMER USE ONLY**

PAYMENT BY ACCOUNT
Express Mail Corporate Acct. No.

Federal Agency Acct. No. or
Postal Service Acct. No.

☐ WAIVER OF SIGNATURE (Domestic Mail Only)
Additional merchandise insurance is void if customer requests waiver of signature.
I wish delivery to be made without obtaining signature of addressee or addressee's agent (if delivery employee judges that article can be left in secure location) and I authorize that delivery employee's signature constitutes valid proof of delivery.

NO DELIVERY
☐ Weekend  ☐ Holiday    Mailer Signature

**ORIGIN (POSTAL SERVICE USE ONLY)**

PO ZIP Code
78710

Day of Delivery
☐ Next  ☐ 2nd  ☐ 2nd Del. Day

Postage
$  16.50

Date Accepted
2003

Scheduled Date of Delivery
Month       Day   7 3

Return Receipt Fee
$

Time Accepted
5 4 ☐ AM ☐ PM

Scheduled Time of Delivery
☐ AM  ☐ PM

COD Fee
$

Insurance Fee

Military
☐ 2nd Day  ☐ 3rd Day

Total Postage & Fees
$  16.50

Flat Rate ☐ or Weight
____ lbs. 5 ☐ ozs.

Int'l Alpha Country Code

Acceptance Emp. Initials

FROM: (PLEASE PRINT)   PHONE (   )

TO: (PLEASE PRINT)   PHONE (   )

ZIP + 4 (U.S. ADDRESSES ONLY. DO NOT USE FOR FOREIGN POSTAL CODES.)

FOR INTERNATIONAL DESTINATIONS, WRITE COUNTRY NAME BELOW.

**FOR PICKUP OR TRACKING**
Visit **www.usps.com**
Call 1-800-222-1811

EMS

**UNITED STATES POSTAL SERVICE**

*MICHAEL L. BUESGENS V. GARR M. KING*

Home |

*SHERYL S. MCCONNELL*
*DELIVERED 7/23/2008*
*10:22 AM*

Tra
Con

## Track & Confirm

Search Results  *U.S. DISTRICT COURT PORTLAND, OREGON*

Label/Receipt Number: **EH03 8207 923U S**
Detailed Results:

Track & Confirm

Enter Lal
Number.

- **Delivered, July 23, 2008, 10:22 am, PORTLAND, OR 97201**
- **Processed, July 23, 2008, 5:41 am, PORTLAND, OR 97238**
- **Processed, July 22, 2008, 6:50 pm, AUSTIN, TX 78710**
- **Acceptance, July 22, 2008, 5:48 pm, AUSTIN, TX 78710**

Back                                Return to USPS.com Home

Notification Options

**Track & Confirm by email**
Get current event information or updates for your item or others by email.  Go

**Proof of Delivery**
Verify who signed for your item by email, fax, or mail.



**UNITED STATES**
**POSTAL SERVICE.**

Date: 07/23/2008

# JULY 23, 2008

## NEW CASE FILING

Mike Buesgens:

The following is in response to your 07/23/2008 request for delivery information on your Express Mail item number EH03 8207 923U S. The delivery record shows that this item was delivered on 07/23/2008 at 10:22 AM in PORTLAND, OR 97201 to M KENNEY. The scanned image of the recipient information is provided below.

Signature of Recipient:

W. Kenny

M. KENNEY

Address of Recipient:

1000 SW 3ᵈᵈ

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,

United States Postal Service

*7/23/2008*

*9TH CIRCUIT MOTION TO INVOLUNTARY*

**Mike Buesgens**

*DISMISS*

**From:**     "U.S._Postal_Service_" <U.S._Postal_Service@usps.com>
**To:**        <mikebuesgens@hotmail.com>
**Sent:**      Wednesday, July 23, 2008 6:31 PM
**Subject:**   USPS Shipment Info for EH03 8207 937U S

*APPEAL NO. 07-35578*

*U.S. DIST CT*

This is a post-only message. Please do not respond.   *3:0  CV000043*

Mike Buesgens has requested that you receive a Track & Confirm update, as
shown
below.                                                             *GAR*

Track & Confirm e-mail update information provided by the U.S. Postal
Service.

Label Number: EH03 8207 937U S

Service Type: Express Mail - Post Office to Addressee

Shipment Activity              Location                          Date & Time
------------------------------------------------------------------------------
Notice Left                    SAN FRANCISCO CA 94119            07/23/08
4:26pm

Arrival at Pick-Up-Point   SAN FRANCISCO CA 94119              07/23/08
4:25pm
Arrival at

Processed                      SAN FRANCISCO CA 94188            07/23/08
9:04am

Processed                      SAN FRANCISCO CA 94128            07/23/08
7:06am

Processed                      AUSTIN TX 78710                  07/22/08
6:50pm

Acceptance                     AUSTIN TX 78710                  07/22/08
5:49pm

```
========================================
            GMF STATION
          AUSTIN, Texas
            787109765
          4879830125-0094
07/22/2008 (800)275-8777 05:51:03 PM
========================================
============ Sales Receipt ============
Product         Sale Unit      Final
Description      Qty Price      Price
_____

PORTLAND OR 97204              $47.75
Zone-7 Express Mail
PO-Add
7 lb. 13.0 oz.
 Label #:     EH038207923US
 Next Day Noon  / Normal Delivery

                              ========
   Issue PVI:                  $47.75


SAN FRANCISCO CA              $16.50
94119 Zone-7 Express
Mail PO-Add Flat
Rate
 5.80 oz.
 Label #:     EH038207937US
 Next Day Noon  / Normal Delivery

                              ========
   Issue PVI:                  $16.50


                             ==========
Total:                        $64.25

Paid by:
Visa                          $64.25
  Account #:    XXXXXXXXXXXX8510
  Approval #:   025118
  Transaction #:  548
  23903480390
```

Order stamps at USPS.com/shop or



Keep this receipt as a record of your purchase.

FOR YOUR PROTECTION SAVE THIS COPY
**MONEY ORDER**

**Customer Copy**

9836600081

Service Instructions
PLEASE CONTACT CHASE TO REPORT A LOSS OR FOR ANY OTHER
INFORMATION ABOUT THIS ITEM.

07/22/2008

Texas

Pay To The
Order Of    *NEW COMPLAINT*
*PORTLAND, OREGON*

$ ***********350.00***

Pay    THREE HUNDRED FIFTY DOLLARS AND 00 CENTS

**NON NEGOTIABLE**

NOT VALID FOR MORE THAN $1000.00    SENDER

**TERMS**
PURCHASER/DRAWER AGREES TO ENTER THE NAME OF A PAYEE AND SIGN THE INSTRUMENT IMMEDIATELY UPON
PURCHASE. FAILURE TO DO SO WILL RESULT IN THE PURCHASER/DRAWER BEARING THE RISK OF ANY LOSS OR
THEFT OF THE INSTRUMENT.

282111107 NEW 01/08 8610004306

**CHASE O**

9836600081  25-3/440

Date  07/22/2008

Pay To The
Order Of    *U.S. DISTRICT COURT OREGON*    $ ***********350.00***

Pay    THREE HUNDRED FIFTY DOLLARS AND 00 CENTS

SENDER    *3112 WINDSOR RD A322*
ADDRESS:    *AUSTIN, TX 78703*
JPMorgan Chase Bank, N.A.
Columbus, OH

NOT VALID FOR MORE THAN $1000.00

⑈983660008⑈⑈ ⑆044000037⑆ 758661243⑈

# 07-35578

# 3:07CV00043-GMK

### General Docket
### United States Court of Appeals for the Ninth Circuit

**Court of Appeals Docket #:** 07-35578                          **Docketed:** 07/18/2007
**Nature of Suit:** 4360 Other Personal Injury                   **Termed:** 07/31/2008
Buesgens v. Galloway
**Appeal From:** US District Court for Oregon, Portland

**Case Type Information:**
   **1)** civil
   **2)** private
   **3)** null

**Originating Court Information:**
   **District:** 0979-3 : CV-07-00043-GMK
   **Trial Judge:** Garr M. King, U.S. District Judge
   **Date Filed:** 01/10/2007
   **Date Order/Judgment:**                          **Date NOA Filed:**
   06/28/2007                                       07/06/2007

**Prior Cases:**
   None

**Current Cases:**

|           | Lead      | Member    | Start      | End |
|-----------|-----------|-----------|------------|-----|
| Companion |           |           |            |     |
|           | 08-16242  | 08-16496  | 06/30/2008 |     |
| Related   |           |           |            |     |
|           | 07-35578  | 07-74126  | 10/22/2007 |     |
|           | 07-35578  | 08-16242  | 05/21/2008 |     |
|           | 08-35202  | 08-16242  | 05/21/2008 |     |
|           | 08-35202  | 08-72530  | 06/16/2008 |     |

MICHAEL L. BUESGENS
      Plaintiff - Appellant

Michael L. Buesgens
Direct: 512-339-6005
[NTC Pro Se]
#A322
3112 Windsor Raod
Austin, TX 78703

v.

SCOTT GALLOWAY
      Defendant - Appellee

Lloyd Bernstein, Esquire, Attorney
Direct: 503/228-6351
Fax: 503/295-0915
[COR LD NTC Retained]
BULLIVANT HOUSER BAILEY, PC
Pioneer Tower
Suite 300
888 S.W. Fifth Ave.
Portland, OR 97204-2089

## R. Daniel Lindahl

## Appellate Attorney

## Douglas G. Houser

## Respondeat Superior

Maren J. Holmboe, Esquire, Attorney
Direct: 503/228-6351
Fax: 503/295-0915
[COR LD]
BULLIVANT HOUSER BAILEY, PC
Pioneer Tower
888 S.W. Fifth Ave.
Portland, OR 97204-2089

## Bullivant, Houser

## Bailey, PC

## Incorporated in

## California

Lisa E. Lear, Esquire, Attorney
Direct: 503/499-4623
Email: lisa.lear@bullivant.com
Fax: 503/295-0915
[COR NTC Retained]
BULLIVANT HOUSER BAILEY, PC
Pioneer Tower
Suite 300
888 S.W. Fifth Ave.
Portland, OR 97204-2089

## San Francisco, CA

## Office

**CORRECT THE RECORD**

| | | |
|---|---|---|
| 11/06/2007<br>**X** | 13 | Filed order PROMO: (Deputy Clerk: gss) The aplt's mtn to correct the record, and any response thereto, is referred to the merits panel for resolution. The current br sch remains in effect. [07-35578] |
| 11/09/2007<br><br>**X** | 14 | 14 day oral extension by phone of time to file Appellant in 07-35578 brief. [07-35578] appellants' brief due 11/30/07; appellees' brief due 12/31/07; Appellant's optional reply brief is due within 14 days of service of Appellee's brief.   **APPELLEES' BRIEF DUE 12/31/2007** |
| 11/29/2007 | 15 | Filed original and 4 copies pro se Appellant Michael L. Buesgens' opening brief ( Informal: Yes) 42 pages with exhibits attached; served on 11/27/07 [07-35578] |
| 01/23/2008 | 16 | Rec'd copies of documents addressed to Michael L. Buesgens from the U.S. Department of Housing & Urban Development re: Freedom of Infornmation Act Request.(casefile) [07-35578] |
| 04/28/2008<br>**07-35578**<br><br>**08-35202** | 17 | Filed clerk order (Deputy Clerk:GSs): The appellant's motion to consolidate Nos. 07-35578 and 08-35202 is denied. However, these cases shall be calendared before the same panel. The appellant's request for an order establishing jurisdiction is denied without prejudice to appellant raising it in his opening brief. The answering brief in No. 07-35578 was due December 31, 2007. As of April 25, 2008, the answering brief in No. 07-35578 has not been filed and no request for appropriate relief has been made. Within 21 days after the date of this order, the appellee shall file the answering brief in No. 07-35578 or request for appropriate relief. The briefing schedule in No. 08-35202 is amended as follows: the opening brief is due May 12, 2008; the answering brief is due June 11, 2008; and the optional reply brief is due 14 days after service of the answering brief. |
| 05/07/2008 | 18 | Received Appellant Michael L. Buesgens notice re: Miscellaneous documents with unidentified exhibits. |
| 05/08/2008 | 19 | Filed Appellant Michael L. Buesgens motion for joinder of persons needed for just adjudication, with attached exhibits. no svc |
| 05/09/2008<br>**X** | 20 | Filed Appellee Scott Galloway's motion to extend time to file appellee brief until 06/18/2008. Served on 05/08/2008.   **NO BRIEF FILED** |
| 05/09/2008 | 21 | Filed appearance notice of Attorney(s) Lisa E. Lear for party(s) Appellee Scott Galloway, in case 07-35578. Withdrew Attorney R. Daniel Lindahl for Appellee Scott Galloway in 07-35578. Served on 05/08/2008.   **NO R. DANIEL LINDAHL** |
| 05/23/2008 | 22 | Filed Appellant Michael L. Buesgens' motion for disclosure. Served on5/19/08. |
| 05/27/2008 | 23 | Filed Appellant Michael L. Buesgens' motion to extend time to refile opening brief. Served on 05/23/2008. |

07-35578 Docket

## 07-35578

| 06/04/2008 | 24 | Filed Appellee Scott Galloway's response opposing aplt's motion for disclosure. Served on 06/03/2008. **NO DISCLOSURE-NO RECORD** |

**X**

| 06/04/2008 | 25 | Filed Appellee Scott Galloway's response opposing aplt's motion to extend time to re-file opening brief. Served on 06/03/2008. **OPPOSITION** |

| 06/11/2008 | 26 | Filed Appellant Michael L. Buesgens motion for disclosure and discovery. Served on 06/09/2008. |

| 06/11/2008 | 27 | Filed Appellant Michael L. Buesgens objection to Appellee's Arnold Carl Tauch and Jack Cregg Moss Attorney's And Law Firm's Motion For Extension Of Time And Falcon Group Attorneys Prejured Denial For Receipt Of Appellant Buesgens Opening Brief in 2007. Served on 06/08/2008. |

**PERJURY**

| 06/23/2008 | 28 | Filed Appellant Michael L. Buesgens' motion for appearance of real parties in interest for his appeals before the Ninth Circuit and aplt Buesgens' notification of recalcitrant witness. Served on 06/20/2008. |

| 06/30/2008 | 29 | Filed Appellant Michael L. Buesgens motion for judicial notice of related adjudicative facts. Served on 06/27/2008. |

| 07/14/2008 | 30 | Filed order (MARY M. SCHROEDER and SANDRA S. IKUTA) Appellant's motion to refile the opening brief is denied. Appellant's other submissions and appellee's responses thereto, are referred to the panel that is assigned to consider the merits of this appeal for whatever consideration the panel deems appropriate. To the extent appellant seeks to expand the record on appeal with the documents attached to his submissions, that request is denied. No motions for reconsideration, clarification, or modification of this order shall be filed or entertained. Appellee's motion for an extension of time to file the answering brief is granted. The answering brief is due August 11, 2008. The optional reply brief is due 14 days after service of the answering brief. |

**JUDGE**

**MARY**

**SCHROEDER**

| 07/15/2008 | 31 | Filed Appellant Michael L. Buesgens motion to bring in additional parties in interest. Served on 07/12/2008. |

| 07/24/2008 | 32 | Filed Appellant Buesgens motion for involuntary dismissal of his appeal. Served on 07/22/2008. **INVOLUNTARY DISMISSAL** |

**X**

| 07/31/2008 | 33 | Order filed (Deputy Clerk: SNR) Appellant's July 24, 2008 motion requesting dismissal of this appeal is granted. This appeal is dismissed. See Fed. R. App. P. 42(b). This order served on the district court shall act as and for the mandate of this court. |

# U.S. District Court
## District of Oregon (Portland)
## CIVIL DOCKET FOR CASE #: 3:08-cv-00877-ST

Buesgens v. King et al
Assigned to: Magistrate Judge Janice M. Stewart
Demand: $999,000
Cause: 28:1331 Fed. Question

Date Filed: 07/23/2008
Jury Demand: Plaintiff
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Federal Question

## Plaintiff

**Michael L. Buesgens**

represented by **Michael L. Buesgens**
3112 Windsor Rd. #A322
Austin, TX 78703
(512) 339-6005 ext: 7958
PRO SE

V.

## Defendant

**Judge Garr M. King**
*Individually
and in
His
Official
Capacity*

## Defendant

**Clerk of Court Sheryl S. McConnell**
*Individually
and in
Her
Official
Capacity*

## Defendant

**R. Daniel Lindahl**
*Appellee
Attorney*

3:08CV00877-S

| | | |
|---|---|---|
| 07/24/2008 | 3 | Record of Order by Judge Janice M. Stewart: The court is conducting a review of the Verified Complaint to determine whether, pursuant to the Judgment filed June 21, 2007, in Buesgens v. Travis County, et al, Case No. 07-CA-427-SS in the District Court for the Western District of Texas, Austin Division, plaintiff is barred from filing this action without first seeking leave of this court and whether the Complaint should be dismissed sua sponte as frivolous prior to service. Until the court has completed this review, the clerk shall not issue a Scheduling Order or Summons and plaintiff shall not attempt to serve any defendant with Summons and Complaint. If the court determines that plaintiff may prosecute this action, then it will grant an appropriate extension of time to effect service on defendants. (da) (Entered: 07/24/2008) |
| 08/12/2008 | 4 | Motion for Leave to become an ECF Registered User. Filed by Michael L. Buesgens. (da) (Entered: 08/12/2008) |
| 08/12/2008 | 5 | **ORDER:** Regarding Plaintiff's Motion for Leave to become an ECF Registered User, #4. This order will become effective upon receipt of an executed copy of this order indicating plaintiff's consent to electronic service of all documents filed electronically in this case and that he has obtained a PACER account and the necessary software to file, receive and view documents in the CM/ECF system. Signed on 8/12/2008 by Judge Janice M. Stewart. (da) (Entered: 08/12/2008) |



Keep this receipt as a record of your purchase.

FOR YOUR PROTECTION SAVE THIS COPY
**MONEY ORDER**

**Customer Copy**

**9836600134**

Service Instructions
PLEASE CONTACT CHASE TO REPORT A LOSS OR FOR ANY OTHER
INFORMATION ABOUT THIS ITEM.

08/22/2008

Texas

**Pay To The
Order Of**

$ ***********350.00***

**Pay**     THREE HUNDRED FIFTY DOLLARS AND 00 CENTS

**NON NEGOTIABLE**

NOT VALID FOR MORE THAN $1000.00     SENDER

TERMS
PURCHASER/DRAWER AGREES TO ENTER THE NAME OF A PAYEE AND SIGN THE INSTRUMENT IMMEDIATELY UPON
PURCHASE. FAILURE TO DO SO WILL RESULT IN THE PURCHASER/DRAWER BEARING THE RISK OF ANY LOSS OR
THEFT OF THE INSTRUMENT.

282111107 NEW 01/08 8810004306

HOLD DOCUMENT UP TO THE LIGHT TO VIEW TRUE WATERMARK     **MONEY ORDER**     HOLD DOCUMENT UP TO THE LIGHT TO VIEW TRUE WATERMARK

**CHASE**

**9836600134** 25-3
440

Date   08/22/2008

**Pay To The
Order Of** U.S. DISTRICT COURT SAN FRANCISCO

$ ***********350.00***

**Pay**     THREE HUNDRED FIFTY DOLLARS AND 00 CENTS

*Michael V Burns*
SENDER
*3112 WINDSOR RD A322*
ADDRESS:
JPMorgan Chase Bank, N.A.     *AUSTIN, TX 78703*
Columbus, OH

NOT VALID FOR MORE THAN $1000.00

MEMO

⑈983660013⑈ ⑉044000037⑉ 758661243⑈

OFFICE DEPOT          COPY ACTIVITY REPORT

TIME  03:37PM

DATE                                08/22/08
SERIAL NUMBER                       UTV857291E
C13 TOTAL MARKED IMAGES    224           START        27282
                                        FINISH       27506
TOTAL STAPLES USED          0
TOTAL PAGES HOLE PUNCHED     0

SIZE  8.5 X 11

QTY SINGLE SIDED COPIES        QTY DOUBLE SIDED COPIES

| TYPE | QTY PER TYPE | COLOR | QTY PER COLOR |
|------|------|------|------|
| PLAIN | 224 | WHITE | 224 |
| DRILLED | 0 | BLUE | 0 |
| TRANSPARENCY | 0 | YELLOW | 0 |
| LETTERHEAD | 0 | GREEN | 0 |
| HEAVYWEIGHT | 0 | PINK | 0 |
| RECYCLED | 0 | CLEAR | 0 |
| BOND | 0 | IVORY | 0 |
| LABELS | 0 | GRAY | 0 |
| PREPRINTED | 0 | BUFF | 0 |
| TABS | 0 | GOLDENROD | 0 |
| ENVELOPES | 0 | RED | 0 |
| CUSTOM1 | 0 | ORANGE | 0 |
| CUSTOM2 | 0 | CUSTOM1 | 0 |
| CUSTOM3 | 0 | CUSTOM2 | 0 |
| CUSTOM4 | 0 | CUSTOM3 | 0 |
| CUSTOM5 | 0 | CUSTOM4 | 0 |
| CUSTOM6 | 0 | CUSTOM5 | 0 |
| CUSTOM7 | 0 | CUSTOM6 | 0 |
| OTHER | 0 | CUSTOM7 | 0 |
|  |  | OTHER | 0 |

PLEASE TAKE THIS REPORT TO THE CASHIER